# ATTACHMENT

# A

*Redacted Docket Materials*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

IN RE APPLICATION OF USA FOR
2703(d) ORDER FOR 165 ACCOUNTS
SERVICED BY SCRYPTMAIL, LLC,
FOR INVESTIGATION OF
VIOLATIONS OF 18 U.S.C. § 1030

SC No. 20-238

**Filed Under Seal**

*Reference:*     *USAO Ref. #* ███████ *Subject Account(s):* ███████████ *, et al.*

## AMENDED APPLICATION OF THE UNITED STATES
## FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully

submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d).  The

proposed Order would require Scryptmail, LLC ("PROVIDER"), an electronic communication

service and/or remote computing service provider located in Spokane, Washington, to disclose

certain records and other information pertaining to the PROVIDER account(s) listed in Table 1,

as set forth in Part I of Attachment A to the proposed Order, within ten days of receipt of the Order.

The records and other information to be disclosed are described in Part II of Attachment A to the

proposed Order.

| Table 1 | | |
|---|---|---|
| ███████ | ███████ | ███████ |
| ███████████ | ███████████ | ███████████ |
| ███████████ | ████████████ | █████████████ |
| ████████ | ███████████ | ███████████ |
| ███████████ | ███████████ | ████████████ |
| █████████ | ██████████ | ██████████████ |
| ██████████ | ████████████ | ███████████ |
| █████████ | ██████████ | ████████████ |
| ███████████ | ███████████ | ███████████████ |
| ███████████ | ███████████ | █████████████ |
| ████████████ | ███████████ | ██████████ |
| █████████ | ████████████ | ████████████ |

| | | |
|---|---|---|
| ████████████ | ████████████ | ████████████ |
| ████████████ | ████████████ | ████████████ |
| ████████████ | ████████████ | ████████████ |
| ████████████ | ████████████ | ████████████ |
| ████████████ | ████████████ | ████████████ |

In support of this application, the United States asserts:

## LEGAL BACKGROUND AND JURISDICTION

1.      PROVIDER is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require PROVIDER to disclose the items described in Part II of Attachment A.  *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2.      This Court has jurisdiction to issue the requested Order because it is a "court of competent jurisdiction" as defined by 18 U.S.C. § 3127.  18 U.S.C. § 3122(a)(1).  Specifically, the Court is a "district court of the United States . . . that – has jurisdiction over the offense being investigated."  18 U.S.C. § 3127(2)(A)(i).  As discussed more fully below, acts or omissions in furtherance of the offenses under investigation occurred within Washington, D.C., *see* 18 U.S.C. § 3237, and the criminal offenses under investigation began or were committed upon the high seas, or elsewhere out of the jurisdiction of any particular State or district.  *See* 18 U.S.C. § 3238.   In addition, PROVIDER maintains corporate offices located in Washington, D.C.

3.      A court order under section 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that . . . the records or other information sought . . . are relevant and material to an ongoing criminal investigation."  18 U.S.C. § 2703(d).  Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records

and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## RELEVANT FACTS

4.      The United States government, including the FBI, is investigating suspected violations of 18 U.S.C. § 1030(a)(5) (Computer Fraud and Abuse); 18 U.S.C. § 1343 (Wire Fraud); 18 U.S.C. §§ 951(a) (Unregistered Agent of a Foreign Government); 18 U.S.C. §2511(1)(a) (Unlawful Interception of Electronic Communications); 18 U.S.C. 1956(a)(2)(A) (International Money Laundering); and 18 U.S.C. § 371 (Conspiracy).

5.      As part of that investigation, the FBI is investigating former members of the U.S. intelligence community for illegally providing cyber capabilities and technical data to a foreign entity and conducting offensive cyber intrusions against protected computers.

