# ATTACHMENT

# A

*Redacted Docket Materials*

AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| In the Matter of the Search of | ) |
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) |
| HISTORICAL AND PROSPECTIVE GEOLOCATION INFORMATION AND CELL SITE DATA FOR ONE VERIZON WIRELESS CELLULAR PHONE NUMBER | ) ) ) ) |

Case No. 20-sc-115

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

See Attachment A incorporated herein and included as part of this Application for a Search Warrant.

located in the _____ District of _____ **New Jersey** _____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B incorporated herein and included as part of the attached Affidavit.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
| --- | --- |
| 18 U.S.C. § 2252 | Activities Relating to Material Involving the Sexual Exploitation of Children |
| 18 U.S.C. § 2252A | Activities Relating to Material Constituting or Containing Child Pornography |

The application is based on these facts:

See Attached Affidavit in Support of Search Warrant

☐ Continued on the attached sheet.

☑ Delayed notice of _30_ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by

_____ telephonic _____ *(specify reliable electronic means).*

Date: _____ 01/22/2020 _____

_____
*Judge's signature*

City and state: Washington, D.C.

Deborah A. Robinson, United States Magistrate Judge
*Printed name and title*

AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means

☐ Original ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | | |
|---|---|---|
| In the Matter of the Search of | ) | |
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) | Case No.  20-sc- 115 |
| HISTORICAL AND PROSPECTIVE GEOLOCATION INFORMATION AND CELL SITE DATA FOR ONE VERIZON WIRELESS CELLULAR PHONE NUMBER | ) ) ) | |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ District of _____ New Jersey
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A incorporated herein and included as part of the Application for a Search Warrant.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B incorporated herein and include as part of the Affidavit.

**YOU ARE COMMANDED** to execute this warrant on or before _____ February 1, 2020 _____ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.  ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____ Deborah A. Robinson _____ .
*(United States Magistrate Judge)*

☑ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☑ for _30_ days *(not to exceed 30)*  ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:  01/22/2020 _____

_____
*Judge's signature*

City and state:  Washington, D.C. _____      Deborah A. Robinson, United States Magistrate Judge
*Printed name and title*

AO 93C  (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

| Return | | |
|---|---|---|
| Case No.:<br> 20-sc- 115 | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |

| Certification |
|---|

      I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.


Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## ATTACHMENT A

### Property to Be Searched

1. The cellular telephone assigned call number (███████████, with International Mobile Subscriber Identity / Electronic Serial Number ████████████, with listed subscriber(s) █████████████ the "Target Cell Phone"), whose wireless service provider is **VERIZON WIRELESS**, a company headquartered at **180 Washington Valley Rd, Bedminster, NJ 07921**.

2. Records and information associated with the Target Cell Phone, including information about its location, that is within the possession, custody, or control of **VERIZON WIRELESS**.

## ATTACHMENT B

### Particular Things to be Seized

**I. Information to be Disclosed by the Provider**

**Historical records related to the Target Cell Phone described in Attachment A for a period April 19, 2017 to the present including:**

    a. The following information about the customers or subscribers of the Account:

        i. Names (including subscriber names, user names, and screen names);

        ii. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

        iii. Local and long distance telephone connection records;

        iv. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

        v. Length of service (including start date) and types of service utilized;

        vi. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

        vii. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

        viii. Means and source of payment for such service (including any credit card or bank account number) and billing records.

    b. All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the Account, including:

    i.  the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses), and information regarding the cell tower and antenna face (also known as "sectors") through which the communications were sent and received as well as per-call measurement data (also known as the "real-time tool" or "RTT" data).

    ii.  Call detail records (CDRs) for (█████████), for the time period May 1, 2019 to the present, to include: cell site locations and sectors for all incoming and outgoing voice, SMS, MMS, and data transactions;

    iii.  all available RTT reports, to include 1X, EVDO, LTE, IP session, and data, to the extent retained historically;

    iv.  all text message content to include pictures, to the extent retained historically.

