# ATTACHMENT

# A

*Redacted Docket Materials*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **IN RE APPLICATION OF USA FOR 2703(d) ORDER FOR TWO ACCOUNTS SERVICED BY AT&T CORPORATION FOR INVESTIGATION OF VIOLATION OF 18 U.S.C. § 2241** | **SC No. 20-sc-00358** <br><br> **Filed Under Seal** |

**Reference:**    ***USAO Ref. #*** ███████ **;** ***Subject Accounts:*** ████████████

### APPLICATION OF THE UNITED STATES
### FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require AT&T Corporation ("PROVIDER"), an electronic communication service and/or remote computing service provider located in North Palm Beach, Florida, to disclose certain records and other information pertaining to the PROVIDER account(s) associated with the identifiers set forth in Part I of Attachment A to the proposed Order within ten days of receipt of the Order. The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order. In support of this application, the United States asserts:

### LEGAL BACKGROUND AND JURISDICTION

1.      PROVIDER is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require PROVIDER to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2.      This Court has jurisdiction to issue the requested Order because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(d). Specifically, the

Court is a "district court of the United States . . . that – has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

3.      As discussed more fully below, the criminal offenses under investigation began or were committed out of the jurisdiction of any particular State or district, and the offender's last known residence is within the District of Columbia.  *See* 18 U.S.C. § 3238 ("[For] all offenses begun or committed … out of the jurisdiction of any particular State or district . . . , an indictment or information may be filed in the district of the last known residence of the offender . . . ."). Furthermore, the criminal statute underlying this investigation applies to conduct that occurred "in the special maritime and territorial jurisdiction of the United States."  18 U.S.C. § 2241(a) (Aggravated Sexual Abuse).  The term "special maritime and territorial jurisdiction of the United States" is defined, for crimes committed by U.S. nationals, to include:

> the United States diplomatic, consular, military or other United States government missions or entities in foreign States, including the buildings, parts of buildings, and land appurtenant or ancillary thereto or used for the purposes of those missions or entities, irrespective of ownership; and residences in foreign States and the land appurtenant or ancillary thereto, irrespective of ownership, used for purposes of those missions or entities or used by United States personnel assigned to those missions or entities.

18 U.S.C. § 7.  As described below, the criminal offense under investigation was committed within special maritime or extraterritorial jurisdiction of the United States.  Specifically, it was committed in the United Kingdom on property ancillary to, and used as a residence for marine guards working at, the U.S. Embassy in London.

4.      A court order under section 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that . . . the records or other information sought . . . are relevant and material to an ongoing criminal investigation."  18 U.S.C. § 2703(d).  Accordingly, the next section of this application sets forth

specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## **RELEVANT FACTS**

5.    The United States is investigating an aggravated sexual assault, allegedly committed by ████████ against ██████████████████ on property affiliated with ████████████████. The investigation concerns possible violations of, *inter alia*, 18 U.S.C. § 2241.

6.    On or about ██████████, ██████████████ contacted U.S. authorities and indicated that she was the victim of an aggravated sexual assault ██████████████████ ████████████████████████████████████████████████ ████████████████ Evidence shows that the complaining witness attempted to report this assault years ago, but no formal investigation was carried forward until her ██████████ report. Based on the complaining witness's description of the incident — including ████████████████, ████████████████████████████████████ — law enforcement has identified a likely suspect. ████████████████████████████████ ██████████████████████████████████████████. The assault is alleged to have occurred within ██████████████████████████ ██████████████████.

7.    For the past several months, U.S. law enforcement has been interviewing individuals who worked and lived with the suspect ██████████ during the relevant time period. ████████████████████████████████. Law enforcement authorities are asking these interviewees not to tell their former colleagues about the investigation. In addition,

law enforcement is seeking to monitor the social media, email, and phone numbers used by the suspect ▉▉▉▉▉▉▉▉▉▉ to determine whether any recent interviewee(s) have attempted to contact the suspect, potentially to alert him to the existence of the investigation. ▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. Conversely, the absence of any communication between interviewees and the suspect would also be highly relevant. The interviewees and suspect worked and lived together at the time, ▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. Records showing the absence of communications could demonstrate to a jury that these individuals did not collude in providing information to law enforcement, ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉.

