# ATTACHMENT

# A

*Redacted Docket Materials*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| IN RE APPLICATION OF USA FOR 2703(d) FOR ONE ACCOUNT SERVICED BY GOOGLE FOR INVESTIGATION OF VIOLATION OF 18 U.S.C. § 115 | SC No. 20-sc-00579 <br><br> **Filed Under Seal** |
|---|---|

*Reference:* ***USAO #*** ███████  ***Subject Account(s):*** ███████

## APPLICATION OF THE UNITED STATES FOR AN ORDER
## PURSUANT TO 18 U.S.C. § 2703(d) DIRECTED AT GOOGLE, INC.

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require Google LLC ("PROVIDER"), an electronic communication service and/or remote computing service provider located in Mountain View, CA, to disclose certain records and other information pertaining to the PROVIDER account(s) associated with ███████ ███ ("Target Account"), as set forth in Part I of Attachment A to the proposed Order. The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order. In support of this application, the United States asserts:

## LEGAL BACKGROUND

1. Google is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under section 2703(d) to require PROVIDER to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2. This Court has jurisdiction to issue the requested warrant because it is a "court of competent jurisdiction" as defined by 18 U.S.C. § 2711. Specifically, the Court is "a district court of the United States . . . that – has jurisdiction over the offense being investigated." 18 U.S.C. §

2711(3)(A)(i). As discussed more fully below, the criminal offenses under investigation began or were committed upon the high seas, or elsewhere out of the jurisdiction of any particular State or district, and no offender is known to have, or have had, residence within any United States district. See 18 U.S.C. § 3238. The statute setting forth the federal offenses under investigation, namely Threats to Federal Officials, applies extraterritorially. *See* 18 U.S.C. § 115.

3.      A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## THE RELEVANT FACTS

1.      The United States Capitol Police ("USCP") is investigating possible violations of 18 U.S. Code § 115 (Threats to Federal Officials). Specifically, this investigation concerns an unknown person(s) calling at least two Congressional offices belonging to Victim 1, an identified victim in this case whose actual name is known but intentially excluded from this application.

2.      Victim 1 is a federal official as designated by 18 U.S.C. § 1114. Specifically, he is

3.      On or about February 18, 2020, a staff member for Victim 1, contact the USCP-Threat Assessment Section (TAS) to report a threatening phone call they received from an unknown subject. The staff member stated that the caller ID for the call read "Anonymous".

4.      The staff member stated that the unknown person used Victim 1's first name and made the following statement:

    a. "I am part of a cartel and I am going to cut you up and skin you alive. You will have to look over your shoulder for the rest of your life.

5.    The staff member stated the unknown subject identified himself as ███████ and claimed he was in ████████

6.    Business records obtained from Victim 1's office phone service provider, ProComm and Intelliquent, revealed the following call information for each both of Victim 1's offices

    a. February 18, 2020  at 11:51am (EST) call from phone number ████████

    b. February 18, 2020  at 12:00pm (EST) call from phone number

    c. February 18, 2020  at 12:06am (EST) call from phone number

7.    Business records from Intelliquent identified the phone number ████████ as being owned by the wholesale phone provider, Bandwidth, and as a Voice Over Internet Protocol (VOIP) number.

8.    USCP contacted Bandwidth to determine if the number belongs to their company. Bandwidth responded that on or about February 18, 2020, the phone number ████████ was serviced by Google.

9.    Google utilizes a service named Google Voice that enables Google account holders to make phone calls using the internet in order to hide their true identity and phone number.

10.    Google Voice users utilize their Google Voice number and have the call forwarded to either their landline or wireless phone.

11.    Based on USCP agents experience and training related to previous investigations involving Google Voice numbers, it is known that a 2703(d) Order is required to obtain the forwarding number as well as additional information related to the subject's account.

12.    Due to the fact that the subject may have gone through certain means to mask his

identity, this order will assist the USCP in providing information to positively identify the subject

to conduct further investigation into his involvingment in the criminal activity.

