# ATTACHMENT A

*Redacted Docket Materials*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF USA FOR 2703(d) ORDER FOR ONE EMAIL ACCOUNT SERVICED BY GOOGLE, LLC OF 50 U.S.C. 1701 | SC No. 20-SC-1102<br><br>**Filed Under Seal** |

*Reference:*   USAO Ref. ▬▬▬▬   *Subject Account(s):* ▬▬▬▬

### APPLICATION OF THE UNITED STATES
### FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require Google, LLC ("PROVIDER") electronic communication service and/or remote computing service providers located in Mountain View, California, to disclose certain records and other information pertaining to the PROVIDER account associated with ▬▬▬▬ ("**Target Account**"), as set forth in Part I of Attachment A to the proposed Order. The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order.   In support of this application, the United States asserts:

### LEGAL BACKGROUND AND JURISDICTION

1. Providers are electronic communications service providers, as defined in 18 U.S.C. § 2510(15), and/or remote computing services, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require Provider to disclose the items described in Part II of Attachment A of the proposed Order. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2. This Court has jurisdiction to issue the requested Order because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. *See* 18 U.S.C. §§ 2703(a), (b)(1)(A) & (c)(1)(A). Specifically, the Court is a "district court of the United States . . . that – has jurisdiction

over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i). As discussed more fully below, the criminal offenses under investigation began or were committed upon the high seas, or elsewhere out of the jurisdiction of any particular State or district, and no offender is known to have, or have had, residence within any United States district. *See* 18 U.S.C. § 3238. The statute setting forth the federal offenses under investigation, namely money laundering, applies extraterritorially. *See* 18 U.S.C. § 1956(f).

3. A court order under section 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that . . . the records or other information sought . . . are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## THE RELEVANT FACTS

4. This investigation relates to violations of IEEPA and its implementing executive orders and regulations. *See* 50 U.S.C. § 1705. IEEPA, enacted in 1977, granted the President of the United States authority to deal with unusual and extraordinary threats to the national security and foreign policy of the United States. Under IEEPA, the President may declare a national emergency through Executive Orders that have the full force and effect of law. The U.S. Department of the Treasury's Office of Foreign Assets Control ("OFAC"), which is located in Washington, D.C., administers a number of sanctions programs to accomplish U.S. foreign-policy and national-security goals. OFAC accomplishes this by designating companies and individuals through different sanctions programs.

2

5. This investigation centers on ▮▮▮▮. In ▮▮▮▮ OFAC sanctioned ▮▮, ▮▮▮▮ for facilitating transactions on behalf of actors linked to its proliferation network.

6. On or about the ▮▮▮▮ this court authorized the seizure of ▮▮▮▮ associated with ▮▮▮▮. The court found probable cause that ▮▮▮ and ▮▮ acted as an ▮▮ front companies. ▮▮▮ was identified as the director of both ▮▮▮ and ▮▮.

7. On or about ▮▮▮▮, this court authorized a search warrant for email accounts associated with ▮▮▮▮

8. These search warrant returns revealed ▮▮▮▮'s involvement in this scheme. The returns revealed that this account was used by ▮▮▮▮, also known as ▮▮▮▮ was the proprietor of a ▮▮▮▮-based company, ▮▮▮▮

9. Law enforcement interviewed a reliable confidential source who had access to ▮▮▮ and ▮▮ documents. According to a fixture note[1] dated ▮▮▮▮ ▮▮▮▮ ▮▮ chartered a ▮▮▮▮-flagged merchant tanker ▮▮▮. According to the chartering agreement, the cargo was identified as 2,400 metric tons of marine gas oil. The cargo was to be discharged at the ▮▮▮▮ port of ▮▮▮.

10. According to a related contract dated ▮▮▮▮, ▮▮▮▮ ▮▮▮▮ contracted to sell 10,000 metric tons of ▮▮▮-origin #2 Diesel per month

---

[1] A fixture note is a chartering agreement between a vessel owner/manager and party wishing to charter the vessel. The fixture note will list the main clauses in detail promised by the shipowner and the lessee during the negotiation.

3



to ███████████████████████████████████████ Law enforcement is aware that #2 Diesel is roughly equivalent to marine gas oil.

11. According to ███████ letter of intent for this sale, its listed address was █ ██████████████████████████████ The **Target Account** was listed as its email contact information.

12. Law enforcement is unaware of the parties seeking or obtaining any licenses from OFAC for the above-related transactions.

13. Based on prior investigations, law enforcement is aware that criminal co-conspirators communicate frequently through private messages and email about their legitimate and illegitimate businesses, as well as the transfer of proceeds from such businesses. Private messages and email offer a uniquely valuable form for such communication, as they can be accessed from any location. Many such persons also believe that such messages are difficult to trace, which leads them to have inculpatory conversations.

