# ATTACHMENT A

*Redacted Docket Materials*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF USA FOR 2703(d) ORDER FOR TWO ACCOUNTS SERVICED BY FACEBOOK INC., FOR INVESTIGATION OF VIOLATION OF 18 U.S.C. 2339B | SC No. 20-1323 <br><br> **Filed Under Seal** |

*Reference:*    USAO Ref. # ▓▓▓▓▓▓    *Subject Account(s):* ▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓

## APPLICATION OF THE UNITED STATES
## FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require Facebook Inc. ("PROVIDER"), an electronic communication service and/or remote computing service provider located in Menlo Park, CA, to disclose certain records and other information pertaining to the PROVIDER account(s) associated with accounts: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ as set forth in Part I of Attachment A to the proposed Order. The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order. In support of this application, the United States asserts:

### LEGAL BACKGROUND AND JURISDICTION

1.    PROVIDER is a provider of an electronic communication service, as defined in 50 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under section 2703(d) to require PROVIDER to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2.    This Court has jurisdiction to issue the requested Order because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A) &

(c)(1)(A). Specifically, the Court is a "district court of the United States . . . that – has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i). As discussed more fully below, the criminal offenses under investigation began or were committed upon the high seas, or elsewhere out of the jurisdiction of any particular State or district, and no offender is known to have, or have had, residence within any United States district. *See* 18 U.S.C. § 3238.

3. A court order under section 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that . . . the records or other information sought . . . are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## THE RELEVANT FACTS

4. The United States is investigating the potential commission of criminal offenses—and plots to commit such offenses—including violations of 18 U.S.C. § 2339B (providing material support to terrorism) and 18 U.S.C. § 371 (conspiracy).

5. Specifically, The Federal Bureau of Investigation ("FBI"), is investigating ▮▮▮▮ ▮▮▮▮ that have expressed a desire to attack United States personnel and interests in ▮▮. ▮▮▮▮ have a long history of conducting violent attacks against U.S. persons and troops in ▮▮. ▮▮▮▮▮▮ was formed in 2013 and has closely aligned itself with ▮▮▮▮ uses social media to promote anti-American propaganda.



2

6. The investigation to date has revealed ▆ is currently planning attacks against U.S. forces in ▆. Observation of ▆ social media accounts reveals some of this attack planning and other criminal offenses may be conducted via different social media platforms.

7. Federal agents were recently made aware that individuals using Facebook accounts: ▆▆▆▆▆▆▆▆▆▆▆▆▆ are actively targeting Americans in ▆. Federal agents believe that information regarding the Facebook accounts will assist in their efforts to identify offenders and that the information will therefore be relevant and material to their ongoing investigation.

### **REQUEST FOR ORDER**

8. The facts set forth above show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help the United States to identify and locate the individual(s) who are responsible for the criminal activity under investigation, and to determine the nature and scope of that criminal activity. Accordingly, the United States requests that PROVIDER be directed to produce all items described in Part II of Attachment A to the proposed Order within ten days of receipt of the Order.

9. The United States further requests that the Order direct PROVIDER not to notify any person, including the subscriber or customer of each account listed in Part I of Attachment A, of the existence of the application of the United States or the Order for one year from the date of the Court's Order. *See* 18 U.S.C. § 2705(b). This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the

3

court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *See* 18 U.S.C. § 2705(b).[1]

10. In this case, the proposed Order seeks information relevant to establishing the illegal activity under investigation and identifying the individual(s) responsible. Accordingly, disclosure may reveal the existence, scope, and direction of the United States's ongoing and confidential investigation. Once alerted to this investigation, potential target(s) could be immediately prompted to destroy or conceal incriminating evidence, alter their operational tactics to avoid future detection, and otherwise take steps to undermine the investigation and avoid future prosecution. In particular, given that they are known to use electronic communication and remote computing services, the potential target(s) could quickly and easily destroy or encrypt digital evidence relating to their criminal activity. Notification could also result in the target(s) avoiding travel to the United States or other countries from which they may be extradited.

