# ATTACHMENT A

*Redacted Docket Materials*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF USA FOR 2703(d) ORDER FOR ONE CELL PHONE ACCOUNT SERVICED BY AT&T FOR INVESTIGATION OF VIOLATION OF *INTER ALIA* 18 U.S.C. § 2241 | SC No. 20-sc-2418 <br><br> **Filed Under Seal** |

Reference: USAO Ref. # ▇▇▇▇▇▇; Subject Account(s): ▇▇▇▇▇▇

## AMENDED APPLICATION OF THE UNITED STATES
## FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require AT&T ("PROVIDER"), an electronic communication service and/or remote computing service provider located in North Palm Beach, FL, to disclose certain records and other information pertaining to the PROVIDER account associated with the identifier set forth in Part I of Attachment A to the proposed Order within ten days of receipt of the Order. The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order. In support of this application, the United States asserts:

### LEGAL BACKGROUND AND JURISDICTION

1. PROVIDER is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require PROVIDER to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2. This Court has jurisdiction to issue the requested Order because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(d). Specifically, the

Court is a "district court of the United States . . . that – has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

3. As discussed more fully below, the criminal offenses under investigation began or were committed out of the jurisdiction of any particular State or district, and the offender's last known residence is within the District of Columbia. *See* 18 U.S.C. § 3238 ("[For] all offenses begun or committed . . . out of the jurisdiction of any particular State or district . . . , an indictment or information may be filed in the district of the last known residence of the offender . . . ."). Specifically, evidence indicates the criminal offenses under investigation were committed within the United Kingdom on property affiliated with the U.S. Embassy. This Court has jurisdiction pursuant to the Military Extraterritorial Jurisdiction Act because, at the time, the offender was employed by or accompanying the U.S. Armed Forces or was a member of the U.S. Armed Forces subject to the Uniform Code of Military justice. *See* 18 U.S.C. § 3261 *et seq.*

4. A court order under section 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that . . . the records or other information sought . . . are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

**RELEVANT FACTS**

5. The United States is investigating an aggravated sexual assault, allegedly committed by ▮▮▮▮▮ ("the Suspect") against a citizen of ▮▮▮▮▮ on property affiliated with ▮▮▮▮▮ as well as actions taken by the Suspect and/or his

2

associates to hinder or prevent the Suspect's apprehension, trial, or punishment. The investigation concerns possible violations of, *inter alia*, 18 U.S.C. § 2241 (Aggravated Sexual Abuse); 18 U.S.C. § 2 (Aiding and Abetting); 18 U.S.C. § 3 (Accessory After the Fact); 18 U.S.C. § 371 (Conspiracy); and 18 U.S.C. § 1001 (Making False Statements to Law Enforcement).

6. On or about October 2018, ▬▬▬▬▬▬▬▬ contacted U.S. authorities and indicated ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬ Evidence shows that the complaining witness attempted to report this assault years ago, but no formal investigation was carried forward until her October 2018 report. Based on the complaining witness's description of the incident, law enforcement identified the Suspect 

7. U.S. law enforcement agents interviewed individuals who worked and lived with the Suspect ▬▬▬▬▬ during the relevant time period. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Law enforcement authorities asked the interviewees not to tell their former colleagues about the ongoing investigation. One of the interviewees (hereinafter "Individual-1") told law enforcement during a November 2019 interview that he would not disclose the existence of the ongoing investigation.

8. After the November interview, Individual-1 did in fact contact the Suspect and provide him information about this investigation.

9. Law enforcement conducted another interview of Individual-1 on or about June 11, 2020. During the June interview, Individual-1 was asked multiple times if he had spoken with anyone about the investigation. Repeatedly, Individual-1 stated falsely that he had not spoken

3

with anyone about the investigation. Individual-1 then told law enforcement that he had spoken with one person ("Individual-2"), ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮ Yet, Individual-1 specifically stated, again falsely, that he had not spoken to the Suspect about the investigation. Later in the same interview, Individual-1 admitted that, in fact, he had spoken with the Suspect, that he disclosed the existence of investigation, and that he provided the Suspect with details of the investigation, which Individual-1 had surmised from questions that law enforcement had asked him during the November interview. Individual-1 then apologized to the law enforcement agents, conceding that his earlier statements had been false.

10. By contacting the Suspect, disclosing details of the investigation to the Suspect, and then misleading law enforcement, Individual-1 risked jeopardizing this ongoing investigation by providing the Suspect and/or others with an opportunity to potentially destroy evidence, prepare false alibis, or flee apprehension. Individual-1 has assured law enforcement that he will contact law enforcement if he and the Suspect communicate again. Individual-1's current phone number is ▮▮▮▮▮▮▮▮▮ which he has used to communicate with the Suspect via text messaging and telephone.

