# ATTACHMENT

# A

*Redacted Docket Materials*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **IN RE APPLICATION OF USA FOR 2703(d) ORDER FOR DATA ASSOCIATED WITH THE IDENTIFERS IN ATTACHMENT A FOR INVESTIGATION OF VIOLATION OF 18 U.S.C. SECTION 2252A(a)(2)** | **SC No. 20-sc-2450**<br><br>**Filed Under Seal** |

*Reference:      USAO Ref. #* ████████ *Subject Identifiers: MAC addresses*
████████████████████

## APPLICATION OF THE UNITED STATES
## FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d).  The proposed Order would require **ZOOM VIDEO COMMUNICATIONS, INC.** ("PROVIDER"), an electronic communication service and/or remote computing service provider located in **SAN JOSE, CALIFORNIA**, to disclose certain records and other information associated with the following MAC addresses: ███████████████████████ as set forth in Part I of Attachment A to the proposed Order, within ten days of receipt of the Order.  The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order.  In support of this application, the United States asserts:

## LEGAL BACKGROUND AND JURISDICTION

1.        PROVIDER is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2).  Accordingly, the United States may use a court order issued under § 2703(d) to require PROVIDER to disclose the items described in Part II of Attachment A.  *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2.      This Court has jurisdiction to issue the requested Order because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711.  18 U.S.C. §§ 2703(d).  Specifically, the Court is a "district court of the United States . . . that – has jurisdiction over the offense being investigated."  18 U.S.C. § 2711(3)(A)(i).

3.      As discussed more fully below, acts or omissions in furtherance of the offenses under investigation occurred within Washington, DC.  *See* 18 U.S.C. § 3237.  A court order under section 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that . . . the records or other information sought . . . are relevant and material to an ongoing criminal investigation."  18 U.S.C. § 2703(d).  Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## RELEVANT FACTS

1.      The United States is investigating a scheme whereby one or more unidentified subjects is infiltrating Zoom Video Communications, Inc. (hereinafter Zoom) meetings and then disrupting them by sharing child pornography videos and/or images to all participants.  As of the date of this application, there are at least nine reported incidents of this user or users interfering with Zoom meetings in the District of Columbia and sharing unwelcome child pornography with the participants.  There are over 400 incidents similar to this of Zoom meetings being disrupted by unwelcome sharing of child pornography reported throughout the United States and hundreds of other incidents throughout the world.  For many of these cases, at least those reported in the United States, the child pornography videos shared in each of these incidents were the same two videos.  The investigation concerns possible violations of 18 U.S.C. §§  2252A(a)(2) (distribution of child

pornography) and 2252A(a)(5)(b) (possession of child pornography).  Through this investigation, the Federal Bureau of Investigation ("FBI") has learned the following information relating to this application.

2.     The FBI has subpoenaed Zoom for multiple of these meetings to determine information about the user or users who presented child pornography during the meetings.  Zoom responded and provided information that included the MAC addresses used by the user or users believed to have shared child pornography ("the target(s)").  Specifically, Zoom provided data that showed the use of three specific MAC addresses associated with the target(s): MAC addresses ███████████████████████████████████  These MAC addresses are unique identifiers, typically associated with a specific device.  Therefore, any instance of one of these MAC addresses being utilized on Zoom could yield important information that will help identify the target(s), including but not limited to: IP address information, times and dates of access indicating where the target may live or the target(s) hours of employment, etc.

**REQUEST FOR ORDER**

3.     The facts set forth above show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.  Specifically, these items will help the United States to identify and locate the individual(s) who are responsible for the criminal activity under investigation, and to determine the nature and scope of that criminal activity.  Accordingly, the United States requests that PROVIDER be directed to produce all items described in Part II of Attachment A to the proposed Order within ten days of receipt of the Order.

4.     The United States further requests that the Order direct PROVIDER not to notify any person, including the subscriber or customer of each account listed in Part I of Attachment A,

of the existence of the application of the United States or the Order for *one year* from the date of the Court's Order. *See* 18 U.S.C. § 2705(b). This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *See* 18 U.S.C. § 2705(b).[1]

5. In this case, the proposed Order seeks information relevant to establishing the illegal activity under investigation and identifying the individual(s) responsible. Accordingly, disclosure may reveal the existence, scope, and direction of the United States's ongoing and confidential investigation. Once alerted to this investigation, potential target(s) could be immediately prompted to destroy or conceal incriminating evidence, alter their operational tactics to avoid future detection, and otherwise take steps to undermine the investigation and avoid future prosecution. In particular, given that they are known to use electronic communication and remote computing services, the potential target(s) could quickly and easily destroy or encrypt digital evidence relating to their criminal activity. Notification could also result in the target(s) avoiding travel to the United States or other countries from which they may be extradited.

