# ATTACHMENT

# A

*Redacted Docket Materials*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE APPLICATION OF USA FOR 2703(d) ORDER FOR TWO GOOGLE ACCOUNTS SERVICED BY GOOGLE LLC FOR INVESTIGATION OF VIOLATION OF 18 U.S.C. § 1030 | SC No. 20-2680 <br><br> **Filed Under Seal** |

*Reference:*     *USAO Ref. #* ██████     *Subject Account(s):* ████████████ *et al.*

**APPLICATION OF THE UNITED STATES**
**FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)**

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require Google LLC ("PROVIDER"), an electronic communication service and/or remote computing service provider located in Mountain View, to disclose certain records and other information pertaining to the PROVIDER account(s) associated with the e-mail addresses ████████████ and ████████, as set forth in Part I of Attachment A to the proposed Order, within ten days of receipt of the Order. The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order. In support of this application, the United States asserts:

**LEGAL BACKGROUND AND JURISDICTION**

1.     PROVIDER is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require PROVIDER to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2.     This Court has jurisdiction to issue the requested Order because it is "a court of

competent jurisdiction" as defined by 18 U.S.C. § 2711.  18 U.S.C. §§ 2703(d).  Specifically, the Court is a "district court of the United States . . . that – has jurisdiction over the offense being investigated."  18 U.S.C. § 2711(3)(A)(i).   As discussed more fully below, acts or omissions in furtherance of the offenses under investigation may have occurred within Washington, DC, *see* 18 U.S.C. § 3237, and PROVIDER maintains corporate offices located in Washington, DC, *see* 18 U.S.C. § 2711(3)(A)(ii).

3.      A court order under section 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that . . . the records or other information sought . . . are relevant and material to an ongoing criminal investigation."  18 U.S.C. § 2703(d).  Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## RELEVANT FACTS

4.      The United States is investigating suspected identity theft, in violation of 18 U.S.C. § 1028, access device fraud, in violation of 18 U.S.C. § 1029, and computer fraud, in violation of 18 U.S.C. § 1030(a)(2) (attempt).

5.      On October 14, 2020, while Complainant One ("C-1") was inside Washington, D.C., C-1 received a notification from PROVIDER providing the two-factor authentication "code" for one of C-1's Google accounts.  The receipt of this notification meant that an unidentified subject had (1) possessed the login credentials for the relevant Google account; and (2) used those login credentials in an attempt to login to the relevant Google account.  C-1 had not authorized anyone to use the login credentials for any of C-1's Google accounts, and thus the use of C-1's

login credentials and the attempted access to C-1's Google account were unauthorized.

6.     C-1 maintains two Google accounts: ████████████████ and ████████████████ Consistent with its known practices, the notification from PROVIDER did not indicate which account was being accessed.

<strong><u>REQUEST FOR ORDER</u></strong>

7.     The facts set forth above show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help the United States to identify and locate the individual(s) who are responsible for the criminal activity under investigation, and to determine the nature and scope of that criminal activity. Accordingly, the United States requests that PROVIDER be directed to produce all items described in Part II of Attachment A to the proposed Order within ten days of receipt of the Order.

8.     The United States requests that the instant Application and the Order be filed under seal. The Court has the inherent power to seal court filings when appropriate, including the proposed Order. *United States v. Hubbard*, 650 F.2d 293, 315-16 (D.C. Cir. 1980) (citing *Nixon v. Warner Commn'ns, Inc.*, 435 U.S. 589, 598 (1978)). More particularly, the Court may seal the Application and Order to prevent serious jeopardy to an ongoing criminal investigation when such jeopardy creates a compelling governmental interest in confidentiality. *See Washington Post v. Robinson*, 935 F.2d 282, 287-89 (D.C. Cir. 1991). In addition, in this case, the investigation relates to an ongoing grand jury investigation.

9.     In this case, the proposed Order seeks information relevant to establishing the illegal activity under investigation and identifying the individual(s) responsible. Accordingly, disclosure may reveal the existence, scope, and direction of the United States's ongoing and

3

confidential investigation. Once alerted to this investigation, potential target(s) could be immediately prompted to destroy or conceal incriminating evidence, alter their operational tactics to avoid future detection, and otherwise take steps to undermine the investigation and avoid future prosecution. In particular, given that they are known to use electronic communication and remote computing services, the potential target(s) could quickly and easily destroy or encrypt digital evidence relating to their criminal activity. Notification could also result in the target(s) avoiding travel to the United States or other countries from which they may be extradited.

