# ATTACHMENT

# A

*Redacted Docket Materials*

# UNITED STATES MAGISTRATE JUDGE
# U.S. DISTRICT COURT BUILDING
# WASHINGTON, D.C.

PLEASE ISSUE:    [   ] Arrest   [ X ]  Search [   ]  Seizure

Warrant for:      INFORMATION ASSOCIATED WITH ONE ACCOUNT STORED AT PREMISES CONTROLLED BY FACEBOOK, INC. PURSUANT TO 18 U.S.C. 2703 FOR INVESTIGATION OF VIOLATION OF 18 U.S.C. 2101

Violation:    [   ] D.C.C.      [ X ] U.S.C.    [ X ] C.F.R.  Title: 18

Section(s):   2101

Date:      June 26, 2020

AUSA:     Luke M. Jones
Assistant United States Attorney

Phone:    (202) 252-7066

Email:    luke.jones@usdoj.gov

---

COMPLETE FOR ALL WARRANTS:

*The following information must be provided for ALL warrants.*

Officer / Agent Name:   ██████████████

Badge/Agent Number:   ████████

Agency / Unit:   ██████████

Officer/Agent's 24 Hour Telephone Number (*i.e.*, cell number):   ████████████

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | |
|---|---|
| In the Matter of the Search of<br><br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>INFORMATION ASSOCIATED WITH ONE ACCOUNT STORED<br>AT PREMISES CONTROLLED BY FACEBOOK, INC.<br>PURSUANT TO 18 U.S.C. 2703 FOR INVESTIGATION OF<br>VIOLATION OF 18 U.S.C. 2101 | )<br>)<br>)<br>)<br>)<br>)    Case No. 20-SC-1616 |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A incorporated herein and included as part of the Affidavit in Support of this Application for a Search Warrant

located in the    Northern    District of    California    , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B incorporated herein and included as part of the Affidavit in Support of this Application for a Search Warrant

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 2101 | Violations of the Federal Riot Act |

The application is based on these facts:

See attached Affidavit

☐ Continued on the attached sheet.

☐ Delayed notice of    days *(give exact ending date if more than 30 days:*    *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by     telephone     *(specify reliable electronic means)*.

Date:    06/26/2020

                            *Judge's signature*

City and state:    Washington, D.C.           Robin M. Meriweather, U.S. Magistrate Judge

                                       *Printed name and title*

Case 1:23-mj-06199-MPK *SEALED* Document 1-1 Filed 06/26/20 Page 4 of 27

AO 93C  (08/18)  Warrant by Telephone or Other Reliable Electronic Means

❏ Original          ❏ Duplicate Original

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | |
|---|---|
| In the Matter of the Search of | ) |
| *(Briefly describe the property to be searched* | ) |
| *or identify the person by name and address)* | ) Case No. 20-SC-1616 |
| INFORMATION ASSOCIATED WITH ONE ACCOUNT | ) |
| STORED AT PREMISES CONTROLLED BY FACEBOOK, | ) |
| INC. PURSUANT TO 18 U.S.C. 2703 FOR INVESTIGATION | ) |
| OF VIOLATION OF 18 U.S.C. 2101 | ) |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____Northern_____ District of _____California_____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A incorporated herein and included as part of the Affidavit in Support of this Application for a Search Warrant

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B incorporated herein and included as part of the Affidavit in Support of this Application for a Search Warrant

**YOU ARE COMMANDED** to execute this warrant on or before _____July 10, 2020_____ *(not to exceed 14 days)*
❏ in the daytime 6:00 a.m. to 10:00 p.m.   ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____U.S. Magistrate Judge Robin M. Meriweather_____.
*(United States Magistrate Judge)*

❏ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
❏ for _____ days *(not to exceed 30)*   ❏ until, the facts justifying, the later specific date of _____ .

Date and time issued:   06/26/2020_____

_____
*Judge's signature*

City and state:   Washington, D.C._____       Robin M. Meriweather U.S. Magistrate Judge
*Printed name and title*

AO 93C  (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

| **Return** | | |
|---|---|---|
| Case No.:<br>  20-SC-1616 | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |

| **Certification** |
|---|

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.


Date:  _____                          _____
                                                                        *Executing officer's signature*

                                                                 _____
                                                                           *Printed name and title*

# ATTACHMENT A
## Property to Be Searched

This warrant applies to information which is associated with the Instagram account(s) identified by

Instagram Account: ███████████

and which is stored at premises owned, maintained, controlled, or operated by Facebook, Inc, a company that accepts service of legal process at 1601 Willow Road, Menlo Park, California.

## ATTACHMENT B

### Particular Things to be Seized

**I.    Information to be disclosed by Facebook Inc.**

To the extent that the information described in Attachment A is within the possession, custody, or control of Facebook, Inc. including any messages, records, files, logs, or information that have been deleted but are still available to Facebook, Inc. or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), Facebook, Inc. is required to disclose the following information to the government for each account listed in Attachment A:

a.    All identity and contact information, including full name, e-mail address, physical address (including city, state, and zip code), date of birth, phone numbers, gender, hometown, occupation, and other personal identifiers;

b.    All past and current usernames associated with the account;

c.    The dates and times at which the account and profile were created, and the Internet Protocol ("IP") address at the time of sign-up;

d.    All activity logs including IP logs and other documents showing the IP address, date, and time of each login to the account, as well as any other log file information;

e.    All information regarding the particular device or devices used to login to or access the account, including all device identifier information or cookie information, including all information about the particular device or devices used to access the account and the date and time of those accesses;

f.    All data and information associated with the profile page, including photographs, "bios," and profile backgrounds and themes;

g.    All communications or other messages sent or received by the account May 25, 2020 to the Present

h.    All user content created, uploaded, or shared by the account, including any comments made by the account on photographs or other content May 25, 2020 to the Present

i.    All photographs and images in the user gallery for the account May 25, 2020 to the Present

j.    All location data associated with the account, including geotags May 25, 2020 to the Present

1

k.  All data and information that has been deleted by the user May 25, 2020 to the Present

l.  A list of all of the people that the user follows on Instagram and all people who are following the user (*i.e.*, the user's "following" list and "followers" list), as well as any friends of the user;

m.  A list of all users that the account has "unfollowed" or blocked;

n.  All privacy and account settings;

o.  All records of Instagram searches performed by the account, including all past searches saved by the account May 25, 2020 to the Present

p.  All information about connections between the account and third-party websites and applications; and,

q.  All records pertaining to communications between Facebook, Inc. and any person regarding the user or the user's Instagram account, including contacts with support services, and all records of actions taken, including suspensions of the account.

