# ATTACHMENT

# A

*Redacted Docket Materials*

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| In the Matter of the Search of | | |
|---|---|---|
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) ) ) | Case No. 20-sc-3086 |
| INFORMATION ASSOCIATED WITH THREE ACCOUNTS STORED AT PREMISES CONTROLLED BY INSTAGRAM, LLC PURSUANT TO 18 U.S.C. 2703 FOR INVESTIGATION OF VIOLATION OF 18 U.S.C. 1591 AND 1952 | ) ) ) ) | |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

See Attachment A  incorporated herein and included as part of this Application for a Search Warrant.

located in the          Northern          District of          California          , there is now concealed *(identify the person or describe the property to be seized):*

See Attachment B incorporated herein and included as part of the attached Affidavit.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §1591; 18 U.S.C. §1952 | Sex Trafficking of Children; and Interstate Aid of Racketeering Enterprises |

The application is based on these facts:

See Attached Affidavit in Support of Search Warrant.

☐ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth ████████████████████████████

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by

_____ telephone _____ *(specify reliable electronic means).*

Date:          11/23/2020          _____
                                                              *Judge's signature*

City and state:  Washington, DC          Robin M. Meriweather U.S. Magistrate Judge
                                                              *Printed name and title*

AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means

☐ Original ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
### for the
### District of Columbia

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
INFORMATION ASSOCIATED WITH THREE ACCOUNTS STORED AT ) Case No. 20-sc-3086
PREMISES CONTROLLED BY INSTAGRAM, LLC PURSUANT TO 18 U.S.C. )
2703 FOR INVESTIGATION OF VIOLATION OF 18 U.S.C. 1591 AND 1952 )
)

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____Northern_____ District of _____California_____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A incorporated herein and included as part of this Application for a Search Warrant.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B incorporated herein and included as part of the attached Affidavit.

**YOU ARE COMMANDED** to execute this warrant on or before _____December 7, 2020_____ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m. ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____Robin M. Meriweather_____ .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued: _____11/23/2020_____

_____
*Judge's signature*

City and state: _____Washington, DC_____ Robin M. Meriweather U.S. Magistrate Judge
*Printed name and title*

AO 93C  (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

| Return | | |
|---|---|---|
| Case No.:<br>  20-sc-3086 | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |

| Certification |
|---|

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.


Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## ATTACHMENT A
### Property to Be Searched

This warrant applies to information which is associated with the Instagram, LLC ("PROVIDER" or "Instagram") account(s) identified as  that is stored at premises owned, maintained, controlled, or operated by Instagram, LLC, a company owned by Facebook, Inc., a company that accepts service of legal process at 1601 Willow Road, Menlo Park, California.

**ATTACHMENT B**

**Particular Things to be Seized and Procedures
to Facilitate Execution of the Warrant**

I.    **Information to be disclosed by Instagram, LLC ("PROVIDER") to facilitate execution of the warrant**

To the extent that the information described in Attachment A is within the possession, custody, or control of PROVIDER, including any records that have been deleted but are still available to PROVIDER, or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), PROVIDER is required to disclose the following information to the government corresponding to each account or identifier ("Account") listed in Attachment A:

    a.   For the time period **January 16, 2015 to present:** The contents of any available messages or other communication associated with the Account (including, but not limited to, messages, attachments, draft messages, posts, chats, video calling history, "friend" requests, discussions, recordings, images, or communications of any kind sent to and from the Account, including stored or preserved copies thereof) and related transactional records for all PROVIDER services used by an Account subscriber/user, including the source and destination addresses and all Internet Protocol ("IP") addresses associated with each message or other communication, the date and time at which each message or other communication was sent, and the size and length of each message or other communication;

    b.   For the time period **January 16, 2015 to present:**  All photos and videos uploaded, created, or shared by the Account (including any comments made related to such photos and videos) and all photos or videos uploaded in which the Account has been "tagged,"

1

including Exchangeable Image File ("EXIF") data and any other metadata associated

with those photos and videos;

c. Basic subscriber records and login history, including all records or other information

regarding the identification of the Account, to include

  i. All identity and contact information, such as full name, physical address, telephone numbers, birthdate, security questions and passwords, and other personal identifying information,
  ii. records of session times and durations,
  iii. the date on which the Account was created,
  iv. the length of service,
  v. types of services utilized by the Account,
  vi. the IP address used to register the Account and log-in IP addresses associated with session times and dates,
  vii. account status,
  viii. alternative e-mail addresses provided during registration,
  ix. all past and current usernames associates with the account,
  x. methods of connecting,
  xi. log files,
  xii. means and source of payment (including any credit or bank account number), and
  xiii. any account(s) linked by cookies;

d. For the time period **January 16, 2015 to present:** All records or other information

related to the Account, including address books, contact information and any "friend,"

"follower," and/or "following" lists; calendar data and files; profile information;

groups and networks of which the Account is a member; future and past event postings;

rejected "friend" requests and blocked users; status updates (including relationship

status updates); comments; gifts; "pokes"; "tags"; the account's usage of the "like"

feature, including all posts and any webpages and content that the user has "liked";

searches performed by the Account; and privacy settings;

e. For the time period **January 16, 2015 to present:** All location information associated

with the account and/or any content posted therein, including geotags;

2

f.  For the time period **January 16, 2015 to present:** All records pertaining to communications between PROVIDER and any person regarding the Account, including contacts with support services and records of actions taken;

g.  All records pertaining to devices associated with the Account and software used to create and access the Account, including device serial numbers, instrument numbers, model types/numbers, International Mobile Equipment Identities ("IMEI"), Mobile Equipment Identifiers ("MEID"), Global Unique Identifiers ("GUID"), Electronic Serial Numbers ("ESN"), Android Device IDs, phone numbers, Media Access Control ("MAC") addresses, operating system information, browser information, mobile network information, information regarding cookies and similar technologies, and any other unique identifiers that would assist in identifying any such device(s)**,** including unique application numbers and push notification tokens associated with the Account;

h.  All information held by PROVIDER related to the location and location history of the user(s) of the Account, including geographic locations associated with the Account (including those collected for non-PROVIDER based applications), IP addresses, Global Positioning System ("GPS") information, and information pertaining to nearby devices, Wi-Fi access points, and cell towers; and

i.  Information about any complaint, alert, or other indication of malware, fraud, or terms of service violation related to the Account or associated user(s), including any memoranda, correspondence, investigation files, or records of meetings or discussions about the Account or associated user(s) (but not including confidential communications with legal counsel).

