# ATTACHMENT

# A

*Redacted Docket Materials*

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | |
|---|---|
| In the Matter of the Search of | ) |
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) |
| | ) Case No. 20-sc-3119 |
| INFORMATION ASSOCIATED WITH ONE ACCOUNT STORED AT PREMISES CONTROLLED BY T-MOBILE US, INC. PURSUANT TO 18 U.S.C. 2703 FOR INVESTIGATION OF VIOLATION OF 18 U.S.C. §§ 115(a) and 875(c) | ) ) ) ) |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

**See Attachment A incorporated herein and included as part of the Affidavit in Support of this Application for a Search Warrant**

located in the _____ District of _____New Jersey_____ , there is now concealed *(identify the person or describe the property to be seized)*:

**See Attachment B incorporated herein and included as part of the Affidavit in Support of this Application for a Search Warrant**

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 875(c) | Interstate Communications |
| 18 U.S.C. § 115(a) | Influencing, impeding, or retaliating against a Federal official by threatening or injuring a family member |

The application is based on these facts:

**See attached Affidavit**

- ☑ Continued on the attached sheet.
- ☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by

_____**telephone**_____ *(specify reliable electronic means).*

Date: ____11/24/2020____

_____
Judge's signature

City and state: __Washington, D.C.__

Robin M. Meriweather, U.S. Magistrate Judge
_____
Printed name and title

AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means

☐ Original ☐ Duplicate Original

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched*<br>*or identify the person by name and address)*<br>INFORMATION ASSOCIATED WITH ONE ACCOUNT STORED<br>AT PREMISES CONTROLLED BY T-MOBILE US, INC.<br>PURSUANT TO 18 U.S.C. 2703 FOR INVESTIGATION OF<br>VIOLATION OF 18 U.S.C. §§ 115(a) and 875(c) | )<br>)<br>)<br>)<br>)<br>)<br>)    Case No. 20-sc-3119 |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:    Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ District of _____New Jersey_____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A incorporated herein and included as part of the Affidavit in Support of this Application for a Search Warrant

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B incorporated herein and included as part of the Affidavit in Support of this Application for a Search Warrant

**YOU ARE COMMANDED** to execute this warrant on or before _____December 8, 2020_____ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m. ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to ____U.S. Magistrate Judge Robin M. Meriweather____.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C.
§ 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: ____11/24/2020____      _____
*Judge's signature*

City and state:   Washington, D.C.      ____Robin M. Meriweather, U.S. Magistrate Judge____
*Printed name and title*

AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

| **Return** | | |
|---|---|---|
| Case No.:<br>  20-sc-3119 | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name(s) of any person(s) seized:

| **Certification** |
|---|

       I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## ATTACHMENT A

### Property to Be Searched

This warrant applies to records and information associated with the cellular telephone assigned call number (████████, ("the SUBJECT ACCOUNT"), that are stored at premises controlled by T-Mobile US, Inc. ("T-MOBILE"), a wireless communications service provider that is located at 4 Sylvan Way, Parsippany, NJ 07054.

**ATTACHMENT B**

**Particular Things to be Seized**

**I.    Information to be Disclosed by the Provider**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A:

  a.  The following information about the customers or subscribers of the Account:

   i.  Names (including subscriber names, user names, and screen names);

   ii.  Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

   iii.  Local and long distance telephone connection records;

   iv.  Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

   v.  Length of service (including start date) and types of service utilized;

   vi.  Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

   vii.  Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

   viii.  Means and source of payment for such service (including any credit card or bank account number) and billing records.

15

b. Information associated with each communication to and from the SUBJECT

ACCOUNT for a period of 45 days from the date of this warrant, including:

    i. Any unique identifiers associated with the cellular device, including ESN, MEIN, MSISDN, IMSI, SIM, or MIN;

    ii. Source and destination telephone numbers;

    iii. Date, time, and duration of communication; and

    iv. All data about the cell towers (i.e. antenna towers covering specific geographic areas) and sectors (i.e. faces of the towers) to which the SUBJECT ACCOUNT will connect at the beginning and end of each communication as well as any per-call measurement data.

c. Information associated with each communication to and from the SUBJECT

ACCOUNT for the period from September 1, 2020, to the present, including:

    i. Any unique identifiers associated with the cellular device, including ESN, MEIN, MSISDN, IMSI, SIM, or MIN;

    ii. Source and destination telephone numbers;

    iii. Date, time, and duration of communication; and

    iv. All data about the cell towers (i.e. antenna towers covering specific geographic areas) and sectors (i.e. faces of the towers) to which the SUBJECT ACCOUNT will connect at the beginning and end of each communication as well as any per-call measurement data.

