# ATTACHMENT A

*Redacted Docket Materials*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF USA FOR 2703(d) ORDER FOR ONE EMAIL ACCOUNT SERVICED BY OATH HOLDINGS INC. FOR INVESTIGATION OF VIOLATION OF 15 U.S.C. § 78-dd-1 | SC No. 19-SC-375<br><br>Filed Under Seal |

*Reference:* USAO Ref. # ▮▮▮▮▮▮ ; *Subject Account(s):* ▮▮▮▮▮▮

### APPLICATION OF THE UNITED STATES
### FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require OATH HOLDINGS INC. ("PROVIDER"), an electronic communication service and/or remote computing service provider located in Sunnyvale, California, to disclose certain records and other information pertaining to the PROVIDER account(s) associated with the following ▮▮▮▮▮▮ accounts, as set forth in Part I of Attachment A to the proposed Order, within ten days of receipt of the Order: ▮▮▮▮▮▮ The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order. In support of this application, the United States asserts:

### LEGAL BACKGROUND AND JURISDICTION

1. PROVIDER is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require PROVIDER to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2. This Court has jurisdiction to issue the requested Order because it is "a court of

competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(d). Specifically, the Court is a "district court of the United States . . . that – has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

3. The criminal offenses under investigation began or were committed upon the high seas, or elsewhere out of the jurisdiction of any particular State or district, and one of the suspected joint offenders has a corporate residence in Washington, D.C. *See* 18 U.S.C. § 3238.

4. A court order under section 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that . . . the records or other information sought . . . are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

**RELEVANT FACTS**

5. The United States is investigating possible violations of 15 U.S.C. §§ 78-dd-1 and 78-dd-3 (FCPA), and 18 U.S.C. §§ 1956 and 1957 (money laundering).

6. ▓▓▓▓▓▓ is the world's largest private provider of ▓▓▓▓▓▓ It is based in ▓▓▓▓▓▓ and has numerous offices around the world, including ▓▓▓▓▓▓ In June 2016, ▓▓▓▓▓▓ which was registered with the Securities and Exchange Commission as a foreign issuer of securities and was listed on the NASDAQ stock exchange in the United States. As part of the acquisition, ▓▓▓▓▓▓ changed the name of ▓▓▓▓▓▓



2

7. Soon after the acquisition, some key employees of ▮▮▮▮ left the company to start a competing company called ▮▮▮▮. The circumstances surrounding their departure are now the subject of civil litigation in ▮▮▮.

8. Beginning on January 13, 2017, and continuing until March 13, 2018, ▮ twitter messages ("tweets") were issued on a twitter account in the name of ▮▮▮▮. The messages accused ▮▮▮▮ and some of their current and former employees, of committing various sorts of improprieties, including the payment of bribes to foreign government officials in order to pay bribes. The email account requested in this application belonged to a person who was either named personally in the tweets or who worked for a company that was named in the tweets as doing business with ▮▮▮▮ and who our investigation has determined had direct contact with one or more representatives of those companies as part of their business dealings. The person whose account is whose account is specified in this application is believed to reside in California and to have used his specified email account in connection with business transactions with ▮▮▮▮ as reflected in the fact that the government has identified the specified email accounts from discovery provided by ▮▮ ▮▮ showing communications between ▮▮▮▮ and that particular individual and email address.

9. After numerous tweets had been issued in 2017, ▮▮▮▮ approached the U.S. Department of Justice's Criminal Fraud Section and disclosed that it was being accused in social media of violating the Foreign Corrupt Practices Act (15 U.S.C. § 78dd-1, et seq.). The company (through its outside counsel) and the Justice Department have continued to remain in communication since then.

3

10. The last of the tweets is dated March 13, 2018. The company claims that the tweets stopped because it had identified the person sending the tweets as a result of civil litigation instituted in ▇▇▇▇▇▇▇▇ The twitter user was identified as ▇▇▇▇▇▇▇ a resident of ▇▇ who had previously worked for a company doing business with ▇▇▇▇ and was now reportedly working with or on behalf of some of the persons who formerly worked at ▇▇▇▇ and had left to work at ▇▇▇▇▇▇ According to ▇▇▇▇▇▇▇ reportedly agreed to a cease-and-desist order to stop posting negative tweets about ▇▇▇▇▇▇▇▇▇▇▇▇▇ and the tweets have stopped ever since that time.

