# ATTACHMENT A

*Redacted Docket Materials*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF USA FOR 2703(d) ORDER FOR ONE IP ADDRESS ACCOUNT SERVICED BY FACEBOOK FOR INVESTIGATION OF VIOLATION OF 18 U.S. Code § 373 | Misc. No. _____ 19-sc-139 _____<br><br>**Filed Under Seal** |

### APPLICATION OF THE UNITED STATES FOR AN ORDER
### PURSUANT TO 18 U.S.C. § 2703(d) DIRECTED AT FACEBOOK, INC.

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require Facebook, Inc. ("Facebook"), an electronic communications and/or remote computing service provider located in Menlo Park, California, to disclose certain records and other information relating to the accounts described in Part I of Attachment A to the proposed Order. The items to be disclosed are described in Part II of Attachment A. In support of this application, the United States asserts:

### LEGAL BACKGROUND

1.  Facebook is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require Facebook to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(1)-(2).

2.  This Court has jurisdiction to issue the requested Order because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A), (c)(1)(A). Specifically, the Court is a "district court of the United States . . . that – has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i). As discussed more fully below, the criminal offenses under investigation began or were committed upon the high seas, or

elsewhere out of the jurisdiction of any particular State or district, and no offender is known to have, or have had, residence within any United States district. *See* 18 U.S.C. § 3238. Furthermore, the offenses under investigation are the subject of a grand jury investigation in the District of Columbia.

3. A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## THE RELEVANT FACTS

4. The United States Capitol Police ("USCP") is investigating possible violations of, inter alia, 18 U.S. Code § 373 – solicitation to commit a crime of violence. Specifically, this investigation concerns the solicitation to commit a crime of violence against ▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ An unknown subject used the IP address of ▓▓▓▓▓▓▓▓ to communicate this threat. This subject has taken measures to conceal his criminal scheme and true identity, and appears to be operating from within the United States.

5. Specifically, the unidentified user of the IP address ▓▓▓▓▓▓▓▓ stated the following: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

6. During this investigation, the USCP obtained subscriber information from ▓▓▓▓

indicating the IP address ▇▇▇▇▇ was used to create the ▇▇▇ account and was used to make the threatening statement.

7. Due to the fact that the subject has gone through certain means to mask his identity, this order will assist the USCP in providing information to positively identify the subject to conduct further investigation and to mitigate any threat the subject might pose to ▇▇▇▇▇▇.

8. The proposed Order seeks records and other information (not including the contents of communications) concerning any Facebook products that were accessed by the IP address in question which may lead to evidence of the criminal activity under investigation and may help identify those responsible for the account(s).

**REQUEST FOR ORDER**

9. The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help the Government identify and locate the individual(s) who are responsible for the criminal activity under investigation, and determine the nature and scope of that criminal activity. Accordingly, the United States requests that Facebook be directed to produce all items described in Part II of Attachment A to the proposed Order.

10. The United States further requests that the Order require Facebook not to notify any other person of the existence of the Order, including the subscriber or customer of each account identified in Attachment A. *See* 18 U.S.C. § 2705(b). Acting under 18 U.S.C. § 2703(c)(1)-(2), the Government "is not required to provide notice to a subscriber or customer" regarding the

proposed Order. *See* 18 U.S.C. § 2703(c)(3). Furthermore, this Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom . . . [the] court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of . . . [the] court order." *See* 18 U.S.C. § 2705(b). Such a "nondisclosure order" must be issued if this Court finds "reason to believe that notification . . . will result in—(1) endangering the life or physical safety of an individual; (2) flight from prosecution; (3) destruction of or tampering with evidence; (4) intimidation of potential witnesses; or (5) otherwise seriously jeopardizing an investigation or unduly delaying a trial." *Id.*; *see In re Application for Order of Nondisclosure Pursuant to 18 U.S.C. § 2705(b) for Grand Jury Subpoena #GJ2014031422765*, 41 F. Supp. 3d 1, 5 (D.D.C. 2014) ("Once the government makes the required showing under § 2705(b), the court is required to issue the non-disclosure order.").

