# ATTACHMENT

# A

*Redacted Docket Materials*

# UNITED STATES DISTRICT COURT

for the

District of Columbia

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

INFORMATION ASSOCIATED WITH A T-MOBILE CELL PHONE THAT IS STORED AT PREMISES CONTROLLED BY T-MOBILE

)
)
)
)
)
)

Case No.  19-sc-156

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*
See Attachment A.  The Court has authority to issue this warrant under 18 U.S.C. Sections 2703(c)(1)(A) and 2711(3)(A) and Federal Rule of Criminal Procedure 41.

located in the _____ District of _____ , there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841, 843; 18 U.S.C. §§ 922(n), 924(c) | (Distribution, Possession with Intent to Distribute Controlled Substance, use communication facility); (receiving a firearm/ammo while under indictment; possession of firearm in furtherance of violenct or drug trafficking crime |

The application is based on these facts:

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Sworn to before me and signed in my presence.

Date: _____

City and state:  Washington, DC

_____
*Judge's signature*

Deborah A. Robinson, U.S. Magistrate Judge
*Printed name and title*

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>INFORMATION ASSOCIATED WITH A T-MOBILE CELL<br>PHONE THAT IS STORED AT PREMISES<br>CONTROLLED BY T-MOBILE | )<br>)<br>)<br>)<br>)<br>)<br>) |

Case No.    19-sc-156

## SEARCH AND SEIZURE WARRANT

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ District of _____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A.  This Court has authority to issue this warrant under 18 U.S.C. §§ 2703(c)(1)(A) and 2711(3)(A)

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B

**YOU ARE COMMANDED** to execute this warrant on or before      February 7, 2019      *(not to exceed 14 days)*
❒ in the daytime 6:00 a.m. to 10:00 p.m.     ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to      Deborah A. Robinson, U.S. Magistrate Judge      .
                                                                                  *(United States Magistrate Judge)*

❒ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
    ❒ for _____ days *(not to exceed 30)*   ❒ until, the facts justifying, the later specific date of _____ .

Date and time issued: _____

City and state:      Washington, D.C.      _____
                                                      *Judge's signature*

                                                      Deborah A. Robinson, U.S. Magistrate Judge
                                                      *Printed name and title*

AO 93  (Rev. 11/13) Search and Seizure Warrant (Page 2)

| **Return** | | |
|---|---|---|
| Case No.: <br> 19-sc-156 | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name of any person(s) seized:

**Certification**

     I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## ATTACHMENT A (19-sc-156)

### Property to Be Searched

This warrant applies to records and information associated with the cellular telephone assigned call number ███████ ("the Account"), that are stored at premises controlled by T-Mobile ("the Provider"), a wireless telephone service provider that accepts service of process at Law Enforcement Relations, 4 Sylvan Way, Parsippany, New Jersey 07054.

### ATTACHMENT B (19-sc-156)

**Particular Things to be Seized**

I.     **Information to be Disclosed by the Provider**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A for the time period September 24, 2018, through January 23, 2019:

    a.   The following information about the customers or subscribers of the Account:

        i.   Names (including subscriber names, user names, and screen names);

        ii.   Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

        iii.   Local and long distance telephone connection records;

        iv.   Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

        v.   Length of service (including start date) and types of service utilized;

        vi.   Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

vii. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

viii. Means and source of payment for such service (including any credit card or bank account number) and billing records.

b. All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the Account, including:

i. the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses); and

ii. information regarding the cell tower and antenna face (also known as "sectors") through which the communications were sent and received, as well as data known as "Tru-Call" data by T-Mobile.

## II.     Information to be Seized by the Government

All information described above in Section I that constitutes evidence, fruits, contraband, and instrumentalities of violations of 18 U.S.C. §§ 922(n) and 924(c)(1)(a) and 21 U.S.C. §§ 841(a) and 843 involving ███████████ during the period September 24, 2018, through January 23, 2019.

