# ATTACHMENT A

*Redacted Docket Materials*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF USA FOR 2703(d) ORDER FOR ACCOUNTS SERVICED BY MICROSOFT, CORP. FOR INVESTIGATION OF VIOLATION OF 18 U.S.C. SECTION 2339B | Case No. **19-sc-1227** <br><br> **Filed Under Seal** |

Reference: USAO Ref. #             Subject Account(s):

**APPLICATION OF THE UNITED STATES
FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)**

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require Microsoft, Corp. ("PROVIDER"), an electronic communication service and/or remote computing service provider located in Redmond, Washington, to disclose certain records and other information pertaining to the PROVIDER account(s) associated with the following identifiers:                              as set forth in Part I of Attachment A to the proposed Order. The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order. In support of this application, the United States asserts:

**LEGAL BACKGROUND AND JURISDICTION**

1. PROVIDER is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under section 2703(d) to require PROVIDER to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2. This Court has jurisdiction to issue the requested Order because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A) &

(c)(1)(A). Specifically, the Court is a "district court of the United States . . . that – has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i). As discussed more fully below, the criminal offenses under investigation began or were committed upon the high seas, or elsewhere out of the jurisdiction of any particular State or district, and no offender is known to have, or have had, residence within any United States district. *See* 18 U.S.C. § 3238. Moreover, the statue setting forth the federal offense under investigation — that is, 18 U.S.C. § 2339B (Material Support to Foreign Terrorist Organizations) — applies extraterritorially.

3. A court order under section 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that . . . the records or other information sought . . . are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## THE RELEVANT FACTS

4. In December 2004, the U.S. Department of State designated Al-Qaida in Iraq (AQI) as a foreign terrorist organization. AQI is now known as the Islamic State of Iraq and the Levant (ISIL), the Islamic State of Iraq and ash-Sham or Syria (ISIS), as well as the Islamic State (IS). This request is being made in furtherance of a law enforcement investigation of ISIS pursuant to a Terrorism Enterprise Investigation (TEI) in the District of Columbia. The aforementioned TEI encompasses investigation of ISIS affiliates and sympathizers located in

2

5. To gain supporters, ISIS spreads its message using social media platforms, such as Twitter, Facebook, YouTube, and Instagram. Using these platforms, ISIS posts videos and updates of events in Syria and Iraq, in English, as well as other languages, to draw support.

6. The investigation has revealed that the Microsoft account(s) listed in Part I of Attachment A is/are being used to provide material support for ISIS in Iraq and Syria. Specifically, at one or more times in the past three months, the FBI and law enforcement partners have observed that the identified account(s) were used in spreading terrorist-related propaganda, communicating plans for criminal and/or terrorist activity, disseminating information for the purpose of recruitment into a criminal or terrorist organization, fundraising for criminal and/or terrorist groups and activities, facilitating the travel of individuals in the Balkans and elsewhere attempting to join ISIS in Iraq and Syria, and /or the return travel of ISIS operatives and foreign fighters from Iraq and Syria to and through ▓▓▓▓▓▓▓▓▓▓ The FBI believes that the information derived from issuance of the attached Order will allow law enforcement agents to further identify and disrupt criminal ISIS activity within the United States and/or activity occurring outside the United States that targets the United States, U.S. person(s), or U.S. interests. Based on the aforementioned criminal investigation, these records are likely to constitute relevant and material information related to the provision of material support to a designated foreign terrorist organization, in violation of 18 U.S.C. § 2339B. Accordingly, the government submits there is an adequate legal basis for the issuance of the attached Order. "Under the standard in the Stored Communications Act . . . law enforcement need only show that the . . . evidence might be pertinent to an ongoing investigation." *Carpenter v. United States*, 138 S. Ct. 2206, 2221 (2018). The SCA standard represents a "'gigantic' departure from the probable cause rule" that would apply to search warrant applications. *Id.*

## TECHNICAL BACKGROUND

7.      The Internet is a global network of computers and other devices. Devices directly connected to the Internet are identified by a unique number called an Internet Protocol, or "IP" address. This number is used to route information between devices. Generally, when one device requests information from a second device, the requesting device specifies its own IP address so that the responding device knows where to send its response. An IP address is analogous to a telephone number and can be recorded by pen-trap devices, and it indicates the online identity of the communicating device without revealing the communication's content. There are two types of IP addresses: dynamic and static. A static IP address is one that is permanently assigned to a given computer on a network. With dynamic IP addressing, however, each time a computer establishes an Internet connection, that computer is assigned a different IP address. Based on the IP address used for a given online transaction, law enforcement may be able to determine the geographical location of the Internet connection used in the transaction.