6.      The investigation concerns a corporate entity, COMPANY ONE, which is headquartered in the ██████████████████ and which, according to numerous witnesses, performs services for a foreign government.  COMPANY ONE employs a number of United States persons who are former members of the United States intelligence community, has established and operated a platform through which the company can carry out surveillance, including through offensive cyber intrusions.  These offensive cyber intrusions include gaining unauthorized access to protected computers and smartphones, for the purpose of intercepting electronic communications, including communications of United States persons and/or communications that are sent or received through United States computer servers.

7.      In 2017 the FBI received tranches of internal COMPANY ONE documents that included, among other things, the email addresses listed in Table 1.  The individual who provided the materials indicated that the accounts listed in Table 1 were used as operational accounts – i.e.,

accounts used by COMPANY ONE employees to further their cyber intrusion operations.

8.      According to statements from multiple individuals with firsthand knowledge of COMPANY ONE's operations, since 2016, COMPANY ONE has used certain malicious computer tools to target and compromise victim smartphones.   These tools are designed to take advantage of apparent and historical security flaws on smartphones and other digital devices. Among these exploits was a particular program that compromised victim devices by delivering malware via Apple's iMessage service.  Use of Apple's iMessage requires the user to establish a free Apple account, and COMPANY ONE employees appear to have used the accounts in Table 1 to register Apple accounts.  For example, in addition to account passwords, the list of email addresses provided to the FBI in 2018 also included passwords and answers to security questions for Apple accounts linked to these email accounts.

9.      Further, the FBI has uncovered evidence that: (a) the majority of the email accounts listed in Table 1 were used to register Apple accounts; (b) in 2019, at least two of these accounts accessed Apple servers via IP addresses assigned to COMPANY ONE; and, (c) that one of the accounts is likely used or controlled by a person that several witnesses (including current COMPANY ONE's employees) have identified as an iOS developer who has written software that furthered COMPANY ONE's illegal activities.

10.     First, in 2018 the United States served Apple with legal process for information about approximately 128 of the email accounts listed in Table 1.  Apple responded and indicated that these email accounts were associated with over 120 different Apple accounts.  Second, Apple also reported that Apple accounts associated with two of the email addresses listed in Table 1 – ████████████████████ and ████████████████████ – connected to its servers on July 31, 2019, from an IP address that was assigned to COMPANY ONE.  Third, Apple's records also

indicated that the ████████ Apple account had logged into Apple's servers from a particular device on March 10, 2019, from an IP address assigned to COMPANY ONE.  Records provided by Apple also showed that an Apple account registered to the iOS developer connected to Apple's servers on March 11, 2019 from the same COMPANY ONE IP address and the same device used to access the ████████ account on March 10, 2019, suggesting that the iOS developer has access to and control over the ████████ Apple account.[1]

11.     The information requested in Attachment A includes subscriber information, logs, and non-content data for any responsive accounts.  This is expected to identify subscriber accounts used by COMPANY ONE to access PROVIDER services for use in COMPANY ONE's illegal activities.

12.     Attachment A also requires PROVIDER to identify any accounts linked to the accounts listed in Table 1, including accounts that are registered with the same email address, or other unique identifiers, as well as accounts linked by cookies.

13.     Finally, information requested in Attachment A includes, for all of the accounts described in paragraphs 11 and 12, transactional records from account creation to present.

**REQUEST FOR ORDER**

14.     The facts set forth above show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.  Specifically, these items will help the United States to identify and locate the individual(s) who are responsible for the criminal activity under investigation, the victims of the criminal activity under investigation, and to determine the nature and scope of that criminal activity.  Accordingly, the United States requests that PROVIDER be directed to produce

---

[1] The name, address, and other identifying information for this Apple account matched information associated with the iOS developer.

all items described in Part II of Attachment A to the proposed Order within ten days of receipt of the Order.