**Prospective information about the location of the Target Cell Phone described in Attachment A for a period of thirty days, during all times of day and night, including:**

All information about the location of the Target Cell Phone described in Attachment A for a period of thirty days, during all times of day and night. "Information about the location of the Target Cell Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of **VERIZON WIRELESS**, **VERIZON WIRELESS** is required to disclose the Location Information to the government. In addition, **VERIZON WIRELESS** must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location

2

Information unobtrusively and with a minimum of interference with **VERIZON WIRELESS**'s services, including by initiating a signal to determine the location of the Target Cell Phone on **VERIZON WIRELESS**'s network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate **VERIZON WIRELESS** for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

## II. Information to Be Seized by the Government

All information described above in Section I that constitutes evidence of violations of Title 18, United States Code Sections 2252 (Activities Relating to Material Involving the Sexual Exploitation of Children), and 2252A (Activities Relating to Material Constituting or Containing Child Pornography) involving unknown subject who has used Target Cell Phone to commit the violations, as described in the affidavit in support of this warrant.   The information described above in Section I will assist in identifying the unknown subject, and the location of the Target Cell Phone which may contain evidence to include World Wide Web address and files accessed when the Target Cell Phone accessed the internet.

Such evidence to be seized includes but is not limited to information pertaining to the following matters:

(a) Information that constitutes the location of instrumentalities of the offenses;

(b) Information that constitutes evidence of the identification or location of the user(s) of the Target Cell Phone;

(c) Information that constitutes evidence concerning persons who either (i) collaborated, conspired, or assisted (knowingly or unknowingly) the commission of the criminal activity under investigation; or (ii) communicated with the Target Cell Phone about matters relating to the criminal activity under investigation, including records that help reveal their whereabouts;

(d) Information that constitutes evidence indicating the Target Cell Phone user's state of mind, *e.g.*, intent, absence of mistake, or evidence indicating preparation or planning, related to the criminal activity under investigation; and

4

(e) Information that constitutes evidence concerning how and when the Target Cell Phone was accessed or used, to determine the geographic and chronological context of account access, use, and events relating to the crime under investigation and to the Target Cell Phone users.

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**IN THE MATTER OF THE SEARCH OF HISTORICAL AND PROSPECTIVE GEOLOCATION INFORMATION AND CELL SITE DATA FOR ONE VERIZON WIRELESS CELLULAR PHONE NUMBER**

**Case No. 20-sc-115**

**Filed Under Seal**

*Reference: USAO No.* ▮▮▮▮▮ *Subject Account/Device: The Cellular Telephone Assigned Call Number (*▮▮▮▮▮*, with International Mobile Subscriber Identity/Electronic Serial No.* ▮▮▮▮▮

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, ▮▮▮▮▮▮ being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.    I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) and former Chief Judge Hogan's Memorandum Opinion in In the Matter of the Application of the United States of America for and Order Authorizing the Monitoring of Geolocation and Cell Site Data for a Sprint Spectrum Cell Phone, 06-mc-186, 2006 WL 6217584, at *4 (D.D.C. Aug. 25, 2006) (Hogan, C.J.) ("Hogan Opinion"), for information about the location of the cellular telephone assigned call number (▮▮▮▮▮, with International Mobile Subscriber Identity / Electronic Serial Number ▮▮▮▮▮, with listed subscriber(s) ▮▮▮▮▮ (the "Target Cell Phone"), whose service provider is **VERIZON WIRELESS**, a wireless telephone service provider (and an electronic communication service provider and/or a remote computing service provider) headquartered at **180 Washington Valley Rd, Bedminster, NJ 07921**. The Target Cell Phone is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B, including but not limited to data indicating the specific

latitude and longitude of the Target Cell Phone, for a period of thirty (30) days. As further described in Attachment B, this warrant would authorize 30 days of prospective location information for the Target Cell Phone, as well as historical records of location information for the period of April 19, 2017 to present.

2.      Because this warrant seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), the requested warrant is designed to also comply with the Pen Register Act.  *See* 18 U.S.C. §§ 3121-3127.  The requested warrant therefore includes all the information required to be included in an order pursuant to that statute.  *See* 18 U.S.C. § 3123(b)(1).



4.      ▮▮▮▮▮▮▮▮▮▮▮ I am authorized to investigate violations of United States laws and to execute search warrants issued under the authority of the United States.  I have gained experience in such investigations through formal training and on-the-job training with more experienced detectives and agents.  I have received training and experience in interviewing and interrogation techniques, peer-to-peer file sharing investigations, arrest procedures, search

2

warrant applications, surveillance, and a variety of other investigative tools available to law enforcement officers.

5.     The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

6.     Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of the following statutory provisions have occurred: Title 18, United States Code Sections 2252 (Activities Relating to Material Involving the Sexual Exploitation of Children), and 2252A (Activities Relating to Material Constituting or Containing Child Pornography) have been committed and will be committed by a person using the Target Cell Phone.  There is also probable cause to believe that the Target Cell Phone itself will contain, evidence, instrumentalities, contraband or fruits of these crimes – and that the **VERIZON WIRELESS** records and information associated with the Target Cell Phone, including information about its location, will help locate the Target Cell Phone and will constitute evidence itself.  There is probable cause to search the information described in Attachment A for evidence, instrumentalities, contraband or fruits of these crimes further described in Attachment B will constitute evidence of these criminal violations, and will lead to the identification of individuals who are engaged in the commission of these offenses.