8.      Law enforcement has confirmed that the identifier(s) listed in the proposed order belong to the target ▉▉▉▉▉▉▉▉▉▉, as the identifier(s) were found in passport applications and/or embassy registration paperwork for the target ▉▉▉▉▉▉▉▉  In addition, third-party witnesses who are familiar with the target ▉▉▉▉▉▉▉ have confirmed that the identifier(s) in the proposed order belong to the target ▉▉▉▉▉▉▉▉▉.

**REQUEST FOR ORDER**

9.      The facts set forth above show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help the United States to have greater confidence in the integrity of the ongoing investigation. As law enforcement seeks to speak with the suspect and potential witnesses, the value of their statements will be affected by whether they

have communicated with each other. Evidence that a witness reached out to the suspect, potentially alerting the suspect to the investigation and potentially coordinating with the suspect, even after being asked by law enforcement not to alert others of the existence of the investigation, is relevant and material. Accordingly, the United States requests that PROVIDER be directed to produce all items described in Part II of Attachment A to the proposed Order within ten days of receipt of the Order.

10.     The United States further requests that the Order direct PROVIDER not to notify any person, including the subscriber or customer of each account listed in Part I of Attachment A, of the existence of the application of the United States or the Order for one year from the date of the Court's Order. *See* 18 U.S.C. § 2705(b). This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *See* 18 U.S.C. § 2705(b).[1]

11.     In this case, the proposed Order seeks information relevant to establishing the illegal activity under investigation and identifying the individual(s) responsible. Accordingly, disclosure may reveal the existence, scope, and direction of the United States' ongoing and confidential investigation. Once alerted to this investigation, potential target(s) could be

---

[1] The government relies on § 2705(b) to seek a preclusion-of-notice order because the government is requesting only non-content information pursuant to § 2703(d), an action which is authorized by § 2703(c). *See* 18 U.S.C. § 2703(c)(1)(B) ("governmental entity may require a provider of electronic communication service or remote computing service to disclose a record or other information pertaining to a subscriber to or customer of such service (not including the contents of communications) only when [it] . . . obtains a court order for such disclosure under subsection (d) of this section"). Under § 2703(c), the government has no obligation to notify the subscriber. *See* 18 U.S.C. § 2703(c)(3) ("governmental entity receiving records or information under this section is not required to provide notice to a subscriber or customer").

immediately prompted to destroy or conceal incriminating evidence, collude with witnesses to provide false information to law enforcement, and otherwise take steps to undermine the investigation and avoid future prosecution. In particular, given that they are known to use electronic communication and remote computing services, the potential target(s) could quickly and easily destroy or encrypt digital evidence relating to their criminal activity.

12. Therefore, based on the foregoing, there are reasonable grounds to believe that notification of the existence of this Order would result in flight from prosecution, destruction of or tampering with evidence, intimidation of potential witnesses, or other serious jeopardy to this investigation. *See* 18 U.S.C. § 2705(b)(2)-(5).

13. Given the nature of the criminal activity under investigation, the age of the allegations, the fact that the crime scene and potential evidence (e.g., medical reports) are in the United Kingdom, the fact that the complaining witness is living abroad, and the fact that other potential witnesses are located in geographically diverse locations, the United States anticipates that this confidential investigation will continue for the next one year or longer.

14. Accordingly, this Court should command PROVIDER not to notify any other person (except attorneys for PROVIDER for the purpose of receiving legal advice) of the existence of the proposed Order for a period of one year (commencing on the date of the proposed Order), unless the period of nondisclosure is later modified by the Court. Should the court-ordered nondisclosure under Section 2705(b) become no longer needed because of the closure of the investigation or arrest of the account holder, the United States will make best efforts to notify the Court promptly and seek appropriate relief.