13.     The proposed Order seeks records and other information (not including the contents

of communications) concerning this account, IP addresses, and associated user activity which may

lead to evidence of the criminal activity under investigation and may help identify those

responsible for the account(s).

## REQUEST FOR ORDER

14.     The facts set forth in the previous section show that there are reasonable grounds

to believe that the records and other information described in Part II of Attachment A are relevant

and material to an ongoing criminal investigation.   Specifically, these items will help the

Government identify and locate the individual(s) who are responsible for the criminal activity

under investigation, and determine the nature and scope of that criminal activity.  Accordingly, the

United States requests that Google be directed to produce all items described in Part II of

Attachment A to the proposed Order.

15.     The United States further requests that the Order require Google not to notify any

other person of the existence of the Order, including the subscriber or customer of each account

identified in Attachment A.  *See* 18 U.S.C. § 2705(b).  Acting under 18 U.S.C. § 2703(c)(1)-(2),

the Government "is not required to provide notice to a subscriber or customer" regarding the

proposed Order.  *See* 18 U.S.C. § 2703(c)(3).  Furthermore, this Court has authority under 18

U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service

or remote computing service to whom . . . [the] court order is directed, for such period as the court

deems appropriate, not to notify any other person of the existence of . . . [the] court order." *See*

18 U.S.C. § 2705(b).  Such a "nondisclosure order" must be issued if this Court finds "reason to

believe that notification . . . will result in—(1) endangering the life or physical safety of an

individual; (2) flight from prosecution; (3) destruction of or tampering with evidence; (4) intimidation of potential witnesses; or (5) otherwise seriously jeopardizing an investigation or unduly delaying a trial." *Id.*; *see In re Application for Order of Nondisclosure Pursuant to 18 U.S.C. § 2705(b) for Grand Jury Subpoena #GJ2014031422765*, 41 F. Supp. 3d 1, 5 (D.D.C. 2014) ("Once the government makes the required showing under § 2705(b), the court is required to issue the non-disclosure order.").

16.     An order of nondisclosure is necessary because the proposed Order relates to an ongoing criminal investigation that is neither public nor known to the target(s) of the investigation, and its disclosure may alert the target(s) to the ongoing investigation. Once notified, potential target(s) would be prompted to destroy or conceal incriminating evidence, change patterns of behavior to evade future detection, and otherwise attempt to undermine the investigation and avoid prosecution. Accordingly, there is reason to believe that notification of the existence of the proposed Order would seriously jeopardize the investigation, including by giving potential target(s) an opportunity to flee from prosecution, destroy or tamper with evidence, and intimidate potential witnesses. *See* 18 U.S.C. § 2705(b)(2)-(5).

17.     Given the complex nature of the criminal activity under investigation the Government anticipates that this investigation will remain ongoing and confidential for the next year or longer. However, if circumstances were to change such that the requested order of nondisclosure becomes no longer necessary, the Government will notify the Court and seek appropriate relief.

18.     In this matter, the Government also requests that the instant Application and the Order be filed under seal.  The Court has the inherent power to seal court filings when appropriate, including the proposed Order.  *United States v. Hubbard*, 650 F.2d 293, 315-16 (D.C. Cir. 1980) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)).  More particularly, the Court may seal the Application and Order to prevent serious jeopardy to an ongoing criminal investigation when such jeopardy creates a compelling governmental interest in confidentiality. *See Washington Post v. Robinson*, 935 F.2d 282, 287-89 (D.C. Cir. 1991).  For the reasons stated above, the Government has a compelling interest in confidentiality to justify sealing the Application and Order.  *See id.*

Respectfully submitted,

TIMOTHY  SHEA
United States Attorney
D.C. Bar Number 437437

By:      /s/ Jeff Pearlman
Jeff Pearlman
Assistant United States Attorney
D.C. Bar. 466901
National Security Section
United States Attorney's Office
555 4th Street, NW
Washington, DC  20530
202-252-7228
Jeffrey.pearlman@usdoj.gov