14. Moreover, persons operating international procurement operations typically have to communicate via email with persons funding their operations, due to the time differences involved, as well as limited phone access in certain regions of the world. When transferring funds to co-conspirators, electronic communications will normally occur to inform the other party that the money has been sent, followed up by communications that the money has been received. Law enforcement is also aware from prior investigations that subordinates in the management chain must communicate to their superiors the status of their illegal tasks as well as receive new illegal tasks. Based on these facts, law enforcement believes that the subjects of the investigation would be communicating via email.

15. The header information of these communications can reveal the scope of the contacts between the money launderers/export control violators and who the important co-conspirators are. Multiple individuals and companies associated with the targets of this investigation have taken steps to obscure or anonymize their identities. Learning the header information from associated email accounts is likely to reveal persons within this network, including customers possibly in North Korea, as well as further identify any other users of the email account.

16. Learning this information will allow law enforcement to investigate these newly identified persons, and in some instances surveil and interview them. Identifying, surveilling, and interviewing these persons will advance the investigation of the subjects and their co-conspirators, by further revealing the scope of their activities, both legal and illegal.

17. Because criminals who communicate in such a way fear detection and require multiple fake identities, they typically create numerous email accounts. Part of managing this vast number of accounts often leads to the linking of accounts. This allows a single user the ability to access as well as reset passwords for the multiple linked accounts. Law enforcement is aware that the tracking and detection of linked accounts is one way by which a person and/or co-conspirators can be identified. Moreover, the linking of an account can further demonstrate who has access and/or control of an account.

**REQUEST FOR ORDER**

18. The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A to the proposed Order are relevant and material to an ongoing criminal investigation. Accordingly, the

5

United States requests that Provider be directed to produce all items described in Part II of Attachment A to the proposed Order.

19. The proposed Order seeks information relevant to establishing the illegal activity under investigation and identifying the individual(s) responsible. Accordingly, disclosure may reveal the existence, scope, and direction of the Government's ongoing and confidential investigation. Once alerted to this investigation, potential target(s) could be immediately prompted to destroy or conceal incriminating evidence, alter their operational tactics to avoid future detection, and otherwise take steps to undermine the investigation and avoid future prosecution. In particular, given that they are known to use electronic communication and remote computing services, the potential target(s) could quickly and easily destroy or encrypt digital evidence relating to their criminal activity. Notification could also result in the target(s) avoiding travel to the United States or other countries from which they may be extradited.

20. Given the complex nature of the criminal activity under investigation and likely involvement of foreign-based coconspirators and evidence, and also given that the criminal scheme may be ongoing, the Government anticipates that this confidential investigation will continue for the next year or longer. Therefore, based on the foregoing, there are reasonable grounds to believe that disclosure of this Order would result in flight from prosecution, destruction of or tampering with evidence, or other serious jeopardy to this investigation. *See* 18 U.S.C. § 2705(b)(2), (3), and (5). Accordingly, this Court should command Provider not to notify any other person (except attorneys for PROVIDER for the purpose of receiving legal advice) of the existence of the proposed Order for a period of one year (commencing on the date of the proposed Order), unless the period of nondisclosure is later modified by the Court. Should the court-ordered nondisclosure under Section 2705(b) become no longer needed because of the closure of the investigation or

arrest of the account holder, the government will make best efforts to promptly notify the Court and seek appropriate relief.

21. In this matter, the Government also requests that the instant Application and the Order be filed under seal. The Court has the inherent power to seal court filings when appropriate, including the proposed Order. *United States v. Hubbard*, 650 F.2d 293, 315-16 (D.C. Cir. 1980) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)). More particularly, the Court may seal the Application and Order to prevent serious jeopardy to an ongoing criminal investigation when such jeopardy creates a compelling governmental interest in confidentiality. *See Washington Post v. Robinson*, 935 F.2d 282, 287-89 (D.C. Cir. 1991). For the reasons stated above, the Government has a compelling interest in confidentiality to justify sealing the Application and Order. *See id.*

    Respectfully submitted,

    TIMOTHY J. SHEA
    UNITED STATES ATTORNEY
    D.C. Bar No. 437437

By:     /s/ *Zia Faruqui*
    Zia M. Faruqui, D.C. Bar No. 494990
    Assistant United States Attorney
    555 Fourth Street, N.W.
    Washington, D.C. 20530
    (202) 252-7117
    zia.faruqui@usdoj.gov

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF USA FOR 2703(d) ORDER FOR ONE EMAIL ACCOUNT SERVICED BY GOOGLE LLC FOR INVESTIGATION OF VIOLATION OF 50 U.S.C. 1701 | SC No. 20-SC-1102<br><br>**Filed Under Seal** |

### ORDER

The United States has submitted an Application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring Google, LLC ("PROVIDER"), an electronic communication and/or remote computing service provider located in Mountain View, CA, to disclose the records and other information described in Attachment A to this Order. The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation. Furthermore, the Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to flee from prosecution, and destroy or tamper with evidence. *See* 18 U.S.C. § 2705(b)(2), (3), (5).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that PROVIDER shall, within ten days of the date of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED under 18 U.S.C. § 2705(b) that PROVIDER shall not disclose the existence of this Order of the Court to any other person (except attorneys for PROVIDER for the purpose of receiving legal advice) for a period of 180 days (commencing on the date of this Order), unless the period of nondisclosure is later modified by the Court.