11. Therefore, based on the foregoing, there are reasonable grounds to believe that notification of the existence of this Order would result in flight from prosecution, destruction of or tampering with evidence, intimidation of potential witnesses, or other serious jeopardy to this investigation. *See* 18 U.S.C. § 2705(b)(2)-(5).

12. Given the complex nature of the criminal activity under investigation and likely involvement of foreign-based coconspirators and evidence, and also given that the criminal scheme

---

[1] The government relies on § 2705(b) to seek a preclusion-of-notice order because the government is requesting only non-content information pursuant to § 2703(d), an action which is authorized by § 2703(c). *See* 18 U.S.C. § 2703(c)(1)(B) ("governmental entity may require a provider of electronic communication service or remote computing service to disclose a record or other information pertaining to a subscriber to or customer of such service (not including the contents of communications) only when [it] . . . obtains a court order for such disclosure under subsection (d) of this section"). Under § 2703(c), the government has no obligation to notify the subscriber. *See* 18 U.S.C. § 2703(c)(3) ("governmental entity receiving records or information under this section is not required to provide notice to a subscriber or customer").

4

may be ongoing, the United States anticipates that this confidential investigation will continue for the next year or longer. Accordingly, this Court should command PROVIDER not to notify any other person (except attorneys for PROVIDER for the purpose of receiving legal advice) of the existence of the proposed Order for a period of one year (commencing on the date of the proposed Order), unless the period of nondisclosure is later modified by the Court. Should the court-ordered nondisclosure under Section 2705(b) become no longer needed because of the closure of the investigation or arrest of the account holder, the United States will make best efforts to notify the Court promptly and seek appropriate relief.

13.     In this matter, the United States also requests that the instant Application and the Order be filed under seal. The Court has the inherent power to seal court filings when appropriate, including the proposed Order. *United States v. Hubbard*, 650 F.2d 293, 315-16 (D.C. Cir. 1980) (citing *Nixon v. Warner Commn'ns, Inc.*, 435 U.S. 589, 598 (1978)). More particularly, the Court may seal the Application and Order to prevent serious jeopardy to an ongoing criminal investigation when such jeopardy creates a compelling governmental interest in confidentiality. *See Washington Post v. Robinson*, 935 F.2d 282, 287-89 (D.C. Cir. 1991). For the reasons stated above, the United States has a compelling interest in confidentiality to justify sealing the Application and Order. *See id.*

5

Respectfully submitted,

MICHAEL R. SHERWIN
Acting United States Attorney
N.Y. Bar No. 4444188

/s/ Luke M. Jones
Luke M. Jones
Assistant United States Attorney
VA Bar 75053
National Security Section
555 4th Street, N.W., Room 11584
Washington, D.C. 20530
202-252-7066
luke.jones@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF USA FOR 2703(d) ORDER FOR TWO ACCOUNTS SERVICED BY FACEBOOK INC., FOR INVESTIGATION OF VIOLATION OF 18 U.S.C. 2339B | SC No. 20-1323<br><br>**Filed Under Seal** |

### ORDER

The United States has submitted an Application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring Facebook Inc. ("PROVIDER"), an electronic communication and/or remote computing service provider located in Menlo Park, CA, to disclose the records and other information described in Attachment A to this Order. The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation. Furthermore, the Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to endanger a person, flee from prosecution, destroy or tamper with evidence, and intimidate potential witnesses. *See* 18 U.S.C. § 2705(b)(1)-(5).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that PROVIDER shall, within ten days of the date of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED under 18 U.S.C. § 2705(b) that PROVIDER shall not disclose the existence of this Order of the Court to any other person (except attorneys for PROVIDER for the purpose of receiving legal advice) for a period of one year (commencing on the date of this Order), unless the period of nondisclosure is later modified by the Court.

       IT IS FURTHER ORDERED that the Application and this Order are sealed until otherwise ordered by the Court, except that the United States may disclose the existence and/or contents of the Application and this Order to appropriate law enforcement authorities.