**REQUEST FOR ORDER**

11. The facts set forth above show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help the United States to have greater confidence in the integrity of the ongoing investigation into the aggravated sexual assault. These items will also help the United States in the investigation into potential conspiracy and/or efforts to hinder or prevent the Suspect's apprehension, trial, or punishment

12. Accordingly, the United States requests that PROVIDER be directed to produce all

4

items described in Part II of Attachment A to the proposed Order within ten days of receipt of the Order.

13. The United States further requests that the Order direct PROVIDER not to notify any person, including the subscriber or customer of each account listed in Part I of Attachment A, of the existence of the application of the United States or the Order for one year from the date of the Court's Order. *See* 18 U.S.C. § 2705(b). This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *See* 18 U.S.C. § 2705(b).[1]

14. In this case, the proposed Order seeks information relevant to establishing the illegal activity under investigation and identifying the individual(s) responsible. Accordingly, disclosure may reveal the existence, scope, and direction of the United States' ongoing and confidential investigation. Once alerted to this investigation, potential target(s) could be immediately prompted to destroy or conceal incriminating evidence, collude with witnesses to provide false information to law enforcement, and otherwise take steps to undermine the investigation and avoid future prosecution. In particular, given that they are known to use electronic communication and remote computing services, the potential target(s) could quickly and

---

[1] The government relies on § 2705(b) to seek a preclusion-of-notice order because the government is requesting only non-content information pursuant to § 2703(d), an action which is authorized by § 2703(c). *See* 18 U.S.C. § 2703(c)(1)(B) ("governmental entity may require a provider of electronic communication service or remote computing service to disclose a record or other information pertaining to a subscriber to or customer of such service (not including the contents of communications) only when [it] . . . obtains a court order for such disclosure under subsection (d) of this section"). Under § 2703(c), the government has no obligation to notify the subscriber. *See* 18 U.S.C. § 2703(c)(3) ("governmental entity receiving records or information under this section is not required to provide notice to a subscriber or customer").

5

easily destroy or encrypt digital evidence relating to their criminal activity.

15. Therefore, based on the foregoing, there are reasonable grounds to believe that notification of the existence of this Order would result in flight from prosecution, destruction of or tampering with evidence, intimidation of potential witnesses, or other serious jeopardy to this investigation. *See* 18 U.S.C. § 2705(b)(2)-(5).

16. Given the nature of the criminal activity under investigation, the age of the allegations, the fact that the crime scene and potential evidence (e.g., medical reports) are in the United Kingdom, the fact that the target is living aboard, and the fact that potential witnesses are located in geographically diverse locations, the United States anticipates that this confidential investigation will continue for the next 180 days or longer.

17. Accordingly, this Court should command PROVIDER not to notify any other person (except attorneys for PROVIDER for the purpose of receiving legal advice) of the existence of the proposed Order for a period of 180 days (commencing on the date of the proposed Order), unless the period of nondisclosure is later modified by the Court. Should the court-ordered nondisclosure under Section 2705(b) become no longer needed because of the closure of the investigation or arrest of the account holder, the United States will make best efforts to notify the Court promptly and seek appropriate relief.

18. In this matter, the United States also requests that the instant Application and the Order be filed under seal. The Court has the inherent power to seal court filings when appropriate, including the proposed Order. *United States v. Hubbard*, 650 F.2d 293, 315-16 (D.C. Cir. 1980) (citing *Nixon v. Warner Commn'ns, Inc.*, 435 U.S. 589, 598 (1978)). More particularly, the Court may seal the Application and Order to prevent serious jeopardy to an ongoing criminal investigation when such jeopardy creates a compelling governmental interest in confidentiality.

6

*See Washington Post v. Robinson*, 935 F.2d 282, 287-89 (D.C. Cir. 1991). For the reasons stated above, the United States has a compelling interest in confidentiality to justify sealing the Application and Order. *See id.*

           Respectfully submitted,

           Michael R. Sherwin
           Acting United States Attorney
           New York Bar No. 4444188


           _____*/s/ Thomas N. Saunders*_____
           THOMAS N. SAUNDERS
           Assistant United States Attorneys
           National Security Section
           New York Bar Number 4876975
           United States Attorney's Office
           555 4th Street, NW, 11th Floor
           Washington, D.C. 20530
           Thomas.Saunders@usdoj.gov
           (202) 252-7790

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF USA FOR 2703(d) ORDER FOR ONE CELL PHONE ACCOUNT SERVICED BY AT&T FOR INVESTIGATION OF VIOLATION OF *INTER ALIA* 18 U.S.C. § 2241 | SC No. 20-sc-2418<br><br>**Filed Under Seal** |

# ORDER

The United States has submitted an Application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring AT&T ("PROVIDER"), an electronic communication and/or remote computing service provider located in North Palm Beach, FL, to disclose the records and other information described in Attachment A to this Order. The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation. Furthermore, the Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, and intimidate potential witnesses. *See* 18 U.S.C. § 2705(b)(2)-(5).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that PROVIDER shall, within ten days of receipt of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 2705(b), that PROVIDER shall not disclose the existence of the application of the United States or this Order of the Court to any other person (except attorneys for PROVIDER for the purpose of receiving legal advice) for a period of

2

180 days (commencing on the date of this Order), unless the period of nondisclosure is later modified by the Court.