6. Therefore, based on the foregoing, there are reasonable grounds to believe that notification of the existence of this Order would result in flight from prosecution, destruction of

---

[1] The government relies on § 2705(b) to seek a preclusion-of-notice order because the government is requesting non-content information pursuant to § 2703(d), an action which is authorized by § 2703(c). *See* 18 U.S.C. § 2703(c)(1)(B) ("governmental entity may require a provider of electronic communication service or remote computing service to disclose a record or other information pertaining to a subscriber to or customer of such service (not including the contents of communications) only when [it] . . . obtains a court order for such disclosure under subsection (d) of this section"). Under § 2703(c), the government has no obligation to notify the subscriber. *See* 18 U.S.C. § 2703(c)(3) ("governmental entity receiving records or information under this section is not required to provide notice to a subscriber or customer").

or tampering with evidence, or other serious jeopardy to this investigation. *See* 18 U.S.C. § 2705(b)(2)-(5).

7.     Given the complex nature of the criminal activity under investigation and likely involvement of foreign-based coconspirators and evidence, and also given that the criminal scheme may be ongoing, the United States anticipates that this confidential investigation will continue for the next year or longer.

8.     Accordingly, this Court should command PROVIDER not to notify any other person (except attorneys for PROVIDER for the purpose of receiving legal advice) of the existence of the proposed Order for a period of ***one year*** (commencing on the date of the proposed Order), unless the period of nondisclosure is later modified by the Court. Should the court-ordered nondisclosure under Section 2705(b) become no longer needed because of the closure of the investigation or arrest of the account holder, the United States will make best efforts to notify the Court promptly and seek appropriate relief.

9.     In this matter, the United States also requests that the instant Application and the Order be filed under seal. The Court has the inherent power to seal court filings when appropriate, including the proposed Order. *United States v. Hubbard*, 650 F.2d 293, 315-16 (D.C. Cir. 1980) (citing *Nixon v. Warner Commn'ns, Inc.*, 435 U.S. 589, 598 (1978)). More particularly, the Court may seal the Application and Order to prevent serious jeopardy to an ongoing criminal investigation when such jeopardy creates a compelling governmental interest in confidentiality. *See Washington Post v. Robinson*, 935 F.2d 282, 287-89 (D.C. Cir. 1991).

10.    For the reasons stated above, the United States has a compelling interest in confidentiality to justify sealing the Application and Order. *See id.*

Respectfully submitted,

MICHAEL R. SHERWIN
ACTING UNITED STATES ATTORNEY

By:   */s/  April Nicole Russo*          
        APRIL NICOLE RUSSO
        Assistant United States Attorney
        PA Bar Number 313475
        United States Attorney's Office
        555 Fourth Street, N.W.
        Washington, D.C.  20530
        Telephone: 202-252-1717
        Email: APRIL.RUSSO@USDOJ.GOV

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE APPLICATION OF USA FOR 2703(d) ORDER FOR DATA ASSOCIATED WITH THE IDENTIFERS IN ATTACHMENT A FOR INVESTIGATION OF VIOLATION OF 18 U.S.C. SECTION 2252A(a)(2) | SC No. 20-sc-2450<br><br>**Filed Under Seal** |

**ORDER**

The United States has submitted an Application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring **ZOOM VIDEO COMMUNICATIONS, INC.** ("PROVIDER"), an electronic communication and/or remote computing service provider located in SAN JOSE, CALIFORNIA, to disclose the records and other information described in Attachment A to this Order. The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation. Furthermore, the Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to flee, destroy or tamper with evidence, and avoid travel to the United States or other countries from which they may be extradited. *See* 18 U.S.C. § 2705(b)(2)-(5).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that PROVIDER shall, within ten days of receipt of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 2705(b), that PROVIDER shall not disclose the existence of the application of the United States or this Order of the Court to any other person (except attorneys for PROVIDER for the purpose of receiving legal advice) for a period of

7

*one year* (commencing on the date of this Order), unless the period of nondisclosure is later

modified by the Court.