10. For the reasons stated above, the United States has a compelling interest in confidentiality to justify sealing the Application and Order. *See id.*

Respectfully submitted,

MICHAEL SHERWIN
Acting United States Attorney
N.Y. Bar No. 4444188

_____/s/ Demian Ahn_____
Demian S. Ahn
Assistant United States Attorney
D.C. Bar No. 49111
Cyber Crime Section
555 4th Street, N.W., Room 4243
Washington, D.C. 20530
Office: 202-252-7106

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

IN RE APPLICATION OF USA FOR
2703(d) ORDER FOR TWO GOOGLE
ACCOUNTS SERVICED BY GOOGLE
LLC FOR INVESTIGATION OF
VIOLATION OF 18 U.S.C. § 1030

SC No. 20-2680

**Filed Under Seal**

## ORDER

The United States has submitted an Application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring Google LLC ("PROVIDER"), an electronic communication and/or remote computing service provider located in Mountain View, California, to disclose the records and other information described in Attachment A to this Order. The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation. Furthermore, the Court determines that there is reason to believe that disclosure of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to destroy or tamper with evidence.

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that PROVIDER shall, within ten days of receipt of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED that the Application and this Order are sealed until otherwise ordered by the Court, except that the United States may disclose the existence and/or contents of the Application and this Order to appropriate law enforcement authorities.

Date: _____

_____
UNITED STATES MAGISTRATE JUDGE

# ATTACHMENT A

## I.  The Account(s)

The Order applies to certain records and other information for the Google ("PROVIDER") account(s) associated with e-mail addresses ███████████████████████████████

## II.  Records and other information to be disclosed

PROVIDER is required to disclose to the United States the following records and other information, if available, for each account or identifier listed in Part I of this Attachment (the "Account(s)") constituting information about the customer or subscriber of the Account(s):

1.  The IP addresses corresponding to all actual and attempted accesses to the Account(s) on October 13, 2020.

2.  For all actual and attempted accesses to the Account(s) on October 13, 2020, the telephone or instrument numbers (including MAC addresses), Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

3.  For all actual and attempted accesses to the Account(s) on October 13, 2020, all other unique device or user identifiers, including but not limited to cookie identifiers, unique application numbers, universally unique identifiers or "UUID," globally unique identifier or "GUIDs," Advertising IDs, Android IDs, or GCMIDs.

4.  The IP addresses, telephone or instrument numbers, and all other unique device or user identifiers corresponding to an attempted login to the Account(s), which resulting in user notification from PROVIDER to the subscriber's telephone at about 2:59 p.m. Eastern Time on October 13, 2020.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE APPLICATION OF USA FOR 2703(d) ORDER FOR TWO GOOGLE ACCOUNTS SERVICED BY GOOGLE LLC FOR INVESTIGATION OF VIOLATION OF 18 U.S.C. § 1030 | SC No. 20-2680<br><br>**Filed Under Seal** |

**ORDER**

The United States has submitted an Application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring Google LLC ("PROVIDER"), an electronic communication and/or remote computing service provider located in Mountain View, California, to disclose the records and other information described in Attachment A to this Order. The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation. Furthermore, the Court determines that there is reason to believe that disclosure of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to destroy or tamper with evidence.

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that PROVIDER shall, within ten days of receipt of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED that the Application and this Order are sealed until otherwise ordered by the Court, except that the United States may disclose the existence and/or contents of the Application and this Order to appropriate law enforcement authorities.

G. Michael Harvey
2020.10.15 14:29:40
-04'00'

Date:

UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

### I. The Account(s)

The Order applies to certain records and other information for the Google ("PROVIDER") account(s) associated with e-mail addresses ████████████████████████████

### II. Records and other information to be disclosed

PROVIDER is required to disclose to the United States the following records and other information, if available, for each account or identifier listed in Part I of this Attachment (the "Account(s)") constituting information about the customer or subscriber of the Account(s):

1. The IP addresses corresponding to all actual and attempted accesses to the Account(s) on October 13, 2020.

2. For all actual and attempted accesses to the Account(s) on October 13, 2020, the telephone or instrument numbers (including MAC addresses), Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

3. For all actual and attempted accesses to the Account(s) on October 13, 2020, all other unique device or user identifiers, including but not limited to cookie identifiers, unique application numbers, universally unique identifiers or "UUID," globally unique identifier or "GUIDs," Advertising IDs, Android IDs, or GCMIDs.

4. The IP addresses, telephone or instrument numbers, and all other unique device or user identifiers corresponding to an attempted login to the Account(s), which resulting in user notification from PROVIDER to the subscriber's telephone at about 2:59 p.m. Eastern Time on October 13, 2020.