Within fourteen days of the issuance of this warrant, PROVIDER shall deliver the

information set forth above via United States mail, courier, or e-mail to the following:



## II.      Information to be seized by the government

All information described above in Section I that constitutes fruits, evidence, and instrumentalities of violations of 18 U.S.C. § 2101, including, for each user ID identified on Attachment A, information pertaining to the following matters:

a.   Incitement or promotion or rioting in Washington, DC, between May 25, 2020 and present.

b.   Evidence indicating how and when the Instagram account was accessed or used, to determine the chronological and geographic context of account access, use, and events relating to the crime under investigation and to the Instagram account owner;

c.   Evidence indicating the Instagram account owner's state of mind as it relates to the crime under investigation;

d.   The identity of the person(s) who created or used the user ID, including records that help reveal the whereabouts of such person(s).

e.   The identity of the person(s) who communicated with the user ID matters relating to, including records that help reveal their whereabouts.

This warrant authorizes a review of electronically stored information, communications, other records and information disclosed pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant.   The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts.   Pursuant to this warrant, the FBI may deliver a complete copy of the

3

disclosed electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

**III.    Government procedures for warrant execution**

The United States government will conduct a search of the information produced by the PROVIDER and determine which information is within the scope of the information to be seized specified in Section II.  That information that is within the scope of Section II may be copied and retained by the United States.

Law enforcement personnel will then seal any information from the PROVIDER that does not fall within the scope of Section II and will not further review the information absent an order of the Court. Such sealed information may include retaining a digital copy of all information received pursuant to the warrant to be used for authentication at trial, as needed.

## CERTIFICATE OF AUTHENTICITY OF DOMESTIC RECORDS PURSUANT TO FEDERAL RULES OF EVIDENCE 902(11) AND 902(13)

I, _____, attest, under penalties of perjury by the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this certification is true and correct.  I am employed by _____ ("PROVIDER"), and my title is _____.
I am a custodian of records for PROVIDER, and I am qualified to authenticate the records attached hereto because I am familiar with how the records were created, managed, stored, and retrieved.  I state that the records attached hereto are true duplicates of the original records in the custody of PROVIDER.  The attached records consist of:

_____
[GENERALLY DESCRIBE RECORDS (pages/CDs/megabytes)]

I further state that:

a.      all records attached to this certificate were made at or near the time of the occurrence of the matter set forth by, or from information transmitted by, a person with knowledge of those matters, they were kept in the ordinary course of the regularly conducted business activity of PROVIDER, and they were made by PROVIDER as a regular practice; and

b.      such records were generated by PROVIDER's electronic process or system that produces an accurate result, to wit:

1.      the records were copied from electronic device(s), storage medium(s), or file(s) in the custody of PROVIDER in a manner to ensure that they are true duplicates of the original records; and

2.      the process or system is regularly verified by PROVIDER, and at all times pertinent to the records certified here the process and system functioned properly and normally.

I further state that this certification is intended to satisfy Rules 902(11) and 902(13) of the Federal Rules of Evidence.


_____        _____
Date                                            Signature

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH ONE ACCOUNT STORED AT PREMISES CONTROLLED BY FACEBOOK, INC. PURSUANT TO 18 U.S.C. 2703 FOR INVESTIGATION OF VIOLATION OF 18 U.S.C. 2101 | SC No. 20-sc-1616 <br><br> **Filed Under Seal** |

*Reference:*    *USAO Ref. #* ███████ *Subject Account(s): Instagram Account:* ████████

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, ████████ being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.    I make this affidavit in support of an application for a search warrant for information which is associated with one account – that is, ████████ (the "SUBJECT INSTAGRAM ACCOUNT") – which is stored at premises controlled by Facebook, Inc. ("PROVIDER"), an electronic communications services provider and/or remote computing services provider which is headquartered at 1601 Willow Road, Menlo Park, California. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A), and 2703(c)(1)(A) to require PROVIDER to disclose to the government copies of the information (including the content of communications) further described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B, using the procedures described in Section III of Attachment B.



4.    The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents, witnesses, and agencies. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant. It does not set forth all of my knowledge, or the knowledge of others, about this matter.

5.    Based on my training and experience and the facts as set forth in this affidavit, I respectfully submit that there is probable cause to believe that violations of 18 U.S.C. § 2101 (Rioting) have been committed by the user of the SUBJECT INSTAGRAM ACCOUNT. There

is also probable cause to search the information described in Attachment A for evidence, instrumentalities, contraband or fruits of these crimes further described in Attachment B.

## JURISDICTION

6.      This Court has jurisdiction to issue the requested warrant because it is a "court of competent jurisdiction" as defined by 18 U.S.C. § 2711.  18 U.S.C. §§ 2703(a), (b)(1)(A), and (c)(1)(A).  Specifically, the Court is "a district court of the United States . . . that – has jurisdiction over the offense being investigated."  18 U.S.C. § 2711(3)(A)(i).  As discussed more fully below, acts or omissions in furtherance of the offenses under investigation occurred within Washington, DC.  *See* 18 U.S.C. § 3237.