3

Within 14 days of the issuance of this warrant, PROVIDER shall deliver the information set forth above via United States mail, courier, or e-mail to the following:



## II.    Information to be seized by the government

All information described above in Section I that constitutes fruits, contraband, evidence and instrumentalities of violations of 18 U.S.C. 1591 and 1952 as described in the affidavit submitted in support of this Warrant, including, for each Account, information pertaining to the following matters:

(a)  Information that constitutes evidence of the identification or location of the user(s) of the Account;

(b)  Information that constitutes evidence concerning persons who either (i) collaborated, conspired, or assisted (knowingly or unknowingly) the commission of the criminal activity under investigation; or (ii) communicated with the Account about matters relating to the criminal activity under investigation, including records that help reveal their whereabouts;

(c)  Information that constitutes evidence indicating the Account user's state of mind, *e.g.*, intent, absence of mistake, or evidence indicating preparation or planning, related to the criminal activity under investigation;

(d)  Information that constitutes evidence concerning how and when the Account was accessed or used, to determine the geographic and chronological context of account access, use, and events relating to the crime under investigation and to the Account user;

(e)  Information that constitutes evidence concerning the travel in interstate and uses a facility in interstate commerce, with the intent to distribute the proceeds of prostitution enterprise and the promotion, management, establishment, and carrying on of prostitution enterprise and sex trafficking of children.

5

(f) Information that constitutes evidence concerning the posting of videos, pictures, and comments with the intent to promote, manage, establish, carry on of a prostitution enterprise and sex trafficking of children.

(g) Information that constitutes evidence concerning the direct messages, to include videos and pictures, between identified and unidentified targets with the intent to promote, manage, establish, and carry on of a prostitution enterprise and sex trafficking of children.

### III.    Government procedures for warrant execution

The United States government will conduct a search of the information produced by the PROVIDER and determine which information is within the scope of the information to be seized specified in Section II.  That information that is within the scope of Section II may be copied and retained by the United States.

Law enforcement personnel will then seal any information from the PROVIDER that does not fall within the scope of Section II and will not further review the information absent an order of the Court. Such sealed information may include retaining a digital copy of all information received pursuant to the warrant to be used for authentication at trial, as needed.

# CERTIFICATE OF AUTHENTICITY OF DOMESTIC RECORDS PURSUANT TO FEDERAL RULES OF EVIDENCE 902(11) AND 902(13)

I, _____, attest, under penalties of perjury by the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this certification is true and correct. I am employed by _____ ("PROVIDER"), and my title is _____. I am a custodian of records for PROVIDER, and I am qualified to authenticate the records attached hereto because I am familiar with how the records were created, managed, stored, and retrieved. I state that the records attached hereto are true duplicates of the original records in the custody of PROVIDER. The attached records consist of:

_____

[GENERALLY DESCRIBE RECORDS (pages/CDs/megabytes)]

I further state that:

a.      all records attached to this certificate were made at or near the time of the occurrence of the matter set forth by, or from information transmitted by, a person with knowledge of those matters, they were kept in the ordinary course of the regularly conducted business activity of PROVIDER, and they were made by PROVIDER as a regular practice; and

b.      such records were generated by PROVIDER's electronic process or system that produces an accurate result, to wit:

1.      the records were copied from electronic device(s), storage medium(s), or file(s) in the custody of PROVIDER in a manner to ensure that they are true duplicates of the original records; and

2.      the process or system is regularly verified by PROVIDER, and at all times pertinent to the records certified here the process and system functioned properly and normally.

I further state that this certification is intended to satisfy Rules 902(11) and 902(13) of the Federal Rules of Evidence.

_____          _____

Date                                               Signature

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

IN THE MATTER OF THE SEARCH OF
INFORMATION ASSOCIATED WITH
THREE ACCOUNTS STORED AT
PREMISES CONTROLLED BY
INSTAGRAM, LLC PURSUANT TO 18
U.S.C. 2703 FOR INVESTIGATION OF
VIOLATION OF 18 U.S.C. 1591 AND 1952

**SC. No. 20-sc-3086**

**Filed Under Seal**

*Reference:*     *USAO Ref. #* ███████ *; Subject Account(s):* ████████
████████████████████

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, ████████████████████████ being first duly sworn,

hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.     I make this affidavit in support of an application for a search warrant for

information which is associated with three account[s] – that is, ████████████

████████████ (the "Target Accounts") – which is stored at premises

controlled by Instagram, LLC ("PROVIDER" or "Instagram"), a social networking company and

an electronic communications services provider and/or remote computing services provider owned

by Facebook, Inc. and which is headquartered at/ which accepts service at 1601 Willow Road

Menlo Park, California, 94025.  The information to be searched is described in the following

paragraphs and in Attachment A.  This affidavit is made in support of an application for a search

warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A), and 2703(c)(1)(A) to require PROVIDER to

disclose to the government copies of the information (including the content of communications)

further described in Section I of Attachment B.  Upon receipt of the information described in

Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B, using the procedures described in Section III of Attachment B.



3.     The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents, witnesses, and agencies.  This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant.  It does not set forth all of my knowledge, or the knowledge of others, about this matter.