## II.    Information to be Seized by the Government

All information described above in Section I that constitutes fruits, contraband, evidence, and instrumentalities of violations of 18 U.S.C §§ 115(a) and 875(c), as described in the affidavit submitted in support of this Warrant, including, for each SUBJECT ACCOUNT, information pertaining to the following matters:

(a) Information that constitutes evidence of the identification or location of the user(s) of the SUBJECT ACCOUNT;

(b) Information that constitutes evidence concerning persons who either (i) collaborated, conspired, or assisted (knowingly or unknowingly) the commission of the criminal activity under investigation; or (ii) communicated with the SUBJECT ACCOUNT about matters relating to the criminal activity under investigation, including records that help reveal their whereabouts;

(c) Information that constitutes evidence indicating the SUBJECT ACCOUNT user's or his co-conspirators' state of mind, *e.g.*, intent, absence of mistake, or evidence indicating preparation or planning, related to the criminal activity under investigation (note that such evidence may include the frequency, timing and duration of calls that may not directly relate to information described in Section II(d) – (g) herein);

(d) Information that constitutes evidence concerning how and when the SUBJECT ACCOUNT was accessed or used, to determine the geographic and chronological context of account access, use, and events relating to the crime under investigation and to the SUBJECT ACCOUNT user;

(e) Information that constitutes evidence concerning any plans or efforts, including coordinated efforts, to influence, intimidate, or impede the activities of a member of the United States Congress threatening communications or actions;

(f) Information that constitutes any plans to assassinate, kidnap, assault, injure or threaten any member of the United States Congress, including any conspiracy to do so with the assistance of another person; and

(g) Information that constitutes any plans to assassinate, kidnap, assault, injure or threaten any member of the United States Congress or any member of their

17

immediate family, including any conspiracy to do so with the assistance of another person.

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.

## CERTIFICATE OF AUTHENTICITY OF DOMESTIC
## RECORDS PURSUANT TO FEDERAL RULES OF EVIDENCE
## 902(11) AND 902(13)

       I, _____, attest, under penalties of perjury by the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this certification is true and correct. I am employed by T-MOBILE, and my title is _____. I am qualified to authenticate the records attached hereto because I am familiar with how the records were created, managed, stored, and retrieved. I state that the records attached hereto are true duplicates of the original records in the custody of T-MOBILE. The attached records consist of _____ _____**[GENERALLY DESCRIBE RECORDS (pages/CDs/megabytes)]**.

       I further state that:

       a.     all records attached to this certificate were made at or near the time of the occurrence of the matter set forth by, or from information transmitted by, a person with knowledge of those matters, they were kept in the ordinary course of the regularly conducted business activity of T-MOBILE, and they were made by T-MOBILE as a regular practice; and

       b.     such records were generated by T-MOBILE electronic process or system that produces an accurate result, to wit:

          1.     the records were copied from electronic device(s), storage medium(s), or file(s) in the custody of T-MOBILE in a manner to ensure that they are true duplicates of the original records; and the process or system is regularly verified by T-MOBILE, and at all times pertinent to the records certified here the process and system functioned properly and normally.

       I further state that this certification is intended to satisfy Rules 902(11) and 902(13) of the Federal Rules of Evidence.

_____     _____
Date                             Signature

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH ONE ACCOUNT STORED AT PREMISES CONTROLLED BY T-MOBILE US, INC. PURSUANT TO 18 U.S.C. 2703 FOR INVESTIGATION OF VIOLATION OF 18 U.S.C. §§ 115(a) and 875(c) | SC No. ___20-sc-3119_____<br><br>**Filed Under Seal** |

*Reference:    USAO Ref. #* ███████ *Subject Telephone Numbers:* (███████ **(T-Mobile US, Inc.)**

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, ████████████████████████████████ being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.     I make this affidavit in support of an application for a search warrant for information associated with a certain cellular device assigned with (███████ (the "TARGET NUMBER") that is in the custody or control of T-Mobile US, Inc. ("T-MOBILE"), a wireless communications service provider that is located at 4 Sylvan Way, Parsippany, NJ 07054. As a provider of wireless communications service, T-MOBILE is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15).

2.     The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. § 2703(c)(1)(A) and Federal Rule of Criminal Procedure 41 to require T-MOBILE disclose to the government the information further described in Section I of Attachment B. Upon receipt of

the information described in Section I of Attachments B, government-authorized persons will review the information to locate items described in Section II of Attachment B.

3. Because this warrant seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), the requested warrant is designed to also comply with the Pen Register Act. *See* 18 U.S.C. §§ 3121-3127. The requested warrant therefore includes all the information required to be included in an order pursuant to that statute. *See* 18 U.S.C. § 3123(b)(1).