11. Most of the persons and entities named in the tweets and accused of paying or accepting bribes reside outside the United States, and much of the alleged bribery scheme appears to have taken place outside the United States. In addition, if the investigation reveals that crimes were committed, then ▇▇▇▇ is highly likely to be a joint offender, and the company that acquired ▇▇▇▇▇▇▇▇ has a corporate office in ▇▇▇▇▇▇▇ although it is headquartered in ▇▇▇▇▇▇

12. The records associated with the e-mail accounts are relevant and material to the on-going criminal investigation. The information requested would assist the government in determining the veracity of the twitter allegations alleging foreign bribery and would also assist in identifying other related criminal conduct.

4

**REQUEST FOR ORDER**

13.     The facts set forth above show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.  Specifically, these items will help the United States to identify and locate the individual(s) who are responsible for the criminal activity under investigation, and to determine the nature and scope of that criminal activity.  Accordingly, the United States requests that PROVIDER be directed to produce all items described in Part II of Attachment A to the proposed Order within ten days of receipt of the Order.

14.     The United States further requests that the Order direct PROVIDER not to notify any person, including the subscriber or customer of each account listed in Part I of Attachment A, of the existence of the application of the United States or the Order for 180 days from the date of the Court's Order.  *See* 18 U.S.C. § 2705(b).  This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order."  *See* 18 U.S.C. § 2705(b).[1]

15.     In this case, the proposed Order seeks information relevant to establishing the illegal activity under investigation and identifying the individual(s) responsible.  Accordingly,

---

[1] The government relies on § 2705(b) to seek a preclusion-of-notice order because the government is requesting only non-content information pursuant to § 2703(d), an action which is authorized by § 2703(c).  *See* 18 U.S.C. § 2703(c)(1)(B) ("governmental entity may require a provider of electronic communication service or remote computing service to disclose a record or other information pertaining to a subscriber to or customer of such service (not including the contents of communications) only when [it] . . . obtains a court order for such disclosure under subsection (d) of this section").  Under § 2703(c), the government has no obligation to notify the subscriber.  *See* 18 U.S.C. § 2703(c)(3) ("governmental entity receiving records or information under this section is not required to provide notice to a subscriber or customer").

disclosure may reveal the existence, scope, and direction of the government's ongoing and confidential investigation. Once alerted to this investigation, potential target(s) could be immediately prompted to destroy or conceal incriminating evidence, alter their operational tactics to avoid future detection, and otherwise take steps to undermine the investigation and avoid future prosecution. In particular, given that they are known to use electronic communication and remote computing services, the potential target(s) could quickly and easily destroy or encrypt digital evidence relating to their criminal activity.

16. Therefore, based on the foregoing, there are reasonable grounds to believe that notification of the existence of this Order would result in flight from prosecution, destruction of or tampering with evidence, intimidation of potential witnesses, or other serious jeopardy to this investigation. *See* 18 U.S.C. § 2705(b)(2)-(5).

17. Given the complex nature of the criminal activity under investigation, the United States anticipates that this confidential investigation will continue for the next 180 days or longer.

18. Accordingly, this Court should command PROVIDER not to notify any other person (except attorneys for PROVIDER for the purpose of receiving legal advice) of the existence of the proposed Order for a period of 180 days (commencing on the date of the proposed Order), unless the period of nondisclosure is later modified by the Court. Should the court-ordered nondisclosure under Section 2705(b) become no longer needed because of the closure of the investigation or arrest of the account holder, the United States will make best efforts to notify the Court promptly and seek appropriate relief.