11. An order of nondisclosure is necessary because the proposed Order relates to an ongoing criminal investigation that is neither public nor known to the target(s) of the investigation, and its disclosure may alert the target(s) to the ongoing investigation. Once notified, potential target(s) would be prompted to destroy or conceal incriminating evidence, change patterns of behavior to evade future detection, and otherwise attempt to undermine the investigation and avoid prosecution. Accordingly, there is reason to believe that notification of the existence of the proposed Order would seriously jeopardize the investigation, including by giving potential target(s) an opportunity to flee from prosecution, destroy or tamper with evidence, and intimidate potential witnesses. *See* 18 U.S.C. § 2705(b)(2)-(5).

12. Given the complex nature of the criminal activity under investigation the Government anticipates that this investigation will remain ongoing and confidential for the next

year or longer. However, if circumstances were to change such that the requested order of nondisclosure becomes no longer necessary, the Government will notify the Court and seek appropriate relief.

13. In this matter, the Government also requests that the instant Application and the Order be filed under seal. The Court has the inherent power to seal court filings when appropriate, including the proposed Order. *United States v. Hubbard*, 650 F.2d 293, 315-16 (D.C. Cir. 1980) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)). More particularly, the Court may seal the Application and Order to prevent serious jeopardy to an ongoing criminal investigation when such jeopardy creates a compelling governmental interest in confidentiality. *See Washington Post v. Robinson*, 935 F.2d 282, 287-89 (D.C. Cir. 1991). For the reasons stated above, the Government has a compelling interest in confidentiality to justify sealing the Application and Order. *See id.*

Respectfully submitted,

By: _____/s/_____
Jolie F. Zimmerman
Assistant United States Attorney
Bar number is **465110**
555 4th Street, N.W. Room #11-451
Washington, DC 20530
202-252-7220
Jolie.Zimmerman@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF USA FOR 2703(d) ORDER FOR ONE IP ADDRESS ACCOUNT SERVICED BY FACEBOOK FOR INVESTIGATION OF VIOLATION OF 18 U.S. Code § 373 | Misc. No. _____**19-sc-139**_____<br><br>**Filed Under Seal** |

## ORDER

The United States has submitted an application under 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring Facebook, Inc. ("Facebook"), an electronic communications and/or remote computing service provider located in Menlo Park, California, to disclose the records and other information described in Attachment A to this Order.

The Court finds that the United States has offered specific and articulable facts showing reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation.

Furthermore, the Court determines that there are reasonable grounds to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to flee from prosecution, destroy or tamper with evidence, and intimidate potential witnesses. *See* 18 U.S.C. § 2705(b)(2)-(5).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that Facebook shall, within ten days of the date of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED under 18 U.S.C. § 2705(b) that Facebook shall not disclose the existence of this Order of the Court to any other person for a period of one year or until

otherwise ordered by the Court, except that Facebook may disclose this Order to an attorney for Facebook for the purpose of receiving legal advice.

      IT IS FURTHER ORDERED that the application and this Order are sealed until otherwise ordered by the Court.

                                                                                        _____
                                                                                UNITED STATES MAGISTRATE JUDGE

_____
Date

**ATTACHMENT A**

I. The Account(s)

The Order applies to certain records and other information for any Facebook account associated with the following identifier(s), and for any Facebook account linked thereto by telephone number, recovery email address, or registration Internet Protocol ("IP") address:



II. Records and Other Information to Be Disclosed

Facebook is required to disclose to the United States the following records and other information, if available, for each account or identifier listed in Part I of this Attachment (the "Account(s)") for the time period of ▓▓▓▓▓

A. Information about the customer or subscriber of the Account(s):

1. Names (including subscriber names, user names, and screen names);

2. Addresses (including mailing addresses, residential addresses, business addresses, and email addresses);

3. Local and long distance telephone connection records;

4. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

5. Length of service (including start date) and types of service utilized;

6. Telephone or instrument numbers (including MAC addresses), Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

1

7. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

8. Means and source of payment for such service (including any credit card or bank account number) and billing records.

**B. All records and other information relating to the Account(s) (except the contents of communications), including:**

1. Records of user activity for each connection made to or from the Account(s), including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses;

2. Information about each electronic communication sent or received by the Account(s), including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers), and any other associated header or routing information; and

# CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)

      I, _____, do hereby attest, under penalties of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this declaration is true and correct. I am employed by **[[PROVIDER FULL NAME]]**, and my official title is _____. I am a custodian of records for **[[PROVIDER]]**. I state that each of the records attached hereto is the original record or a true duplicate of the original record in the custody of **[[PROVIDER]]**, and that I am the custodian of the attached records consisting of _____ (pages/CDs/kilobytes). I further state that:

    a.    All records attached to this certificate were made at or near the time of the occurrence of the matter set forth, by, or from information transmitted by, a person with knowledge of those matters;

    b.    Such records were kept in the ordinary course of a regularly conducted business activity of **[[PROVIDER]]**; and

    c.    Such records were made by **[[PROVIDER]]** as a regular practice.