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH A T-MOBILE CELL PHONE THAT IS STORED AT PREMISES CONTROLLED BY T-MOBILE | Case No. 19-sc-156<br><br>**Under Seal** |

## AFFIDAVIT IN SUPPORT OF APPLICATION FOR A SEARCH WARRANT

I, ███████████████████████████████████ ████████████████████████████████████████ ████████████ being duly sworn, depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I submit this affidavit in support of an application for a search warrant for information associated with a certain cellular telephone assigned call number ███████ (hereinafter, "**TARGET TELEPHONE**"), subscriber unknown, that is stored at premises controlled by T-Mobile, a wireless telephone service provider that accepts service of process at Law Enforcement Relations, 4 Sylvan Way, Parsippany, New Jersey 07054. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. § 2703(c)(1)(A) to require T-Mobile to disclose to the government copies of the information further described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review the information to locate items described in Section II of Attachment B. ,

████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████

1



4.      Based on my training, experience, and participation in criminal organization investigations, and the training and experience of other agents/officers with whom I am working on this investigation, I know that:

a)      Individuals engaged in organized criminal activity—including narcotics-trafficking—commonly utilize cellular telephonic communications to further their criminal activities by coordinating the distribution of assets, distributing or concealing the illegal proceeds of their activities, and coordinating other efforts of coconspirators; it is also common for criminal organizations to use multiple mobile phones in order to avoid detection by law enforcement by minimizing obvious patterns of use, among other reasons;

b)      Individuals engaged in organized criminal activity—including narcotics-trafficking—commonly utilize cellular telephones and cellular telephone technology to communicate and remain in contact with coconspirators;

c)      Individuals engaged in organized criminal activity—including narcotics-trafficking—commonly utilize cellular telephones to exchange information with coconspirators through text messaging and instant messaging in addition to direct telephone conversations; and

d)      Individuals engaged in organized criminal activity—including narcotics trafficking—often engage in face-to-face meetings with coconspirators, and in doing so often bring their cellular telephones with them.

5.   The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses.  This affidavit is intended

3

to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

6.   Based on the facts set forth in this affidavit, there is probable cause to believe that violations of  18 U.S.C. § 922(n) (receiving a firearm and/or ammunition while under indictment for offenses punishable in excess of twelve months),  18 U.S.C. § 924(c)(1)(a) (possession of a firearm in furtherance of a crime of violence or drug trafficking crime), 21 U.S.C. § 841(a) (possession with intent to distribute and distribution of controlled substances; and 21 U.S.C. § 843 (the use of communication facilities to facilitate the commission of such offenses) have been committed, are being committed, and based on the pattern observed will continue to be committed, by ███████████████████ who is believed to be the user of the **TARGET TELEPHONE**. There is also probable cause to search the information described in Attachment A for evidence of these crimes as further described in Attachment B, and to believe that the information gleaned therefrom will lead to the identification of individuals who are engaged in the commission of these offenses, as well as locations where firearms and/or controlled dangerous substances are stored and awaiting distribution.

## JURISDICTION

7.   This Court has jurisdiction to issue the requested warrant because it is a "court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. § 2703(a), (b)(1)(A) & (c)(1)(A).  Specifically, the Court is "a district court of the United States . . . that – has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).  One purpose of applying for this warrant is to determine the previous locations of the **TARGET TELEPHONE.** However, as set forth in more detail below, there is reason to believe the **TARGET TELEPHONE** is currently located somewhere within the District of Columbia and/or the

4

█████████ and further reason to believe that crimes described herein have

occurred at least in part in the District of Columbia. As discussed more fully below, acts or

omissions in furtherance of the offenses under investigation are believed to have occurred within

Washington, D.C. See 18 U.S.C. § 3237.

### OVERVIEW OF INVESTIGATION AND STATEMENT OF PROBABLE CAUSE

8.   Over the past several months, ATF has been investigating violent crime in █████████

█████ of Washington, D.C. As part of its investigation, ATF has been monitoring public posts

on the social media website Instagram made by a number of targets, to include, █████████ Via

postings on Instagram, █████████ has been observed on numerous occasions possessing

firearms and large amounts of suspected █████ more indicative of narcotics distribution and

possession with intent to distribute, than personal use.

9.   Instagram is a photo and video-sharing social networking service. Your affiant

understands that Instagram is commonly utilized through an "app" on a smartphone. The app

allows users to upload photos and videos to the service, which can be edited with various filters,

and organized with tags and location information. An account's posts can be shared publicly or

with pre-approved followers.

10.   Investigators are familiar with the individual in the photographs and videos holding the

firearms and in possession of the suspected █████ Investigators compared prior arrest

photographs to the photographs and videos on Instagram. Investigators positively identified the

individual posting the photographs and videos on Instagram as █████████ A

check of █████ criminal history revealed he is under indictment for offenses punishable in

excess of twelve months and prohibited from receiving firearms. More specifically, on █████

█████ a Grand Jury for █████████ issued a felony indictment against

█████████ According to court documents,█████

5

was arraigned on ███████ and pled not guilty to the above charges. ███████
subsequently pled guilty to ████████████████████████████
████████████████ in the Circuit Court of the County of ████████████
████████ Your affiant understands that ███████ is currently on release in
that case and is awaiting sentencing, which is scheduled for ███████████.