8.      A network is two or more computers or other devices connected to each other that can exchange information with each other via some transmission method, such as by wires, cables, or radio waves. The equipment that connects a computer or other device to the network is commonly referred to as a network adapter. Most network adapters have a Media Access Control ("MAC") address assigned by the manufacturer of the adapter that is designed to be a unique identifying number. An adapter's unique MAC address allows for proper routing of communications on a local area network and may be used for other purposes, such as authentication of customers by some network service providers. Unlike a device's IP address that often changes each time a device connects to the Internet, a MAC address is fixed at the time of manufacture of the adapter. Because the address does not change and is intended to be unique, a

4

MAC address can allow law enforcement to identify whether communications sent or received at different times are associated with the same adapter.

9.  On the Internet, data transferred between devices is not sent as a continuous stream, but rather it is split into discrete packets. Generally, a single communication is sent as a series of packets. When the packets reach their destination, the receiving device reassembles them into the complete communication. Each packet has two parts: a header with routing and control information, and a payload, which generally contains user data. The header contains non-content information such as the packet's source and destination IP addresses and the packet's size.

10. In addition, different Internet applications are associated with different "port numbers," or numeric identifiers. The port number is transmitted along with any communication using that application. For example, port 80 typically is associated with communications involving the World Wide Web. Port numbers are also used by many wireless carriers as a method for identifying a particular device on the wireless carrier's network.

11. An email message has its own routing header, in addition to the source and destination information associated with all Internet data. The message header of an email contains the message's source and destination(s), expressed as email addresses in "From," "To," "CC" (carbon copy), or "BCC" (blind carbon copy) fields. Multiple destination addresses may be specified in the "To," "CC," and "BCC" fields. The email addresses in an email's message header are like the telephone numbers of both incoming and outgoing calls because they indicate both origin and destination(s).

**REQUEST FOR ORDER**

12. The facts set forth above show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an

5

ongoing criminal investigation. Specifically, these items will help the United States to identify and locate the individual(s) who are responsible for the criminal activity under investigation, and to determine the nature and scope of that criminal activity. Accordingly, the United States requests that PROVIDER be directed to produce all items described in Part II of Attachment A to the proposed Order.

13. The proposed Order seeks information relevant to establishing the illegal activity under investigation and identifying the individual(s) responsible. Accordingly, disclosure may reveal the existence, scope, and direction of the Government's ongoing and confidential investigation. Once alerted to this investigation, potential target(s) could be immediately prompted to destroy or conceal incriminating evidence, alter their operational tactics to avoid future detection, and otherwise take steps to undermine the investigation and avoid future prosecution. In particular, given that they are known to use electronic communication and remote computing services, the potential target(s) could quickly and easily destroy or encrypt digital evidence relating to their criminal activity. Notification could also result in the target(s) avoiding travel to the United States or other countries from which they may be extradited.

14. Given the complex nature of the criminal activity under investigation and likely involvement of foreign-based coconspirators and evidence, and also given that the criminal scheme may be ongoing, the Government anticipates that this confidential investigation will continue for the next year or longer. Therefore, based on the foregoing, there are reasonable grounds to believe that disclosure of this Order would result in flight from prosecution, destruction of or tampering with evidence, intimidation of potential witnesses, or other serious jeopardy to this investigation. *See* 18 U.S.C. § 2705(b)(2)-(5). Accordingly, this Court should command PROVIDER not to notify any other person (except attorneys for PROVIDER for the purpose of receiving legal advice)

of the existence of the proposed Order for a period of one year (commencing on the date of the proposed Order), unless the period of nondisclosure is later modified by the Court. Should the court-ordered nondisclosure under Section 2705(b) become no longer needed because of the closure of the investigation or arrest of the account holder, the government will make best efforts to notify the Court promptly and seek appropriate relief.

7

15. In this matter, the Government also requests that the instant Application and the Order be filed under seal. The Court has the inherent power to seal court filings when appropriate, including the proposed Order. *United States v. Hubbard*, 650 F.2d 293, 315-16 (D.C. Cir. 1980) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)). More particularly, the Court may seal the Application and Order to prevent serious jeopardy to an ongoing criminal investigation when such jeopardy creates a compelling governmental interest in confidentiality. *See Washington Post v. Robinson*, 935 F.2d 282, 287-89 (D.C. Cir. 1991). For the reasons stated above, the Government has a compelling interest in confidentiality to justify sealing the Application and Order. *See id.*

Respectfully submitted,

JESSIE K. LIU
United States Attorney
DC Bar No. 472845

_____/s/_____
Thomas N. Saunders
Assistant United States Attorney
N.Y. Bar Number 4876975
United States Attorney's Office
555 Fourth Street, N.W.
Washington, DC 20530
Telephone: 202-252-7790
Thomas.Saunders@usdoj.gov

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **IN RE APPLICATION OF USA FOR 2703(d) ORDER FOR ACCOUNTS SERVICED BY MICROSOFT, CORP. FOR INVESTIGATION OF VIOLATION OF 18 U.S.C. SECTION 2339B** | Case No. **19-sc-1227**  <br><br> **Filed Under Seal** |