15.     The United States further requests that the Order direct PROVIDER not to notify any person, including the subscriber or customer of each account listed in Part I of Attachment A, of the existence of the application of the United States or the Order for one year from the date of the Court's Order.  *See* 18 U.S.C. § 2705(b).  This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order."  *See* 18 U.S.C. § 2705(b).[2]

16.     In this case, the proposed Order seeks information relevant to establishing the illegal activity under investigation and identifying the individual(s) responsible.  Accordingly, disclosure may reveal the existence, scope, and direction of the United States' ongoing and confidential investigation.  In this case, COMPANY ONE and many of the subjects are aware of the existence of the investigation.  However, the requested Order seeks information about ongoing activities that take advantage of particular exploits and anonymization services, and COMPANY ONE is not aware of the scope of the investigation as to those exploits and anonymization services.

17.     Once alerted to the requested order, COMPANY ONE or other subjects could be

---

[2] The government relies on § 2705(b) to seek a preclusion-of-notice order because the government is requesting only non-content information pursuant to § 2703(d), an action which is authorized by § 2703(c).  *See* 18 U.S.C. § 2703(c)(1)(B) ("governmental entity may require a provider of electronic communication service or remote computing service to disclose a record or other information pertaining to a subscriber to or customer of such service (not including the contents of communications) only when [it] . . . obtains a court order for such disclosure under subsection (d) of this section").  Under § 2703(c), the government has no obligation to notify the subscriber.  *See* 18 U.S.C. § 2703(c)(3) ("governmental entity receiving records or information under this section is not required to provide notice to a subscriber or customer").

immediately prompted to destroy or conceal incriminating evidence, alter their operational tactics to avoid future detection, and otherwise take steps to undermine the investigation and avoid future prosecution, including by changing their use of particular exploits and anonymization services. Moreover, given that they are known to use electronic communication and remote computing services, the potential target(s) could quickly and easily destroy or encrypt digital evidence.

18.     Therefore, based on the foregoing, there are reasonable grounds to believe that notification of the existence of this Order would result in destruction of or tampering with evidence or other serious jeopardy to this investigation.  *See* 18 U.S.C. § 2705(b)(3), (5).

19.     Given the complex nature of the criminal activity under investigation and the involvement of foreign-based coconspirators and evidence, and also given that the criminal scheme may be ongoing, the United States anticipates that this confidential investigation will continue for the next year or longer.

20.     Accordingly, this Court should command PROVIDER not to notify any other person (except attorneys for PROVIDER for the purpose of receiving legal advice) of the existence of the proposed Order for a period of one year (commencing on the date of the proposed Order), unless the period of nondisclosure is later modified by the Court.  Should the court-ordered nondisclosure under Section 2705(b) become no longer needed because of the closure of the investigation or arrest of the account holder, the United States will make best efforts to notify the Court promptly and seek appropriate relief.

21.     In this matter, the United States also requests that the instant Application and the Order be filed under seal.  The Court has the inherent power to seal court filings when appropriate, including the proposed Order.  *United States v. Hubbard*, 650 F.2d 293, 315-16 (D.C. Cir. 1980) (citing *Nixon v. Warner Commn'ns, Inc.*, 435 U.S. 589, 598 (1978)).  More particularly, the Court

may seal the Application and Order to prevent serious jeopardy to an ongoing criminal investigation when such jeopardy creates a compelling governmental interest in confidentiality. *See Washington Post v. Robinson*, 935 F.2d 282, 287-89 (D.C. Cir. 1991). For the reasons stated above, the United States has a compelling interest in confidentiality to justify sealing the Application and Order. *See id.*

Respectfully submitted,

TIMOTHY SHEA
U.S. Attorney for the District of Columbia
D.C. Bar No. 437437

By: */s/ Demian S. Ahn*
    DEMIAN S. AHN
    Assistant United States Attorney
    D.C. Bar Number 49111
    555 4th Street, N.W., Room 4243
    Washington, D.C. 20530
    (202) 252-7106 telephone
    (202) 514-6010 facsimile
    demian.ahn@usdoj.gov

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF USA FOR 2703(d) ORDER FOR 165 ACCOUNTS SERVICED BY SCRYPTMAIL, LLC, FOR INVESTIGATION OF VIOLATIONS OF 18 U.S.C. § 1030 | SC No. 20-238<br><br>**Filed Under Seal** |