7.     The court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711.  Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated, *see* 18 U.S.C. §

2711(3)(A)(i); and/or is in a district in which **VERIZON WIRELESS** is located or in which the items described in Attachment A are stored, *see* 18 U.S.C. § 2711(3)(A)(ii).

## **PROBABLE CAUSE**

8.     The National Center for Missing and Exploited Children ("NCMEC") is a non-profit 501(c)(3) organization that serves as a national clearinghouse and resource center for families, victims, private organizations, law enforcement, and the public on missing and sexually exploited child issues. NCMEC operates a CyberTipline and Child Victim Identification program.  Through the Cyber TipLine, Internet Service Providers (ISP), Electronic Service Providers (ESP), and individual persons may notify NCMEC of online child sexual abuse images.  NCMEC makes information submitted to the CyberTipline and Child Victim Identification Program available to law enforcement agencies.

9.     On October 7, 2019, the Metropolitan Police of the District of Columbia's (MPDC) Child Exploitation Task Force (CETF) received a Cybertip from NCMEC regarding suspected child pornography (CyberTipline Report ▇▇▇▇▇). According to the Cybertip, the Dropbox Legal Team had reported to NCMEC that forty-eight files containing suspected child pornography had been uploaded to a Dropbox account which was identified by the username ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Dropbox reported that they had viewed the entire contents of these files.

10.     Your affiant was provided with records from Dropbox in regards to this account and found that the child pornography had been located on the account by Dropbox on July 28, 2019.  Dropbox advised that the account had last been accessed on July 15, 2019 from an internet protocol (IP) address of ▇▇▇▇▇▇▇▇.

4

11.     The IP address of ███████████ was found to be registered with Verizon.  An administrative subpoena was served upon Verizon regarding their IP address, and the account resolved to a subscriber of ████████████████████████████████████████████

12.     A search of open source and law enforcement only databases identified ████████ ████████████████████████████████████████████████████████████ as current residents of the address.

13.     Your affiant reviewed the suspect files, which were provided by Dropbox to NCMEC and later submitted to the Metropolitan Police Department. The files contained thirty-five videos (197 MB) and thirteen partially downloaded files (59.5 MB).  The majority of the files included clearly ████████████████████████ engaged in sex acts or sexual contacts. The files also included sadomasochist pornography.  Specifically the files included the following three videos child pornography:



5

████████████████████████████████████████

14.     The target Dropbox account was preserved by Dropbox at the time the report was made to NCMEC on July 29, 2019.

15.     On October 8, 2019, an administrative subpoena was issued by the Federal Bureau of Investigation (FBI) for subscriber information and IP addresses associated with the ████████████████████████████████

16.     On October 10, 2019, an affidavit in support of a search warrant was presented to District of Columbia District Court (USDC) Magistrate Judge Deborah Robinson for the contents of the identified Dropbox account with a username of ████████████████████████ ████████████████████████ Magistrate Robinson reviewed the affidavit and authorized the search of the identified account (D.D.C. Case No. ████████████).

17.     On October 23, 2019, the undersigned was provided with the subpoenaed information ████████████████████████████████████

████████████████████████████████████████████

18.     A review of the internet protocol addresses provided by ████████ ed to the identification of an IP address of ████████ which had been used to access ████████████████ (also called "the ████ account" herein) over fifty times from September 20 to October 8, 2019.  The IP address of ████████ is registered to Verizon and

---

████████████████████████████████████████

was found to resolve to a subscriber of █████████████████████

██████████████████

19.     Your affiant also located an IP address of

████████████████████████ which accessed the ██████ account on October 8,

2019 and is registered to Verizon Wireless.  Your affiant recognized that this IP address was

likely associated with a wireless device which had the capability to access the internet.

20.     The FBI issued an administrative subpoena to Verizon Wireless for any

subscriber information and device information for the IP address of

████████████████████████

21.     On November 7, 2019, your affiant was provided with the requested information

from Verizon Wireless.  Your affiant found that the identified IP address was used by a device

with an International Mobile Equipment Identity (IMEI)[2]  of ███████████.  This device

had a registered subscriber of ████████████████████████

██████ and the phone number associated with the account is (███████████ (herein the Target

Device).