15. In this matter, the United States also requests that the instant Application and the Order be filed under seal. The Court has the inherent power to seal court filings when appropriate,

including the proposed Order. *United States v. Hubbard*, 650 F.2d 293, 315-16 (D.C. Cir. 1980) (citing *Nixon v. Warner Commn'ns, Inc.*, 435 U.S. 589, 598 (1978)). More particularly, the Court may seal the Application and Order to prevent serious jeopardy to an ongoing criminal investigation when such jeopardy creates a compelling governmental interest in confidentiality. *See Washington Post v. Robinson*, 935 F.2d 282, 287-89 (D.C. Cir. 1991). For the reasons stated above, the United States has a compelling interest in confidentiality to justify sealing the Application and Order. *See id.*

Respectfully submitted,

TIMOTHY J. SHEA
United States Attorney
DC Bar No. 437437


_____/s/__Thomas N. Saunders_____
THOMAS N. SAUNDERS
Assistant United States Attorneys
National Security Section
New York Bar Number 4876975
United States Attorney's Office
555 4th Street, NW, 11th Floor
Washington, D.C. 20530
Thomas.Saunders@usdoj.gov
(202) 252-7790

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

IN RE APPLICATION OF USA FOR
2703(d) ORDER FOR TWO ACCOUNTS
SERVICED BY AT&T CORPORATION
FOR INVESTIGATION OF VIOLATION
OF 18 U.S.C. § 2241

SC No.  20-sc-00358

**Filed Under Seal**

## ORDER

The United States has submitted an Application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring AT&T Corporation ("PROVIDER"), an electronic communication and/or remote computing service provider located in North Palm Beach, Florida to disclose the records and other information described in Attachment A to this Order.  The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation.  Furthermore, the Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, and intimidate potential witnesses.  *See* 18 U.S.C. § 2705(b)(2)-(5).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that PROVIDER shall, within ten days of receipt of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 2705(b), that PROVIDER shall not disclose the existence of the application of the United States or this Order of the Court to any other person (except attorneys for PROVIDER for the purpose of receiving legal advice) for a period of

180 days (commencing on the date of this Order), unless the period of nondisclosure is later

modified by the Court.

IT IS FURTHER ORDERED that the Application and this Order are sealed until otherwise

ordered by the Court, except that the United States may disclose the existence and/or contents of

the Application and this Order to appropriate law enforcement authorities.

_____
UNITED STATES MAGISTRATE JUDGE

## **ATTACHMENT A**

### **I.  The Account(s)**

The Order applies to certain records and other information for any ("PROVIDER") account(s) associated with the following identifier(s):

████████████

████████████

and any preserved data and/or preservation numbers associated therewith.

### **II.  Records and other information to be disclosed**

#### **A.  Information about the customer or subscriber of the Account(s)**

PROVIDER is required to disclose to the United States the following records and other information, if available, for each account or identifier listed in Part I of this Attachment (the "Account(s)") constituting information about the customer or subscriber of the Account(s) from November 1, 2019 to present:

1.  Names (including subscriber names, user names, and screen names);

2.  Addresses (including mailing addresses, residential addresses, business addresses, and email addresses);

3.  Local and long distance telephone connection records;

4.  Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

5.  Length of service (including start date) and types of service utilized;

6.  Telephone or instrument numbers (including MAC addresses)

7.  Other subscriber numbers or identities (including the registration IP address), including any current or past accounts linked to the Account(s) by telephone number, recovery or alternate e-mail address, IP address, or other unique device or user identifier; and

8. Means and source of payment for such service (including any credit card or bank account number) and billing records.

**B. All records and other information relating to the Account(s) (except the contents of communications)**

PROVIDER is required to disclose to the United States the following records and other information, if available, for the Account(s) for the time period from November 1, 2019 to the present, constituting all records and other information relating to the Account(s) (except the contents of communications), including:

1. Records of user activity for each connection made to or from the Account(s), including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses;

2. Information about each electronic communication sent or received by the Account(s), including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers), and any other associated header or routing information; and

3. Identification of any PROVIDER account(s) that are linked to the Account(s) by cookies, including all PROVIDER user IDs that logged into PROVIDER's services by the same machine as the Account(s).