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **IN RE APPLICATION OF USA FOR 2703(d) FOR ONE ACCOUNT SERVICED BY GOOGLE FOR INVESTIGATION OF VIOLATION OF 18 U.S.C. § 115** | SC No. 20-sc-00579 <br><br> **Filed Under Seal** |

## ORDER

The United States has submitted an application under 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring Google, Inc. ("Google"), an electronic communications and/or remote computing service provider located in Mountain View, California, to disclose the records and other information described in Attachment A to this Order.

The Court finds that the United States has offered specific and articulable facts showing reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation.

Furthermore, the Court determines that there are reasonable grounds to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to flee from prosecution, destroy or tamper with evidence, and intimidate potential witnesses. *See* 18 U.S.C. § 2705(b)(2)-(5).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that Google shall, within ten days of the date of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED under 18 U.S.C. § 2705(b) that Google shall not disclose the existence of this Order of the Court to any other person for a period of one year or until otherwise ordered by the Court, except that Google may disclose this Order to an attorney for Google for the purpose of receiving legal advice.

IT IS FURTHER ORDERED that the application and this Order are sealed until otherwise ordered by the Court.

2020.03.23
19:47:20 -04'00'

_____
UNITED STATES MAGISTRATE JUDGE

_____
Date

## ATTACHMENT A

**I. The Account(s)**

The Order applies to certain records and other information for any Google account associated with the following identifier(s), and for any Google account linked thereto by telephone number, recovery email address, or registration Internet Protocol ("IP") address:

Google Voice phone number █████████,

For the dates of **February 1, 2020 to Present**

**II. Records and Other Information to Be Disclosed**

GOOGLE is required to disclose to the United States the following records and other information, if available, for each account or identifier listed in Part I of this Attachment (the "Account"), and for any account linked to such accounts or identifier by alternate email address, telephone number, payment information, cookies, GUID, or registration IP address ("Linked Account"):  **February 1, 2020 to Present**

    **A. Information about the customer or subscriber of the Account(s):**

        1. Names (including subscriber names, user names, and screen names);

        2. Addresses (including mailing addresses, residential addresses, business addresses, and email addresses);

        3. Local and long distance telephone connection records (Call logs);

        4. Records of session times and durations, and the temporarily assigned network addresses (such as IP addresses) associated with those sessions;

        5. Length of service (including start date) and types of service utilized;

6. Telephone or instrument numbers (including MAC addresses), Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

7. Other subscriber numbers or identities (including the registration IP address); and

8. IP logs

9. Means and source of payment for such service (including any credit card or bank account number) and billing records.

**B. All records and other information relating to the Account(s) (except the contents of communications), including:**

1. Records of user activity for each connection made to or from the Account(s), including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses;

2. Information about each electronic communication sent or received by the Account(s), including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers), and any other associated header or routing information; and

**3. Any and all forwarding phone numbers associated with the Google Voice Account.**

### CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS
### PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)

I, _____, do hereby attest, under penalties of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this declaration is true and correct. I am employed by by Google Inc., ("Provider"), and my official title is _____. I am a custodian of records for Provider. I state that each of the records attached hereto is the original record or a true duplicate of the original record in the custody of Provider, and that I am the custodian of the attached records consisting of _____ (pages/CDs/kilobytes). I further state that:

a.      All records attached to this certificate were made at or near the time of the occurrence of the matter set forth, by, or from information transmitted by, a person with knowledge of those matters;

b.      Such records were kept in the ordinary course of a regularly conducted business activity of Provider; and

c.      Such records were made by Provider as a regular practice.

I further state that this certification is intended to satisfy Rule 902(11) of the Federal Rules of Evidence.