IT IS FURTHER ORDERED that the Application and this Order are sealed until otherwise ordered by the Court.

_____  _____
DATE                                    HON. G. MICHAEL HARVEY
                                        UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

I. **The Account(s)**

The Order applies to certain records and other information for any GOOGLE LLC ("PROVIDER") account(s) associated with the following identifier(s):

[REDACTED]

II. **Records and other information to be disclosed**

PROVIDER is required to disclose to the United States the following records and other information, if available, for each account or identifier listed in Part I of this Attachment ("Account"), and for any account linked to such account or identifier by alternate email address, telephone number, payment information, cookies, GUID, or registration IP address ("Linked Accounts"):

A. **For the Account and for all Linked Account(s), information about the customer(s) or subscriber(s) thereof:**

   1. Names (including subscriber names, user names, and screen names);

   2. Addresses (including mailing addresses, residential addresses, business addresses, and email addresses);

   3. Local and long distance telephone connection records;

   4. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

   5. Length of service (including start date) and types of service utilized;

   6. Telephone or instrument numbers (including MAC addresses);

   7. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

8. Means and source of payment for such service (including any credit card or bank account number) and billing records.

**B. All records and other information relating to the Account(s) and Linked Account(s) (except the contents of communications)**

PROVIDER is required to disclose to the United States the following records and other information, if available, for the Account(s) and Linked Account(s) for the time period from account May 1, 2016 to the present, constituting all records and other information relating to the Account(s) (except the contents of communications), including:

1. Records of user activity for each connection made to or from the Account(s), including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses; and

2. Information about each electronic communication sent or received by the Account(s), including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers), and any other associated header or routing information.

2

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF USA FOR 2703(d) ORDER FOR ONE EMAIL ACCOUNT SERVICED BY GOOGLE LLC FOR INVESTIGATION OF VIOLATION OF 50 U.S.C. 1701 | SC No. 20-SC-1102<br><br>**Filed Under Seal** |

## ORDER

The United States has submitted an Application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring Google, LLC ("PROVIDER"), an electronic communication and/or remote computing service provider located in Mountain View, CA, to disclose the records and other information described in Attachment A to this Order. The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation. Furthermore, the Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to flee from prosecution, and destroy or tamper with evidence. *See* 18 U.S.C. § 2705(b)(2), (3), (5).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that PROVIDER shall, within ten days of the date of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED under 18 U.S.C. § 2705(b) that PROVIDER shall not disclose the existence of this Order of the Court to any other person (except attorneys for PROVIDER for the purpose of receiving legal advice) for a period of 180 days (commencing on the date of this Order), unless the period of nondisclosure is later modified by the Court.

Case 1:20-sc-01099-JMF *SEALED* Document 46-1 Filed 07/26/20 Page 14 of 16
Case 1:20-sc-01099-JMF *SEALED* Document 6-1 Filed 05/08/20 Page 2 of 4

2

IT IS FURTHER ORDERED that the Application and this Order are sealed until otherwise ordered by the Court.

_____
DATE

2020.05.08
14:16:10 -04'00'

_____
HON. G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE

**ATTACHMENT A**

I. **The Account(s)**

The Order applies to certain records and other information for any GOOGLE LLC ("PROVIDER") account(s) associated with the following identifier(s):

▮▮▮▮▮▮▮▮▮▮

II. **Records and other information to be disclosed**

PROVIDER is required to disclose to the United States the following records and other information, if available, for each account or identifier listed in Part I of this Attachment ("Account"), and for any account linked to such account or identifier by alternate email address, telephone number, payment information, cookies, GUID, or registration IP address ("Linked Accounts"):

A. **For the Account and for all Linked Account(s), information about the customer(s) or subscriber(s) thereof:**

1. Names (including subscriber names, user names, and screen names);

2. Addresses (including mailing addresses, residential addresses, business addresses, and email addresses);

3. Local and long distance telephone connection records;

4. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

5. Length of service (including start date) and types of service utilized;

6. Telephone or instrument numbers (including MAC addresses);

7. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

8. Means and source of payment for such service (including any credit card or bank account number) and billing records.

**B. All records and other information relating to the Account(s) and Linked Account(s) (except the contents of communications)**

PROVIDER is required to disclose to the United States the following records and other information, if available, for the Account(s) and Linked Account(s) for the time period from account May 1, 2016 to the present, constituting all records and other information relating to the Account(s) (except the contents of communications), including:

1. Records of user activity for each connection made to or from the Account(s), including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses; and

2. Information about each electronic communication sent or received by the Account(s), including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers), and any other associated header or routing information.