Date: _____
                                                      UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

I.  **The Account(s)**

The Order applies to certain records and other information for any **Facebook Inc.** ("PROVIDER") account(s) associated with the following identifier(s):

███████████████████████

II. **Records and other information to be disclosed**

A.  **Information about the customer or subscriber of the Account(s)**

PROVIDER is required to disclose to the United States the following records and other information, if available, for each account or identifier listed in Part I of this Attachment (the "Account(s)") constituting information about the customer or subscriber of the Account(s):

1. Names (including subscriber names, user names, and screen names);

2. Addresses (including mailing addresses, residential addresses, business addresses, and email addresses);

3. Local and long distance telephone connection records;

4. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

5. Length of service (including start date) and types of service utilized;

6. Telephone or instrument numbers (including MAC addresses), Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

7. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

8. Means and source of payment for such service (including any credit card or bank account number) and billing records.

**B. All records and other information relating to the Account(s) (except the contents of communications)**

PROVIDER is required to disclose to the United States the following records and other information, if available, for the Account(s) for the time period from JANUARY 1, 2018 TO PRESENT, constituting all records and other information relating to the Account(s) (except the contents of communications), including:

1. Records of user activity for each connection made to or from the Account(s), including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses;

2. Information about each electronic communication sent or received by the Account(s), including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers), and any other associated header or routing information; and

3. Identification of any PROVIDER account(s) that are linked to the Account(s) by cookies, including all PROVIDER user IDs that logged into PROVIDER's services by the same machine as the Account(s).

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF USA FOR 2703(d) ORDER FOR TWO ACCOUNTS SERVICED BY FACEBOOK INC., FOR INVESTIGATION OF VIOLATION OF 18 U.S.C. 2339B | SC No. 20-1323<br><br>**Filed Under Seal** |

## ORDER

The United States has submitted an Application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring Facebook Inc. ("PROVIDER"), an electronic communication and/or remote computing service provider located in Menlo Park, CA, to disclose the records and other information described in Attachment A to this Order. The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation. Furthermore, the Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to endanger a person, flee from prosecution, destroy or tamper with evidence, and intimidate potential witnesses. *See* 18 U.S.C. § 2705(b)(1)-(5).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that PROVIDER shall, within ten days of the date of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED under 18 U.S.C. § 2705(b) that PROVIDER shall not disclose the existence of this Order of the Court to any other person (except attorneys for PROVIDER for the purpose of receiving legal advice) for a period of one year (commencing on the date of this Order), unless the period of nondisclosure is later modified by the Court.

2

IT IS FURTHER ORDERED that the Application and this Order are sealed until otherwise ordered by the Court, except that the United States may disclose the existence and/or contents of the Application and this Order to appropriate law enforcement authorities.

2020.05.27
18:22:45
-04'00'

Date: _____
UNITED STATES MAGISTRATE JUDGE

# ATTACHMENT A

## I. The Account(s)

The Order applies to certain records and other information for any **Facebook Inc.** ("PROVIDER") account(s) associated with the following identifier(s):

[REDACTED]

## II. Records and other information to be disclosed

### A. Information about the customer or subscriber of the Account(s)

PROVIDER is required to disclose to the United States the following records and other information, if available, for each account or identifier listed in Part I of this Attachment (the "Account(s)") constituting information about the customer or subscriber of the Account(s):

1. Names (including subscriber names, user names, and screen names);

2. Addresses (including mailing addresses, residential addresses, business addresses, and email addresses);

3. Local and long distance telephone connection records;

4. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

5. Length of service (including start date) and types of service utilized;

6. Telephone or instrument numbers (including MAC addresses), Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

7. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

8. Means and source of payment for such service (including any credit card or bank account number) and billing records.

**B. All records and other information relating to the Account(s) (except the contents of communications)**

PROVIDER is required to disclose to the United States the following records and other information, if available, for the Account(s) for the time period from JANUARY 1, 2018 TO PRESENT, constituting all records and other information relating to the Account(s) (except the contents of communications), including:

1. Records of user activity for each connection made to or from the Account(s), including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses;

2. Information about each electronic communication sent or received by the Account(s), including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers), and any other associated header or routing information; and

3. Identification of any PROVIDER account(s) that are linked to the Account(s) by cookies, including all PROVIDER user IDs that logged into PROVIDER's services by the same machine as the Account(s).