      IT IS FURTHER ORDERED that the Application and this Order are sealed until otherwise ordered by the Court, except that the United States may disclose the existence and/or contents of the Application and this Order to appropriate law enforcement authorities.

_____
UNITED STATES MAGISTRATE JUDGE

# ATTACHMENT A

## I. The Account(s)

The Order applies to certain records and other information for any ("PROVIDER") account(s) associated with the following identifier(s):

■■■■■■■■

and any preserved data and/or preservation numbers associated therewith.

## II. Records and other information to be disclosed

### A. Information about the customer or subscriber of the Account(s)

PROVIDER is required to disclose to the United States the following records and other information, if available, for each account or identifier listed in Part I of this Attachment (the "Account(s)") constituting information about the customer or subscriber of the Account(s) for the time period from **June 1, 2020 to the Present**:

1. Names (including subscriber names, user names, and screen names);

2. Addresses (including mailing addresses, residential addresses, business addresses, and email addresses);

3. Local and long distance telephone connection records;

4. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

5. Length of service (including start date) and types of service utilized;

6. Telephone or instrument numbers (including MAC addresses), Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

7. Other subscriber numbers or identities (including the registration IP address), including any current or past accounts linked to the Account(s) by telephone number, recovery or alternate e-mail address, IP address, or other unique device or user identifier; and

8. Means and source of payment for such service (including any credit card or bank account number) and billing records.

**B. All records and other information relating to the Account(s) (except the contents of communications)**

PROVIDER is required to disclose to the United States the following records and other information, if available, for the Account(s) for the time period from **June 1, 2020 to the Present**, constituting all records and other information relating to the Account(s) (except the contents of communications), including:

1. Records of user activity for each connection made to or from the Account(s), including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses;

2. Information about each electronic communication sent or received by the Account(s), including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers), and any other associated header or routing information; and

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF USA FOR 2703(d) ORDER FOR ONE CELL PHONE ACCOUNT SERVICED BY AT&T FOR INVESTIGATION OF VIOLATION OF *INTER ALIA* 18 U.S.C. § 2241 | SC No. 20-sc-2418<br><br>**Filed Under Seal** |

# ORDER

The United States has submitted an Application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring AT&T ("PROVIDER"), an electronic communication and/or remote computing service provider located in North Palm Beach, FL, to disclose the records and other information described in Attachment A to this Order. The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation. Furthermore, the Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, and intimidate potential witnesses. *See* 18 U.S.C. § 2705(b)(2)-(5).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that PROVIDER shall, within ten days of receipt of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 2705(b), that PROVIDER shall not disclose the existence of the application of the United States or this Order of the Court to any other person (except attorneys for PROVIDER for the purpose of receiving legal advice) for a period of

180 days (commencing on the date of this Order), unless the period of nondisclosure is later modified by the Court.

    IT IS FURTHER ORDERED that the Application and this Order are sealed until otherwise ordered by the Court, except that the United States may disclose the existence and/or contents of the Application and this Order to appropriate law enforcement authorities.

2020.09.15
16:52:03 -04'00'
_____
UNITED STATES MAGISTRATE JUDGE

**ATTACHMENT A**

I. **The Account(s)**

The Order applies to certain records and other information for any ("PROVIDER") account(s) associated with the following identifier(s):

and any preserved data and/or preservation numbers associated therewith.

II. **Records and other information to be disclosed**

A. **Information about the customer or subscriber of the Account(s)**

PROVIDER is required to disclose to the United States the following records and other information, if available, for each account or identifier listed in Part I of this Attachment (the "Account(s)") constituting information about the customer or subscriber of the Account(s) for the time period from **June 1, 2020 to the Present**:

1. Names (including subscriber names, user names, and screen names);

2. Addresses (including mailing addresses, residential addresses, business addresses, and email addresses);

3. Local and long distance telephone connection records;

4. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

5. Length of service (including start date) and types of service utilized;

6. Telephone or instrument numbers (including MAC addresses), Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

7. Other subscriber numbers or identities (including the registration IP address), including any current or past accounts linked to the Account(s) by telephone number, recovery or alternate e-mail address, IP address, or other unique device or user identifier; and

8. Means and source of payment for such service (including any credit card or bank account number) and billing records.

**B. All records and other information relating to the Account(s) (except the contents of communications)**

PROVIDER is required to disclose to the United States the following records and other information, if available, for the Account(s) for the time period from **June 1, 2020 to the Present**, constituting all records and other information relating to the Account(s) (except the contents of communications), including:

1. Records of user activity for each connection made to or from the Account(s), including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses;

2. Information about each electronic communication sent or received by the Account(s), including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers), and any other associated header or routing information; and