      IT IS FURTHER ORDERED that the Application and this Order are sealed until otherwise

ordered by the Court, except that the United States may disclose the existence and/or contents of

the Application and this Order to appropriate law enforcement authorities.


Date: _____

                                                _____
                                                G. MICHAEL HARVEY
                                                UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

### I. The Account(s)

The Order applies to certain records and other information for any Zoom meeting associated with any of the following identifiers, and any Zoom account or user linked thereto by email address, telephone number, payment information, cookies, or any other unique device or user identifier:

**MAC addresses** ███████████████████████████████████████

### II. Records and Other Information to Be Disclosed

Zoom is required to disclose to the United States the following records and other information, if available, for each identifier listed in Part I of this Attachment ("Account"), and for any Zoom account or identifier linked thereto by email address, telephone number, payment information, cookies, or any other unique device or user identifier ("Linked Accounts"):

1. All meetings associated with any of the three MAC addresses listed in Attachment A, Part I;
2. Records of session times and durations for any user utilizing the target MAC addresses, including the IP addresses with Port associated with those sessions;
3. Any IP information or user information (including but not limited to screennames, subscriber information, dates and times of login, whether the user shared screen, whether the user was on video, other device information, and duration of the user's activity) for any Zoom user utilizing one of the three MAC addresses at a particular Zoom meeting;
4. Telephone or instrument number or other subscriber number or identity, including device identification, any Global Unique Identifier ("GUID"), and the IP address associated with registration;
5. Means and source of payment for such service (including any credit card or bank account number) and billing records; and
6. Any hardware and software information collected from each instance the target MAC addresses were captured.

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

IN RE APPLICATION OF USA FOR
2703(d) ORDER FOR DATA
ASSOCIATED WITH THE IDENTIFERS
IN ATTACHMENT A FOR
INVESTIGATION OF VIOLATION OF
18 U.S.C. SECTION 2252A(a)(2)

SC No. 20-sc-2450

**Filed Under Seal**

## ORDER

The United States has submitted an Application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring **ZOOM VIDEO COMMUNICATIONS, INC.** ("PROVIDER"), an electronic communication and/or remote computing service provider located in SAN JOSE, CALIFORNIA, to disclose the records and other information described in Attachment A to this Order. The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation. Furthermore, the Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to flee, destroy or tamper with evidence, and avoid travel to the United States or other countries from which they may be extradited. *See* 18 U.S.C. § 2705(b)(2)-(5).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that PROVIDER shall, within ten days of receipt of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 2705(b), that PROVIDER shall not disclose the existence of the application of the United States or this Order of the Court to any other person (except attorneys for PROVIDER for the purpose of receiving legal advice) for a period of

7

**one year** (commencing on the date of this Order), unless the period of nondisclosure is later modified by the Court.

   IT IS FURTHER ORDERED that the Application and this Order are sealed until otherwise ordered by the Court, except that the United States may disclose the existence and/or contents of the Application and this Order to appropriate law enforcement authorities.

Date: _____

              ROBIN M. MERIWEATHER
              UNITED STATES MAGISTRATE JUDGE

## <u>ATTACHMENT A</u>

### I.  The Account(s)

The Order applies to certain records and other information for any Zoom meeting associated with any of the following identifiers, and any Zoom account or user linked thereto by email address, telephone number, payment information, cookies, or any other unique device or user identifier:

**MAC addresses** ███████████████████████████████████████████

### II.  Records and Other Information to Be Disclosed

Zoom is required to disclose to the United States the following records and other information, if available, for each identifier listed in Part I of this Attachment ("Account"), and for any Zoom account or identifier linked thereto by email address, telephone number, payment information, cookies, or any other unique device or user identifier ("Linked Accounts"):

1. All meetings associated with any of the three MAC addresses listed in Attachment A, Part I;
2. Records of session times and durations for any user utilizing the target MAC addresses, including the IP addresses with Port associated with those sessions;
3. Any IP information or user information (including but not limited to screennames, subscriber information, dates and times of login, whether the user shared screen, whether the user was on video, other device information, and duration of the user's activity) for any Zoom user utilizing one of the three MAC addresses at a particular Zoom meeting;
4. Telephone or instrument number or other subscriber number or identity, including device identification, any Global Unique Identifier ("GUID"), and the IP address associated with registration;
5. Means and source of payment for such service (including any credit card or bank account number) and billing records; and
6. Any hardware and software information collected from each instance the target MAC addresses were captured.