## PROBABLE CAUSE

7.      The probable cause for this warrant comes from suspected violations of the Federal Riot Act, 18 U.S.C. § 2101, which reads, in part:

> (a) Whoever travels in interstate or foreign commerce or uses any facility of interstate or foreign commerce, including, but not limited to, the mail, telegraph, telephone, radio, or television, with intent--
>
> > (1) to incite a riot; or
> >
> > (2) to organize, promote, encourage, participate in, or carry on a riot; or
> >
> > (3) to commit any act of violence in furtherance of a riot; or
> >
> > (4) to aid or abet any person in inciting or participating in or carrying on a riot or committing any act of violence in furtherance of a riot;
> >
> > and who either during the course of any such travel or use or thereafter performs or attempts to perform any other overt act for any purpose specified in subparagraph (A),(B), (C), or (D) of this paragraph—
> >
> > Shall be fined under this title, or imprisoned not more than five years, or both.

8.     Under 18 U.S.C. § 2102(a),  the term "riot" means "a public disturbance involving (1) an act or acts of violence by one or more persons part of an assemblage of three or more persons, which act or acts shall constitute a clear and present danger of, or shall result in, damage or injury to the property of any other person or to the person of any other individual or (2) a threat or threats of the commission of an act or acts of violence by one or more persons part of an assemblage of three or more persons having, individually or collectively, the ability of immediate execution of such threat or threats, where the performance of the threatened act or acts of violence would constitute a clear and present danger of, or would result in, damage or injury to the property of any other person or to the person of any other individual."

### *Twitter Account*

9.     On Thursday, May 28, 2020, law enforcement agencies in the District of Columbia were made aware of a protests scheduled for May 28 and 29, 2020, that were organized in response to ███████████████████████████████ and were promoted by the SUBJECT TWITTER ACCOUNT, which contained an avatar of an individual, as shown below:



10.     On May 28, 2020, and as shown below, the SUBJECT TWITTER ACCOUNT also posted the following text: ████████████████████████████████

4



11.     Your Affiant other law enforcement officers were assigned to observe and coordinate resources for local law enforcement and the FBI in connection with protests within the District of Columbia during this period, and your affiant and other officers personally observed acts beginning on Friday, May 29, 2020, that appeared to satisfy the statutory definition of "riot," including the intentional burning of trees and trash cans, assaults on law enforcement with bricks and glass bottles, the destruction of private property, including the smashing of glass on storefronts, and the theft and looting of items from within stores, including at ████████.

12.     On Saturday, May 30, 2020, and as shown below, the SUBJECT TWITTER ACCOUNT tweeted, "██████████████████████████



13.    On Sunday, May 31, 2020, and as shown below, law enforcement observed that the SUBJECT TWITTER ACCOUNT tweeted, ████████████████████████████ ████████████████



14.    At some point after these tweets, the SUBJECT TWITTER ACCOUNT was suspended based on an apparent violation of Twitter's terms of service.



15.    Law enforcement submitted a preservation letter to Twitter, preserving the contents of the SUBJECT TWITTER ACCOUNT.

16.    Your Affiant used ████████ to review tweets and replies from the Subject Account that were retained by Google. ████████ temporarily stores pages from websites,

even if they are later altered, and is a useful open source method to view previous versions of webpages.

17.     Based on the the ██████████ review, your affiant observed that, under the tweet from the SUBJECT TWITTER ACCOUNT advertising the ██████████████████████████████ the user of Twitter account ██████████ identified himself as ██████████████████████ ██████████████████████████ The user of the SUBJECT TWITTER ACCOUNT identified himself as ██████████████



18.     In the same review, your Affiant noted that two Twitter accounts cited concerns regarding the event, stating that it was not a peaceful protest and suggesting Government buildings be burned, as shown below.



19.     On a separate Twitter thread, the Twitter account for ██████████ ██████████ tweeted that it had no affiliation with an event promoted by the Subject Account, and, and, and the SUBJECT TWITTER ACCOUNT replied: "██████████ ██████████



20.     Your Affiant notes that throughout law enforcement reporting, cached recovery, and personal observation, the Twitter vanity name of the SUBJECT TWITTER ACCOUNT changed from " ███████████████████████████ Based on training, investigative experience, and personal experience, however, your affiant knows the vanity name on a Twitter account can be changed by a user and that changes do not typically reflect that a different user is using the account.

### *Instagram Account*

21.     During its investigation, law enforcement identified an Instagram account under the name ████████ (the "SUBJECT INSTAGRAM ACCOUNT") which utilizes the same avatar photo as the SUBJECT TWITTER ACCOUNT, as shown below.

22.     The SUBJECT INSTAGRAM ACCOUNT contained 23 posts starting on May 27, 2020, and relating to protest activity in Washington, DC.  For example, on May 28, 2020, and as shown below, the SUBJECT INSTAGRAM ACCOUNT posted, ████████████████████ ████████████████████████████ In the comments section to the Instagram post, the user states, ██████████████████ ██████████████████████ These stores are all located in the ████████████ where apparent rioting activity was observed



23.    The SUBJECT INSTAGRAM ACCOUNT also posted a photo of a television screen showing what appears to have been ██████████ of the account user regarding protest activity, as well as an overhead photograph of protest activity.    Instagram user





***GoFundMe Page and User's True Name***

24. The SUBJECT INSTAGRAM ACCOUNT has a web link to a GoFundMe page that appears to have raised over ████ related to the protests referenced above. The creator of the GoFundMe page is listed as ████████ and the creator identifies himself as "████ ████████

25. Law Enforcement database queries of "████████ provided a positive return of ███████████████████████████████████████ The ████████████ for ████████ is consistent with the photos from the SUBJECT TWITTER ACCOUNT and the SUBJECT INSTAGRAM ACCOUNT.



26. Based on the information above, your affiant submits there is probable cause to believe that violations of 18 U.S.C. § 2101 (Rioting) have been committed by the user of the SUBJECT TWITTER ACCOUNT AND SUBJECT INSTAGRAM ACCOUNT, and that acts or omissions in furtherance of the offenses under investigation occurred within Washington, DC.

There is also probable cause to search the information described in Attachment A for evidence, instrumentalities, contraband or fruits of these crimes further described in Attachment B.