4.     Based on my training and experience and the facts as set forth in this affidavit, I respectfully submit that there is probable cause to believe that violations of 18 U.S. Code § 1591 (Sex Trafficking of Children) and 1952 (Interstate Aid of Racketeering Enterprises), among others, have been committed by ███████████████, AND OTHER UNIDENTIFIED INDIVIDUALS.  There is also probable cause to search the information described in Attachment A for evidence, instrumentalities, contraband, or fruits of these crimes further described in Attachment B.

2

## JURISDICTION

5.     This Court has jurisdiction to issue the requested warrant because it is a "court of competent jurisdiction" as defined by 18 U.S.C. § 2711.  18 U.S.C. §§ 2703(a), (b)(1)(A), and (c)(1)(A).  Specifically, the Court is "a district court of the United States . . . that – has jurisdiction over the offense being investigated."  18 U.S.C. § 2711(3)(A)(i).  As discussed more fully below, acts or omissions in furtherance of the offenses under investigation occurred within Washington, DC.  *See* 18 U.S.C. § 3237.

## PROBABLE CAUSE









was provided an address of █████████ In a search for the ███████████████████████ located was in the ███████████████████ and found that ██████████████████████████ was ██████████████████████████████████ , appeared to provide access to █████████ was that located ███████████████

14.    On May 26, 2020, the Metropolitan Police Department of the District of ███████████ had executed a search for ██████████████████████████████ in reference to ███████████████ In review of the photographs and body-worn camera footage of

the search warrant, it appeared to match the location ███████████████████████

████████ Areas that appear to match are as follows:

████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████

    15.    On August 1, 2020, at approximately 0000 hours, █████████████████

Exploitation and Human Trafficking Task Force conducted █████████████████████

████████████████████ Loud music could be heard coming from the residence. The blinds

████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████

████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████





- On <span>███████</span> a search warrant for <span>████████████████</span> <span>███████████</span> was issued by Superior Court for the District of Columbia. On <span>███████</span> <span>███████████████</span> the search warrant for <span>███████████████</span> <span>█████████</span> was executed by FBI Washington Field Office SWAT, MPD/FBI Child Exploitation and Human Trafficking Task Force. The inside of the premises matched the location

<span>███</span>

19.    <span>███████</span> was located inside the premises and was interviewed. <span>████████</span> stated that he has "birthday parties" at the location but denied he was continually promoting

██████████████████████ denied that there was "V.I.P." and that anyone engaged in commercial sex acts at the location. ████████ denied that he had social media accounts, even when presented with the Instagram account ████████████. ████████ ended the interview and was free to leave.

20. In the header of Instagram account ████████████, it lists ████████████ ████████████████ and a link to the Instagram account ████████. Instagram account ████████ has a listed header of ██████████████████████ and both accounts has the same ████ logo. Instagram account ████████ has many of the same posted images and videos as Instagram account ████████████, along with numerous pictures of ████████. The Instagram accounts ████████ and ████████████ both posted numerous ██████████████████ under the tag ████████████ Listed in these advertisements is a link to the ██████████████████████ For example, on September 26, 2020, Instagram account ████████ posted an advertisement for "████████ with ██████████████████████ The advertisement had the listed message, ████

████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████

21. The Instagram account ████████████ has a listed header of "████████ ██████████████████████████████████ ██████████████ The Instagram account ████████████ has numerous posts containing advertisements for ██████████████ and o██████████████████████

████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████

22.   On June 24, 2020, PROVIDER was served with a preservation letter under 18 U.S.C. § 2703(f) related to ███████████ and ███████████ On June 29, 2020, PROVIDER was served with a preservation letter under 18 U.S.C. § 2703(f) related to ███████████

**BACKGROUND CONCERNING PROVIDER'S ACCOUNTS**

23.   PROVIDER (that is, Instagram) is the provider of the internet-based Target Accounts identified above.

24.   From a review of publicly available information provided by Instagram about its service, including Instagram's "Privacy Policy," discussions with other members of law enforcement, and in my training and experience, I am aware of the following about Instagram and about the information collected and retained by Instagram.

25.   Instagram owns and operates a free-access social-networking website of the same name that can be accessed at http://www.instagram.com.  Instagram allows its users to create their own profile pages, which can include a short biography, a photo of themselves, and other information.  Users can access Instagram through the Instagram website or by using a special electronic application ("app") created by the company that allows users to access the service through a mobile device.

26.   Instagram permits users to post photos to their profiles on Instagram and otherwise share photos with others on Instagram, as well as certain other social-media services, including Flickr, Facebook, and Twitter.  When posting or sharing a photo on Instagram, a user can add to the photo: a caption; various "tags" that can be used to search for the photo (*e.g.*, a user made add the tag #vw so that people interested in Volkswagen vehicles can search for and find the photo); location information; and other information.  A user can also apply a variety of "filters" or other visual effects that modify the look of the posted photos.  In addition, Instagram allows users to

11

make comments on posted photos, including photos that the user posts or photos posted by other users of Instagram. Users can also "like" photos.

27. Upon creating an Instagram account, an Instagram user must create a unique Instagram username and an account password. This information is collected and maintained by Instagram.

28. Instagram asks users to provide basic identity and contact information upon registration and also allows users to provide additional identity information for their user profile. This information may include the user's full name, e-mail addresses, and phone numbers, as well as potentially other personal information provided directly by the user to Instagram. Once an account is created, users may also adjust various privacy and account settings for the account on Instagram. Instagram collects and maintains this information. However, Instagram does not verify the information provided.

29. Instagram allows users to have "friends," which are other individuals with whom the user can share information without making the information public. Friends on Instagram may come from either contact lists maintained by the user, other third-party social media websites and information, or searches conducted by the user on Instagram profiles. Instagram collects and maintains this information.

30. Instagram also allows users to "follow" another user, which means that they receive updates about posts made by the other user. Users may also "unfollow" users, that is, stop following them or block the, which prevents the blocked user from following that user.

31. Instagram allow users to post and share various types of user content, including photos, videos, captions, comments, and other materials. Instagram collects and maintains user content that users post to Instagram or share through Instagram.