6.     This affidavit is intended to show simply that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter or known by the government.  The information contained in this affidavit is based on my personal knowledge and observations made during the course of this investigation, information conveyed to me by other law enforcement officials, personal review of records, documents, and other physical evidence obtained during this investigation, and information I have gained through my training and experience.  When I assert that a statement was made by an individual, that statement is described in substance and in part, but my assertion is not necessarily intended to constitute a verbatim recitation of the entire statement. Dates and times referenced throughout this affidavit and described as "on [DATE]" should be read and understood as having occurred "on or about [DATE]."

## **RELEVANT STATUTES**

7.     As set forth in greater detail below, I believe there is probable cause to support the determination that ███████████████████ has made threatening statements over an online communication platform concerning acts of violence against a member of U.S. Congress. Further, I submit there is probable cause to support the determination that ███████ uses the TARGET NUMBER to obtain accounts to multiple online communication platforms, including where the threatening statement was made by ███████ .

8.     Based on my training and experience and the facts as set forth in this affidavit, I respectfully submit that there is probable cause to believe that violations of 18 U.S.C. §§ 875(c) and 115(a) have been committed, are being committed, and will be committed by ███████ , the user of the TARGET NUMBER. There is also probable cause to believe that the location

3

information described in Attachment B will constitute evidence of these criminal violations, and will lead to the identification of individuals engaged in their commission.

9.      Section 115(a)(1) of Title 18 makes it a crime for any person to assault, kidnap, or murder, or attempt or conspire to kidnap or murder, or to threaten to assault, kidnap, or murder a member of Congress of the United States and certain other specified persons.

10.     Section 875(c) of Title 18 provides in relevant part that: "[w]hoever transmits in interstate or foreign commerce any communication containing any threat . . . to injure the person of another" shall be subject to punishment of imprisonment and/or fine.

## JURISDICTION

11.     This Court has jurisdiction to issue the requested warrant because it is a "court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A), and (c)(1)(A). Specifically, the Court is "a district court of the United States . . . that – has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i). As discussed more fully below, acts or omissions in furtherance of the offenses under investigation occurred within Washington, DC. See 18 U.S.C. § 3237.

## PROBABLE CAUSE



12.     On or about November 10, 2020, an ███████████████████████ ████████████████ a user identified as ███████████████████████ ████████ had made threatening comments concerning ██████████████████

13.     Specifically, the ███████████████ on November 10, 2020, ████████████████ ███████████ had engaged in an electronic text communication on ██████████████████ ██████████████ (hereinafter referred to as ASSOCIATE). In his communications to ████████████████ stated the following, in relevant part:

4



14.

16. As an example, following ███████████ communications with ASSOCIATE, ███████████████████ threats against ███████████ in a ████████ with ████████ Their communications from November 17, 2020 are reproduced below, in relevant part:



17.    Your affiant submits that the foregoing communications between ███ and ███████████ about ████████████████████ further support the conclusion that the recently-banned ████████████████████████ and ███████████████ are all the same person.

18.    On November 10, 2020, ████████████ that during ████ communications with █████████████████████████████ that revealed the user's true name. Specifically, ████████████████████████████████████ provided a photograph of a █████████████████████████████ to ███ that the document was his, and he asserted that the document showed that he had been affiliated with the ███████████ The document sent ████████████ revealed the following



19.    In addition, ████████████████ with a photograph that ███████████████ to multiple users, including ███. The photograph showed ████████████████████ ████ In providing the photograph, ███████████ indicated that the person in the photograph was him.

20.    In addition, ███ █████████████████████████████████ in which ████████ indicated that he was living in ████████

21.    Records obtained through law enforcement resources, including the ███████████ ██████████████████████████████ corroborated that ████████ ███ was ██████████ The records also indicate that ████████ ████████ is located in

7



22. In addition, your affiant has assessed photographs of ████ available in open source, and your affiant concludes that the person in the picture referenced in paragraph 19 appears to be ████.

23. Through open source research conducted on November 17, 2020, the FBI determined that TARGET NUMBER belonged to ████. Further research confirmed the TARGET NUMBER was owned by T-Mobile US, Inc. The open source research also confirmed that the TARGET NUMBER was associated with a ████ that has been associated with ████ from May 2019 to November 2019.

24. Through my training and experience, your affiant is aware that many online electronic communication platforms, such as ████ assign a "user identification" (UID) number to an account created by the user and is associated to the user's created "username." The username can often times be changed by the individual user, however, ████ ████ determined that the account number or UID for ████ ████ Based on ████ experience and knowledge of ████ was able to obtain ████ ████ ██ was able to view ████ because ████.