19. In this matter, the United States also requests that the instant Application and the Order be filed under seal. The Court has the inherent power to seal court filings when appropriate, including the proposed Order. *United States v. Hubbard*, 650 F.2d 293, 315-16 (D.C. Cir. 1980) (citing *Nixon v. Warner Commn'ns, Inc.*, 435 U.S. 589, 598 (1978)). More particularly, the Court may seal the Application and Order to prevent serious jeopardy to an ongoing criminal investigation when such jeopardy creates a compelling governmental interest in confidentiality. *See Washington Post v. Robinson*, 935 F.2d 282, 287-89 (D.C. Cir. 1991). For the reasons stated above, the United States has a compelling interest in confidentiality to justify sealing the Application and Order. *See id.*

          Respectfully submitted,

          JESSIE K. LIU
          United States Attorney
          DC Bar No. 472845

          */s/ Emily A. Miller*
          _____
          Emily A. Miller
          Assistant United States Attorney
          D.C. Bar Number 462077
          United States Attorney's Office
          555 Fourth Street, N.W.
          Washington, D.C. 20530
          Telephone: 202-252-6988
          Email: Emily.Miller2@usdoj.gov

          Gary J. Peters
          United States Department of Justice
          Criminal Division, Fraud Section
          1400 New York Avenue, N.W.
          Washington, D.C. 20005
          (202) 616-5006 (Direct)
          (202) 341-2174 (Cell)
          Email: Gary.Peters@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF USA FOR 2703(d) ORDER FOR ONE EMAIL ACCOUNT SERVICED BY OATH HOLDINGS INC. FOR INVESTIGATION OF VIOLATION OF 15 U.S.C. § 78-dd-1 | SC No. 19-SC-375<br><br>**Filed Under Seal** |

**ORDER**

The United States has submitted an Application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring OATH HOLDINGS INC. ("PROVIDER"), an electronic communication service and/or remote computing service provider located in Sunnyvale, California, to disclose the records and other information described in Attachment A to this Order. The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation. Furthermore, the Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, and intimidate potential witnesses. *See* 18 U.S.C. § 2705(b)(2)-(5).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that PROVIDER shall, within ten days of receipt of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 2705(b), that PROVIDER shall not disclose the existence of the application of the United States or this Order of the Court to any other person (except attorneys for PROVIDER for the purpose of receiving legal advice) for a period of

180 days (commencing on the date of this Order), unless the period of nondisclosure is later modified by the Court.

      IT IS FURTHER ORDERED that the Application and this Order are sealed until otherwise ordered by the Court, except that the United States may disclose the existence and/or contents of the Application and this Order to appropriate law enforcement authorities.

Date: _____
                                                                                UNITED STATES MAGISTRATE JUDGE

# ATTACHMENT A

## I. The Account(s)

The Order applies to certain records and other information for any Oath Holdings Inc. ("PROVIDER") account(s) associated with the following identifier(s):

- ██████████████

and any preserved data and/or preservation numbers associated therewith.

## II. Records and other information to be disclosed

### A. Information about the customer or subscriber of the Account(s)

PROVIDER is required to disclose to the United States the following records and other information, if available, for each account or identifier listed in Part I of this Attachment (the "Account(s)") constituting information about the customer or subscriber of the Account(s):

1. Names (including subscriber names, user names, and screen names);

2. Addresses (including mailing addresses, residential addresses, business addresses, and email addresses);

3. Local and long distance telephone connection records;

4. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

5. Length of service (including start date) and types of service utilized;

6. Telephone or instrument numbers (including MAC addresses);

7. Other subscriber numbers or identities (including the registration IP address), including any current or past accounts linked to the Account(s) by telephone number, recovery or alternate e-mail address, IP address, or other unique device or user identifier; and

8. Means and source of payment for such service (including any credit card or bank account number) and billing records.

9. A statement as to whether the Account(s) or any devices associated with the Account(s) had location services or GPS activated or enabled, and if so, whether PROVIDER does or does not have geolocation records available for the Account(s) or any devices associated with the Account(s) for the time period from January 1, 2018 to present.