    I further state that this certification is intended to satisfy Rule 902(11) of the Federal Rules of Evidence.

_____    _____
Date                                                     Signature

3

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF USA FOR 2703(d) ORDER FOR ONE IP ADDRESS ACCOUNT SERVICED BY FACEBOOK FOR INVESTIGATION OF VIOLATION OF 18 U.S. Code § 373 | Misc. No. _____**19-sc-139**_____<br><br>**Filed Under Seal** |

## ORDER

The United States has submitted an application under 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring Facebook, Inc. ("Facebook"), an electronic communications and/or remote computing service provider located in Menlo Park, California, to disclose the records and other information described in Attachment A to this Order.

The Court finds that the United States has offered specific and articulable facts showing reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation.

Furthermore, the Court determines that there are reasonable grounds to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to flee from prosecution, destroy or tamper with evidence, and intimidate potential witnesses. *See* 18 U.S.C. § 2705(b)(2)-(5).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that Facebook shall, within ten days of the date of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED under 18 U.S.C. § 2705(b) that Facebook shall not disclose the existence of this Order of the Court to any other person for a period of one year or until

otherwise ordered by the Court, except that Facebook may disclose this Order to an attorney for Facebook for the purpose of receiving legal advice.

    IT IS FURTHER ORDERED that the application and this Order are sealed until otherwise ordered by the Court.

**Deborah A. Robinson**
Digitally signed by Deborah A. Robinson
Date: 2019.01.29 15:42:49 -05'00'

UNITED STATES MAGISTRATE JUDGE

_____
Date

**Angela D. Caesar**
Digitally signed by Angela D. Caesar
Date: 2019.01.30 10:10:22 -05'00'

# ATTACHMENT A

I. **The Account(s)**

The Order applies to certain records and other information for any Facebook account associated with the following identifier(s), and for any Facebook account linked thereto by telephone number, recovery email address, or registration Internet Protocol ("IP") address:



II. **Records and Other Information to Be Disclosed**

Facebook is required to disclose to the United States the following records and other information, if available, for each account or identifier listed in Part I of this Attachment (the "Account(s)") for the time period of ████████.

A. **Information about the customer or subscriber of the Account(s):**

1. Names (including subscriber names, user names, and screen names);

2. Addresses (including mailing addresses, residential addresses, business addresses, and email addresses);

3. Local and long distance telephone connection records;

4. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

5. Length of service (including start date) and types of service utilized;

6. Telephone or instrument numbers (including MAC addresses), Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

1

7. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

8. Means and source of payment for such service (including any credit card or bank account number) and billing records.

**B. All records and other information relating to the Account(s) (except the contents of communications), including:**

1. Records of user activity for each connection made to or from the Account(s), including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses;

2. Information about each electronic communication sent or received by the Account(s), including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers), and any other associated header or routing information; and

Case 1:23-cs-00199-DARN SEALED Document 105-1 Filed 12/08/20 Page 16 of 17

2

# CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)

I, _____, do hereby attest, under penalties of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this declaration is true and correct. I am employed by **[[PROVIDER FULL NAME]]**, and my official title is _____. I am a custodian of records for **[[PROVIDER]]**. I state that each of the records attached hereto is the original record or a true duplicate of the original record in the custody of **[[PROVIDER]]**, and that I am the custodian of the attached records consisting of _____ (pages/CDs/kilobytes). I further state that:

    a. All records attached to this certificate were made at or near the time of the occurrence of the matter set forth, by, or from information transmitted by, a person with knowledge of those matters;

    b. Such records were kept in the ordinary course of a regularly conducted business activity of **[[PROVIDER]]**; and

    c. Such records were made by **[[PROVIDER]]** as a regular practice.

I further state that this certification is intended to satisfy Rule 902(11) of the Federal Rules of Evidence.

_____    _____
Date    Signature

3