11.  As described in detail below, from September of 2018- January of 2019, Instagram
photographs and videos of ███████ were posted on Instagram that depicted him possessing
numerous firearms and/or suspected narcotics, specifically large amounts of ███████ more
indicative of narcotics distribution than personal use. ███████ posted the photographs and
videos using the Instagram username, ██████████.

12.  On or about September 24, 2018, ███████ posted a video of himself possessing a
██████████████████████ In the video, investigators
observed a ██████████████████████ Investigators also
observed the ██████████████████████ Reference the below
screenshot of the video:

13. On or about September 24, 2018, ███████ posted a video of ███████████ ███ resting on what appears to be his lap. One of those firearms is ██████████ ████████ Reference the below screenshots of the video:



14. On or about September 25, 2018, ███████ posted a video of himself possessing a ███████████████████ inside a vehicle. In the video, ██████ pans the camera from a ███████████ resting on his lap, to himself (Of note: ██████ is wearing a ski-mask and hood over his head), and then zooms in on a ██████ ██████ parked across the street. Reference the below screenshots of the video: Given the presence of the ███████ which appears to be parked on the side of the road, your affiant believes that ██████ was likely within the District of Columbia at the time that he possessed the ███████ as captured by the video.



15.  As previously mentioned, on ██████████ a Grand Jury issued a ██████████ against ████████████████████████ According to court documents, ██████████ was arraigned on ██████████ and pled not guilty to the above charges. ██████████ subsequently pled guilty to ████████████████████████████ ████████████████████████

16.  On or about November 22, 2018, ██████████ posted a live video of himself possessing ████████████████████████ from inside an unknown residence.  Your affiant would note that because the video was "live," the possession in fact occurred on November 22, 2018.  Reference the below screenshots of the video:



17.  On or about November 24, 2018, ▮▮▮▮▮ posted photographs of himself possessing ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ more indicative of possession with intent to distribute than personal use.  Based on my training and experience, I understand that those who distribute drugs frequently utilize firearms in support of their illicit activities.  Your affiant therefore believes there is probable cause to believe that the firearm possessed by ▮▮▮▮▮ is being utilized in furtherance of drug trafficking activity  Reference the below screenshots:



18. On or about November 27, 2019, ▮▮▮▮▮ posted a video of himself holding a ▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, is also clearly visible). Reference the below screenshot of the video:



19. On or about November 30, 2018, ▮▮▮▮▮ posted a videos of himself possessing an ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Reference the below screenshots of the video:

10



20.   On or about December 15, 2018, ███████ posted a video of himself and another unidentified individual possessing firearms.  In the videos, ████████ is holding a █████ ███████████████████████████████████████████ Your affiant would note that, based on his training and experience, cash is frequently utilized in the furtherance of drug trafficking activities.

21.   On or about December 21, 2018, ███████ posted a video of himself possessing what appears to be ███████████████████ Reference the below screenshot of the video:



22.   On or about January 4, 2019, ███████ posted videos of himself possessing a ███████ ███████████ inside a vehicle.  Several other unidentified individuals are also observed inside the vehicle.

23.   On or about January 6, 2019, ███████ posted a video of himself possessing a ███████ ████████████ inside a vehicle.

24. On or about January 7, 2019, ███████ posted a video of himself possessing a ██████████████████████ more indicative of possession with intent to distribute, than personal use.

25.   On or about January 8, 2019, ███████ posted a video of himself possessing a ███████ ████████████████

26. On or about January 10, 2019, ███████ posted a live (real-time) video of himself holding ██████████████████████████████████████ ███  In the same live video, two (2) unidentified males are also observed holding ████████

███████████ Your affiant would note that because the video was "live," the possession of the firearms in fact occurred on January 10, 2019.

27. On or about January 16, 2019, ███████ posted a video of himself holding a ███ ███████████████████ also posted an Instagram story captioned, ████████ ████████████████ with a picture of a gun emoji. On the same date, ████████ posted a video of ██████████████████ lying on a carpet floor in front of him. The aforementioned post was captioned, ████████████████████████████ █████████████████████████████████████████ ████ On the same date, █████████ posted another video of himself inside a vehicle with a ██████████████ in his waistband.