## ORDER

The United States has submitted an Application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring Microsoft, Corp. ("PROVIDER"), an electronic communication and/or remote computing service provider located in Redmond, Washington, to disclose the records and other information described in Attachment A to this Order. The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation. Furthermore, the Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to endanger a person, flee from prosecution, destroy or tamper with evidence, and intimidate potential witnesses. *See* 18 U.S.C. § 2705(b)(1)-(5).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that PROVIDER shall, within ten days of the date of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED under 18 U.S.C. § 2705(b) that PROVIDER shall not disclose the existence of this Order of the Court to any other person (except attorneys for

PROVIDER for the purpose of receiving legal advice) for a period of one year (commencing on the date of this Order), unless the period of nondisclosure is later modified by the Court.

  IT IS FURTHER ORDERED that the Application and this Order are sealed until otherwise ordered by the Court.

_____
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

**I. The Account(s)**

The Order applies to certain records and other information for any Microsoft, Corp. ("PROVIDER") account(s) associated with the following identifier(s):

- ███████████████████████████

**II. Records and other information to be disclosed**

**A. Information about the customer or subscriber of the Account(s)**

PROVIDER is required to disclose to the United States the following records and other information, if available, for each account or identifier listed in Part I of this Attachment (the "Account(s)") constituting information about the customer or subscriber of the Account(s):

1. Names (including subscriber names, user names, and screen names);

2. Addresses (including mailing addresses, residential addresses, business addresses, and email addresses);

3. Local and long distance telephone connection records;

4. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

5. Length of service (including start date) and types of service utilized;

6. Telephone or instrument numbers (including MAC addresses);

7. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

8. Means and source of payment for such service (including any credit card or bank account number) and billing records.

B. **All records and other information relating to the Account(s) (except the contents of communications)**

PROVIDER is required to disclose to the United States the following records and other information, if available, for the Account(s) for the time period from account inception to the present, constituting all records and other information relating to the Account(s) (except the contents of communications), including:

1. Records of user activity for each connection made to or from the Account(s), including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses; and

2. Information about each electronic communication sent or received by the Account(s), including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers), and any other associated header or routing information.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF USA FOR 2703(d) ORDER FOR ACCOUNTS SERVICED BY MICROSOFT, CORP. FOR INVESTIGATION OF VIOLATION OF 18 U.S.C. SECTION 2339B | Case No. **19-sc-1227**<br><br>**Filed Under Seal** |

**ORDER**

The United States has submitted an Application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring Microsoft, Corp. ("PROVIDER"), an electronic communication and/or remote computing service provider located in Redmond, Washington, to disclose the records and other information described in Attachment A to this Order. The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation. Furthermore, the Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to endanger a person, flee from prosecution, destroy or tamper with evidence, and intimidate potential witnesses. *See* 18 U.S.C. § 2705(b)(1)-(5).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that PROVIDER shall, within ten days of the date of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED under 18 U.S.C. § 2705(b) that PROVIDER shall not disclose the existence of this Order of the Court to any other person (except attorneys for

PROVIDER for the purpose of receiving legal advice) for a period of one year (commencing on the date of this Order), unless the period of nondisclosure is later modified by the Court.

    IT IS FURTHER ORDERED that the Application and this Order are sealed until otherwise ordered by the Court.

    2019.06.07 14:27:13 -04'00'

_____
UNITED STATES MAGISTRATE JUDGE

**ATTACHMENT A**

I. **The Account(s)**

The Order applies to certain records and other information for any Microsoft, Corp. ("PROVIDER") account(s) associated with the following identifier(s):

- ████████████████████████████████

II. **Records and other information to be disclosed**

A. **Information about the customer or subscriber of the Account(s)**

PROVIDER is required to disclose to the United States the following records and other information, if available, for each account or identifier listed in Part I of this Attachment (the "Account(s)") constituting information about the customer or subscriber of the Account(s):

1. Names (including subscriber names, user names, and screen names);

2. Addresses (including mailing addresses, residential addresses, business addresses, and email addresses);

3. Local and long distance telephone connection records;

4. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

5. Length of service (including start date) and types of service utilized;

6. Telephone or instrument numbers (including MAC addresses);

7. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

8. Means and source of payment for such service (including any credit card or bank account number) and billing records.

B. **All records and other information relating to the Account(s) (except the contents of communications)**

PROVIDER is required to disclose to the United States the following records and other information, if available, for the Account(s) for the time period from account inception to the present, constituting all records and other information relating to the Account(s) (except the contents of communications), including:

1. Records of user activity for each connection made to or from the Account(s), including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses; and

2. Information about each electronic communication sent or received by the Account(s), including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers), and any other associated header or routing information.