## ORDER

The United States has submitted an Application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring Scryptmail, LLC ("PROVIDER"), an electronic communication and/or remote computing service provider, to disclose the records and other information described in Attachment A to this Order. The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation. Furthermore, the Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to change operational tactics and to destroy or tamper with evidence. *See* 18 U.S.C. § 2705(b)(3), (5).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that PROVIDER shall, within ten days of receipt of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 2705(b), that PROVIDER shall not disclose the existence of the application of the United States or this Order of the Court to any other person (except attorneys for PROVIDER for the purpose of receiving legal advice) for a period of one year (commencing on the date of this Order), unless the period of nondisclosure is later modified by the Court.

IT IS FURTHER ORDERED that the Application and this Order are sealed until otherwise ordered by the Court, except that the United States may disclose the existence and/or contents of the Application and this Order to appropriate law enforcement authorities.

Date: February 6, 2020

G. Michael Harvey

Digitally signed by
G. Michael Harvey
Date: 2020.02.06
16:17:34 -05'00'

UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

IN RE APPLICATION OF USA FOR
2703(d) ORDER FOR 165 ACCOUNTS
SERVICED BY SCRYPTMAIL, LLC,
FOR INVESTIGATION OF
VIOLATIONS OF 18 U.S.C. § 1030

SC No. 20-238

**Filed Under Seal**

## ORDER

The United States has submitted an Application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring Scryptmail, LLC ("PROVIDER"), an electronic communication and/or remote computing service provider, to disclose the records and other information described in Attachment A to this Order. The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation. Furthermore, the Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to change operational tactics and to destroy or tamper with evidence. *See* 18 U.S.C. § 2705(b)(3), (5).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that PROVIDER shall, within ten days of receipt of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 2705(b), that PROVIDER shall not disclose the existence of the application of the United States or this Order of the Court to any other person (except attorneys for PROVIDER for the purpose of receiving legal advice) for a period of one year (commencing on the date of this Order), unless the period of nondisclosure is later modified by the Court.

IT IS FURTHER ORDERED that the Application and this Order are sealed until otherwise ordered by the Court, except that the United States may disclose the existence and/or contents of the Application and this Order to appropriate law enforcement authorities.

Date: _____

_____
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

**I. The Account(s)**

The Order applies to certain records and other information for the Scryptmail ("PROVIDER") account(s) listed in Table 1, below, from the time of account creation to present:

| Table 1 | | |
|---|---|---|
| ███████ | ███████ | ███████ |
| ███████ | ███████ | ███████ |
| ███████ | ███████ | ███████ |
| ███████ | ███████ | ███████ |
| ███████ | ███████ | ███████ |
| ███████ | ███████ | ███████ |
| ███████ | ███████ | ███████ |
| ███████ | ███████ | ███████ |
| ███████ | ███████ | ███████ |
| ███████ | ███████ | ███████ |
| ███████ | ███████ | ███████ |
| ███████ | ███████ | ███████ |
| ███████ | ███████ | ███████ |
| ███████ | ███████ | ███████ |
| ███████ | ███████ | ███████ |
| ███████ | ███████ | ███████ |
| ███████ | ███████ | ███████ |
| ███████ | ███████ | ███████ |
| ███████ | ███████ | ███████ |
| ███████ | ███████ | ███████ |
| ███████ | ███████ | ███████ |
| ███████ | ███████ | ███████ |
| ███████ | ███████ | ███████ |
| ███████ | ███████ | ███████ |
| ███████ | ███████ | ███████ |
| ███████ | ███████ | ███████ |
| ███████ | ███████ | ███████ |