22.     On November 6, 2019, Dropbox provided the ordered production in regards to the

USDC Search Warrant in D.D.C. Case No. ██████████  Your affiant reviewed the account

and found that the Dropbox account consisted of two folders which were titled ███████████

A review of files in both of these folders led to the identification of numerous videos containing

███████████████████████████████████████████████

███████████ Additionally your affiant found child pornography was accessible to the

---

[2] The IMEI (International Mobile Equipment Identity) number is a unique set of 15 digits used on some cellular
phones to identify them.

Dropbox user after opening either of the folders. Your affiant found that ▮▮ did not contain any other folders and ▮▮▮▮ had the following folder structure,



23. Specifically your affiant observed a video labeled, ▮▮▮▮▮▮▮▮▮▮▮ in the file ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

25. A further review of the folders led to the discovery of the following videos of child pornography,



26. Dropbox also provided a list of files which had been uploaded to the identified Dropbox account. Your affiant found that the multimedia files that had been uploaded to the Dropbox account had been done so on ████████████████████████████████ ████████████████ Your affiant was able to compare these dates to IP addresses used to access the Dropbox account and found that the multimedia files had been uploaded to the Dropbox servers while the user was accessing an IP address outside of the District of Columbia.

28.     Your affiant believes that the identified Target Device which had been used to access the Dropbox account which contains child pornography will contain evidence of possession, distribution, receipt, and transport of child pornography.  Additionally the device will provide evidence of ownership and usage of the Dropbox account which contains child pornography.  Your affiant therefore believes that a search of the current and historical geo-location history of the Target Device will allow law enforcement to locate and seize the device as evidence.

**INVESTIGATIVE PURPOSES OF THE GEOLOCATION AND CELL SITE DATA**

29.     Based on my training and experience I know that electronic devices used to access the internet will have stored data and or deleted data, that could be recovered using digital forensic tools, that could provide evidence of access to the Dropbox account such as world wide web address, also referred to as a Universal Resource Locator (url) and files the user of the device may have accessed.  Prospective data will allow investigating agents to locate the Target Cell Phone, to help to identify the user of the Target Cell Phone, and (based on the location of the user) to identify the location of other evidence, such as other potential digital devices used in connection with the offense.

30.     I further believe that a search of the historical data of the Target Cell Phone will likewise provide law enforcement with information to locate the Target Cell Phone, to help to identify the user of the Target Cell Phone, and (based on the location of the user) to identify the

location of other evidence, such as other potential digital devices used in connection with the offense.

## AUTHORIZATION REQUEST

31.     In my training and experience, I have learned that **VERIZON WIRELESS** is a company that provides cellular telephone access to the general public.  I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including E-911 Phase II data, also known as GPS data or latitude-longitude data and cell-site data, also known as "tower/face information" or cell tower/sector records**.**  E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers.  Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected.  These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas.  Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device.  Accordingly, cell-site data is typically less precise that E-911 Phase II data.

32.     Based on my training and experience, I know that **VERIZON WIRELESS** can collect E-911 Phase II data about the location of the Target Cell Phone, including by initiating a signal to determine the location of the Target Cell Phone on **VERIZON WIRELESS**'s network or with such other reference points as may be reasonably available.

33.     Based on my training and experience, I know that **VERIZON WIRELESS** can collect cell-site data about the Target Cell Phone.  Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer connected at the end of the communication; and (5) the duration of the communication.  I also know that wireless providers such as **VERIZON WIRELESS** typically collect and retain cell-site data pertaining to cellular devices to which they provide service in their normal course of business in order to use this information for various business-related purposes.

34.     Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

35.     The proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

12

36.     I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed.  There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705.  Providing immediate notice to the subscriber or user of the Target Cell Phone would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution.  *See* 18 U.S.C. § 3103a(b)(1).

37.     I further request that the Court direct **VERIZON WIRELESS** to disclose to the government any information described in Attachment B that is within the possession, custody, or control of **VERIZON WIRELESS**.

38.     I also request that the Court direct **VERIZON WIRELESS** to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with **VERIZON WIRELESS**'s services, including by initiating a signal to determine the location of the Target Cell Phone on **VERIZON WIRELESS**'s network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government.  The government shall reasonably compensate **VERIZON WIRELESS** for reasonable expenses incurred in furnishing such facilities or assistance.