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF USA FOR 2703(d) ORDER FOR TWO ACCOUNTS SERVICED BY AT&T CORPORATION FOR INVESTIGATION OF VIOLATION OF 18 U.S.C. § 2241 | SC No. 20-sc-00358<br><br>**Filed Under Seal** |

## ORDER

The United States has submitted an Application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring AT&T Corporation ("PROVIDER"), an electronic communication and/or remote computing service provider located in North Palm Beach, Florida to disclose the records and other information described in Attachment A to this Order. The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation. Furthermore, the Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, and intimidate potential witnesses. *See* 18 U.S.C. § 2705(b)(2)-(5).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that PROVIDER shall, within ten days of receipt of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 2705(b), that PROVIDER shall not disclose the existence of the application of the United States or this Order of the Court to any other person (except attorneys for PROVIDER for the purpose of receiving legal advice) for a period of

180 days (commencing on the date of this Order), unless the period of nondisclosure is later modified by the Court.

      IT IS FURTHER ORDERED that the Application and this Order are sealed until otherwise ordered by the Court, except that the United States may disclose the existence and/or contents of the Application and this Order to appropriate law enforcement authorities.

_____
UNITED STATES MAGISTRATE JUDGE

<u>**ATTACHMENT A**</u>

## I. The Account(s)

The Order applies to certain records and other information for any ("PROVIDER") account(s) associated with the following identifier(s):



and any preserved data and/or preservation numbers associated therewith.

## II. Records and other information to be disclosed

### A. Information about the customer or subscriber of the Account(s)

PROVIDER is required to disclose to the United States the following records and other information, if available, for each account or identifier listed in Part I of this Attachment (the "Account(s)") constituting information about the customer or subscriber of the Account(s) from November 1, 2019 to present:

1. Names (including subscriber names, user names, and screen names);

2. Addresses (including mailing addresses, residential addresses, business addresses, and email addresses);

3. Local and long distance telephone connection records;

4. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

5. Length of service (including start date) and types of service utilized;

6. Telephone or instrument numbers (including MAC addresses)

7. Other subscriber numbers or identities (including the registration IP address), including any current or past accounts linked to the Account(s) by telephone number, recovery or alternate e-mail address, IP address, or other unique device or user identifier; and

8. Means and source of payment for such service (including any credit card or bank account number) and billing records.

**B. All records and other information relating to the Account(s) (except the contents of communications)**

PROVIDER is required to disclose to the United States the following records and other information, if available, for the Account(s) for the time period from November 1, 2019 to the present, constituting all records and other information relating to the Account(s) (except the contents of communications), including:

1. Records of user activity for each connection made to or from the Account(s), including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses;

2. Information about each electronic communication sent or received by the Account(s), including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers), and any other associated header or routing information; and

3. Identification of any PROVIDER account(s) that are linked to the Account(s) by cookies, including all PROVIDER user IDs that logged into PROVIDER's services by the same machine as the Account(s).

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| IN RE APPLICATION OF USA FOR 2703(d) ORDER FOR TWO ACCOUNTS SERVICED BY AT&T CORPORATION FOR INVESTIGATION OF VIOLATION OF 18 U.S.C. § 2241 | SC No. 20-sc-00358<br><br>**Filed Under Seal** |
|---|---|

## ORDER

The United States has submitted an Application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring AT&T Corporation ("PROVIDER"), an electronic communication and/or remote computing service provider located in North Palm Beach, Florida to disclose the records and other information described in Attachment A to this Order. The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation. Furthermore, the Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, and intimidate potential witnesses. *See* 18 U.S.C. § 2705(b)(2)-(5).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that PROVIDER shall, within ten days of receipt of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 2705(b), that PROVIDER shall not disclose the existence of the application of the United States or this Order of the Court to any other person (except attorneys for PROVIDER for the purpose of receiving legal advice) for a period of

180 days (commencing on the date of this Order), unless the period of nondisclosure is later modified by the Court.