_____        _____
Date                             Signature

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF USA FOR 2703(d) FOR ONE ACCOUNT SERVICED BY GOOGLE FOR INVESTIGATION OF VIOLATION OF 18 U.S.C. § 115 | SC No. 20-sc-00579<br><br>**Filed Under Seal** |

*Reference:*      *USAO #* ▮▮▮▮▮▮*; Subject Account(s):* ▮▮▮▮▮▮▮▮▮

## APPLICATION OF THE UNITED STATES FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) DIRECTED AT GOOGLE, INC.

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require Google LLC ("PROVIDER"), an electronic communication service and/or remote computing service provider located in Mountain View, CA, to disclose certain records and other information pertaining to the PROVIDER account(s) associated with ▮▮▮▮ ▮▮▮▮ ("Target Account"), as set forth in Part I of Attachment A to the proposed Order. The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order. In support of this application, the United States asserts:

## LEGAL BACKGROUND

1.      Google is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under section 2703(d) to require PROVIDER to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2.      This Court has jurisdiction to issue the requested warrant because it is a "court of competent jurisdiction" as defined by 18 U.S.C. § 2711. Specifically, the Court is "a district court of the United States . . . that – has jurisdiction over the offense being investigated." 18 U.S.C. §

2711(3)(A)(i). As discussed more fully below, the criminal offenses under investigation began or were committed upon the high seas, or elsewhere out of the jurisdiction of any particular State or district, and no offender is known to have, or have had, residence within any United States district. See 18 U.S.C. § 3238. The statute setting forth the federal offenses under investigation, namely Threats to Federal Officials, applies extraterritorially. *See* 18 U.S.C. § 115.

3.     A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## THE RELEVANT FACTS

1.     The United States Capitol Police ("USCP") is investigating possible violations of 18 U.S. Code § 115 (Threats to Federal Officials). Specifically, this investigation concerns an unknown person(s) calling at least two Congressional offices belonging to Victim 1, an identified victim in this case whose actual name is known but intentially excluded from this application.

2.     Victim 1 is a federal official as designated by 18 U.S.C. § 1114. Specifically, he is a ███████████████

3.     On or about February 18, 2020, a staff member for Victim 1, contact the USCP-Threat Assessment Section (TAS) to report a threatening phone call they received from an unknown subject. The staff member stated that the caller ID for the call read "Anonymous".

4.     The staff member stated that the unknown person used Victim 1's first name and made the following statement:

a. "I am part of a cartel and I am going to cut you up and skin you alive. You will have to look over your shoulder for the rest of your life.

5. The staff member stated the unknown subject identified himself as ████ and claimed he was in ████.

6. Business records obtained from Victim 1's office phone service provider, ProComm and Intelliquent, revealed the following call information for each both of Victim 1's offices

a. February 18, 2020 at 11:51am (EST) call from phone number ████

b. February 18, 2020 at 12:00pm (EST) call from phone number

c. February 18, 2020 at 12:06pm (EST) call from phone number

7. Business records from Intelliquent identified the phone number ████ as being owned by the wholesale phone provider, Bandwidth, and as a Voice Over Internet Protocol (VOIP) number.

8. USCP contacted Bandwidth to determine if the number belongs to their company. Bandwidth responded that on or about February 18, 2020, the phone number ████ was serviced by Google.

9. Google utilizes a service named Google Voice that enables Google account holders to make phone calls using the internet in order to hide their true identity and phone number.

10. Google Voice users utilize their Google Voice number and have the call forwarded to either their landline or wireless phone.

11. Based on USCP agents experience and training related to previous investigations involving Google Voice numbers, it is known that a 2703(d) Order is required to obtain the forwarding number as well as additional information related to the subject's account.

12. Due to the fact that the subject may have gone through certain means to mask his

identity, this order will assist the USCP in providing information to positively identify the subject to conduct further investigation into his involvingment in the criminal activity.

13. The proposed Order seeks records and other information (not including the contents of communications) concerning this account, IP addresses, and associated user activity which may lead to evidence of the criminal activity under investigation and may help identify those responsible for the account(s).