## BACKGROUND CONCERNING PROVIDER'S ACCOUNTS

27.     PROVIDER owns and operates a free-access social-networking website that can be accessed at http://www.instagram.com.  PROVIDER allows its users to create their own profile pages, which can include a short biography, a photo of themselves, and other information.  Users can access Instagram through the Instagram website or by using a special electronic application ("app") created by the company that allows users to access the service through a mobile device.

28.     PROVIDER permits users to post photos to their profiles on Instagram and otherwise share photos with others on Instagram, as well as certain other social-media services, including Flickr, Facebook, and Twitter.  When posting or sharing a photo on Instagram, a user can add to the photo: a caption; various "tags" that can be used to search for the photo (e.g., a user made add the tag #vw so that people interested in Volkswagen vehicles can search for and find the photo); location information; and other information.  A user can also apply a variety of "filters" or other visual effects that modify the look of the posted photos.  In addition, Instagram allows users to make comments on posted photos, including photos that the user posts or photos posted by other users of Instagram.  Users can also "like" photos.

29.      Upon creating an Instagram account, an Instagram user must create a unique Instagram username and an account password.  This information is collected and maintained by Instagram.

30.     Instagram asks users to provide basic identity and contact information upon registration and also allows users to provide additional identity information for their user profile. This information may include the user's full name, e-mail addresses, and phone numbers, as well

as potentially other personal information provided directly by the user to Instagram. Once an account is created, users may also adjust various privacy and account settings for the account on Instagram. Instagram collects and maintains this information.

31.     Instagram allows users to have "friends," which are other individuals with whom the user can share information without making the information public. Friends on Instagram may come from either contact lists maintained by the user, other third-party social media websites and information, or searches conducted by the user on Instagram profiles. Instagram collects and maintains this information.

32.     Instagram also allows users to "follow" another user, which means that they receive updates about posts made by the other user. Users may also "unfollow" users, that is, stop following them or block the, which prevents the blocked user from following that user.

33.     Instagram allow users to post and share various types of user content, including photos, videos, captions, comments, and other materials. Instagram collects and maintains user content that users post to Instagram or share through Instagram.

34.     Instagram users may send photos and videos to select individuals or groups via Instagram Direct. Information sent via Instagram Direct does not appear in a user's feed, search history, or profile.

35.     Users on Instagram may also search Instagram for other users or particular types of photos or other content.

36.     For each user, Instagram also collects and retains information, called "log file" information, every time a user requests access to Instagram, whether through a web page or through an app. Among the log file information that Instagram's servers automatically record is the particular web requests, any Internet Protocol ("IP") address associated with the request, type

of browser used, any referring/exit web pages and associated URLs, pages viewed, dates and times of access, and other information.

37.     Instagram also collects and maintains "cookies," which are small text files containing a string of numbers that are placed on a user's computer or mobile device and that allows Instagram to collect information about how a user uses Instagram.  For example, Instagram uses cookies to help users navigate between pages efficiently, to remember preferences, and to ensure advertisements are relevant to a user's interests.

38.     Instagram also collects information on the particular devices used to access Instagram.  In particular, Instagram may record "device identifiers," which includes data files and other information that may identify the particular electronic device that was used to access Instagram.

39.     Instagram also collects other data associated with user content.  For example, Instagram collects any "hashtags" associated with user content (i.e., keywords used), "geotags" that mark the location of a photo and which may include latitude and longitude information, comments on photos, and other information.

40.     Instagram also may communicate with the user, by email or otherwise.  Instagram collects and maintains copies of communications between Instagram and the user.

41.     As explained herein, information stored in connection with an Instagram account may provide crucial evidence of the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or alternatively, to exclude the innocent from further suspicion.  In my training and experience, an Instagram user's account activity, IP log, stored electronic communications, and other data retained by Instagram, can indicate who has used or controlled the Instagram account.  This "user

attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence. For example, profile contact information, direct messaging logs, shared photos and videos, and captions (and the data associated with the foregoing, such as geo-location, date and time) may be evidence of who used or controlled the Instagram account at a relevant time. Further, Instagram account activity can show how and when the account was accessed or used. For example, as described herein, Instagram logs the Internet Protocol (IP) addresses from which users access their accounts along with the time and date. By determining the physical location associated with the logged IP addresses, investigators can understand the chronological and geographic context of the account access and use relating to the crime under investigation. Such information allows investigators to understand the geographic and chronological context of Instagram access, use, and events relating to the crime under investigation. Additionally, Instagram builds geo-location into some of its services. Geo-location allows, for example, users to "tag" their location in posts and Instagram "friends" to locate each other. This geographic and timeline information may tend to either inculpate or exculpate the Instagram account owner. Last, Instagram account activity may provide relevant insight into the Instagram account owner's state of mind as it relates to the offense under investigation. For example, information on the Instagram account may indicate the owner's motive and intent to commit a crime (e.g., information indicating a plan to commit a crime), or consciousness of guilt (e.g., deleting account information in an effort to conceal evidence from law enforcement).

42.     Based on the information above, the computers of Instagram are likely to contain all the material described above with respect to the SUBJECT INSTAGRAM ACCOUNT, including stored electronic communications and information concerning subscribers and their use of Instagram, such as account access information, which would include information such as the IP

15

addresses and devices used to access the account, as well as other account information that might be used to identify the actual user or users of the account at particular times.

<b><u>REQUEST TO SUBMIT WARRANT BY TELEPHONE<br>OR OTHER RELIABLE ELECTRONIC MEANS</u></b>

43.     I respectfully request, pursuant to Rules 4.1 and 41(d)(3) of the Federal Rules of Criminal Procedure, permission to communicate information to the Court by telephone in connection with this Application for a Search Warrant. I submit that Assistant U.S. Attorney Luke Jones, an attorney for the United States, is capable of identifying my voice and telephone number for the Court.

<b><u>CONCLUSION</u></b>

44.     Based on the forgoing, I request that the Court issue the proposed search warrant. Because the warrant will be served on PROVIDER, who will then compile the requested records at a time convenient to it, there exists reasonable cause to permit the execution of the requested warrant at any time in the day or night.  Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant.