12

32. Instagram users may send photos and videos to select individuals or groups via Instagram Direct. Information sent via Instagram Direct does not appear in a user's feed, search history, or profile.

33. Users on Instagram may also search Instagram for other users or particular types of photos or other content.

34. For each user, Instagram also collects and retains information, called "log file" information, every time a user requests access to Instagram, whether through a web page or through an app. Among the log file information that Instagram's servers automatically record is the particular web requests, any Internet Protocol ("IP") address associated with the request, type of browser used, any referring/exit web pages and associated URLs, pages viewed, dates and times of access, and other information.

35. Instagram also collects and maintains "cookies," which are small text files containing a string of numbers that are placed on a user's computer or mobile device and that allows Instagram to collect information about how a user uses Instagram. For example, Instagram uses cookies to help users navigate between pages efficiently, to remember preferences, and to ensure advertisements are relevant to a user's interests.

36. Instagram also collects information on the particular devices used to access Instagram. In particular, Instagram may record "device identifiers," which includes data files and other information that may identify the particular electronic device that was used to access Instagram.

37. Instagram also collects other data associated with user content. For example, Instagram collects any "hashtags" associated with user content (*i.e.*, keywords used), "geotags"

13

that mark the location of a photo and which may include latitude and longitude information, comments on photos, and other information.

38.     Instagram also may communicate with the user, by email or otherwise. Instagram collects and maintains copies of communications between Instagram and the user.

39.     Subscribers to Instagram may access their accounts on servers maintained and/or owned by Instagram from any computer connected to the Internet located anywhere in the world.

40.     Instagram maintains electronic records pertaining to the individuals and companies for which it maintains subscriber accounts. These records include account access information, e-mail transaction information, and account application information. Any message that is sent to Instagram subscribers is stored in the subscriber's "mail box" on Instagram servers until the subscriber deletes the message or the subscriber's mailbox exceeds the storage limits preset by Instagram. If the message is not deleted by the subscriber, the account is below the maximum limit, and the subscriber accesses the account periodically, that message can remain on Instagram servers indefinitely.

41.     When the subscriber sends a message, it is initiated at the user's computer, transferred via the Internet to Instagram's servers, and then transmitted to its end destination. Instagram users have the option of saving a copy of the message sent. Unless the sender of the e-mail specifically deletes the message from the Instagram server, the e-mail can remain on the system indefinitely. The sender can delete the stored message, thereby eliminating it from the e-mail box maintained at Instagram, but that message will remain in the recipient's message box unless the recipient deletes it as well or unless the recipient's account is subject to account size limitations.

42.     An Instagram subscriber can store files, including e-mails and image files, on servers maintained and/or owned by Instagram.  E-mails and image files stored on an Instagram server by a subscriber may not necessarily be located in the subscriber's home computer.  The subscriber may store messages and/or other files on the Instagram server for which there is insufficient storage space in the subscriber's computer and/or which he/she does not wish to maintain in the computer in his/her residence.  A search of the files in the computer in the subscriber's residence will not necessarily uncover the files that the subscriber has stored on the Instagram server.

43.     As explained herein, information stored in connection with an Instagram account may provide crucial evidence of the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or alternatively, to exclude the innocent from further suspicion.  In my training and experience, an Instagram user's account activity, IP log, stored electronic communications, and other data retained by Instagram, can indicate who has used or controlled the Instagram account.  This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.  For example, profile contact information, direct messaging logs, shared photos and videos, and captions (and the data associated with the foregoing, such as geo-location, date and time) may be evidence of who used or controlled the Instagram account at a relevant time.  Further, Instagram account activity can show how and when the account was accessed or used.  For example, as described herein, Instagram logs the Internet Protocol (IP) addresses from which users access their accounts along with the time and date.

44.     By determining the physical location associated with the logged IP addresses, investigators can understand the chronological and geographic context of the account access and

15

use relating to the crime under investigation. Such information allows investigators to understand the geographic and chronological context of Instagram access, use, and events relating to the crime under investigation. Additionally, Instagram builds geo-location into some of its services. Geo-location allows, for example, users to "tag" their location in posts and Instagram "friends" to locate each other. This geographic and timeline information may tend to either inculpate or exculpate the Instagram account owner. Last, Instagram account activity may provide relevant insight into the Instagram account owner's state of mind as it relates to the offense under investigation. For example, information on the Instagram account may indicate the owner's motive and intent to commit a crime (*e.g.*, information indicating a plan to commit a crime), or consciousness of guilt (*e.g.*, deleting account information in an effort to conceal evidence from law enforcement).[1]

## REQUEST TO SUBMIT WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

45.     I respectfully request, pursuant to Rules 4.1 and 41(d)(3) of the Federal Rules of Criminal Procedure, permission to communicate information to the Court by telephone in connection with this Application for a Search Warrant. I submit that Assistant U.S. Attorney Jonathan P. Hooks, an attorney for the United States, is capable of identifying my voice and telephone number for the Court.

## CONCLUSION

---

[1] At times, social media providers such as PROVIDER can and do change the details and functionality of the services they offer. While the information in this section is true and accurate to the best of my knowledge and belief, I have not specifically reviewed every detail of PROVIDER's services in connection with submitting this application for a search warrant. Instead, I rely upon my training and experience, and the training and experience of others, to set forth the foregoing description for the Court.

46.     Based on the forgoing, I request that the Court issue the proposed search warrant. Because the warrant will be served on PROVIDER, who will then compile the requested records at a time convenient to it, there exists reasonable cause to permit the execution of the requested warrant at any time in the day or night.  Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant.