8

████ The ████████████████████████████████████████

████████████████

25.    Law enforcement conducted a ████████████████████ and determined it was associated with TARGET NUMBER.  Specifically, the TARGET NUMBER was used to register the ████████████████

**ADDITIONAL INFORMATION CONCERNING** ████ █

26.    ████████████████████████████████████████



**BACKGROUND CONCERNING T-MOBILE**

28.     In my training and experience, I have learned that T-MOBILE is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including cell-site data, also known as "tower/face information" or "cell tower/sector records." Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data provides an approximate location of the cellular telephone but is typically less precise than other types of location information, such as E-911 Phase II data or Global Positioning Device ("GPS") data.

29.     Based on my training and experience, I know that T-MOBILE can collect cell-site data on a prospective basis about TARGET NUMBER. I also know that wireless providers such as T-MOBILE typically collect and retain cell-site data pertaining to cellular phones to which they provide service in their normal course of business in order to use this information for various business-related purposes.

30.     Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer was connected at the end of the communication; and (5) the duration of the communication.   I also know that wireless providers such as T-MOBILE typically collect and retain cell-site data pertaining to cellular devices to which they provide service in their normal course of business in order to use this information for various business-related purposes.

31.     Based on my training and experience, I know each cellular device has one or more unique identifiers embedded inside it.  Depending on the cellular network and the device, the embedded unique identifiers for a cellular device could take several different forms, including an Electronic Serial Number ("ESN"), a Mobile Electronic Identity Number ("MEIN"), a Mobile Identification Number ("MIN"), a Subscriber Identity Module ("SIM"), a Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), an International Mobile Subscriber Identifier ("IMSI"), or an International Mobile Equipment Identity ("IMEI"). The unique identifiers – as transmitted from a cellular device to a cellular antenna or tower – can be recorded by pen-trap devices and indicate the identity of the cellular device making the communication without revealing the communication's content.

32.     Based on my training and experience, I know that wireless providers such as T-MOBILE typically collect and retain information about their subscribers in their normal course of business. This information can include basic personal information about the subscriber, such as name and address, and the method(s) of payment (such as credit card account number) provided by the subscriber to pay for wireless telephone service. I also know that wireless providers such as

11

T-MOBILE typically collect and retain information about their subscribers' use of the wireless service, such as records about calls or other communications sent or received by a particular phone and other transactional records, in their normal course of business. In my training and experience, this information may constitute evidence of the crimes under investigation because the information can be used to assist in the identification of co-conspirators and/or victims.

## AUTHORIZATION REQUEST

33.     Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to 18 U.S.C. § 2703(c) and Federal Rule of Criminal Procedure 41.  The proposed warrant will also function as a pen register order under 18 U.S.C. § 3123 authorizing the installation and use of a pen register and/or trap and trace device to record, decode, and/or capture certain information in Attachments A-1 and A-2 for each communication to or from the **TARGET NUMBER**, without geographic limit, for a period of forty-five days (45) days pursuant to 18 U.S.C. § 3123(c)(1).

34.     I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation, including by giving targets an opportunity to destroy or tamper with evidence, change patterns of behavior, notify confederates, and flee from prosecution.

## REQUEST TO SUBMIT WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

35.     I respectfully request, pursuant to Rules 4.1 and 41(d)(3) of the Federal Rules of Criminal Procedure, permission to communicate information to the Court by telephone in

connection with this Application for a Search Warrant. I submit that Assistant U.S. Attorney Jason

███████████ an attorney for the United States, is capable of identifying my voice and

telephone number for the Court.

## **CONCLUSION**

36.     Based on the forgoing, I request that the Court issue the proposed search warrant

and that the Court direct T-MOBILE to disclose to the government any information described in

Section I of Attachment B that is within its possession, custody, or control. Because the warrant

will be served on T-MOBILE, who will then each compile the requested records at a time

convenient to it, there exists reasonable cause to permit the execution of the requested warrants at

any time in the day or night. Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement

officer is not required for the service or execution of the warrants.


Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
telephone.


Respectfully submitted,

███████████████████████

Subscribed and sworn pursuant to Fed. R. Crim. P. 4.1 and 41(d)(3) on November 24, 2020.