**B. All records and other information relating to the Account(s) (except the contents of communications)**

PROVIDER is required to disclose to the United States the following records and other information, if available, for the Account(s) for the time period from account inception to the present, constituting all records and other information relating to the Account(s) (except the contents of communications), including:

1. Records of user activity for each connection made to or from the Account(s), including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses;

2. Information about each electronic communication sent or received by the Account(s), including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers), and any other associated header or routing information; and

3. Identification of any PROVIDER account(s) that are linked to the Account(s) by cookies, including all PROVIDER user IDs that logged into PROVIDER's services by the same machine as the Account(s).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF USA FOR 2703(d) ORDER FOR ONE EMAIL ACCOUNT SERVICED BY OATH HOLDINGS INC. FOR INVESTIGATION OF VIOLATION OF 15 U.S.C. § 78-dd-1 | SC No. 19-SC-375<br><br>**Filed Under Seal** |

# ORDER

The United States has submitted an Application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring OATH HOLDINGS INC. ("PROVIDER"), an electronic communication service and/or remote computing service provider located in Sunnyvale, California, to disclose the records and other information described in Attachment A to this Order. The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation. Furthermore, the Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, and intimidate potential witnesses. *See* 18 U.S.C. § 2705(b)(2)-(5).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that PROVIDER shall, within ten days of receipt of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 2705(b), that PROVIDER shall not disclose the existence of the application of the United States or this Order of the Court to any other person (except attorneys for PROVIDER for the purpose of receiving legal advice) for a period of

180 days (commencing on the date of this Order), unless the period of nondisclosure is later modified by the Court.

IT IS FURTHER ORDERED that the Application and this Order are sealed until otherwise ordered by the Court, except that the United States may disclose the existence and/or contents of the Application and this Order to appropriate law enforcement authorities.

Date: _____

DENIED

Digitally signed by G. Michael Harvey
Date: 2019.02.28 13:27:44 -05'00'

UNITED STATES MAGISTRATE JUDGE

Angela D. Caesar
Digitally signed by Angela D. Caesar
Date: 2019.02.28 16:41:50 -05'00'

2

# ATTACHMENT A

I. **The Account(s)**

The Order applies to certain records and other information for any Oath Holdings Inc. ("PROVIDER") account(s) associated with the following identifier(s):

- ███████████████

and any preserved data and/or preservation numbers associated therewith.

II. **Records and other information to be disclosed**

   A. **Information about the customer or subscriber of the Account(s)**

PROVIDER is required to disclose to the United States the following records and other information, if available, for each account or identifier listed in Part I of this Attachment (the "Account(s)") constituting information about the customer or subscriber of the Account(s):

1. Names (including subscriber names, user names, and screen names);

2. Addresses (including mailing addresses, residential addresses, business addresses, and email addresses);

3. Local and long distance telephone connection records;

4. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

5. Length of service (including start date) and types of service utilized;

6. Telephone or instrument numbers (including MAC addresses);

7. Other subscriber numbers or identities (including the registration IP address), including any current or past accounts linked to the Account(s) by telephone number, recovery or alternate e-mail address, IP address, or other unique device or user identifier; and

8. Means and source of payment for such service (including any credit card or bank account number) and billing records.

9. A statement as to whether the Account(s) or any devices associated with the Account(s) had location services or GPS activated or enabled, and if so, whether PROVIDER does or does not have geolocation records available for the Account(s) or any devices associated with the Account(s) for the time period from January 1, 2018 to present.

**B. All records and other information relating to the Account(s) (except the contents of communications)**

PROVIDER is required to disclose to the United States the following records and other information, if available, for the Account(s) for the time period from account inception to the present, constituting all records and other information relating to the Account(s) (except the contents of communications), including:

1. Records of user activity for each connection made to or from the Account(s), including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses;

2. Information about each electronic communication sent or received by the Account(s), including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers), and any other associated header or routing information; and

3. Identification of any PROVIDER account(s) that are linked to the Account(s) by cookies, including all PROVIDER user IDs that logged into PROVIDER's services by the same machine as the Account(s).

2