28. On or about January 8, 2019, your affiant spoke with █████████ regarding Mr. ██████████ contact information. █████████ provided your affiant with telephone number, ████████ ████ (the TARGET TELEPHONE), as █████████ telephone number. It was last verified by ████████████ on January 8, 2019, after █████████ called ███████ on that number. Prior to that date, █████████████ had ██████ telephone number as ████████████

29. On or about January 9, 2019, your affiant spoke with █████████ regarding █████████ home address. On that date, █████████ met wit ████████████ in person and informed them his home address was ██████████████████████████████ Prior to January 9, 2019, █████████ had told █████████████ his home address was ████████ ████████████████████████████████ Your affiant would note that both



the TARGET TELEPHONE and his previously-provided telephone number utilize an area code for the District of Columbia. Given his previously-provided address in ████████ as well as the Instagram posting of September 25, 2018, which shows the presence of an ████████ ████████, your affiant believes it probable that ████████ continues to enter and leave the District of Columbia.[2] Furthermore, your affiant believes it probable that at least some of the activities described above and taking place after the defendant was arraigned on ████████ ████ likely took place within the District of Columbia.

30. It is unlawful for ████████████████ to recieve a firearm and/or ammunition given that he is under indictment for offenses punishable in excess of twelve months. It is also unlawful for ████████████ to be in possession of a firearm in furtherance of a crime of violence or drug trafficking crime. The firearms observed in this case appear to be functional firearms capable of expelling a projectile by means of an explosion. Many of the Instagram videos and photographs show unique characteristics consistent with firearms and not imitation firearms. Some of which include; ████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████

31. Based on his training and experience, as well as the repeated postings over the last several months, your affiant believes that the Target Offenses are continuing in nature. It is likely that the Target Telephone has been utilized to make the postings to Instagram, and that the Target Telephone is therefore itself being utilized in, or constitutes evidence of, ongoing criminal

████████████████████████████████████████████████

activity. Furthermore, the historical location data sought here via the Target Telephone is likely to provide the location or locations of these ongoing criminal activities, allowing law enforcement to utilize surveillance and other techniques to uncover evidence, including potential locations where firearms, drugs, and drug proceeds are located or being stored.

## MANNER OF EXECUTION

32.    In my training and experience, I have learned that T-Mobile is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including cell-site data, also known as "tower/face information" or cell tower/sector records.  Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected.  These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data provides an approximate location of the cellular telephone but is typically less precise than E-911 Phase II data or Global Positioning Device ("GPS") data.

33. Based on my training and experience, I know that T-Mobile can collect cell-site data about the **TARGET TELEPHONE**.  I also know that wireless providers such as T-Mobile typically collect and retain cell-site data pertaining to cellular phones to which they provide service in their normal course of business in order to use this information for various business-related purposes.

15

34. Based on my training and experience, I know that T-Mobile also collects data similar to per-call measurement data, which T-Mobile also refers to as "Tru-Call" data. I understand that Tru-Call data, by way of analogy, is similar to historical GPS data. This Tru-Call information is more precise than typical cell-site data.

35. Based on my training and experience, I know that wireless providers such as T-Mobile typically collect and retain information about their subscribers in their normal course of business. This information can include basic personal information about the subscriber, such as name and address, and the method(s) of payment (such as credit card account number) provided by the subscriber to pay for wireless telephone service. I also know that wireless providers such as T-Mobile typically collect and retain information about their subscribers' use of the wireless service, such as records about calls or other communications sent or received by a particular phone and other transactional records, in their normal course of business. In my training and experience, this information may constitute evidence of the crimes under investigation because the information can be used to identify the **TARGET TELEPHONE's** user or users and may assist in the identification of co-conspirators.

## AUTHORIZATION REQUEST

36. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

37. I further request that the Court direct T-Mobile to disclose to the government any information described in Section I of Attachment B that is within its possession, custody, or control. Because the warrant will be served on T-Mobile, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time of day or night.

16

38.  Lastly, I respectfully request that the warrant and this Affidavit, as it reveals an ongoing investigation, be sealed until further order of the Court in order to avoid premature disclosure of the investigation, guard against flight, and better ensure the safety of agents and others, except that working copies may be served on Special Agents and other investigative and law enforcement officers of the ATF, federally deputized state and local law enforcement officers, and other government and contract personnel acting under the supervision of such investigative or law enforcement officers, and T-Mobile as necessary to effectuate the Court's Order.



Sworn and subscribed to before me this _____ day of January, 2019.