| | | |
|---|---|---|
| ██████████ | ██████████ | ██████████ |
| ██████████ | ██████████ | ██████████ |
| ██████████ | ██████████████ | ██████████ |
| ██████████ | ██████████ | ██████████████ |
| ██████████ | ██████████ | ██████████████ |
| ██████████ | ██████████ | ██████████████ |
| ██████████ | ██████████ | ██████████████ |
| ██████████ | ██████████ | ██████████████ |
| ██████████ | ██████████ | █████████████████ |
| ██████████ | ██████████ | ██████████████ |
| ██████████ | ██████████ | ██████████████ |
| ██████████████ | ██████████████ | █████████████████ |
| ██████████████ | ██████████████ | █████████████████ |
| ██████████ | ██████████ | █████████████████ |
| ██████████ | ██████████ | ██████████████ |
| █████████████ | ██████████ | ██████████████████ |
| █████████████ | ██████████████ | ████████████████████ |
| ██████████ | ██████████████ | █████████████████████ |
| █████████████ | ██████████████ | █████████████████ |
| ██████████ | ██████████████ | ██████████████████ |
| █████████████ | █████████████████████ | ██████████████ |
| █████████████ | ██████████████ | ██████████████████ |
| ██████████ | ██████████ | ██████████████ |

## II. Records and other information to be disclosed

### A. Information about the customer or subscriber of the Account(s)

PROVIDER is required to disclose to the United States the following records and other information, if available, for each account or identifier listed in Part I of this Attachment (the "Account(s)") constituting information about the customer or subscriber of the Account(s):

1. Names (including subscriber names, user names, and screen names);

2. Addresses (including mailing addresses, residential addresses, business addresses, and email addresses);

3. Local and long distance telephone connection records;

4. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

5. Length of service (including start date) and types of service utilized;

6. Telephone or instrument numbers (including MAC addresses), Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

7. Other subscriber numbers or identities (including the registration IP address), including any current or past accounts linked to the Account(s) by telephone number, recovery or alternate e-mail address, IP address, or other unique device or user identifier; and,

8. Means and source of payment for such service (including any credit card or bank account number) and billing records.

**B. All records and other information relating to the Account(s) (except the contents of communications)**

PROVIDER is required to disclose to the United States the following records and other information, if available, for the Account(s) for the time period from account creation, to the present, constituting all records and other information relating to the Account(s) (except the contents of communications), including:

1. Records of user activity for each connection made to or from the Account(s), including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses;

2. Information about each electronic communication sent or received by the Account(s), including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers), and any other associated header or routing information;

3. Records and other information about the creation time, registration IP address, language, country, time zone, and other non-content profile information associated with the Account(s);

4. User agent information and device ID information, including all devices used to access the Account(s) and associated Linked Accounts;

5. Identification of any PROVIDER account(s) that are linked to the Account(s) ("Linked Accounts") (including via common subscriber information, machine cookie or other cookie, creation or login IP address, recovery email or phone number, telephone or instrument number (*e.g.*, IMEI or ESN), Globally Unique Identifiers (or "GUIDS"), AOL account ID, Android ID, Google ID, SMS, Apple ID, Facebook username, or otherwise), and, for each Linked Account, all records and information described in this Attachment.

C. Any and all cookies associated with or used by any computer or web browser associated with the Account(s) or any Linked Accounts, including the IP addresses, port data, dates, and times associated with the recognition of any such cookie.

D. Account notes and logs, including any customer service communications or other correspondence with the subscriber; and investigative files or user complaints concerning the subscriber.

## ATTACHMENT A

**I. The Account(s)**

The Order applies to certain records and other information for the Scryptmail ("PROVIDER") account(s) listed in Table 1, below, from the time of account creation to present:

| Table 1 | | |
|---|---|---|
| ████████ | ████████ | ████████ |
| ██████████ | ██████████ | ██████████ |
| ██████████ | ████████████ | ██████████ |
| █████████ | ██████████ | ██████████ |
| ███████████ | ██████████ | ███████████ |
| ███████████ | ████████████ | ████████████ |
| ███████████ | ███████████ | ████████████ |
| ███████████ | ██████████ | ████████████ |
| ███████████ | ███████████ | ████████████ |
| █████████ | ██████████ | ████████████ |
| ██████████ | █████████████ | ████████████ |
| ████████ | ██████████ | ██████████ |
| ████████ | ██████████ | █████████ |
| ██████████ | █████████ | ██████████ |
| ██████████ | ██████████ | ██████████ |
| ██████████ | █████████ | ██████████ |
| ██████████ | █████████ | █████████ |
| █████████ | ██████████ | ███████████ |
| █████████ | ██████████ | ██████████ |
| █████████ | █████████ | ██████████ |
| █████████ | ██████████ | ███████████ |
| ██████████ | █████████ | ██████████ |
| █████████ | █████████ | ██████████ |
| █████████ | ██████████ | ██████████ |
| █████████ | ██████████ | ██████████ |
| ██████████ | ██████████ | █████████████ |
| █████████ | █████████ | ██████████ |
| ██████████ | █████████ | █████████ |

| | | |
|---|---|---|
| ████████ | ████████ | ████████ |
| ████████ | ████████ | ████████ |
| ████████ | ████████ | ████████ |
| ████████ | ████████ | ████████ |
| ████████ | ████████ | ████████ |
| ████████ | ████████ | ████████ |
| ████████ | ████████ | ████████ |
| ████████ | ████████ | ████████ |
| ████████ | ████████ | ████████ |
| ████████ | ████████ | ████████ |
| ████████ | ████████ | ████████ |
| ████████ | ████████ | ████████ |
| ████████ | ████████ | ████████ |
| ████████ | ████████ | ████████ |
| ████████ | ████████ | ████████ |
| ████████ | ████████ | ████████ |
| ████████ | ████████ | ████████ |
| ████████ | ████████ | ████████ |
| ████████ | ████████ | ████████ |
| ████████ | ████████ | ████████ |
| ████████ | ████████ | ████████ |
| ████████ | ████████ | ████████ |
| ████████ | ████████ | ████████ |

## II. Records and other information to be disclosed

### A. Information about the customer or subscriber of the Account(s)

PROVIDER is required to disclose to the United States the following records and other information, if available, for each account or identifier listed in Part I of this Attachment (the "Account(s)") constituting information about the customer or subscriber of the Account(s):

1. Names (including subscriber names, user names, and screen names);

2. Addresses (including mailing addresses, residential addresses, business addresses, and email addresses);

3. Local and long distance telephone connection records;

4. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

5. Length of service (including start date) and types of service utilized;

6. Telephone or instrument numbers (including MAC addresses), Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

7. Other subscriber numbers or identities (including the registration IP address), including any current or past accounts linked to the Account(s) by telephone number, recovery or alternate e-mail address, IP address, or other unique device or user identifier; and,

8. Means and source of payment for such service (including any credit card or bank account number) and billing records.

**B. All records and other information relating to the Account(s) (except the contents of communications)**

PROVIDER is required to disclose to the United States the following records and other information, if available, for the Account(s) for the time period from account creation, to the present, constituting all records and other information relating to the Account(s) (except the contents of communications), including:

1. Records of user activity for each connection made to or from the Account(s), including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses;

2. Information about each electronic communication sent or received by the Account(s), including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers), and any other associated header or routing information;

3. Records and other information about the creation time, registration IP address, language, country, time zone, and other non-content profile information associated with the Account(s);

3

4. User agent information and device ID information, including all devices used to access the Account(s) and associated Linked Accounts;

5. Identification of any PROVIDER account(s) that are linked to the Account(s) ("Linked Accounts") (including via common subscriber information, machine cookie or other cookie, creation or login IP address, recovery email or phone number, telephone or instrument number (*e.g.*, IMEI or ESN), Globally Unique Identifiers (or "GUIDS"), AOL account ID, Android ID, Google ID, SMS, Apple ID, Facebook username, or otherwise), and, for each Linked Account, all records and information described in this Attachment.

C. Any and all cookies associated with or used by any computer or web browser associated with the Account(s) or any Linked Accounts, including the IP addresses, port data, dates, and times associated with the recognition of any such cookie.

D. Account notes and logs, including any customer service communications or other correspondence with the subscriber; and investigative files or user complaints concerning the subscriber.

4