39.     I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cell Phone outside of daytime hours.

40.     I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,



Subscribed and sworn pursuant to Fed. R. Crim. P. 4.l and 41(d)(3) on January 22, 2020

DEBORAH A. ROBINSON
UNITED STATES MAGISTRATE JUDGE

14

AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | | |
|---|---|---|
| In the Matter of the Search of | ) | |
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) ) | Case No. 20-sc-115 |
| HISTORICAL AND PROSPECTIVE GEOLOCATION INFORMATION AND CELL SITE DATA FOR ONE VERIZON WIRELESS CELLULAR PHONE NUMBER | ) ) ) | |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

See Attachment A incorporated herein and included as part of this Application for a Search Warrant.

located in the _____ District of _____ **New Jersey** _____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B incorporated herein and included as part of the attached Affidavit.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2252 | Activities Relating to Material Involving the Sexual Exploitation of Children |
| 18 U.S.C. § 2252A | Activities Relating to Material Constituting or Containing Child Pornography |

The application is based on these facts:

See Attached Affidavit in Support of Search Warrant

☐ Continued on the attached sheet.

☑ Delayed notice of __30__ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth ████████████████████████

████████████████████████

*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
_____ telephonic _____ *(specify reliable electronic means)*.

Date: _____ 01/22/2020 _____

**Deborah A. Robinson** Digitally signed by Deborah A. Robinson
Date: 2020.01.22 15:55:13 -05'00'

*Judge's signature*

City and state: Washington, D.C.

Deborah A. Robinson, United States Magistrate Judge

*Printed name and title*

AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means

☐ Original ☐ Duplicate Original

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>HISTORICAL AND PROSPECTIVE GEOLOCATION<br>INFORMATION AND CELL SITE DATA FOR ONE<br>VERIZON WIRELESS CELLULAR PHONE NUMBER | )<br>)<br>)<br>)<br>)<br>)<br>)    Case No.   20-sc- 115 |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ District of _____ New Jersey _____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A incorporated herein and included as part of the Application for a Search Warrant.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B incorporated herein and include as part of the Affidavit.

**YOU ARE COMMANDED** to execute this warrant on or before _____ February 1, 2020 _____ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m. ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____ Deborah A. Robinson _____ .
*(United States Magistrate Judge)*

☑ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☑ for _30_ days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:     01/22/2020

City and state:     Washington, D.C.

Deborah A. Robinson

Digitally signed by Deborah A. Robinson
Date: 2020.01.22 15:55:35 -05'00'

*Judge's signature*

Deborah A. Robinson, United States Magistrate Judge
*Printed name and title*

AO 93C  (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

| **Return** | | |
|---|---|---|
| Case No.:<br> 20-sc- 115 | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name(s) of any person(s) seized:

| **Certification** |
|---|

      I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

**ATTACHMENT A**

**Property to Be Searched**

1. The cellular telephone assigned call number (████████, with International Mobile Subscriber Identity / Electronic Serial Number ████████, with listed subscriber(s ████████ the "Target Cell Phone"), whose wireless service provider is **VERIZON WIRELESS**, a company headquartered at **180 Washington Valley Rd, Bedminster, NJ 07921**.

2. Records and information associated with the Target Cell Phone, including information about its location, that is within the possession, custody, or control of **VERIZON WIRELESS**.

## ATTACHMENT B

### Particular Things to be Seized

**I. Information to be Disclosed by the Provider**

**Historical records related to the Target Cell Phone described in Attachment A for a period April 19, 2017 to the present including:**

    a.  The following information about the customers or subscribers of the Account:

        i.  Names (including subscriber names, user names, and screen names);

        ii.  Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

        iii.  Local and long distance telephone connection records;

        iv.  Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

        v.  Length of service (including start date) and types of service utilized;

        vi.  Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

        vii.  Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

        viii.  Means and source of payment for such service (including any credit card or bank account number) and billing records.

    b.  All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the Account, including:

    i.   the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses), and information regarding the cell tower and antenna face (also known as "sectors") through which the communications were sent and received as well as per-call measurement data (also known as the "real-time tool" or "RTT" data).

    ii.   Call detail records (CDRs) for (█████████, for the time period May 1, 2019 to the present, to include: cell site locations and sectors for all incoming and outgoing voice, SMS, MMS, and data transactions;

    iii.   all available RTT reports, to include 1X, EVDO, LTE, IP session, and data, to the extent retained historically;

    iv.   all text message content to include pictures, to the extent retained historically.