IT IS FURTHER ORDERED that the Application and this Order are sealed until otherwise ordered by the Court, except that the United States may disclose the existence and/or contents of the Application and this Order to appropriate law enforcement authorities.

2020.02.21
18:32:13 -05'00'

UNITED STATES MAGISTRATE JUDGE

# ATTACHMENT A

## I. The Account(s)

The Order applies to certain records and other information for any ("PROVIDER") account(s) associated with the following identifier(s):



and any preserved data and/or preservation numbers associated therewith.

## II. Records and other information to be disclosed

### A. Information about the customer or subscriber of the Account(s)

PROVIDER is required to disclose to the United States the following records and other information, if available, for each account or identifier listed in Part I of this Attachment (the "Account(s)") constituting information about the customer or subscriber of the Account(s) from November 1, 2019 to present:

1. Names (including subscriber names, user names, and screen names);

2. Addresses (including mailing addresses, residential addresses, business addresses, and email addresses);

3. Local and long distance telephone connection records;

4. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

5. Length of service (including start date) and types of service utilized;

6. Telephone or instrument numbers (including MAC addresses)

7. Other subscriber numbers or identities (including the registration IP address), including any current or past accounts linked to the Account(s) by telephone number, recovery or alternate e-mail address, IP address, or other unique device or user identifier; and

8. Means and source of payment for such service (including any credit card or bank account number) and billing records.

**B. All records and other information relating to the Account(s) (except the contents of communications)**

PROVIDER is required to disclose to the United States the following records and other information, if available, for the Account(s) for the time period from November 1, 2019 to the present, constituting all records and other information relating to the Account(s) (except the contents of communications), including:

1. Records of user activity for each connection made to or from the Account(s), including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses;

2. Information about each electronic communication sent or received by the Account(s), including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers), and any other associated header or routing information; and

3. Identification of any PROVIDER account(s) that are linked to the Account(s) by cookies, including all PROVIDER user IDs that logged into PROVIDER's services by the same machine as the Account(s).

# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **IN RE APPLICATION OF USA FOR** | **Case Nos.**　**20-sc-356** |
| **2703(d) ORDERS FOR ACCOUNTS FOR** | **20-sc-357** |
| **VIOLATIONS OF 18 U.S.C. § 2241** | **20-sc-358** |

**FILED UNDER SEAL**

## ORDER

By each of the above-captioned applications, counsel for the United States requested an Order pursuant to 18 U.S.C. § 2703(d). The applications required various electronic communication service and/or remote computing service providers to disclose records and other information pertaining to the specific accounts referenced in Attachment A of the respective Orders. The undersigned granted the above-captioned applications and signed the respecitve Orders requiring disclosure on or about February 21, 2020.

Upon further review of the applications, the undersigned hereby finds that the government has failed to provide "specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation" as required for an Order to issue under 18 U.S.C. § 2703(d). For the foregoing reasons, it is, this 28th day of February, 2020, hereby

I.　　**ORDERED** that each of the above-captioned applications are **DENIED**, and that the respective initial Orders issued in response to those applications requiring production of the requested information are **QUASHED;** it is

II.     **FURTHER ORDERED** that the government will provide a copy of this Order to

the service providers designated in each of the above-captioned cases forthwith;

and it is

III.    **FURTHER ORDERED** that if the government has received any records

responsive to the above-captioned applications, such records shall be collected

and destroyed, and will not be used for any purpose.

**SO ORDERED.**

2020.02.28
10:21:45
-05'00'

_____

G. Michael Harvey
United States Magistrate Judge