## **REQUEST FOR ORDER**

14. The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help the Government identify and locate the individual(s) who are responsible for the criminal activity under investigation, and determine the nature and scope of that criminal activity. Accordingly, the United States requests that Google be directed to produce all items described in Part II of Attachment A to the proposed Order.

15. The United States further requests that the Order require Google not to notify any other person of the existence of the Order, including the subscriber or customer of each account identified in Attachment A. *See* 18 U.S.C. § 2705(b). Acting under 18 U.S.C. § 2703(c)(1)-(2), the Government "is not required to provide notice to a subscriber or customer" regarding the proposed Order. *See* 18 U.S.C. § 2703(c)(3). Furthermore, this Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom . . . [the] court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of . . . [the] court order." *See* 18 U.S.C. § 2705(b). Such a "nondisclosure order" must be issued if this Court finds "reason to believe that notification . . . will result in—(1) endangering the life or physical safety of an

individual; (2) flight from prosecution; (3) destruction of or tampering with evidence; (4) intimidation of potential witnesses; or (5) otherwise seriously jeopardizing an investigation or unduly delaying a trial." *Id.*; *see In re Application for Order of Nondisclosure Pursuant to 18 U.S.C. § 2705(b) for Grand Jury Subpoena #GJ2014031422765*, 41 F. Supp. 3d 1, 5 (D.D.C. 2014) ("Once the government makes the required showing under § 2705(b), the court is required to issue the non-disclosure order.").

16. An order of nondisclosure is necessary because the proposed Order relates to an ongoing criminal investigation that is neither public nor known to the target(s) of the investigation, and its disclosure may alert the target(s) to the ongoing investigation. Once notified, potential target(s) would be prompted to destroy or conceal incriminating evidence, change patterns of behavior to evade future detection, and otherwise attempt to undermine the investigation and avoid prosecution. Accordingly, there is reason to believe that notification of the existence of the proposed Order would seriously jeopardize the investigation, including by giving potential target(s) an opportunity to flee from prosecution, destroy or tamper with evidence, and intimidate potential witnesses. *See* 18 U.S.C. § 2705(b)(2)-(5).

17. Given the complex nature of the criminal activity under investigation the Government anticipates that this investigation will remain ongoing and confidential for the next year or longer. However, if circumstances were to change such that the requested order of nondisclosure becomes no longer necessary, the Government will notify the Court and seek appropriate relief.

18. In this matter, the Government also requests that the instant Application and the Order be filed under seal. The Court has the inherent power to seal court filings when appropriate, including the proposed Order. *United States v. Hubbard*, 650 F.2d 293, 315-16 (D.C. Cir. 1980) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)). More particularly, the Court may seal the Application and Order to prevent serious jeopardy to an ongoing criminal investigation when such jeopardy creates a compelling governmental interest in confidentiality. *See Washington Post v. Robinson*, 935 F.2d 282, 287-89 (D.C. Cir. 1991). For the reasons stated above, the Government has a compelling interest in confidentiality to justify sealing the Application and Order. *See id.*

Respectfully submitted,

TIMOTHY SHEA
United States Attorney
D.C. Bar Number 437437

By:  /s/ Jeff Pearlman
Jeff Pearlman
Assistant United States Attorney
D.C. Bar. 466901
National Security Section
United States Attorney's Office
555 4th Street, NW
Washington, DC 20530
202-252-7228
Jeffrey.pearlman@usdoj.gov

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

IN RE APPLICATION OF USA FOR
2703(d) FOR ONE ACCOUNT
SERVICED BY GOOGLE FOR
INVESTIGATION OF VIOLATION OF
18 U.S.C. § 115

SC No. 20-sc-00579

**Filed Under Seal**

## ORDER

The United States has submitted an application under 18 U.S.C. § 2703(d), requesting that

the Court issue an Order requiring Google, Inc. ("Google"), an electronic communications and/or

remote computing service provider located in Mountain View, California, to disclose the records

and other information described in Attachment A to this Order.