Respectfully submitted,



Subscribed and sworn pursuant to Fed. R. Crim. P. 4.1 and 41(d)(3) on June 26th, 2020

_____
UNITED STATES MAGISTRATE JUDGE

16

# UNITED STATES MAGISTRATE JUDGE
# U.S. DISTRICT COURT BUILDING
# WASHINGTON, D.C.

PLEASE ISSUE:     [  ] Arrest   [ X ]  Search [  ]  Seizure

<table>
<tr><td>Warrant for:</td><td>INFORMATION ASSOCIATED WITH ONE ACCOUNT STORED AT PREMISES CONTROLLED BY FACEBOOK, INC. PURSUANT TO 18 U.S.C. 2703 FOR INVESTIGATION OF VIOLATION OF 18 U.S.C. 2101</td></tr>
</table>

Violation:    [  ] D.C.C.      [ X ] U.S.C.     [ X ] C.F.R.  Title: 18

Section(s):   2101

Date:     June 26, 2020

AUSA:    Luke M. Jones
         Assistant United States Attorney

Phone:    (202) 252-7066

Email:    luke.jones@usdoj.gov

---

COMPLETE FOR ALL WARRANTS:

*The following information must be provided for ALL warrants.*

Officer / Agent Name:    █████████

Badge/Agent Number:    ██████

Agency / Unit:    █████

Officer/Agent's 24 Hour Telephone Number (*i.e.*, cell number):  ███████

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | |
|---|---|
| In the Matter of the Search of | ) |
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) ) |
| INFORMATION ASSOCIATED WITH ONE ACCOUNT STORED AT PREMISES CONTROLLED BY FACEBOOK, INC. PURSUANT TO 18 U.S.C. 2703 FOR INVESTIGATION OF VIOLATION OF 18 U.S.C. 2101 | ) ) ) ) |

Case No. 20-SC-1616

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

See Attachment A incorporated herein and included as part of the Affidavit in Support of this Application for a Search Warrant

located in the      Northern      District of      California     , there is now concealed *(identify the person or describe the property to be seized):*

See Attachment B incorporated herein and included as part of the Affidavit in Support of this Application for a Search Warrant

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 2101 | Violations of the Federal Riot Act |

The application is based on these facts:

See attached Affidavit

☐ Continued on the attached sheet.

☐ Delayed notice of      days *(give exact ending date if more than 30 days:*      *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
     telephone      *(specify reliable electronic means).*

Date:      06/26/2020

2020.06.26 18:49:33 -04'00'

*Judge's signature*

City and state:      Washington, D.C.      Robin M. Meriweather, U.S. Magistrate Judge

*Printed name and title*

Case 1:20-sc-01609-RMM *SEALED* Document 1 Filed 08/09/26 Page 31 of 27

AO 93C  (08/18)  Warrant by Telephone or Other Reliable Electronic Means

☐ Original      ☐ Duplicate Original

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched*<br>*or identify the person by name and address)*<br>INFORMATION ASSOCIATED WITH ONE ACCOUNT<br>STORED AT PREMISES CONTROLLED BY FACEBOOK,<br>INC. PURSUANT TO 18 U.S.C. 2703 FOR INVESTIGATION<br>OF VIOLATION OF 18 U.S.C. 2101 | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No.  20-SC-1616 |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____Northern_____ District of _____California_____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A incorporated herein and included as part of the Affidavit in Support of this Application for a Search Warrant

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B incorporated herein and included as part of the Affidavit in Support of this Application for a Search Warrant

**YOU ARE COMMANDED** to execute this warrant on or before _____July 10, 2020_____ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____U.S. Magistrate Judge Robin M. Meriweather_____ .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C.
§ 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:  ____06/26/2020____

2020.06.26 18:49:53
-04'00'

*Judge's signature*

City and state:  ___Washington, D.C.___

Robin M. Meriweather U.S. Magistrate Judge
*Printed name and title*

AO 93C  (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

| **Return** | | |
|---|---|---|
| Case No.: <br> 20-SC-1616 | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name(s) of any person(s) seized:

**Certification**

       I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

**ATTACHMENT A**
**Property to Be Searched**

This warrant applies to information which is associated with the Instagram account(s) identified by

Instagram Account: ████████

and which is stored at premises owned, maintained, controlled, or operated by Facebook, Inc, a company that accepts service of legal process at 1601 Willow Road, Menlo Park, California.

**ATTACHMENT B**

**Particular Things to be Seized**

I.    **Information to be disclosed by Facebook Inc.**

To the extent that the information described in Attachment A is within the possession, custody, or control of Facebook, Inc. including any messages, records, files, logs, or information that have been deleted but are still available to Facebook, Inc. or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), Facebook, Inc. is required to disclose the following information to the government for each account listed in Attachment A:

a.    All identity and contact information, including full name, e-mail address, physical address (including city, state, and zip code), date of birth, phone numbers, gender, hometown, occupation, and other personal identifiers;

b.    All past and current usernames associated with the account;

c.    The dates and times at which the account and profile were created, and the Internet Protocol ("IP") address at the time of sign-up;

d.    All activity logs including IP logs and other documents showing the IP address, date, and time of each login to the account, as well as any other log file information;

e.    All information regarding the particular device or devices used to login to or access the account, including all device identifier information or cookie information, including all information about the particular device or devices used to access the account and the date and time of those accesses;

f.    All data and information associated with the profile page, including photographs, "bios," and profile backgrounds and themes;

g.    All communications or other messages sent or received by the account May 25, 2020 to the Present

h.    All user content created, uploaded, or shared by the account, including any comments made by the account on photographs or other content May 25, 2020 to the Present

i.    All photographs and images in the user gallery for the account May 25, 2020 to the Present

j.    All location data associated with the account, including geotags May 25, 2020 to the Present

k.    All data and information that has been deleted by the user May 25, 2020 to the Present

l.    A list of all of the people that the user follows on Instagram and all people who are following the user (*i.e.*, the user's "following" list and "followers" list), as well as any friends of the user;

m.    A list of all users that the account has "unfollowed" or blocked;

n.    All privacy and account settings;

o.    All records of Instagram searches performed by the account, including all past searches saved by the account May 25, 2020 to the Present

p.    All information about connections between the account and third-party websites and applications; and,

q.    All records pertaining to communications between Facebook, Inc. and any person regarding the user or the user's Instagram account, including contacts with support services, and all records of actions taken, including suspensions of the account.