Respectfully submitted,



Subscribed and sworn telephonically pursuant to Fed. R. Crim. P. 4.1 and 41(d)(3) before me on  November 23, 2020

_____
HON. ROBIN M MERIWEATHER,
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched*<br>*or identify the person by name and address)*<br>INFORMATION ASSOCIATED WITH THREE ACCOUNTS<br>STORED AT PREMISES CONTROLLED BY INSTAGRAM,<br>LLC PURSUANT TO 18 U.S.C. 2703 FOR INVESTIGATION<br>OF VIOLATION OF 18 U.S.C. 1591 AND 1952 | )<br>)<br>)<br>)<br>)<br>)<br>)    Case No. 20-sc-3086 |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A  incorporated herein and included as part of this Application for a Search Warrant.

located in the    Northern    District of    California    , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B incorporated herein and included as part of the attached Affidavit.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

❒ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §1591; 18 U.S.C.<br>§1952 | Sex Trafficking of Children; and Interstate Aid of Racketeering Enterprises |

The application is based on these facts:

See Attached Affidavit in Support of Search Warrant.

❒ Continued on the attached sheet.

❒ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *) is requested under* 18 U.S.C. § 3103a, the basis of which is set forth

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by

_____ telephone _____ *(specify reliable electronic means)*.

Date:    11/23/2020

Robin M. Meriweather
2020.11.23 17:10:07 -05'00'

*Judge's signature*

City and state:    Washington, DC

Robin M. Meriweather U.S. Magistrate Judge

*Printed name and title*

Case 1:20-sc-03086-RMM SEALED Document 4-1 Filed 08/09/23 Page 32 of 29

☐ Original    ☐ Duplicate Original

AO 93C  (08/18)  Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | | |
|---|---|---|
| In the Matter of the Search of | ) | |
| *(Briefly describe the property to be searched* | ) | |
| *or identify the person by name and address)* | ) | Case No.  20-sc-3086 |
| INFORMATION ASSOCIATED WITH THREE ACCOUNTS STORED AT | ) | |
| PREMISES CONTROLLED BY INSTAGRAM, LLC PURSUANT TO 18 U.S.C. | ) | |
| 2703 FOR INVESTIGATION OF VIOLATION OF 18 U.S.C. 1591 AND 1952 | ) | |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:    Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____Northern_____ District of _____California_____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A incorporated herein and included as part of this Application for a Search Warrant.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B incorporated herein and included as part of the attached Affidavit.

**YOU ARE COMMANDED** to execute this warrant on or before _____December 7, 2020_____ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____Robin M. Meriweather_____ .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:   _____11/23/2020_____

Robin M. Meriweather
2020.11.23 17:10:34 -05'00'
*Judge's signature*

City and state:   _____Washington, DC_____

Robin M. Meriweather U.S. Magistrate Judge
*Printed name and title*

AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

| **Return** | | |
|---|---|---|
| Case No.:<br>20-sc-3086 | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name(s) of any person(s) seized:

**Certification**

      I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

**ATTACHMENT A**
**Property to Be Searched**

This warrant applies to information which is associated with the Instagram, LLC ("PROVIDER" or "Instagram") account(s) identified as ██████████████████████ ████████████████ that is stored at premises owned, maintained, controlled, or operated by Instagram, LLC, a company owned by Facebook, Inc., a company that accepts service of legal process at 1601 Willow Road, Menlo Park, California.

<u>**ATTACHMENT B**</u>

**Particular Things to be Seized and Procedures
to Facilitate Execution of the Warrant**

**I.     Information to be disclosed by Instagram, LLC ("PROVIDER") to facilitate
       execution of the warrant**

To the extent that the information described in Attachment A is within the possession,

custody, or control of PROVIDER, including any records that have been deleted but are still

available to PROVIDER, or have been preserved pursuant to a request made under 18 U.S.C.

§ 2703(f), PROVIDER is required to disclose the following information to the government

corresponding to each account or identifier ("Account") listed in Attachment A:

a. For the time period **January 16, 2015 to present:** The contents of any available
   messages or other communication associated with the Account (including, but not
   limited to, messages, attachments, draft messages, posts, chats, video calling history,
   "friend" requests, discussions, recordings, images, or communications of any kind sent
   to and from the Account, including stored or preserved copies thereof) and related
   transactional records for all PROVIDER services used by an Account subscriber/user,
   including the source and destination addresses and all Internet Protocol ("IP")
   addresses associated with each message or other communication, the date and time at
   which each message or other communication was sent, and the size and length of each
   message or other communication;

b. For the time period **January 16, 2015 to present:**  All photos and videos uploaded,
   created, or shared by the Account (including any comments made related to such photos
   and videos) and all photos or videos uploaded in which the Account has been "tagged,"

1

including Exchangeable Image File ("EXIF") data and any other metadata associated with those photos and videos;

c. Basic subscriber records and login history, including all records or other information regarding the identification of the Account, to include

    i. All identity and contact information, such as full name, physical address, telephone numbers, birthdate, security questions and passwords, and other personal identifying information,

    ii. records of session times and durations,

    iii. the date on which the Account was created,

    iv. the length of service,

    v. types of services utilized by the Account,

    vi. the IP address used to register the Account and log-in IP addresses associated with session times and dates,

    vii. account status,

    viii. alternative e-mail addresses provided during registration,

    ix. all past and current usernames associates with the account,

    x. methods of connecting,

    xi. log files,

    xii. means and source of payment (including any credit or bank account number), and

    xiii. any account(s) linked by cookies;

d. For the time period **January 16, 2015 to present:** All records or other information related to the Account, including address books, contact information and any "friend," "follower," and/or "following" lists; calendar data and files; profile information; groups and networks of which the Account is a member; future and past event postings; rejected "friend" requests and blocked users; status updates (including relationship status updates); comments; gifts; "pokes"; "tags"; the account's usage of the "like" feature, including all posts and any webpages and content that the user has "liked"; searches performed by the Account; and privacy settings;

e. For the time period **January 16, 2015 to present:** All location information associated with the account and/or any content posted therein, including geotags;

f. For the time period **January 16, 2015 to present:** All records pertaining to communications between PROVIDER and any person regarding the Account, including contacts with support services and records of actions taken;