_____
ROBIN M. MERIWEATHER
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
### for the
### District of Columbia

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
INFORMATION ASSOCIATED WITH ONE ACCOUNT STORED ) Case No. 20-sc-3119
AT PREMISES CONTROLLED BY T-MOBILE US, INC. )
PURSUANT TO 18 U.S.C. 2703 FOR INVESTIGATION OF )
VIOLATION OF 18 U.S.C. §§ 115(a) and 875(c) )

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

See Attachment A incorporated herein and included as part of the Affidavit in Support of this Application for a Search Warrant

located in the _____ District of _____ New Jersey _____ , there is now concealed *(identify the person or describe the property to be seized):*

See Attachment B incorporated herein and included as part of the Affidavit in Support of this Application for a Search Warrant

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 875(c) | Interstate Communications |
| 18 U.S.C. § 115(a) | Influencing, impeding, or retaliating against a Federal official by threatening or injuring a family member |

The application is based on these facts:

**See attached Affidavit**

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by

_____ telephone _____ *(specify reliable electronic means).*

Date: ____ 11/24/2020 ____

City and state: Washington, D.C.

Robin M. Meriweather
2020.11.24 16:12:31 -05'00'

*Judge's signature*

Robin M. Meriweather, U.S. Magistrate Judge
*Printed name and title*

AO 93C  (08/18)  Warrant by Telephone or Other Reliable Electronic Means

☐ Original    ☐ Duplicate Original

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| In the Matter of the Search of | ) | |
|---|---|---|
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) ) | Case No.  20-sc-3119 |
| INFORMATION ASSOCIATED WITH ONE ACCOUNT STORED AT PREMISES CONTROLLED BY T-MOBILE US, INC. PURSUANT TO 18 U.S.C. 2703 FOR INVESTIGATION OF VIOLATION OF 18 U.S.C. §§ 115(a) and 875(c) | ) ) ) ) | |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ District of _____ New Jersey _____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A incorporated herein and included as part of the Affidavit in Support of this Application for a Search Warrant

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B incorporated herein and included as part of the Affidavit in Support of this Application for a Search Warrant

**YOU ARE COMMANDED** to execute this warrant on or before _____ December 8, 2020 _____ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.  ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____ U.S. Magistrate Judge Robin M. Meriweather _____ .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*  ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:  11/24/2020

Robin M. Meriweather
2020.11.24 16:12:54 -05'00'

*Judge's signature*

City and state:  Washington, D.C.

Robin M. Meriweather, U.S. Magistrate Judge
*Printed name and title*

AO 93C  (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

| **Return** | | |
|---|---|---|
| Case No.:<br>  20-sc-3119 | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |

| **Certification** |
|---|

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.


Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## ATTACHMENT A

### Property to Be Searched

This warrant applies to records and information associated with the cellular telephone assigned call number (███████, ("the SUBJECT ACCOUNT"), that are stored at premises controlled by T-Mobile US, Inc. ("T-MOBILE"), a wireless communications service provider that is located at 4 Sylvan Way, Parsippany, NJ 07054.

14

## ATTACHMENT B

### Particular Things to be Seized

**I.    Information to be Disclosed by the Provider**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A:

    a.    The following information about the customers or subscribers of the Account:

        i.    Names (including subscriber names, user names, and screen names);

        ii.    Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

        iii.    Local and long distance telephone connection records;

        iv.    Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

        v.    Length of service (including start date) and types of service utilized;

        vi.    Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

        vii.    Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

        viii.    Means and source of payment for such service (including any credit card or bank account number) and billing records.

b.  Information associated with each communication to and from the SUBJECT

ACCOUNT for a period of 45 days from the date of this warrant, including:

     i.  Any unique identifiers associated with the cellular device, including ESN, MEIN, MSISDN, IMSI, SIM, or MIN;

    ii.  Source and destination telephone numbers;

   iii.  Date, time, and duration of communication; and

   iv.  All data about the cell towers (i.e. antenna towers covering specific geographic areas) and sectors (i.e. faces of the towers) to which the SUBJECT ACCOUNT will connect at the beginning and end of each communication as well as any per-call measurement data.

c.  Information associated with each communication to and from the SUBJECT

ACCOUNT for the period from September 1, 2020, to the present, including:

     i.  Any unique identifiers associated with the cellular device, including ESN, MEIN, MSISDN, IMSI, SIM, or MIN;

    ii.  Source and destination telephone numbers;

   iii.  Date, time, and duration of communication; and

   iv.  All data about the cell towers (i.e. antenna towers covering specific geographic areas) and sectors (i.e. faces of the towers) to which the SUBJECT ACCOUNT will connect at the beginning and end of each communication as well as any per-call measurement data.