_____
Deborah A. Robinson, Magistrate Judge
United States District Court
for the District of Columbia

AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
### for the
District of Columbia

| | | |
|---|---|---|
| In the Matter of the Search of | ) | |
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) ) | Case No. 19-sc-156 |
| INFORMATION ASSOCIATED WITH A T-MOBILE CELL PHONE THAT IS STORED AT PREMISES CONTROLLED BY T-MOBILE | ) ) ) | |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*
See Attachment A. The Court has authority to issue this warrant under 18 U.S.C. Sections 2703(c)(1)(A) and 2711(3) (A) and Federal Rule of Criminal Procedure 41.

located in the _____ District of _____, there is now concealed *(identify the person or describe the property to be seized):*
See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841, 843; 18 U.S.C. §§ 922(n), 924(c) | (Distribution, Possession with Intent to Distribute Controlled Substance, use communication facility); (receiving a firearm/ammo while under indictment; possession of firearm in furtherance of violence or drug trafficking crime |

The application is based on these facts:

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Sworn to before me and signed in my presence.

Date: 1/24/19

City and state: Washington, DC

*Judge's signature*

Deborah A. Robinson, U.S. Magistrate Judge
*Printed name and title*

AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | |
|---|---|
| In the Matter of the Search of | ) |
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) ) Case No.    19-sc-156 |
| INFORMATION ASSOCIATED WITH A T-MOBILE CELL PHONE THAT IS STORED AT PREMISES CONTROLLED BY T-MOBILE | ) ) ) |

## SEARCH AND SEIZURE WARRANT

To:    Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ District of _____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A.  This Court has authority to issue this warrant under 18 U.S.C. §§ 2703(c)(1)(A) and 2711(3)(A)

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B

**YOU ARE COMMANDED** to execute this warrant on or before     February 7, 2019     *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.    ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to    Deborah A. Robinson, U.S. Magistrate Judge    .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*    ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:    1/24/19 @ 3:46 pm                          
*Judge's signature*

City and state:    Washington, D.C.                    Deborah A. Robinson, U.S. Magistrate Judge
*Printed name and title*

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| **Case No.:** 19-sc-156 | **Date and time warrant executed:** | **Copy of warrant and inventory left with:** |

Inventory made in the presence of :

Inventory of the property taken and name of any person(s) seized:

| Certification |
|---|

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## ATTACHMENT A (19-sc-156)

### Property to Be Searched

This warrant applies to records and information associated with the cellular telephone assigned call number ██████████ ("the Account"), that are stored at premises controlled by T-Mobile ("the Provider"), a wireless telephone service provider that accepts service of process at Law Enforcement Relations, 4 Sylvan Way, Parsippany, New Jersey 07054.

<u>**ATTACHMENT B (19-sc-156)**</u>

**Particular Things to be Seized**

I.    **Information to be Disclosed by the Provider**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A for the time period September 24, 2018, through January 23, 2019:

    a.  The following information about the customers or subscribers of the Account:

        i.  Names (including subscriber names, user names, and screen names);

        ii.  Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

        iii.  Local and long distance telephone connection records;

        iv.  Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

        v.  Length of service (including start date) and types of service utilized;

        vi.  Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

      vii.   Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

     viii.   Means and source of payment for such service (including any credit card or bank account number) and billing records.

b.   All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the Account, including:

      i.   the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses); and

     ii.   information regarding the cell tower and antenna face (also known as "sectors") through which the communications were sent and received, as well as data known as "Tru-Call" data by T-Mobile.

II.     **Information to be Seized by the Government**

All information described above in Section I that constitutes evidence, fruits, contraband, and instrumentalities of violations of 18 U.S.C. §§ 922(n) and 924(c)(1)(a) and 21 U.S.C. §§ 841(a) and 843 involving ███████████ during the period September 24, 2018, through January 23, 2019.

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH A T-MOBILE CELL PHONE THAT IS STORED AT PREMISES CONTROLLED BY T-MOBILE | Case No.  19-sc-156<br><br>**Under Seal** |

## AFFIDAVIT IN SUPPORT OF APPLICATION FOR A SEARCH WARRANT

I, ███████████████████████████████

████████████████████████████████████████

████████████ being duly sworn, depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.  I submit this affidavit in support of an application for a search warrant for information associated with a certain cellular telephone assigned call number ███████████ (hereinafter, "**TARGET TELEPHONE**"), subscriber unknown, that is stored at premises controlled by T-Mobile, a wireless telephone service provider that accepts service of process at Law Enforcement Relations, 4 Sylvan Way, Parsippany, New Jersey 07054.  The information to be searched is described in the following paragraphs and in Attachment A.  This affidavit is made in support of an application for a search warrant under 18 U.S.C. § 2703(c)(1)(A) to require T-Mobile to disclose to the government copies of the information further described in Section I of Attachment B.  Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review the information to locate items described in Section II of Attachment B.  ,