### Prospective information about the location of the Target Cell Phone described in Attachment A for a period of thirty days, during all times of day and night, including:

All information about the location of the Target Cell Phone described in Attachment A for a period of thirty days, during all times of day and night. "Information about the location of the Target Cell Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of **VERIZON WIRELESS**, **VERIZON WIRELESS** is required to disclose the Location Information to the government. In addition, **VERIZON WIRELESS** must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location

Information unobtrusively and with a minimum of interference with **VERIZON WIRELESS**'s services, including by initiating a signal to determine the location of the Target Cell Phone on **VERIZON WIRELESS**'s network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate **VERIZON WIRELESS** for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

## II. Information to Be Seized by the Government

All information described above in Section I that constitutes evidence of violations of Title 18, United States Code Sections 2252 (Activities Relating to Material Involving the Sexual Exploitation of Children), and 2252A (Activities Relating to Material Constituting or Containing Child Pornography) involving unknown subject who has used Target Cell Phone to commit the violations, as described in the affidavit in support of this warrant. The information described above in Section I will assist in identifying the unknown subject, and the location of the Target Cell Phone which may contain evidence to include World Wide Web address and files accessed when the Target Cell Phone accessed the internet.

Such evidence to be seized includes but is not limited to information pertaining to the following matters:

(a) Information that constitutes the location of instrumentalities of the offenses;

(b) Information that constitutes evidence of the identification or location of the user(s) of the Target Cell Phone;

(c) Information that constitutes evidence concerning persons who either (i) collaborated, conspired, or assisted (knowingly or unknowingly) the commission of the criminal activity under investigation; or (ii) communicated with the Target Cell Phone about matters relating to the criminal activity under investigation, including records that help reveal their whereabouts;

(d) Information that constitutes evidence indicating the Target Cell Phone user's state of mind, *e.g.*, intent, absence of mistake, or evidence indicating preparation or planning, related to the criminal activity under investigation; and

(e) Information that constitutes evidence concerning how and when the Target Cell Phone was accessed or used, to determine the geographic and chronological context of account access, use, and events relating to the crime under investigation and to the Target Cell Phone users.

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**IN THE MATTER OF THE SEARCH OF HISTORICAL AND PROSPECTIVE GEOLOCATION INFORMATION AND CELL SITE DATA FOR ONE VERIZON WIRELESS CELLULAR PHONE NUMBER**

**Case No. 20-sc-115**

**Filed Under Seal**

*Reference: USAO No. ▮▮▮▮▮ Subject Account/Device: The Cellular Telephone Assigned Call Number (▮▮▮▮▮, with International Mobile Subscriber Identity/Electronic Serial No. ▮▮▮▮▮*

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, ▮▮▮▮▮ being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.  I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) and former Chief Judge Hogan's Memorandum Opinion in In the Matter of the Application of the United States of America for and Order Authorizing the Monitoring of Geolocation and Cell Site Data for a Sprint Spectrum Cell Phone, 06-mc-186, 2006 WL 6217584, at *4 (D.D.C. Aug. 25, 2006) (Hogan, C.J.) ("Hogan Opinion"), for information about the location of the cellular telephone assigned call number (▮▮▮▮▮, with International Mobile Subscriber Identity / Electronic Serial Number ▮▮▮▮▮, with listed subscriber(s) ▮▮▮▮▮ (the "Target Cell Phone"), whose service provider is **VERIZON WIRELESS**, a wireless telephone service provider (and an electronic communication service provider and/or a remote computing service provider) headquartered at **180 Washington Valley Rd, Bedminster, NJ 07921**. The Target Cell Phone is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B, including but not limited to data indicating the specific

latitude and longitude of the Target Cell Phone, for a period of thirty (30) days. As further described in Attachment B, this warrant would authorize 30 days of prospective location information for the Target Cell Phone, as well as historical records of location information for the period of April 19, 2017 to present.

2. Because this warrant seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), the requested warrant is designed to also comply with the Pen Register Act. *See* 18 U.S.C. §§ 3121-3127. The requested warrant therefore includes all the information required to be included in an order pursuant to that statute. *See* 18 U.S.C. § 3123(b)(1).



4.  I am authorized to investigate violations of United States laws and to execute search warrants issued under the authority of the United States. I have gained experience in such investigations through formal training and on-the-job training with more experienced detectives and agents. I have received training and experience in interviewing and interrogation techniques, peer-to-peer file sharing investigations, arrest procedures, search

2

warrant applications, surveillance, and a variety of other investigative tools available to law enforcement officers.