The Court finds that the United States has offered specific and articulable facts showing

reasonable grounds to believe that the records or other information sought are relevant and material

to an ongoing criminal investigation.

Furthermore, the Court determines that there are reasonable grounds to believe that

notification of the existence of this Order will seriously jeopardize the ongoing investigation,

including by giving targets an opportunity to flee from prosecution, destroy or tamper with

evidence, and intimidate potential witnesses. *See* 18 U.S.C. § 2705(b)(2)-(5).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that Google shall,

within ten days of the date of this Order, disclose to the United States the records and other

information described in Attachment A to this Order.

IT IS FURTHER ORDERED under 18 U.S.C. § 2705(b) that Google shall not disclose the

existence of this Order of the Court to any other person for a period of one year or until otherwise

ordered by the Court, except that Google may disclose this Order to an attorney for Google for the

purpose of receiving legal advice.

IT IS FURTHER ORDERED that the application and this Order are sealed until otherwise

ordered by the Court.

2020.03.31
14:30:10 -04'00'
_____
UNITED STATES MAGISTRATE JUDGE

_____
Date

## ATTACHMENT A

### I. The Account(s)

The Order applies to certain records and other information for any Google account associated with the following identifier(s), and for any Google account linked thereto by telephone number, recovery email address, or registration Internet Protocol ("IP") address:

Phone calls from Google phone number ████████████ on the following date and times
- February 18, 2020  at 11:51am (EST) call to phone number ████████
- February 18, 2020  at 12:00pm (EST) call to phone number ████████
- February 18, 2020  at 12:06pm (EST) call to phone number ████████

For all accounts identified provide account information for the dates of **February 1, 2020 to Present**

### II. Records and Other Information to Be Disclosed

GOOGLE is required to disclose to the United States the following records and other information, if available, for each account or identifier listed in Part I of this Attachment (the "Account"), and for any account linked to such accounts or identifier by alternate email address, telephone number, payment information, cookies, GUID, or registration IP address ("Linked Account"): **February 1, 2020 to Present**

**A. Information about the customer or subscriber of the Account(s):**

1. Names (including subscriber names, user names, and screen names);

2. Addresses (including mailing addresses, residential addresses, business addresses, and email addresses);

3. Local and long distance telephone connection records (Call logs);

4. Records of session times and durations, and the temporarily assigned network addresses (such as IP addresses) associated with those sessions;

1

5. Length of service (including start date) and types of service utilized;

6. Telephone or instrument numbers (including MAC addresses), Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

7. Other subscriber numbers or identities (including the registration IP address); and

8. IP logs

9. Means and source of payment for such service (including any credit card or bank account number) and billing records.

**B. All records and other information relating to the Account(s) (except the contents of communications), including:**

1. Records of user activity for each connection made to or from the Account(s), including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses;

2. Information about each electronic communication sent or received by the Account(s), including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers), and any other associated header or routing information; and

3. **Any and all forwarding phone numbers associated with the Google Voice Account.**

## <u>CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS</u>
## <u>PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)</u>

I, _____, do hereby attest, under penalties of perjury under

the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information

contained in this declaration is true and correct.  I am employed by by Google Inc., ("Provider"),

and my official title is _____.  I am a custodian of records for

Provider.  I state that each of the records attached hereto is the original record or a true duplicate

of the original record in the custody of Provider, and that I am the custodian of the attached

records consisting of _____ (pages/CDs/kilobytes). I further state that:

a.      All records attached to this certificate were made at or near the time of the

occurrence of the matter set forth, by, or from information transmitted by, a person with

knowledge of those matters;

b.      Such records were kept in the ordinary course of a regularly conducted business

activity of Provider; and

c.      Such records were made by Provider  as a regular practice.

I further state that this certification is intended to satisfy Rule 902(11) of the Federal

Rules of Evidence.


_____          _____
Date                                                       Signature

3