Within fourteen days of the issuance of this warrant, PROVIDER shall deliver the information set forth above via United States mail, courier, or e-mail to the following:



2

## II.    Information to be seized by the government

All information described above in Section I that constitutes fruits, evidence, and instrumentalities of violations of 18 U.S.C. § 2101, including, for each user ID identified on Attachment A, information pertaining to the following matters:

      a.  Incitement or promotion or rioting in Washington, DC, between May 25, 2020 and present.

      b.  Evidence indicating how and when the Instagram account was accessed or used, to determine the chronological and geographic context of account access, use, and events relating to the crime under investigation and to the Instagram account owner;

      c.  Evidence indicating the Instagram account owner's state of mind as it relates to the crime under investigation;

      d.  The identity of the person(s) who created or used the user ID, including records that help reveal the whereabouts of such person(s).

      e.  The identity of the person(s) who communicated with the user ID matters relating to, including records that help reveal their whereabouts.

This warrant authorizes a review of electronically stored information, communications, other records and information disclosed pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the

disclosed electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

**III.    Government procedures for warrant execution**

The United States government will conduct a search of the information produced by the PROVIDER and determine which information is within the scope of the information to be seized specified in Section II.  That information that is within the scope of Section II may be copied and retained by the United States.

Law enforcement personnel will then seal any information from the PROVIDER that does not fall within the scope of Section II and will not further review the information absent an order of the Court. Such sealed information may include retaining a digital copy of all information received pursuant to the warrant to be used for authentication at trial, as needed.

# CERTIFICATE OF AUTHENTICITY OF DOMESTIC
## RECORDS PURSUANT TO FEDERAL RULES OF
### EVIDENCE 902(11) AND 902(13)

I, _____, attest, under penalties of perjury by the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this certification is true and correct. I am employed by _____ ("PROVIDER"), and my title is _____. I am a custodian of records for PROVIDER, and I am qualified to authenticate the records attached hereto because I am familiar with how the records were created, managed, stored, and retrieved. I state that the records attached hereto are true duplicates of the original records in the custody of PROVIDER. The attached records consist of:

_____

[GENERALLY DESCRIBE RECORDS (pages/CDs/megabytes)]

I further state that:

a.       all records attached to this certificate were made at or near the time of the occurrence of the matter set forth by, or from information transmitted by, a person with knowledge of those matters, they were kept in the ordinary course of the regularly conducted business activity of PROVIDER, and they were made by PROVIDER as a regular practice; and

b.       such records were generated by PROVIDER's electronic process or system that produces an accurate result, to wit:

1.       the records were copied from electronic device(s), storage medium(s), or file(s) in the custody of PROVIDER in a manner to ensure that they are true duplicates of the original records; and

2.       the process or system is regularly verified by PROVIDER, and at all times pertinent to the records certified here the process and system functioned properly and normally.

I further state that this certification is intended to satisfy Rules 902(11) and 902(13) of the Federal Rules of Evidence.

_____        _____
Date                                                          Signature

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH ONE ACCOUNT STORED AT PREMISES CONTROLLED BY FACEBOOK, INC. PURSUANT TO 18 U.S.C. 2703 FOR INVESTIGATION OF VIOLATION OF 18 U.S.C. 2101** | **SC No. 20-sc-1616**<br><br>**Filed Under Seal** |

*Reference:*    *USAO Ref. #* ▮▮▮▮▮▮ *Subject Account(s): Instagram Account:* ▮▮▮▮▮▮

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, ▮▮▮▮▮▮ being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.  I make this affidavit in support of an application for a search warrant for information which is associated with one account – that is, ▮▮▮▮▮▮ (the "SUBJECT INSTAGRAM ACCOUNT") – which is stored at premises controlled by Facebook, Inc. ("PROVIDER"), an electronic communications services provider and/or remote computing services provider which is headquartered at 1601 Willow Road, Menlo Park, California. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A), and 2703(c)(1)(A) to require PROVIDER to disclose to the government copies of the information (including the content of communications) further described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B, using the procedures described in Section III of Attachment B.



4.      The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents, witnesses, and agencies. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant. It does not set forth all of my knowledge, or the knowledge of others, about this matter.

5.      Based on my training and experience and the facts as set forth in this affidavit, I respectfully submit that there is probable cause to believe that violations of 18 U.S.C. § 2101 (Rioting) have been committed by the user of the SUBJECT INSTAGRAM ACCOUNT. There

is also probable cause to search the information described in Attachment A for evidence, instrumentalities, contraband or fruits of these crimes further described in Attachment B.

## JURISDICTION

6.      This Court has jurisdiction to issue the requested warrant because it is a "court of competent jurisdiction" as defined by 18 U.S.C. § 2711.  18 U.S.C. §§ 2703(a), (b)(1)(A), and (c)(1)(A).  Specifically, the Court is "a district court of the United States . . . that – has jurisdiction over the offense being investigated."  18 U.S.C. § 2711(3)(A)(i).  As discussed more fully below, acts or omissions in furtherance of the offenses under investigation occurred within Washington, DC.  *See* 18 U.S.C. § 3237.

## PROBABLE CAUSE

7.      The probable cause for this warrant comes from suspected violations of the Federal Riot Act, 18 U.S.C. § 2101, which reads, in part:

(a) Whoever travels in interstate or foreign commerce or uses any facility of interstate or foreign commerce, including, but not limited to, the mail, telegraph, telephone, radio, or television, with intent--

(1) to incite a riot; or

(2) to organize, promote, encourage, participate in, or carry on a riot; or

(3) to commit any act of violence in furtherance of a riot; or

(4) to aid or abet any person in inciting or participating in or carrying on a riot or committing any act of violence in furtherance of a riot;

and who either during the course of any such travel or use or thereafter performs or attempts to perform any other overt act for any purpose specified in subparagraph (A),(B), (C), or (D) of this paragraph—

Shall be fined under this title, or imprisoned not more than five years, or both.