g. All records pertaining to devices associated with the Account and software used to create and access the Account, including device serial numbers, instrument numbers, model types/numbers, International Mobile Equipment Identities ("IMEI"), Mobile Equipment Identifiers ("MEID"), Global Unique Identifiers ("GUID"), Electronic Serial Numbers ("ESN"), Android Device IDs, phone numbers, Media Access Control ("MAC") addresses, operating system information, browser information, mobile network information, information regarding cookies and similar technologies, and any other unique identifiers that would assist in identifying any such device(s)**,** including unique application numbers and push notification tokens associated with the Account;

h. All information held by PROVIDER related to the location and location history of the user(s) of the Account, including geographic locations associated with the Account (including those collected for non-PROVIDER based applications), IP addresses, Global Positioning System ("GPS") information, and information pertaining to nearby devices, Wi-Fi access points, and cell towers; and

i. Information about any complaint, alert, or other indication of malware, fraud, or terms of service violation related to the Account or associated user(s), including any memoranda, correspondence, investigation files, or records of meetings or discussions about the Account or associated user(s) (but not including confidential communications with legal counsel).

3

Within 14 days of the issuance of this warrant, PROVIDER shall deliver the information set forth above via United States mail, courier, or e-mail to the following:



## II.     Information to be seized by the government

All information described above in Section I that constitutes fruits, contraband, evidence and instrumentalities of violations of 18 U.S.C. 1591 and 1952 as described in the affidavit submitted in support of this Warrant, including, for each Account, information pertaining to the following matters:

(a) Information that constitutes evidence of the identification or location of the user(s) of the Account;

(b) Information that constitutes evidence concerning persons who either (i) collaborated, conspired, or assisted (knowingly or unknowingly) the commission of the criminal activity under investigation; or (ii) communicated with the Account about matters relating to the criminal activity under investigation, including records that help reveal their whereabouts;

(c) Information that constitutes evidence indicating the Account user's state of mind, *e.g.*, intent, absence of mistake, or evidence indicating preparation or planning, related to the criminal activity under investigation;

(d) Information that constitutes evidence concerning how and when the Account was accessed or used, to determine the geographic and chronological context of account access, use, and events relating to the crime under investigation and to the Account user;

(e) Information that constitutes evidence concerning the travel in interstate and uses a facility in interstate commerce, with the intent to distribute the proceeds of prostitution enterprise and the promotion, management, establishment, and carrying on of prostitution enterprise and sex trafficking of children.

(f) Information that constitutes evidence concerning the posting of videos, pictures, and comments with the intent to promote, manage, establish, carry on of a prostitution enterprise and sex trafficking of children.

(g) Information that constitutes evidence concerning the direct messages, to include videos and pictures, between identified and unidentified targets with the intent to promote, manage, establish, and carry on of a prostitution enterprise and sex trafficking of children.

### III.     Government procedures for warrant execution

The United States government will conduct a search of the information produced by the PROVIDER and determine which information is within the scope of the information to be seized specified in Section II.  That information that is within the scope of Section II may be copied and retained by the United States.

Law enforcement personnel will then seal any information from the PROVIDER that does not fall within the scope of Section II and will not further review the information absent an order of the Court. Such sealed information may include retaining a digital copy of all information received pursuant to the warrant to be used for authentication at trial, as needed.

## CERTIFICATE OF AUTHENTICITY OF DOMESTIC
## RECORDS PURSUANT TO FEDERAL RULES OF
## EVIDENCE 902(11) AND 902(13)

I, _____, attest, under penalties of perjury by the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this certification is true and correct.  I am employed by _____ ("PROVIDER"), and my title is _____.

I am a custodian of records for PROVIDER, and I am qualified to authenticate the records attached hereto because I am familiar with how the records were created, managed, stored, and retrieved.  I state that the records attached hereto are true duplicates of the original records in the custody of PROVIDER.  The attached records consist of:

_____

[GENERALLY DESCRIBE RECORDS (pages/CDs/megabytes)]

I further state that:

a.      all records attached to this certificate were made at or near the time of the occurrence of the matter set forth by, or from information transmitted by, a person with knowledge of those matters, they were kept in the ordinary course of the regularly conducted business activity of PROVIDER, and they were made by PROVIDER as a regular practice; and

b.      such records were generated by PROVIDER's electronic process or system that produces an accurate result, to wit:

1.      the records were copied from electronic device(s), storage medium(s), or file(s) in the custody of PROVIDER in a manner to ensure that they are true duplicates of the original records; and

2.      the process or system is regularly verified by PROVIDER, and at all times pertinent to the records certified here the process and system functioned properly and normally.

I further state that this certification is intended to satisfy Rules 902(11) and 902(13) of the Federal Rules of Evidence.

_____          _____

Date                                                          Signature

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH THREE ACCOUNTS STORED AT PREMISES CONTROLLED BY INSTAGRAM, LLC PURSUANT TO 18 U.S.C. 2703 FOR INVESTIGATION OF VIOLATION OF 18 U.S.C. 1591 AND 1952** | **SC. No. 20-sc-3086**<br><br>**Filed Under Seal** |

*Reference:     USAO Ref. #* ███████ *; Subject Account(s):* ███████████
███████████████████

### AFFIDAVIT IN SUPPORT OF
### AN APPLICATION FOR A SEARCH WARRANT

I, ████████████████████████████████ being first duly sworn,

hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.     I make this affidavit in support of an application for a search warrant for

information which is associated with three account[s] – that is, ██████████

██████████████████ (the "Target Accounts") – which is stored at premises

controlled by Instagram, LLC ("PROVIDER" or "Instagram"), a social networking company and

an electronic communications services provider and/or remote computing services provider owned

by Facebook, Inc. and which is headquartered at/ which accepts service at 1601 Willow Road

Menlo Park, California, 94025.  The information to be searched is described in the following

paragraphs and in Attachment A.  This affidavit is made in support of an application for a search

warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A), and 2703(c)(1)(A) to require PROVIDER to

disclose to the government copies of the information (including the content of communications)

further described in Section I of Attachment B.  Upon receipt of the information described in

Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B, using the procedures described in Section III of Attachment B.