## II.  Information to be Seized by the Government

All information described above in Section I that constitutes fruits, contraband, evidence, and instrumentalities of violations of 18 U.S.C §§ 115(a) and 875(c), as described in the affidavit submitted in support of this Warrant, including, for each SUBJECT ACCOUNT, information pertaining to the following matters:

(a)  Information that constitutes evidence of the identification or location of the user(s) of the SUBJECT ACCOUNT;

(b) Information that constitutes evidence concerning persons who either (i) collaborated, conspired, or assisted (knowingly or unknowingly) the commission of the criminal activity under investigation; or (ii) communicated with the SUBJECT ACCOUNT about matters relating to the criminal activity under investigation, including records that help reveal their whereabouts;

(c) Information that constitutes evidence indicating the SUBJECT ACCOUNT user's or his co-conspirators' state of mind, *e.g.*, intent, absence of mistake, or evidence indicating preparation or planning, related to the criminal activity under investigation (note that such evidence may include the frequency, timing and duration of calls that may not directly relate to information described in Section II(d) – (g) herein);

(d) Information that constitutes evidence concerning how and when the SUBJECT ACCOUNT was accessed or used, to determine the geographic and chronological context of account access, use, and events relating to the crime under investigation and to the SUBJECT ACCOUNT user;

(e) Information that constitutes evidence concerning any plans or efforts, including coordinated efforts, to influence, intimidate, or impede the activities of a member of the United States Congress threatening communications or actions;

(f) Information that constitutes any plans to assassinate, kidnap, assault, injure or threaten any member of the United States Congress, including any conspiracy to do so with the assistance of another person; and

(g) Information that constitutes any plans to assassinate, kidnap, assault, injure or threaten any member of the United States Congress or any member of their

17

immediate family, including any conspiracy to do so with the assistance of another person.

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.

## CERTIFICATE OF AUTHENTICITY OF DOMESTIC RECORDS PURSUANT TO FEDERAL RULES OF EVIDENCE 902(11) AND 902(13)

I, _____, attest, under penalties of perjury by the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this certification is true and correct. I am employed by T-MOBILE, and my title is _____. I am qualified to authenticate the records attached hereto because I am familiar with how the records were created, managed, stored, and retrieved. I state that the records attached hereto are true duplicates of the original records in the custody of T-MOBILE. The attached records consist of _____ _____**[GENERALLY DESCRIBE RECORDS (pages/CDs/megabytes)]**.

I further state that:

a. all records attached to this certificate were made at or near the time of the occurrence of the matter set forth by, or from information transmitted by, a person with knowledge of those matters, they were kept in the ordinary course of the regularly conducted business activity of T-MOBILE, and they were made by T-MOBILE as a regular practice; and

b. such records were generated by T-MOBILE electronic process or system that produces an accurate result, to wit:

1. the records were copied from electronic device(s), storage medium(s), or file(s) in the custody of T-MOBILE in a manner to ensure that they are true duplicates of the original records; and the process or system is regularly verified by T-MOBILE, and at all times pertinent to the records certified here the process and system functioned properly and normally.

I further state that this certification is intended to satisfy Rules 902(11) and 902(13) of the Federal Rules of Evidence.

_____        _____
Date                                                        Signature

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH ONE ACCOUNT STORED AT PREMISES CONTROLLED BY T-MOBILE US, INC. PURSUANT TO 18 U.S.C. 2703 FOR INVESTIGATION OF VIOLATION OF 18 U.S.C. §§ 115(a) and 875(c)** | **SC No. ___20-sc-3119_____** <br><br> **Filed Under Seal** |

*Reference:*    *USAO Ref. #* ███████    *Subject Telephone Numbers:* (███████ **(T-Mobile US, Inc.)**

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, ████████████████████████████████████████ being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.      I make this affidavit in support of an application for a search warrant for information associated with a certain cellular device assigned with (███████ (the "TARGET NUMBER") that is in the custody or control of T-Mobile US, Inc. ("T-MOBILE"), a wireless communications service provider that is located at 4 Sylvan Way, Parsippany, NJ 07054. As a provider of wireless communications service, T-MOBILE is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15).

2.      The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. § 2703(c)(1)(A) and Federal Rule of Criminal Procedure 41 to require T-MOBILE disclose to the government the information further described in Section I of Attachment B. Upon receipt of

the information described in Section I of Attachments B, government-authorized persons will review the information to locate items described in Section II of Attachment B.

3.     Because this warrant seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," see 18 U.S.C. § 3127(3) & (4), the requested warrant is designed to also comply with the Pen Register Act. *See* 18 U.S.C. §§ 3121-3127. The requested warrant therefore includes all the information required to be included in an order pursuant to that statute. *See* 18 U.S.C. § 3123(b)(1).