████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████

1



████████████████████████████████████████

4. Based on my training, experience, and participation in criminal organization investigations, and the training and experience of other agents/officers with whom I am working on this investigation, I know that:

a) Individuals engaged in organized criminal activity—including narcotics-trafficking—commonly utilize cellular telephonic communications to further their criminal activities by coordinating the distribution of assets, distributing or concealing the illegal proceeds of their activities, and coordinating other efforts of coconspirators; it is also common for criminal organizations to use multiple mobile phones in order to avoid detection by law enforcement by minimizing obvious patterns of use, among other reasons;

b) Individuals engaged in organized criminal activity—including narcotics-trafficking—commonly utilize cellular telephones and cellular telephone technology to communicate and remain in contact with coconspirators;

c) Individuals engaged in organized criminal activity—including narcotics-trafficking—commonly utilize cellular telephones to exchange information with coconspirators through text messaging and instant messaging in addition to direct telephone conversations; and

d) Individuals engaged in organized criminal activity—including narcotics trafficking—often engage in face-to-face meetings with coconspirators, and in doing so often bring their cellular telephones with them.

5. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended

to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

6. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C. § 922(n) (receiving a firearm and/or ammunition while under indictment for offenses punishable in excess of twelve months), 18 U.S.C. § 924(c)(1)(a) (possession of a firearm in furtherance of a crime of violence or drug trafficking crime), 21 U.S.C. § 841(a) (possession with intent to distribute and distribution of controlled substances; and 21 U.S.C. § 843 (the use of communication facilities to facilitate the commission of such offenses) have been committed, are being committed, and based on the pattern observed will continue to be committed, by ███████████████ who is believed to be the user of the **TARGET TELEPHONE**. There is also probable cause to search the information described in Attachment A for evidence of these crimes as further described in Attachment B, and to believe that the information gleaned therefrom will lead to the identification of individuals who are engaged in the commission of these offenses, as well as locations where firearms and/or controlled dangerous substances are stored and awaiting distribution.

## <u>JURISDICTION</u>

7. This Court has jurisdiction to issue the requested warrant because it is a "court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. § 2703(a), (b)(1)(A) & (c)(1)(A). Specifically, the Court is "a district court of the United States . . . that – has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i). One purpose of applying for this warrant is to determine the previous locations of the **TARGET TELEPHONE.** However, as set forth in more detail below, there is reason to believe the **TARGET TELEPHONE** is currently located somewhere within the District of Columbia and/or the

█████████████████, and further reason to believe that crimes described herein have

occurred at least in part in the District of Columbia. As discussed more fully below, acts or

omissions in furtherance of the offenses under investigation are believed to have occurred within

Washington, D.C. See 18 U.S.C. § 3237.

## OVERVIEW OF INVESTIGATION AND STATEMENT OF PROBABLE CAUSE

8. Over the past several months, ATF has been investigating violent crime in ████████

████ of Washington, D.C. As part of its investigation, ATF has been monitoring public posts

on the social media website Instagram made by a number of targets, to include, ███████. Via

postings on Instagram, ████████ has been observed on numerous occasions possessing

firearms and large amounts of suspected ████████ more indicative of narcotics distribution and

possession with intent to distribute, than personal use.

9. Instagram is a photo and video-sharing social networking service. Your affiant

understands that Instagram is commonly utilized through an "app" on a smartphone. The app

allows users to upload photos and videos to the service, which can be edited with various filters,

and organized with tags and location information. An account's posts can be shared publicly or

with pre-approved followers.

10. Investigators are familiar with the individual in the photographs and videos holding the

firearms and in possession of the suspected ████████ Investigators compared prior arrest

photographs to the photographs and videos on Instagram. Investigators positively identified the

individual posting the photographs and videos on Instagram as █████████████ A

check of ████████ criminal history revealed he is under indictment for offenses punishable in

excess of twelve months and prohibited from receiving firearms. More specifically, on ████████

████ a Grand Jury for █████████████ issued a felony indictment against

█████████████████ According to court documents, ████████

5

was arraigned on ████████ and pled not guilty to the above charges. ████████ subsequently pled guilty to ████████████████████████████████ ███████████████████ in the Circuit Court of the County of ████████████ ███████████ Your affiant understands that ████████ is currently on release in that case and is awaiting sentencing, which is scheduled for ████████