5.       The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

6.       Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of the following statutory provisions have occurred: Title 18, United States Code Sections 2252 (Activities Relating to Material Involving the Sexual Exploitation of Children), and 2252A (Activities Relating to Material Constituting or Containing Child Pornography) have been committed and will be committed by a person using the Target Cell Phone.  There is also probable cause to believe that the Target Cell Phone itself will contain, evidence, instrumentalities, contraband or fruits of these crimes – and that the **VERIZON WIRELESS** records and information associated with the Target Cell Phone, including information about its location, will help locate the Target Cell Phone and will constitute evidence itself.  There is probable cause to search the information described in Attachment A for evidence, instrumentalities, contraband or fruits of these crimes further described in Attachment B will constitute evidence of these criminal violations, and will lead to the identification of individuals who are engaged in the commission of these offenses.

7.       The court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711.  Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated, *see* 18 U.S.C. §

2711(3)(A)(i); and/or is in a district in which **VERIZON WIRELESS** is located or in which the items described in Attachment A are stored, *see* 18 U.S.C. § 2711(3)(A)(ii).

## **PROBABLE CAUSE**

8.      The National Center for Missing and Exploited Children ("NCMEC") is a non-profit 501(c)(3) organization that serves as a national clearinghouse and resource center for families, victims, private organizations, law enforcement, and the public on missing and sexually exploited child issues. NCMEC operates a CyberTipline and Child Victim Identification program.  Through the Cyber TipLine, Internet Service Providers (ISP), Electronic Service Providers (ESP), and individual persons may notify NCMEC of online child sexual abuse images.  NCMEC makes information submitted to the CyberTipline and Child Victim Identification Program available to law enforcement agencies.

9.      On October 7, 2019, the Metropolitan Police of the District of Columbia's (MPDC) Child Exploitation Task Force (CETF) received a Cybertip from NCMEC regarding suspected child pornography (CyberTipline Report ▆▆▆▆▆). According to the Cybertip, the Dropbox Legal Team had reported to NCMEC that forty-eight files containing suspected child pornography had been uploaded to a Dropbox account which was identified by the username ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ Dropbox reported that they had viewed the entire contents of these files.

10.      Your affiant was provided with records from Dropbox in regards to this account and found that the child pornography had been located on the account by Dropbox on July 28, 2019.  Dropbox advised that the account had last been accessed on July 15, 2019 from an internet protocol (IP) address of ▆▆▆▆▆▆▆.

4

11.     The IP address of ███████████ was found to be registered with Verizon.  An administrative subpoena was served upon Verizon regarding their IP address, and the account resolved to a subscriber of ████████████████████████████████████

12.     A search of open source and law enforcement only databases identified ████████
████████████████████████████████████████████████████
████████████████ as current residents of the address.

13.     Your affiant reviewed the suspect files, which were provided by Dropbox to NCMEC and later submitted to the Metropolitan Police Department. The files contained thirty-five videos (197 MB) and thirteen partially downloaded files (59.5 MB).  The majority of the files included clearly ████████████████████ s engaged in sex acts or sexual contacts. The files also included sadomasochist pornography.  Specifically the files included the following three videos child pornography:



██████████████████████████████████████████

14. The target Dropbox account was preserved by Dropbox at the time the report was made to NCMEC on July 29, 2019.

15. On October 8, 2019, an administrative subpoena was issued by the Federal Bureau of Investigation (FBI) for subscriber information and IP addresses associated with the ████████████████████████████

16. On October 10, 2019, an affidavit in support of a search warrant was presented to District of Columbia District Court (USDC) Magistrate Judge Deborah Robinson for the contents of the identified Dropbox account with a username of ██████████████████████ ████████████████████████ Magistrate Robinson reviewed the affidavit and authorized the search of the identified account (D.D.C. Case No. ███████).

17. On October 23, 2019, the undersigned was provided with the subpoenaed information ███████████████████████████████████ ██████████████████████████████████████████

18. A review of the internet protocol addresses provided by █████ led to the identification of an IP address of ██████████ which had been used to access ████████████████████ (also called "the ██████ account" herein) over fifty times from September 20 to October 8, 2019. The IP address of ███████████ is registered to Verizon and

_____

██████████████████████████████████████████

6

was found to resolve to a subscriber of ████████████████████████

███████████████

19.     Your affiant also located an IP address of

████████████████████████████ which accessed the █████ account on October 8,

2019 and is registered to Verizon Wireless.  Your affiant recognized that this IP address was

likely associated with a wireless device which had the capability to access the internet.

20.     The FBI issued an administrative subpoena to Verizon Wireless for any

subscriber information and device information for the IP address of

██████████████████████████████

21.     On November 7, 2019, your affiant was provided with the requested information

from Verizon Wireless.  Your affiant found that the identified IP address was used by a device

with an International Mobile Equipment Identity (IMEI)[2]  of ████████████.  This device

had a registered subscriber of ██████████████████████████████

█████and the phone number associated with the account is (██████████ (herein the Target

Device).