8.      Under 18 U.S.C. § 2102(a),  the term "riot" means "a public disturbance involving (1) an act or acts of violence by one or more persons part of an assemblage of three or more persons, which act or acts shall constitute a clear and present danger of, or shall result in, damage or injury to the property of any other person or to the person of any other individual or (2) a threat or threats of the commission of an act or acts of violence by one or more persons part of an assemblage of three or more persons having, individually or collectively, the ability of immediate execution of such threat or threats, where the performance of the threatened act or acts of violence would constitute a clear and present danger of, or would result in, damage or injury to the property of any other person or to the person of any other individual."

### *Twitter Account*

9.      On Thursday, May 28, 2020, law enforcement agencies in the District of Columbia were made aware of a protests scheduled for May 28 and 29, 2020, that were organized in response to ███████████████████████████████████ and were promoted by the SUBJECT TWITTER ACCOUNT, which contained an avatar of an individual, as shown below:



10.      On May 28, 2020, and as shown below, the SUBJECT TWITTER ACCOUNT also posted the following text: ████████████████████████████

4



11.     Your Affiant other law enforcement officers were assigned to observe and coordinate resources for local law enforcement and the FBI in connection with protests within the District of Columbia during this period, and your affiant and other officers personally observed acts beginning on Friday, May 29, 2020, that appeared to satisfy the statutory definition of "riot," including the intentional burning of trees and trash cans, assaults on law enforcement with bricks and glass bottles, the destruction of private property, including the smashing of glass on storefronts, and the theft and looting of items from within stores, including at ████████

12.     On Saturday, May 30, 2020, and as shown below, the SUBJECT TWITTER ACCOUNT tweeted, ████████████████████████████



13.     On Sunday, May 31, 2020, and as shown below, law enforcement observed that the SUBJECT TWITTER ACCOUNT tweeted, ████████████████████████████████

████████████████████



14.     At some point after these tweets, the SUBJECT TWITTER ACCOUNT was suspended based on an apparent violation of Twitter's terms of service.



15.     Law enforcement submitted a preservation letter to Twitter, preserving the contents of the SUBJECT TWITTER ACCOUNT.

16.     Your Affiant used ████████████ to review tweets and replies from the Subject Account that were retained by Google. ████████████ temporarily stores pages from websites,

6

even if they are later altered, and is a useful open source method to view previous versions of webpages.

17. Based on the the ███████ review, your affiant observed that, under the tweet from the SUBJECT TWITTER ACCOUNT advertising the ████████████████████ the user of Twitter account ████████ identified himself as █████████████ ██████████████████████ The user of the SUBJECT TWITTER ACCOUNT identified himself as ████████



18. In the same review, your Affiant noted that two Twitter accounts cited concerns regarding the event, stating that it was not a peaceful protest and suggesting Government buildings be burned, as shown below.



19.     On a separate Twitter thread, the Twitter account for █████████ ████████████ tweeted that it had no affiliation with an event promoted by the Subject Account, and, and, the SUBJECT TWITTER ACCOUNT replied: ██████████████ ███████████



20.    Your Affiant notes that throughout law enforcement reporting, cached recovery, and personal observation, the Twitter vanity name of the SUBJECT TWITTER ACCOUNT changed from ███████████████████████████ Based on training, investigative experience, and personal experience, however, your affiant knows the vanity name on a Twitter account can be changed by a user and that changes do not typically reflect that a different user is using the account.

### Instagram Account

21.    During its investigation, law enforcement identified an Instagram account under the name "████████" (the "SUBJECT INSTAGRAM ACCOUNT") which utilizes the same avatar photo as the SUBJECT TWITTER ACCOUNT, as shown below.

█████████████████████████████████████████████
█████████████████████████████████████████████
█████████████████████████████████████████████
█████████████████████████████████████████████

22.    The SUBJECT INSTAGRAM ACCOUNT contained 23 posts starting on May 27, 2020, and relating to protest activity in Washington, DC.  For example, on May 28, 2020, and as shown below, the SUBJECT INSTAGRAM ACCOUNT posted, ███████████████████████ ████████████████████████████████████████████ In the comments section to the Instagram post, the user states, ██████████████████████ █████████████████████████████ These stores are all located in the ██████████████████ where apparent rioting activity was observed

9



23.    The SUBJECT INSTAGRAM ACCOUNT also posted a photo of a television screen showing what appears to have been ███████████ of the account user regarding protest activity, as well as an overhead photograph of protest activity.    Instagram user





***GoFundMe Page and User's True Name***

24.     The SUBJECT INSTAGRAM ACCOUNT has a web link to a GoFundMe page that appears to have raised over ████ related to the protests referenced above.  The creator of the GoFundMe page is listed as ████████ and the creator identifies himself as ██████ ████████

25.     Law Enforcement database queries of ████████ provided a positive return of  The ████████ for ████████ is consistent with the photos from the SUBJECT TWITTER ACCOUNT and the SUBJECT INSTAGRAM ACCOUNT.

26.     Based on the information above, your affiant submits there is probable cause to believe that violations of 18 U.S.C. § 2101 (Rioting) have been committed by the user of the SUBJECT TWITTER ACCOUNT AND SUBJECT INSTAGRAM ACCOUNT, and that acts or omissions in furtherance of the offenses under investigation occurred within Washington, DC.

There is also probable cause to search the information described in Attachment A for evidence, instrumentalities, contraband or fruits of these crimes further described in Attachment B.

## BACKGROUND CONCERNING PROVIDER'S ACCOUNTS

27.     PROVIDER owns and operates a free-access social-networking website that can be accessed at http://www.instagram.com.  PROVIDER allows its users to create their own profile pages, which can include a short biography, a photo of themselves, and other information.  Users can access Instagram through the Instagram website or by using a special electronic application ("app") created by the company that allows users to access the service through a mobile device.