3.     The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents, witnesses, and agencies.  This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant.  It does not set forth all of my knowledge, or the knowledge of others, about this matter.

4.     Based on my training and experience and the facts as set forth in this affidavit, I respectfully submit that there is probable cause to believe that violations of 18 U.S. Code § 1591 (Sex Trafficking of Children) and 1952 (Interstate Aid of Racketeering Enterprises), among others, have been committed by ███████████ AND OTHER UNIDENTIFIED INDIVIDUALS.  There is also probable cause to search the information described in Attachment A for evidence, instrumentalities, contraband, or fruits of these crimes further described in Attachment B.

2

## JURISDICTION

5.     This Court has jurisdiction to issue the requested warrant because it is a "court of competent jurisdiction" as defined by 18 U.S.C. § 2711.  18 U.S.C. §§ 2703(a), (b)(1)(A), and (c)(1)(A).  Specifically, the Court is "a district court of the United States . . . that – has jurisdiction over the offense being investigated."  18 U.S.C. § 2711(3)(A)(i).  As discussed more fully below, acts or omissions in furtherance of the offenses under investigation occurred within Washington, DC.  *See* 18 U.S.C. § 3237.

## PROBABLE CAUSE









was provided an address of ████████ In a search for the ████████ located was in the ████████ D.C. Surveillance was conducted and found that ████████ ██ was ████████, appeared to provide access to ████ was that located ████████

14.    On May 26, 2020, the Metropolitan Police Department of the District of ████████ had executed a search for ████████ in reference to ████████ In review of the photographs and body-worn camera footage of

the search warrant, it appeared to match the location 

Areas that appear to match are as follows:

15. On August 1, 2020, at approximately 0000 hours, members of the FBI Child

Exploitation and Human Trafficking Task Force conducted





- On ▮▮▮▮▮▮ a search warrant for ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ was issued by Superior Court for the District of Columbia. On ▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ the search warrant for ▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ was executed by FBI Washington Field Office SWAT, MPD/FBI Child Exploitation and Human Trafficking Task Force. The inside of the premises matched the location

19. ▮▮▮▮▮▮ was located inside the premises and was interviewed. ▮▮▮▮▮▮ stated that he has "birthday parties" at the location but denied he was continually promoting

█████████████████████ denied that there was "V.I.P." and that anyone engaged in commercial sex acts at the location. ████████ denied that he had social media accounts, even when presented with the Instagram account ██████████████ ████████ ended the interview and was free to leave.

20. In the header of ███████████████████ it lists ████████ ████████████████ and a link to the Instagram account ██████████ Instagram account █████████ has a listed header of "███████████████████████ and both accounts has the same "████" logo. Instagram account ████████ has many of the same posted images and videos as Instagram account ████████████ along with numerous pictures of ████████. The Instagram accounts ████████ and ████████████ both posted numerous ██████████████ under the tag ██████████ Listed in these advertisements is a link to the Instagram account ██████████████ For example, on September 26, 2020, Instagram account ████████ posted an advertisement for "████████ with ████████████████ The advertisement had the listed message,



21. The Instagram account ████████████ has a listed header of "█████████ ████████████████████████ █████████ The Instagram account ████████████ has numerous posts containing advertisements for "██████████ and ██████████████████

22.     On June 24, 2020, PROVIDER was served with a preservation letter under 18 U.S.C. § 2703(f) related to ███████████ and ███████ On June 29, 2020, PROVIDER was served with a preservation letter under 18 U.S.C. § 2703(f) related to ███████████

**BACKGROUND CONCERNING PROVIDER'S ACCOUNTS**

23.     PROVIDER (that is, Instagram) is the provider of the internet-based Target Accounts identified above.

24.     From a review of publicly available information provided by Instagram about its service, including Instagram's "Privacy Policy," discussions with other members of law enforcement, and in my training and experience, I am aware of the following about Instagram and about the information collected and retained by Instagram.

25.     Instagram owns and operates a free-access social-networking website of the same name that can be accessed at http://www.instagram.com. Instagram allows its users to create their own profile pages, which can include a short biography, a photo of themselves, and other information. Users can access Instagram through the Instagram website or by using a special electronic application ("app") created by the company that allows users to access the service through a mobile device.

26.     Instagram permits users to post photos to their profiles on Instagram and otherwise share photos with others on Instagram, as well as certain other social-media services, including Flickr, Facebook, and Twitter. When posting or sharing a photo on Instagram, a user can add to the photo: a caption; various "tags" that can be used to search for the photo (*e.g.*, a user made add the tag #vw so that people interested in Volkswagen vehicles can search for and find the photo); location information; and other information. A user can also apply a variety of "filters" or other visual effects that modify the look of the posted photos. In addition, Instagram allows users to

make comments on posted photos, including photos that the user posts or photos posted by other users of Instagram. Users can also "like" photos.

27. Upon creating an Instagram account, an Instagram user must create a unique Instagram username and an account password. This information is collected and maintained by Instagram.

28. Instagram asks users to provide basic identity and contact information upon registration and also allows users to provide additional identity information for their user profile. This information may include the user's full name, e-mail addresses, and phone numbers, as well as potentially other personal information provided directly by the user to Instagram. Once an account is created, users may also adjust various privacy and account settings for the account on Instagram. Instagram collects and maintains this information. However, Instagram does not verify the information provided.

29. Instagram allows users to have "friends," which are other individuals with whom the user can share information without making the information public. Friends on Instagram may come from either contact lists maintained by the user, other third-party social media websites and information, or searches conducted by the user on Instagram profiles. Instagram collects and maintains this information.

30. Instagram also allows users to "follow" another user, which means that they receive updates about posts made by the other user. Users may also "unfollow" users, that is, stop following them or block the, which prevents the blocked user from following that user.

31. Instagram allow users to post and share various types of user content, including photos, videos, captions, comments, and other materials. Instagram collects and maintains user content that users post to Instagram or share through Instagram.