6. This affidavit is intended to show simply that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter or known by the government. The information contained in this affidavit is based on my personal knowledge and observations made during the course of this investigation, information conveyed to me by other law enforcement officials, personal review of records, documents, and other physical evidence obtained during this investigation, and information I have gained through my training and experience. When I assert that a statement was made by an individual, that statement is described in substance and in part, but my assertion is not necessarily intended to constitute a verbatim recitation of the entire statement. Dates and times referenced throughout this affidavit and described as "on [DATE]" should be read and understood as having occurred "on or about [DATE]."

## RELEVANT STATUTES

7. As set forth in greater detail below, I believe there is probable cause to support the determination that ███████████████████ has made threatening statements over an online communication platform concerning acts of violence against a member of U.S. Congress. Further, I submit there is probable cause to support the determination that ████████ uses the TARGET NUMBER to obtain accounts to multiple online communication platforms, including where the threatening statement was made by ████████.

8. Based on my training and experience and the facts as set forth in this affidavit, I respectfully submit that there is probable cause to believe that violations of 18 U.S.C. §§ 875(c) and 115(a) have been committed, are being committed, and will be committed by ████████, the user of the TARGET NUMBER. There is also probable cause to believe that the location

3

information described in Attachment B will constitute evidence of these criminal violations, and will lead to the identification of individuals engaged in their commission.

9.    Section 115(a)(1) of Title 18 makes it a crime for any person to assault, kidnap, or murder, or attempt or conspire to kidnap or murder, or to threaten to assault, kidnap, or murder a member of Congress of the United States and certain other specified persons.

10.    Section 875(c) of Title 18 provides in relevant part that: "[w]hoever transmits in interstate or foreign commerce any communication containing any threat . . . to injure the person of another" shall be subject to punishment of imprisonment and/or fine.

## JURISDICTION

11.    This Court has jurisdiction to issue the requested warrant because it is a "court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A), and (c)(1)(A). Specifically, the Court is "a district court of the United States . . . that – has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i). As discussed more fully below, acts or omissions in furtherance of the offenses under investigation occurred within Washington, DC. See 18 U.S.C. § 3237.

## PROBABLE CAUSE



12.    On or about November 10, 2020, an ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ a user identified as ▮▮▮▮▮▮▮▮▮▮ had made threatening comments concerning ▮▮▮▮▮▮▮▮▮▮▮▮

13.    Specifically, the ▮▮▮▮▮▮▮▮ on November 10, 2020, ▮▮▮▮▮▮▮▮▮▮ had engaged in an electronic text communication on ▮▮▮▮▮▮▮▮▮▮ (hereinafter referred to as ASSOCIATE). In his communications to ▮▮▮▮▮▮▮▮ stated the following, in relevant part:

4



14.

16.    As an example, following  communications with ASSOCIATE, ███ ████████████████ threats against ██████████ in a ██████ with ████████ Their communications from November 17, 2020 are reproduced below, in relevant part:



17.     Your affiant submits that the foregoing communications between ████ and ████████████ about ████████████████ further support the conclusion that the recently-banned ████████████████████ and ████████████ are all the same person.

18.     On November 10, 2020, ████████████ that during ████ communications with ████████████████████ that revealed the user's true name. Specifically, ████████████████████████ provided a photograph of a ████████████████████ to ███ that the document was his, and he asserted that the document showed that he had been affiliated with the ████████████ The document sent ████████████ revealed the following



19.     In addition, ████████████ with a photograph that ████████████ to multiple users, including ███. The photograph showed ████████████ ████ In providing the photograph, ████████ indicated that the person in the photograph was him.

20.     In addition, ████████████████████████ in which ████████ indicated that he was living in ████████

21.     Records obtained through law enforcement resources, including the ████████ ████████████████████████████ corroborated that ████████████ was ████████████ The records also indicate that ████████ ████████ is located in



and that ███ ███ in ███ since at least ███ Furthermore, the ███ confirmed ███ past affiliation with the ███ and that he ███ Of note, records obtained through the ███ indicate that ███ ███ ███ ███

22.     In addition, your affiant has assessed photographs of ███ available in open source, and your affiant concludes that the person in the picture referenced in paragraph 19 appears to be ███ .

23.     Through open source research conducted on November 17, 2020, the FBI determined that TARGET NUMBER belonged to ███ . Further research confirmed the TARGET NUMBER was owned by T-Mobile US, Inc. The open source research also confirmed that the TARGET NUMBER was associated with a ███ that has been associated with ███ from May 2019 to November 2019.