11.     As described in detail below, from September of 2018- January of 2019, Instagram photographs and videos of ████████ were posted on Instagram that depicted him possessing numerous firearms and/or suspected narcotics, specifically large amounts of ████████ more indicative of narcotics distribution than personal use. ████████ posted the photographs and videos using the Instagram username, ████████

12.     On or about September 24, 2018 ████████ posted a video of himself possessing a ████████████████████████ In the video, investigators observed a ████████████████████████ Investigators also observed the ████████████████████████ Reference the below screenshot of the video:



6

13. On or about September 24, 2018, ▮▮▮▮ posted a video of ▮▮▮▮ ▮▮▮▮ resting on what appears to be his lap. One of those firearms is a ▮▮▮▮ ▮▮▮▮ Reference the below screenshots of the video:



14. On or about September 25, 2018, ▮▮▮▮ posted a video of himself possessing a ▮▮▮▮ inside a vehicle. In the video, ▮▮▮▮ pans the camera from a ▮▮▮▮ resting on his lap, to himself (Of note: ▮▮▮▮ is wearing a ski-mask and hood over his head), and then zooms in on a ▮▮▮▮ ▮▮▮▮ parked across the street. Reference the below screenshots of the video: Given the presence of the ▮▮▮▮ which appears to be parked on the side of the road, your affiant believes that ▮▮▮▮ was likely within the District of Columbia at the time that he possessed the ▮▮▮▮ as captured by the video.



15. As previously mentioned, on ███████████ a Grand Jury issued a ███████████ against ███████████████████████████ According to court documents, ███████ was arraigned on ███████████ and pled not guilty to the above charges. ███████ subsequently pled guilty to ███████████████████████████ ███████████████████

16. On or about November 22, 2018, ███████ posted a live video of himself possessing ███████████████████████████ from inside an unknown residence. Your affiant would note that because the video was "live," the possession in fact occurred on November 22, 2018. Reference the below screenshots of the video:





17.    On or about November 24, 2018, ▮▮▮▮▮ posted photographs of himself possessing ▮▮▮▮▮▮▮▮▮▮▮ more indicative of possession with intent to distribute than personal use.  Based on my training and experience, I understand that those who distribute drugs frequently utilize firearms in support of their illicit activities.  Your affiant therefore believes there is probable cause to believe that the firearm possessed by ▮▮▮▮▮ is being utilized in furtherance of drug trafficking activity  Reference the below screenshots:



18. On or about November 27, 2018, ███████████ posted a video of himself holding a ████████ ████████████████████████████████████████████████████████████████████ is also clearly visible). Reference the below screenshot of the video:



19. On or about November 30, 2018, ███████████ posted a videos of himself possessing an ████████████████████████████████████████████ Reference the below screenshots of the video:

10



20. On or about December 15, 2018, ▮▮▮▮▮▮ posted a video of himself and another unidentified individual possessing firearms. In the videos, ▮▮▮▮▮▮ is holding a ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Your affiant would note that, based on his training and experience, cash is frequently utilized in the furtherance of drug trafficking activities.

21. On or about December 21, 2018, ▮▮▮▮▮▮ posted a video of himself possessing what appears to be ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Reference the below screenshot of the video:



22.  On or about January 4, 2019, ███████ posted videos of himself possessing a ███████ ███████ inside a vehicle.  Several other unidentified individuals are also observed inside the vehicle.

23.  On or about January 6, 2019, ███████ posted a video of himself possessing a ███████ ███████ inside a vehicle.

24. On or about January 7, 2019, ███████ posted a video of himself possessing a ███████ ███████ more indicative of possession with intent to distribute, than personal use.

25.  On or about January 8, 2019, ███████ posted a video of himself possessing a ███████ ███████

26. On or about January 10, 2019, ███████ posted a live (real-time) video of himself holding ███████ ███████ In the same live video, two (2) unidentified males are also observed holding ███████

██████████████ Your affiant would note that because the video was "live," the possession of

the firearms in fact occurred on January 10, 2019.

27. On or about January 16, 2019 ████████ posted a video of himself holding a ████████

████████████████ also posted an Instagram story captioned, ████████████

████████████████ with a picture of a gun emoji. On the same date, ████████

posted a video of ██████████████ lying on a carpet floor in front of him. The

aforementioned post was captioned, ███████████████████████████

████████████████████████████████████████

████ On the same date, ████████ posted another video of himself inside a vehicle with a

████████████ in his waistband.

28. On or about January 8, 2019, your affiant spoke with ████████ regarding Mr.

████████ contact information. ████████ provided your affiant with telephone number, ████████

████ (the TARGET TELEPHONE), as ████████ telephone number. It was last verified by

████████ on January 8, 2019, after ████████ called ████████ on that number.