22.     On November 6, 2019, Dropbox provided the ordered production in regards to the

USDC Search Warrant in D.D.C. Case No.██████████    Your affiant reviewed the account

and found that the Dropbox account consisted of two folders which were titled ██████████████

A review of files in both of these folders led to the identification of numerous videos containing

█████████████████████████████████████████████████████████████

████████████Additionally your affiant found child pornography was accessible to the

---

[2] The IMEI (International Mobile Equipment Identity) number is a unique set of 15 digits used on some cellular
phones to identify them.

Dropbox user after opening either of the folders. Your affiant found that "█" did not contain

any other folders and "████" had the following folder structure,

23. Specifically your affiant observed a video labeled,

in the file "

25. A further review of the folders led to the discovery of the following videos of

child pornography,



26. Dropbox also provided a list of files which had been uploaded to the identified Dropbox account. Your affiant found that the multimedia files that had been uploaded to the Dropbox account had been done so o  Your affiant was able to compare these dates to IP addresses used to access the Dropbox account and found that the multimedia files had been uploaded to the Dropbox servers while the user was accessing an IP address outside of the District of Columbia.

9

28.     Your affiant believes that the identified Target Device which had been used to access the Dropbox account which contains child pornography will contain evidence of possession, distribution, receipt, and transport of child pornography.  Additionally the device will provide evidence of ownership and usage of the Dropbox account which contains child pornography.  Your affiant therefore believes that a search of the current and historical geo-location history of the Target Device will allow law enforcement to locate and seize the device as evidence.

**INVESTIGATIVE PURPOSES OF THE GEOLOCATION AND CELL SITE DATA**

29.     Based on my training and experience I know that electronic devices used to access the internet will have stored data and or deleted data, that could be recovered using digital forensic tools, that could provide evidence of access to the Dropbox account such as world wide web address, also referred to as a Universal Resource Locator (url) and files the user of the device may have accessed.  Prospective data will allow investigating agents to locate the Target Cell Phone, to help to identify the user of the Target Cell Phone, and (based on the location of the user) to identify the location of other evidence, such as other potential digital devices used in connection with the offense.

30.     I further believe that a search of the historical data of the Target Cell Phone will likewise provide law enforcement with information to locate the Target Cell Phone, to help to identify the user of the Target Cell Phone, and (based on the location of the user) to identify the

location of other evidence, such as other potential digital devices used in connection with the offense.

## AUTHORIZATION REQUEST

31. In my training and experience, I have learned that **VERIZON WIRELESS** is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including E-911 Phase II data, also known as GPS data or latitude-longitude data and cell-site data, also known as "tower/face information" or cell tower/sector records**.** E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data.

32.     Based on my training and experience, I know that **VERIZON WIRELESS** can collect E-911 Phase II data about the location of the Target Cell Phone, including by initiating a signal to determine the location of the Target Cell Phone on **VERIZON WIRELESS**'s network or with such other reference points as may be reasonably available.

33.     Based on my training and experience, I know that **VERIZON WIRELESS** can collect cell-site data about the Target Cell Phone.  Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer connected at the end of the communication; and (5) the duration of the communication.  I also know that wireless providers such as **VERIZON WIRELESS** typically collect and retain cell-site data pertaining to cellular devices to which they provide service in their normal course of business in order to use this information for various business-related purposes.

34.     Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

35.     The proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

12

36.     I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed.  There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705.  Providing immediate notice to the subscriber or user of the Target Cell Phone would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution.  *See* 18 U.S.C. § 3103a(b)(1).

37.     I further request that the Court direct **VERIZON WIRELESS** to disclose to the government any information described in Attachment B that is within the possession, custody, or control of **VERIZON WIRELESS**.

38.     I also request that the Court direct **VERIZON WIRELESS** to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with **VERIZON WIRELESS**'s services, including by initiating a signal to determine the location of the Target Cell Phone on **VERIZON WIRELESS**'s network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government.  The government shall reasonably compensate **VERIZON WIRELESS** for reasonable expenses incurred in furnishing such facilities or assistance.

39.     I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cell Phone outside of daytime hours.

40.     I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court.  These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation.  Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,



Subscribed and sworn pursuant to Fed. R. Crim. P. 4.1 and 41(d)(3) on January 22, 2020

**Deborah A. Robinson**   Digitally signed by Deborah A. Robinson
Date: 2020.01.22 15:56:22 -05'00'

DEBORAH A. ROBINSON
UNITED STATES MAGISTRATE JUDGE

14