28.     PROVIDER permits users to post photos to their profiles on Instagram and otherwise share photos with others on Instagram, as well as certain other social-media services, including Flickr, Facebook, and Twitter.  When posting or sharing a photo on Instagram, a user can add to the photo: a caption; various "tags" that can be used to search for the photo (e.g., a user made add the tag #vw so that people interested in Volkswagen vehicles can search for and find the photo); location information; and other information.  A user can also apply a variety of "filters" or other visual effects that modify the look of the posted photos.  In addition, Instagram allows users to make comments on posted photos, including photos that the user posts or photos posted by other users of Instagram.  Users can also "like" photos.

29.      Upon creating an Instagram account, an Instagram user must create a unique Instagram username and an account password.  This information is collected and maintained by Instagram.

30.     Instagram asks users to provide basic identity and contact information upon registration and also allows users to provide additional identity information for their user profile. This information may include the user's full name, e-mail addresses, and phone numbers, as well

as potentially other personal information provided directly by the user to Instagram.  Once an account is created, users may also adjust various privacy and account settings for the account on Instagram.  Instagram collects and maintains this information.

31.     Instagram allows users to have "friends," which are other individuals with whom the user can share information without making the information public.  Friends on Instagram may come from either contact lists maintained by the user, other third-party social media websites and information, or searches conducted by the user on Instagram profiles.  Instagram collects and maintains this information.

32.     Instagram also allows users to "follow" another user, which means that they receive updates about posts made by the other user.  Users may also "unfollow" users, that is, stop following them or block the, which prevents the blocked user from following that user.

33.     Instagram allow users to post and share various types of user content, including photos, videos, captions, comments, and other materials.  Instagram collects and maintains user content that users post to Instagram or share through Instagram.

34.     Instagram users may send photos and videos to select individuals or groups via Instagram Direct.  Information sent via Instagram Direct does not appear in a user's feed, search history, or profile.

35.     Users on Instagram may also search Instagram for other users or particular types of photos or other content.

36.     For each user, Instagram also collects and retains information, called "log file" information, every time a user requests access to Instagram, whether through a web page or through an app.  Among the log file information that Instagram's servers automatically record is the particular web requests, any Internet Protocol ("IP") address associated with the request, type

of browser used, any referring/exit web pages and associated URLs, pages viewed, dates and times of access, and other information.

37.     Instagram also collects and maintains "cookies," which are small text files containing a string of numbers that are placed on a user's computer or mobile device and that allows Instagram to collect information about how a user uses Instagram.  For example, Instagram uses cookies to help users navigate between pages efficiently, to remember preferences, and to ensure advertisements are relevant to a user's interests.

38.     Instagram also collects information on the particular devices used to access Instagram.  In particular, Instagram may record "device identifiers," which includes data files and other information that may identify the particular electronic device that was used to access Instagram.

39.     Instagram also collects other data associated with user content.  For example, Instagram collects any "hashtags" associated with user content (i.e., keywords used), "geotags" that mark the location of a photo and which may include latitude and longitude information, comments on photos, and other information.

40.     Instagram also may communicate with the user, by email or otherwise.  Instagram collects and maintains copies of communications between Instagram and the user.

41.     As explained herein, information stored in connection with an Instagram account may provide crucial evidence of the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or alternatively, to exclude the innocent from further suspicion.  In my training and experience, an Instagram user's account activity, IP log, stored electronic communications, and other data retained by Instagram, can indicate who has used or controlled the Instagram account.  This "user

attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence. For example, profile contact information, direct messaging logs, shared photos and videos, and captions (and the data associated with the foregoing, such as geo-location, date and time) may be evidence of who used or controlled the Instagram account at a relevant time. Further, Instagram account activity can show how and when the account was accessed or used. For example, as described herein, Instagram logs the Internet Protocol (IP) addresses from which users access their accounts along with the time and date. By determining the physical location associated with the logged IP addresses, investigators can understand the chronological and geographic context of the account access and use relating to the crime under investigation. Such information allows investigators to understand the geographic and chronological context of Instagram access, use, and events relating to the crime under investigation. Additionally, Instagram builds geo-location into some of its services. Geo-location allows, for example, users to "tag" their location in posts and Instagram "friends" to locate each other. This geographic and timeline information may tend to either inculpate or exculpate the Instagram account owner. Last, Instagram account activity may provide relevant insight into the Instagram account owner's state of mind as it relates to the offense under investigation. For example, information on the Instagram account may indicate the owner's motive and intent to commit a crime (e.g., information indicating a plan to commit a crime), or consciousness of guilt (e.g., deleting account information in an effort to conceal evidence from law enforcement).

42. Based on the information above, the computers of Instagram are likely to contain all the material described above with respect to the SUBJECT INSTAGRAM ACCOUNT, including stored electronic communications and information concerning subscribers and their use of Instagram, such as account access information, which would include information such as the IP

addresses and devices used to access the account, as well as other account information that might be used to identify the actual user or users of the account at particular times.

## REQUEST TO SUBMIT WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

43.     I respectfully request, pursuant to Rules 4.1 and 41(d)(3) of the Federal Rules of Criminal Procedure, permission to communicate information to the Court by telephone in connection with this Application for a Search Warrant. I submit that Assistant U.S. Attorney Luke Jones, an attorney for the United States, is capable of identifying my voice and telephone number for the Court.

## CONCLUSION

44.     Based on the forgoing, I request that the Court issue the proposed search warrant. Because the warrant will be served on PROVIDER, who will then compile the requested records at a time convenient to it, there exists reasonable cause to permit the execution of the requested warrant at any time in the day or night.  Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant.

Respectfully submitted,



Subscribed and sworn pursuant to Fed. R. Crim. P. 4.1 and 41(d)(3) on June 26th, 2020

2020.06.26 18:50:11 -04'00'

Robin M. Meriweather
UNITED STATES MAGISTRATE JUDGE