32. Instagram users may send photos and videos to select individuals or groups via Instagram Direct. Information sent via Instagram Direct does not appear in a user's feed, search history, or profile.

33. Users on Instagram may also search Instagram for other users or particular types of photos or other content.

34. For each user, Instagram also collects and retains information, called "log file" information, every time a user requests access to Instagram, whether through a web page or through an app. Among the log file information that Instagram's servers automatically record is the particular web requests, any Internet Protocol ("IP") address associated with the request, type of browser used, any referring/exit web pages and associated URLs, pages viewed, dates and times of access, and other information.

35. Instagram also collects and maintains "cookies," which are small text files containing a string of numbers that are placed on a user's computer or mobile device and that allows Instagram to collect information about how a user uses Instagram. For example, Instagram uses cookies to help users navigate between pages efficiently, to remember preferences, and to ensure advertisements are relevant to a user's interests.

36. Instagram also collects information on the particular devices used to access Instagram. In particular, Instagram may record "device identifiers," which includes data files and other information that may identify the particular electronic device that was used to access Instagram.

37. Instagram also collects other data associated with user content. For example, Instagram collects any "hashtags" associated with user content (*i.e.*, keywords used), "geotags"

that mark the location of a photo and which may include latitude and longitude information, comments on photos, and other information.

38.     Instagram also may communicate with the user, by email or otherwise.  Instagram collects and maintains copies of communications between Instagram and the user.

39.     Subscribers to Instagram may access their accounts on servers maintained and/or owned by Instagram from any computer connected to the Internet located anywhere in the world.

40.     Instagram maintains electronic records pertaining to the individuals and companies for which it maintains subscriber accounts.  These records include account access information, e-mail transaction information, and account application information.  Any message that is sent to Instagram subscribers is stored in the subscriber's "mail box" on Instagram servers until the subscriber deletes the message or the subscriber's mailbox exceeds the storage limits preset by Instagram.  If the message is not deleted by the subscriber, the account is below the maximum limit, and the subscriber accesses the account periodically, that message can remain on Instagram servers indefinitely.

41.     When the subscriber sends a message, it is initiated at the user's computer, transferred via the Internet to Instagram's servers, and then transmitted to its end destination. Instagram users have the option of saving a copy of the message sent.  Unless the sender of the e-mail specifically deletes the message from the Instagram server, the e-mail can remain on the system indefinitely.  The sender can delete the stored message, thereby eliminating it from the e-mail box maintained at Instagram, but that message will remain in the recipient's message box unless the recipient deletes it as well or unless the recipient's account is subject to account size limitations.

42.     An Instagram subscriber can store files, including e-mails and image files, on servers maintained and/or owned by Instagram.  E-mails and image files stored on an Instagram server by a subscriber may not necessarily be located in the subscriber's home computer.  The subscriber may store messages and/or other files on the Instagram server for which there is insufficient storage space in the subscriber's computer and/or which he/she does not wish to maintain in the computer in his/her residence.  A search of the files in the computer in the subscriber's residence will not necessarily uncover the files that the subscriber has stored on the Instagram server.

43.     As explained herein, information stored in connection with an Instagram account may provide crucial evidence of the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or alternatively, to exclude the innocent from further suspicion.  In my training and experience, an Instagram user's account activity, IP log, stored electronic communications, and other data retained by Instagram, can indicate who has used or controlled the Instagram account.  This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.  For example, profile contact information, direct messaging logs, shared photos and videos, and captions (and the data associated with the foregoing, such as geo-location, date and time) may be evidence of who used or controlled the Instagram account at a relevant time.  Further, Instagram account activity can show how and when the account was accessed or used.  For example, as described herein, Instagram logs the Internet Protocol (IP) addresses from which users access their accounts along with the time and date.

44.     By determining the physical location associated with the logged IP addresses, investigators can understand the chronological and geographic context of the account access and

use relating to the crime under investigation. Such information allows investigators to understand the geographic and chronological context of Instagram access, use, and events relating to the crime under investigation. Additionally, Instagram builds geo-location into some of its services. Geo-location allows, for example, users to "tag" their location in posts and Instagram "friends" to locate each other. This geographic and timeline information may tend to either inculpate or exculpate the Instagram account owner. Last, Instagram account activity may provide relevant insight into the Instagram account owner's state of mind as it relates to the offense under investigation. For example, information on the Instagram account may indicate the owner's motive and intent to commit a crime (*e.g.*, information indicating a plan to commit a crime), or consciousness of guilt (*e.g.*, deleting account information in an effort to conceal evidence from law enforcement).[1]

## REQUEST TO SUBMIT WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

45.     I respectfully request, pursuant to Rules 4.1 and 41(d)(3) of the Federal Rules of Criminal Procedure, permission to communicate information to the Court by telephone in connection with this Application for a Search Warrant. I submit that Assistant U.S. Attorney Jonathan P. Hooks, an attorney for the United States, is capable of identifying my voice and telephone number for the Court.

## CONCLUSION

---

[1] At times, social media providers such as PROVIDER can and do change the details and functionality of the services they offer. While the information in this section is true and accurate to the best of my knowledge and belief, I have not specifically reviewed every detail of PROVIDER's services in connection with submitting this application for a search warrant. Instead, I rely upon my training and experience, and the training and experience of others, to set forth the foregoing description for the Court.

46.     Based on the forgoing, I request that the Court issue the proposed search warrant. Because the warrant will be served on PROVIDER, who will then compile the requested records at a time convenient to it, there exists reasonable cause to permit the execution of the requested warrant at any time in the day or night.  Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant.

Respectfully submitted,



Subscribed and sworn telephonically pursuant to Fed. R. Crim. P. 4.1 and 41(d)(3) before me on  November 23, 2020

Robin M. Meriweather
2020.11.23 17:11:06 -05'00'

_____
HON. ROBIN M MERIWEATHER,
UNITED STATES MAGISTRATE JUDGE