24.     Through my training and experience, your affiant is aware that many online electronic communication platforms, such as ███ assign a "user identification" (UID) number to an account created by the user and is associated to the user's created "username." The username can often times be changed by the individual user, however, the ███ ███ determined that the account number or UID for ███ ███ ███ Based on the ███ experience and knowledge of ███ was able to obtain ███ ███ . The ███ was able to view ███ because ███

█████ The ████████████████████████████████████████████████
████████████.

25.     Law enforcement conducted a ███████████████████████ and determined it was associated with TARGET NUMBER.  Specifically, the TARGET NUMBER was used to register the ████████████████████

**ADDITIONAL INFORMATION CONCERNING ████ █**

26.     ████████████████████████████████████████████████



## BACKGROUND CONCERNING T-MOBILE

28.     In my training and experience, I have learned that T-MOBILE is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including cell-site data, also known as "tower/face information" or "cell tower/sector records." Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data provides an approximate location of the cellular telephone but is typically less precise than other types of location information, such as E-911 Phase II data or Global Positioning Device ("GPS") data.

29.     Based on my training and experience, I know that T-MOBILE can collect cell-site data on a prospective basis about TARGET NUMBER. I also know that wireless providers such as T-MOBILE typically collect and retain cell-site data pertaining to cellular phones to which they provide service in their normal course of business in order to use this information for various business-related purposes.

10

30.     Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer was connected at the end of the communication; and (5) the duration of the communication.   I also know that wireless providers such as T-MOBILE typically collect and retain cell-site data pertaining to cellular devices to which they provide service in their normal course of business in order to use this information for various business-related purposes.

31.     Based on my training and experience, I know each cellular device has one or more unique identifiers embedded inside it.  Depending on the cellular network and the device, the embedded unique identifiers for a cellular device could take several different forms, including an Electronic Serial Number ("ESN"), a Mobile Electronic Identity Number ("MEIN"), a Mobile Identification Number ("MIN"), a Subscriber Identity Module ("SIM"), a Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), an International Mobile Subscriber Identifier ("IMSI"), or an International Mobile Equipment Identity ("IMEI"). The unique identifiers – as transmitted from a cellular device to a cellular antenna or tower – can be recorded by pen-trap devices and indicate the identity of the cellular device making the communication without revealing the communication's content.

32.     Based on my training and experience, I know that wireless providers such as T-MOBILE typically collect and retain information about their subscribers in their normal course of business. This information can include basic personal information about the subscriber, such as name and address, and the method(s) of payment (such as credit card account number) provided by the subscriber to pay for wireless telephone service. I also know that wireless providers such as

11

T-MOBILE typically collect and retain information about their subscribers' use of the wireless service, such as records about calls or other communications sent or received by a particular phone and other transactional records, in their normal course of business. In my training and experience, this information may constitute evidence of the crimes under investigation because the information can be used to assist in the identification of co-conspirators and/or victims.

## AUTHORIZATION REQUEST

33.     Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to 18 U.S.C. § 2703(c) and Federal Rule of Criminal Procedure 41. The proposed warrant will also function as a pen register order under 18 U.S.C. § 3123 authorizing the installation and use of a pen register and/or trap and trace device to record, decode, and/or capture certain information in Attachments A-1 and A-2 for each communication to or from the **TARGET NUMBER**, without geographic limit, for a period of forty-five days (45) days pursuant to 18 U.S.C. § 3123(c)(1).

34.     I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation, including by giving targets an opportunity to destroy or tamper with evidence, change patterns of behavior, notify confederates, and flee from prosecution.

## REQUEST TO SUBMIT WARRANT BY TELEPHONE
## OR OTHER RELIABLE ELECTRONIC MEANS

35.     I respectfully request, pursuant to Rules 4.1 and 41(d)(3) of the Federal Rules of Criminal Procedure, permission to communicate information to the Court by telephone in

connection with this Application for a Search Warrant. I submit that Assistant U.S. Attorney Jason ███████████ an attorney for the United States, is capable of identifying my voice and telephone number for the Court.

## **CONCLUSION**

36.     Based on the forgoing, I request that the Court issue the proposed search warrant and that the Court direct T-MOBILE to disclose to the government any information described in Section I of Attachment B that is within its possession, custody, or control. Because the warrant will be served on T-MOBILE, who will then each compile the requested records at a time convenient to it, there exists reasonable cause to permit the execution of the requested warrants at any time in the day or night. Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of the warrants.

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Respectfully submitted,



Subscribed and sworn pursuant to Fed. R. Crim. P. 4.1 and 41(d)(3) on November 24, 2020.

Robin M. Meriweather
2020.11.24 16:13:15 -05'00'

_____
ROBIN M. MERIWEATHER
UNITED STATES MAGISTRATE JUDGE