Prior to that date, ████████ had ████ telephone number as ████████

29. On or about January 9, 2019, your affiant spoke with ████████ regarding

████████ home address. On that date, ████████ met with ████████ in person and

informed them his home address was ████████████████████████

Prior to January 9, 2019, ████████ had told ████

████████████████████████ Your affiant would note that both

████████████████████████████████████████████████

the TARGET TELEPHONE and his previously-provided telephone number utilize an area code for the District of Columbia. Given his previously-provided address in ▮▮▮▮▮▮▮▮ as well as the Instagram posting of September 25, 2018, which shows the presence of an ▮▮▮▮▮▮▮ ▮▮▮▮▮ your affiant believes it probable that ▮▮▮▮ continues to enter and leave the District of Columbia.[2] Furthermore, your affiant believes it probable that at least some of the activities described above and taking place after the defendant was arraigned on ▮▮▮▮▮ ▮▮▮ ikely took place within the District of Columbia.

30. It is unlawful for ▮▮▮▮▮▮▮▮▮ to recieve a firearm and/or ammunition given that he is under indictment for offenses punishable in excess of twelve months. It is also unlawful for ▮▮▮▮▮▮▮ to be in possession of a firearm in furtherance of a crime of violence or drug trafficking crime. The firearms observed in this case appear to be functional firearms capable of expelling a projectile by means of an explosion. Many of the Instagram videos and photographs show unique characteristics consistent with firearms and not imitation firearms. Some of which include:



31. Based on his training and experience, as well as the repeated postings over the last several months, your affiant believes that the Target Offenses are continuing in nature. It is likely that the Target Telephone has been utilized to make the postings to Instagram, and that the Target Telephone is therefore itself being utilized in, or constitutes evidence of, ongoing criminal

activity.  Furthermore, the historical location data sought here via the Target Telephone is likely to provide the location or locations of these ongoing criminal activities, allowing law enforcement to utilize surveillance and other techniques to uncover evidence, including potential locations where firearms, drugs, and drug proceeds are located or being stored.

### MANNER OF EXECUTION

32.    In my training and experience, I have learned that T-Mobile is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including cell-site data, also known as "tower/face information" or cell tower/sector records.  Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected.  These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data provides an approximate location of the cellular telephone but is typically less precise than E-911 Phase II data or Global Positioning Device ("GPS") data.

33. Based on my training and experience, I know that T-Mobile can collect cell-site data about the **TARGET TELEPHONE**.  I also know that wireless providers such as T-Mobile typically collect and retain cell-site data pertaining to cellular phones to which they provide service in their normal course of business in order to use this information for various business-related purposes.

34. Based on my training and experience, I know that T-Mobile also collects data similar to per-call measurement data, which T-Mobile also refers to as "Tru-Call" data. I understand that Tru-Call data, by way of analogy, is similar to historical GPS data. This Tru-Call information is more precise than typical cell-site data.

35. Based on my training and experience, I know that wireless providers such as T-Mobile typically collect and retain information about their subscribers in their normal course of business. This information can include basic personal information about the subscriber, such as name and address, and the method(s) of payment (such as credit card account number) provided by the subscriber to pay for wireless telephone service. I also know that wireless providers such as T-Mobile typically collect and retain information about their subscribers' use of the wireless service, such as records about calls or other communications sent or received by a particular phone and other transactional records, in their normal course of business. In my training and experience, this information may constitute evidence of the crimes under investigation because the information can be used to identify the **TARGET TELEPHONE's** user or users and may assist in the identification of co-conspirators.

## **AUTHORIZATION REQUEST**

36. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

37. I further request that the Court direct T-Mobile to disclose to the government any information described in Section I of Attachment B that is within its possession, custody, or control. Because the warrant will be served on T-Mobile, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time of day or night.

38.  Lastly, I respectfully request that the warrant and this Affidavit, as it reveals an ongoing investigation, be sealed until further order of the Court in order to avoid premature disclosure of the investigation, guard against flight, and better ensure the safety of agents and others, except that working copies may be served on Special Agents and other investigative and law enforcement officers of the ATF, federally deputized state and local law enforcement officers, and other government and contract personnel acting under the supervision of such investigative or law enforcement officers, and T-Mobile as necessary to effectuate the Court's Order.

Sworn and subscribed to before me this _____ day of January, 2019.

Deborah A. Robinson, Magistrate Judge
United States District Court
for the District of Columbia