# ATTACHMENT

# A

*Redacted Docket Materials*

# UNITED STATES DISTRICT COURT

for the

District of Columbia

In the Matter of the Search of

*(Briefly describe the property to be searched or identify the person by name and address)*

INFORMATION ASSOCIATED WITH ONE ACCOUNT STORED AT PREMISES CONTROLLED BY DROPBOX, INC. PURSUANT TO 18 U.S.C. 2703 FOR INVESTIGATION OF VIOLATION OF 18 U.S.C. 2252

)
)
)
)
)
)
)

Case No. 19-sc-1903

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

See Attachment A  incorporated herein and included as part of this Application for a Search Warrant.

located in the _____Northern_____ District of _____California_____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B incorporated herein and included as part of the attached Affidavit.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2252 | Activities Related to Material Involving the Sexual Exploitation of Children |
| 18 U.S.C. § 2252A | Activities Relating to Material Constitution or Containing Child |

The application is based on these facts:

See Attached Affidavit in Support of Search Warrant.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Sworn to before me and signed in my presence.

Date: _____09/13/2019_____

*Judge's signature*

City and state: Washington, D.C.

Robin M. Meriweather, United States Magistrate Judge

*Printed name and title*

AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>INFORMATION ASSOCIATED WITH ONE ACCOUNT STORED AT<br>PREMISES CONTROLLED BY DROPBOX, INC. PURSUANT TO<br>18 U.S.C. 2703 FOR INVESTIGATION OF VIOLATION OF<br>18 U.S.C. 2252 | )<br>)<br>)<br>)<br>)<br>)<br>)    Case No.    19-sc-1903 |

## SEARCH AND SEIZURE WARRANT

To:    Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the     Northern     District of     California
*(identify the person or describe the property to be searched and give its location)*:

    See Attachment A incorporated herein and included as part of the Application for a Search Warrant.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

    See Attachment B incorporated herein and included as part of the Affidavit.

**YOU ARE COMMANDED** to execute this warrant on or before    September 27, 2019    *(not to exceed 14 days)*
   ❑ in the daytime 6:00 a.m. to 10:00 p.m.    ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to     Robin M. Meriweather     .
*(United States Magistrate Judge)*

   ❑ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
   ❑ for _____ days *(not to exceed 30)*    ❑ until, the facts justifying, the later specific date of _____ .

Date and time issued:     09/13/2019 12:00 pm

                                              *Judge's signature*

City and state:     Washington, D.C.               Robin M. Meriweather, United States Magistrate Judge
                                              *Printed name and title*

AO 93  (Rev. 11/13) Search and Seizure Warrant (Page 2)

| **Return** | | |
|---|---|---|
| Case No.:<br><br>    19-sc-1903 | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

**Certification**

      I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.


Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## ATTACHMENT A

## PROPERTY TO BE SEARCHED

This warrant applies to information associated with the Dropbox account associated

with the username 

that are stored at premises owned, maintained, controlled, or

operated by Dropbox Inc., a company headquartered in San Francisco, California.

1

<u>ATTACHMENT B</u>

**I.   INFORMATION TO BE DISCLOSED BY DROPBOX, INC.**

To the extent that the information described in Attachment A is within the possession, custody, or control of Dropbox, Inc. ("Dropbox"), including any messages, records, files, logs, or information that have been deleted but are still available to Dropbox, or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), Dropbox is required to disclose the following information to the government for each account or identifier listed in Attachment A ("the Subject Accounts"), for any available time period until the present date:

a.   The content of any and all cloud storage accounts;

b.   All records or other information regarding the identification of all accounts that created, accessed, uploaded information to, downloaded information from, or are otherwise associated with the Subject Accounts, to include full name, physical address, e-mail address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the types of services utilized, the IP address used to register the account, log-in IP address associated with session times and dates, account status, alternative e-mail addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number) provided by the subscriber to Dropbox;

c.   All records or other information stored by any individual who created or accessed the Subject Accounts, including address books, contact and buddy lists, to include any and all contacts listed on the subscriber's contact list, pictures, and files, to include any and all contents of electronic files that the subscriber has stored; and

d.  All records pertaining to communications between Dropbox and any person regarding the Subject Accounts, including contacts with support services and records of action taken.

## II.    INFORMATION TO BE SEIZED BY GOVERNMENT

All information described in Section I that constitute fruits, evidence, and instrumentalities of violations of Title 18, United States Code, Sections 2252 and 2252A in relation to the Subject Accounts, including information pertaining to the following matters:

a.  Visual depictions of child pornography as defined in Title 18 United States Code Section 2256(8);

b.  The contents of all channels, e-mail, post or other communications stored in any account associated with the Subject Accounts, including deleted communications, attachments, images, files, videos, the source and destination address (Internet protocol number, date and time) associated with each communication/posting/comment;

c.  All records or other information regarding the identification of the accounts associated with the Subject Accounts, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the accounts were created, the length of service, the types of service utilized, the IP address used to register the accounts, log-in IP addresses associated with session times and dates, accounts' status, alternative e-mail addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number);

d.  All records or other information stored by an individual using any account associated with the Subject Accounts, including chat logs, address books, contact and buddy lists, calendar data, pictures, videos and files;

3

  e. All record pertaining to communications between Dropbox and any person regarding accounts associated with the Subject Accounts, including contacts with support services and records of actions taken;

  f. Any and all information for Dropbox files as listed in Attachment A, to include all subscriber information, such as name and address, date of birth, gender, date account was created, account status, e-mail address, alternate e-mail address, registration IP, date ID registered, and IP address associated with session times and dates;

  g. The contents of any and all e-mail stored in any account associated with the Subject Accounts;

  h. All business records and subscriber information, in any form kept, pertaining to the Subject Accounts, including applications, subscribers' full names all screen names associated with the subscriber and/or accounts, all account names associated with the subscriber, methods of payment, telephone numbers, addresses, and detailed billing records;

  i. All records indicating the services available to subscribers of the Subject Accounts;

  j. As used above, the terms records, documents, programs, applications or materials created modified, or stored in any form.

## III. GOVERNMENT PROCEDURES FOR WARRANT EXECUTION

  The United States government will conduct a search of the information produced by Dropbox and determine which information is within the scope of the information to be seized specified in Section II. That information that is within the scope of Section II may be copied and retained by the United States.

Law enforcement personnel will then seal any information from the Provider that does not fall within the scope of Section II and will not further review the information absent an order of the Court.

## IV. DROPBOX AUTHORIZATION TO TRANSPORT / TRANSMIT CONTENTS OF THE TARGET ACCOUNT.

  i. Notwithstanding 18 U.S.C. § 2252/2252A or any similar statute or code, Dropbox, Inc. shall disclose responsive data by sending it the content of the target account to the following address,



5

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMIBA

IN THE MATTER OF THE SEARCH OF
INFORMATION ASSOCIATED WITH
ONE ACCOUNT STORED AT
PREMISES CONTROLLED BY
DROPBOX, INC. PURSUANT TO
18 U.S.C. 2703 FOR INVESTIGATION OF
VIOLATION OF 18 U.S.C. 2252

Case No. 19-sc-1903

**Filed Under Seal**

*Reference: USAO Ref. #* ▓▓▓▓▓▓ *Subject Account(s):* ▓▓▓▓▓▓▓▓▓

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, ▓▓▓▓▓▓▓ a Detective with the Metropolitan Police Department (MPD), Washington, D.C., being duly sworn, depose and state the following:

### INTRODUCTION AND AGENT BACKGROUND

1.      I make this affidavit in support of an application for a search warrant for information associated with a certain Dropbox Inc. user ID that is stored at the premise owned, maintained, controlled, or operated by Dropbox Inc., a social networking company headquartered in San Francisco, California.  The information to be searched is described in the following paragraphs and in Attachment A.  This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to require Dropbox Inc. to disclose to the government records and other information in its possession, pertaining to the subscriber or customer associated with the user ID.



1



4.      This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

5.      Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of the following statutory provisions have occurred: Title 18, United States Code Sections 2252 (Activities Relating to Material Involving the Sexual Exploitation of Children), and 2252A (Activities Relating to Material Constituting or Containing Child Pornography). There is probable cause to search the information described in Attachment A for evidence, instrumentalities, contraband or fruits of these crimes further described in Attachment B.

## RELEVANT STATUTES

6.      This investigation concerns alleged violations of Title 18, United States Code, Sections 2252 and 2252A relating to material involving the sexual exploitation of minors. Specifically, 18 U.S.C. §§ 2252 and 2252A prohibit a person from knowingly transporting,

shipping, receiving, distributing, reproducing for distribution, or possessing any visual depiction of minors engaging in sexually explicit conduct when such visual depiction was either mailed or shipped or transported in interstate or foreign commerce by any means, including by computer, or when such visual depiction was produced using materials that had traveled in interstate or foreign commerce.

## BACKGROUND ON DROPBOX

7. Dropbox is a web-based cloud storage service provided by Dropbox, Inc., located at 333 Brannan Street, San Francisco, CA 94107.

8. Dropbox is an online storage medium on the Internet accessed from a computer or electronic storage device. As an example, online storage mediums such as Dropbox make it possible for the user to have access to saved files without the requirement of storing said files on their own computer or other electronic storage device. Dropbox is an "offsite" storage medium for data that can be viewed at any time from any device capable of accessing the Internet. Users can store their files on Dropbox and avoid having the files appear on their computer. Anyone searching an individual's computer that utilizes Dropbox would not be able to view these files if the user opted only to store them at an offsite such as Dropbox. These are often viewed as advantageous for collectors of child pornography in that they can enjoy an added level of anonymity and security.

9. Dropbox provides a variety of online services, including online storage access, to the general public. Dropbox allows subscribers to obtain accounts at the domain name www.dropbox.com. Subscribers obtain a Dropbox account by registering with an e-mail address. During the registration process, Dropbox asks subscribers to provide basic personal identifying information. This information can include the subscriber's full name, physical address,

3

telephone numbers and other identifiers, alternative e-mail addresses, and for paying subscribers, means and source of payment (including any credit or bank account number).

10.     When the subscriber transfers a file to a Dropbox account, it is initiated at the user's computer, transferred via the Internet to the Dropbox servers, and then can automatically be synchronized and transmitted to other computers or electronic devices that have been registered with that Dropbox account.  This includes online storage in Dropbox servers.  If the subscriber does not delete the content, the files can remain on Dropbox servers indefinitely. Even if the subscriber deletes their account, it may continue to be available on the Dropbox servers for a certain period of time.

11.     Subscribers to Dropbox may access their accounts on servers maintained and/or operated by Dropbox from any computer connected to the Internet located anywhere in the world. A Dropbox subscriber can store files, including e-mails and image files on servers maintained and/or owned by Dropbox. A Dropbox subscriber can then send links to other individuals via the Internet (e.g., by e-mail, text messaging, etc.) who can then "click" on the link provided by a subscriber which allows an individual to access content stored in the subscribers Dropbox account.

12.     Online storage providers typically retain certain transactional information about the creation and use of each account on their systems. This information can include the date on which the account was created, the length of service, records of log-in (i.e., session) times and durations, and types of service utilized, the status of the account (including whether the account is inactive or closed), the methods used to connect to the account, and other log files that reflect usage of the account. In addition, online storage providers often have records of the Internet protocol address ("IP address") used to register the account and the IP addresses associated with

4

particular logins to the account.  Because every device that connect to the Internet must use an IP address, IP address information can help identify which computers or other devices were used to access the account.

13.     Dropbox's privacy policy, found at https://www.dropbox.com/privacy, states. "we collect, and associate with your account, information like your name, email address, phone number, payment info, physical address, and account activity."  The privacy policy also states, "we store, process, and transmit Your Stuff—like files, messages, comments, and photos—as well as information related to it. This related information can be things like your profile information that makes it easier to collaborate and share Your Stuff with others."  The policy states that Dropbox "collect[s] information related to how you use the Services, including actions you take in your account (like sharing, editing, viewing, and moving files or folders)."  The policy further states, "we also collect information from and about the devices you use to access the Services. This includes things like IP addresses, the type of browser and device you use, the web page you visited before coming to our sites, and identifiers associated with your devices. Your devices (depending on their settings) may also transmit location information to the Services."

14.     In some cases, Dropbox account users will communicate directly with Dropbox about issues relating to the account, such as technical problems, billing inquiries, or complaints from other users.  Online storage provides typically retain records about such communications, including records of contacts between the user and the provider's support services, as well as records of any action taken by the provider or user as a result of the communication.

## **PROBABLE CAUSE**

15.     The National Center for Missing and Exploited Children ("NCMEC") is a non-profit 501(c)(3) organization that serves as a national clearinghouse and resource center for families, victims, private organizations, law enforcement, and the public on missing and sexually exploited child issues. NCMEC operates a CyberTipline and Child Victim Identification program.  Through the CyberTip Line, Internet Service Providers (ISP), Electronic Service Providers (ESP), and individual persons may notify NCMEC of online child sexual abuse images.  NCMEC makes information submitted to the CyberTipline and Child Victim Identification Program available to law enforcement agencies.

16.     On September 5, 2019, the Metropolitan Police of the District of Columbia's (MPDC) Child Exploitation Task Force (CETF) received a cybertip from NCMEC regarding suspected child pornography ████████████████. According to the cybertip, the Dropbox Legal Team had reported to NCMEC that six hundred and ninety one files containing suspected child pornography had been uploaded to a Dropbox account which was identified by the username █████████████████████████████

██████████████████████████████████████████

17.     Your affiant was provided with records from Dropbox in regards to this account and found that the child pornography had been uploaded to the account on August 29, 2018 from an Internet Protocol (IP) address of ████████ This IP is registered to Verizon, and the subscriber information is currently pending a response to an administrative subpoena.

18.     An Internet Protocol (IP) address of ███████ was found to have last been used to access the Dropbox account which contains the child pornography on June 19, 2019. The IP address of ██████ was identified as a Verizon IP.

19.     An administrative subpoena was served upon Verizon regarding their IP address, and the account resolved to a subscriber of ████████████████

███████████████████████████████████████

20.     A search of open source and law enforcement only databases further identified

███████████████████████████████████████

21.     Your affiant reviewed the suspect files, which were provided by Dropbox to NCMEC and later submitted to the Metropolitan Police Department. The files contained seventy videos (723 MB) and six hundred and twenty images (47.9 MB). ███████████

███████████████████████████████████████



22.     The target Dropbox account was preserved by Dropbox at the time the report was made to NCMEC on July 3, 2019.

## DEFINITIONS

23.     Based on my training and experience, and information acquired from other law enforcement officials with technical expertise, I know the terms described below have the following meanings or characteristics:

a.      IP Address:  The Internet Protocol address (or simply "IP address") is a unique numeric address used by computers on the Internet.  An IP address looks like a series of four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178).  Every computer attached to the Internet must be assigned an IP address so that Internet traffic sent from and directed to that computer may be directed properly from its source to its destination.  Most Internet service providers control a range of IP addresses.  Some computers have static—that is, long-term—IP addresses, while other computers have dynamic—that is, frequently changed—IP addresses.

b.      The Internet is a global network of computers and other electronic devices that communicate with each other using numerous specified protocols.  Due to the structure of the

Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

c.      "Encryption" is the process of encoding messages or information in such a way that eavesdroppers or hackers cannot read it but authorized parties can.  In an encryption scheme, the message or information, referred to as plaintext, is encrypted using an encryption algorithm, turning it into an unreadable ciphertext.  This is usually done with the use of an encryption key, which specifies how the message is to be encoded.  Any adversary that can see the ciphertext should not be able to determine anything about the original message.  An authorized party, however, is able to decode the ciphertext using a decryption algorithm that usually requires a secret decryption key, to which adversaries do not have access.

d.      "Cache" means the text, image, and graphic files sent to and temporarily stored by a user's computer from a website accessed by the user in order to allow the user speedier access to and interaction with that website.

e.      "Child Erotica" means materials or items that are sexually arousing to persons having a sexual interest in minors but that are not, in and of themselves, obscene or that do not necessarily depict minors in sexually explicit poses or positions.

f.      "Child Pornography" means the definition in 18 U.S.C. § 2256(8) (any visual depiction of sexually explicit conduct where (a) the production of the visual depiction involved the use of a minor engaged in sexually explicit conduct, (b) the visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaged in sexually explicit conduct, or (c) the visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaged in sexually explicit conduct),

as well as any visual depiction, the production of which involves the use of a minor engaged in sexually explicit conduct. *See* 18 U.S.C. §§ 2252 and 2256(2)(8).

g.      "Computer" means "an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device." *See* 18 U.S.C. § 1030(e)(1).

h.      "Computer hardware" means all equipment that can receive, capture, collect, analyze, create, display, convert, store, conceal, or transmit electronic, magnetic, or similar computer impulses or data.  Computer hardware includes any data-processing devices (including, but not limited to, central processing units, internal and peripheral storage devices such as fixed disks, external hard drives, floppy disk drives and diskettes, and other memory storage devices); peripheral input/output devices (including, but not limited to, keyboards, printers, video display monitors, modems, routers, scanners and related communications devices such as cables and connections), as well as any devices, mechanisms, or parts that can be used to restrict access to computer hardware (including, but not limited to, physical keys and locks).

i.      "Computer passwords and data security devices" means information or items designed to restrict access to or hide computer software, documentation, or data.  Data security devices may consist of hardware, software, or other programming code.  A password (a string of alpha-numeric characters) usually operates a sort of digital key to "unlock" particular data security devices.  Data security hardware may include encryption devices, chips, and circuit boards.  Data security software of digital code may include programming code that creates "test" keys or "hot" keys, which perform certain pre-set security functions when touched.  Data

10

security software or code may also encrypt, compress, hide, or "booby-trap" protected data to make it inaccessible or unusable, as well as reverse the progress to restore it.

      j.     "Computer software" means digital information which can be interpreted by a computer and any of its related components to direct the way they work. Computer software is stored in electronic, magnetic, or other digital form. It commonly includes programs to run operating systems, applications, and utilities.

      k.     "Computer-related documentation" means written, recorded, printed, or electronically stored material which explains or illustrates how to configure or use computer hardware, computer software, or other related items.

      l.     "Domain Name" means the common, easy-to-remember names associated with an Internet Protocol address. For example, a domain name of "www.usdoj.gov" refers to the Internet Protocol address of 149.101.1.32. Domain names are typically strings of alphanumeric characters, with each level delimited by a period. Each level, read backwards – from right to left – further identifies parts of an organization. Examples of first-level, or top-level domains are typically .com for commercial organizations, .gov for the governmental organizations, .org for organizations and, .edu for educational organizations. Second-level names will further identify the organization, for example usdoj.gov further identifies the United States governmental agency to be the Department of Justice. Additional levels may exist as needed until each machine is uniquely identifiable. For example, www.usdoj.gov identifies the World Wide Web server located at the United States Department of Justice, which is part of the United States government.

      m.     "Internet Connection" means a connection required for access to the Internet. The connection would be provided by cable, DSL (Digital Subscriber Line) or satellite systems.

n.      "Internet Service Providers" or "ISPs" mean commercial organizations which provide individuals and businesses access to the Internet.  ISPs provide a range of functions for their customers, including access to the Internet, web hosting, e-mail, remote storage, and co-location of computers and other communications equipment.  ISPs can offer various means by which to access the Internet including telephone based dial-up, broadband based access via a digital subscriber line (DSL) or cable television, dedicated circuits, or satellite based subscription.  ISPs typically charge a fee based upon the type of connection and volume of data, called bandwidth that the connection supports.  Many ISPs assign each subscriber an account name such as a user name or screen name, an e-mail address, and an e-mail mailbox, and the subscriber typically creates a password for the account.  By using a computer equipped with a telephone or cable modem, the subscriber can establish communication with an ISP over a telephone line or through a cable system, and can access the Internet by using his or her account name and password.

o.      "Minor" means any person under the age of eighteen years.  *See* 18 U.S.C. § 2256(1).

p.      A "modem" translates signals for physical transmission to and from the Internet Service Provider, which then sends and receives the information to and from other computers connected to the Internet.

q.      A "router" often serves as a wireless access point and directs traffic between computers connected to a network (whether by wire or wirelessly).  A router connected to the Internet collects traffic bound for the Internet from its client machines and sends out requests on their behalf.  The router also distributes to the relevant client inbound traffic arriving from the Internet.  The router is in turn typically connected to a modem.

r.     "Sexually explicit conduct" means actual or simulated (a) sexual intercourse, including genital-genital, oral-genital, or oral-anal, whether between persons of the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic area of any persons.  *See* 18 U.S.C. § 2256(2).

s.     "Visual depictions" include undeveloped film and videotape, and data stored on computer disk or by electronic means, which is capable of conversion into a visual image.  See 18 U.S.C. § 2256(5).

t.     "Website" consists of textual pages of information and associated graphic images. The textual information is stored in a specific format known as Hyper-Text Mark-up Language (HTML) and is transmitted from web servers to various web clients via Hyper-Text Transport Protocol (HTTP).

u.     "Wireless network" as used herein means a system of wireless communications in which signals are sent and received via electromagnetic waves such as radio waves.  Each person wanting to connect to a wireless network needs a computer which has a wireless network card that operates on the same frequency.  Many wired networks base the security of the network on physical access control, trusting all the users on the local network.  But, if wireless access points are connected to the network, anyone in proximity to the network can connect to it.  A wireless access point is equipment that connects to the modem and broadcasts a signal.  It is possible for an unknown user who has a computer with a wireless access card to access an unencrypted wireless network.  Once connected to that network, the user can access any resources available on that network to include other computers or shared Internet connections.

v.     "Secure Hash Algorithm Version 1 hash value" (SHA 1 hash value) is an algorithm that processes digital files, resulting in a 160-bit value that is unique to that file.  It is

computationally infeasible for two files with different content to have the same SHA 1 hash value. By comparing the hash values of files, it can be concluded that two files that share the same hash value are identical with a precision that exceeds 99.9999 percent certainty. There is no known instance of two different child pornographic images or videos having the same SHA1 hash value.

       w.     "Peer to Peer file sharing" (P2P) is a method of communication available to Internet users through the use of special software, which may be downloaded from the Internet. In general, P2P software allows a user to set up files on a computer to be shared with other computer users running compatible P2P software. A user may obtain files by opening the P2P software on the user's computer and searching for files that are currently being shared on the network. A P2P file transfer is assisted by reference to the IP addresses of computers on the network: an IP address identifies the location of each P2P computer and makes it possible for data to be transferred between computers. One aspect of P2P file sharing is that multiple files may be downloaded at the same time. Another aspect of P2P file sharing is that, when downloading a file, portions of that file may come from multiple other users on the network. However, a tool used by law enforcement restricts the download so that the file is downloaded, in whole or in part, from a single user on the network.

       1.     When a user wishes to share a file, the user adds the file to his a shared library files (either by downloading a file from another user or by copying any file into the shared directory), and the file's SHA 1 has value is recorded by the P2P software. The hash value is independent of the file name; that is, any change in the name of the file will not change the hash value.

       24.     Third party software is available to identify the IP address of a P2P computer that is sending a file. Such software monitors and logs Internet and local network traffic.

## CHILD PORNOGRAPHY COLLECTOR CHARACTERISTICS

25.     Based on my review of the files of similar MPD and FBI investigations and conversations that I have had with other federal agents and law enforcement officers, I know that child pornography is not readily available in retail establishments. Accordingly, individuals who wish to obtain child pornography usually do so by ordering it from abroad or by discreet contact, including through the use of the Internet, with other individuals who have it available or by accessing web sites containing child pornography.

26.     Collectors of child pornography typically retain their materials and related information for many years. Most collectors of child pornography seek to increase the size of their collections in a manner similar to collectors of coins, stamps, or rare books. Many retain these materials, including information regarding sources, for their entire adult lives. Moreover, individuals who distribute and/or collect child pornography generally prefer not to be without their child pornography for any prolonged time period. This behavior has been documented by law enforcement officers involved in the investigation of child pornography throughout the world. Additionally, collectors of child pornography rarely destroy correspondence from other collectors or distributors unless their activities are detected by law enforcement or other authorities.

27.     Collectors of child pornography often correspond and/or meet with others to share information and materials, rarely destroy correspondence from other child pornography distributors or collectors, conceal such correspondence and sexually explicit material, and often maintain lists of names, addresses, telephone numbers, and screen names of individuals with whom they have been in contact and who share the same interests in child pornography.

28.     Accordingly, information used to support probable cause is less likely to be stale because collectors and traders of child pornography are known to store and retain their collections and correspondence with other collectors and distributors for extended periods of time.  The United States Court of Appeals, Second Circuit has noted that, "[w]hen a defendant is suspected of possessing child pornography, the staleness determination is unique because it is well known that 'images of child pornography are likely to be hoarded by persons interested in those materials in the privacy of their homes.'" *United States v. Irving*, 452 F.3d 110, 125 (2d Cir. 2006) (quoting *United States v. Lamb*, 945 F. Supp. 441, 459-60 (N.D.N.Y. 1996) (collecting cases)).  In *Irving*, the Second Circuit upheld a search based upon information that was approximately 22 months old, noting that, although the affidavit disclosed that the defendant took care to destroy inappropriate photographs, "there was a fair probability that child pornography would be found…" *Id.*  Thus, information used to support probable cause in child pornography cases is often not deemed stale, even if somewhat old, because collectors and traders of child pornography are known to store and retain their collections and correspondence related to their collections for extended periods of time.

29.     Additionally, based on information from other law enforcement officers, I know that persons who collect and distribute child pornography:

a.     Frequently collect sexually explicit materials in a variety of media, such as photographs, magazines, motion pictures, video tapes, books, slides, and/or drawings or other visual media that they use for their own sexual arousal and gratifications.

b.     May receive sexual gratification, stimulation, and satisfaction from actual physical contact with children and/or from fantasies they may have viewing children engaged in sexual

16

activity or in sexually suggestive poses (in person, in photographs, or in other visual media) or from literature describing such activity.

### **INFORMATION TO BE SEARCHED AND THINGS TO BE SEIZED**

30.    I anticipate executing this warrant under the Electronic Communications Privacy Act, in particular 18 U.S.C. §§ 2703(a), (b)(1)(A) and (c)(1)(A), by using the warrant to require Dropbox to disclose to the government copies of the records and other information (including the content of communications) particularly described in Attachment B.

31.    Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant.

### **CONCLUSION**

32.    Based on the foregoing, I request that the Court issue the proposed search warrant.  Because the warrant will be served on Dropbox Inc., who will then compile the requested records at a time convenient to it, there exists reasonable cause to permit the execution for the requested warrant at any time in the day or night.

Respectfully submitted,



Subscribed and sworn to before me on September 13, 2019.

_____
UNITED STATES MAGISTRATE JUDGE

17

AO 106 (Rev 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | |
|---|---|
| In the Matter of the Search of | ) |
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) ) Case No. 19-sc-1903 |
| INFORMATION ASSOCIATED WITH ONE ACCOUNT STORED AT PREMISES CONTROLLED BY DROPBOX, PURSUANT TO 18 U.S.C. 2703 FOR INVESTIGATION OF VIOLATION OF 18 U.S.C. 2252 | ) ) ) |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

See Attachment A  incorporated herein and included as part of this Application for a Search Warrant.

located in the _____ Northern _____ District of _____ California _____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B incorporated herein and included as part of the attached Affidavit.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2252 | Activities Related to Material Involving the Sexual Exploitation of Children |
| 18 U.S.C. § 2252A | Activities Relating to Material Constitution or Containing Child |

The application is based on these facts:

See Attached Affidavit in Support of Search Warrant.

- ☑ Continued on the attached sheet.
- ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Sworn to before me and signed in my presence.

Date: _____ 09/13/2019 _____

*Judge's signature*

City and state: Washington, D.C. _____

Robin M. Meriweather, United States Magistrate Judge

*Printed name and title*

AO 93 (Rev 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | | |
|---|---|---|
| In the Matter of the Search of | ) | |
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) ) | Case No.  19-sc-1903 |
| INFORMATION ASSOCIATED WITH ONE ACCOUNT STORED AT PREMISES CONTROLLED BY DROPBOX, INC. PURSUANT TO 18 U.S.C. 2703 FOR INVESTIGATION OF VIOLATION OF 18 U.S.C. 2252 | ) ) ) | |

## SEARCH AND SEIZURE WARRANT

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ Northern _____ District of _____ California _____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A  incorporated herein and included as part of the Application for a Search Warrant.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B incorporated herein and included as part of the Affidavit.

**YOU ARE COMMANDED** to execute this warrant on or before _____ September 27, 2019 _____ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____ Robin M. Meriweather _____ .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:      09/13/2019 12:00 pm

*Judge's signature*

City and state:      Washington, D.C.

Robin M. Meriweather, United States Magistrate Judge
*Printed name and title*

AO 93 (Rev 11/13) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.:<br>  19-sc-1903 | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name of any person(s) seized:

| Certification |
|---|

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## <u>ATTACHMENT A</u>

## PROPERTY TO BE SEARCHED

 This warrant applies to information associated with the Dropbox account associated with the username  that are stored at premises owned, maintained, controlled, or operated by Dropbox Inc., a company headquartered in San Francisco, California.

## ATTACHMENT B

### I. INFORMATION TO BE DISCLOSED BY DROPBOX, INC.

To the extent that the information described in Attachment A is within the possession, custody, or control of Dropbox, Inc. ("Dropbox"), including any messages, records, files, logs, or information that have been deleted but are still available to Dropbox, or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), Dropbox is required to disclose the following information to the government for each account or identifier listed in Attachment A ("the Subject Accounts"), for any available time period until the present date:

a. The content of any and all cloud storage accounts;

b. All records or other information regarding the identification of all accounts that created, accessed, uploaded information to, downloaded information from, or are otherwise associated with the Subject Accounts, to include full name, physical address, e-mail address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the types of services utilized, the IP address used to register the account, log-in IP address associated with session times and dates, account status, alternative e-mail addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number) provided by the subscriber to Dropbox;

c. All records or other information stored by any individual who created or accessed the Subject Accounts, including address books, contact and buddy lists, to include any and all contacts listed on the subscriber's contact list, pictures, and files, to include any and all contents of electronic files that the subscriber has stored; and

2

d. All records pertaining to communications between Dropbox and any person regarding the Subject Accounts, including contacts with support services and records of action taken.

## II. INFORMATION TO BE SEIZED BY GOVERNMENT

All information described in Section I that constitute fruits, evidence, and instrumentalities of violations of Title 18, United States Code, Sections 2252 and 2252A in relation to the Subject Accounts, including information pertaining to the following matters:

a. Visual depictions of child pornography as defined in Title 18 United States Code Section 2256(8);

b. The contents of all channels, e-mail, post or other communications stored in any account associated with the Subject Accounts, including deleted communications, attachments, images, files, videos, the source and destination address (Internet protocol number, date and time) associated with each communication/posting/comment;

c. All records or other information regarding the identification of the accounts associated with the Subject Accounts, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the accounts were created, the length of service, the types of service utilized, the IP address used to register the accounts, log-in IP addresses associated with session times and dates, accounts' status, alternative e-mail addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number);

d. All records or other information stored by an individual using any account associated with the Subject Accounts, including chat logs, address books, contact and buddy lists, calendar data, pictures, videos and files;

e. All record pertaining to communications between Dropbox and any person regarding accounts associated with the Subject Accounts, including contacts with support services and records of actions taken;

f. Any and all information for Dropbox files as listed in Attachment A, to include all subscriber information, such as name and address, date of birth, gender, date account was created, account status, e-mail address, alternate e-mail address, registration IP, date ID registered, and IP address associated with session times and dates;

g. The contents of any and all e-mail stored in any account associated with the Subject Accounts;

h. All business records and subscriber information, in any form kept, pertaining to the Subject Accounts, including applications, subscribers' full names all screen names associated with the subscriber and/or accounts, all account names associated with the subscriber, methods of payment, telephone numbers, addresses, and detailed billing records;

i. All records indicating the services available to subscribers of the Subject Accounts;

j. As used above, the terms records, documents, programs, applications or materials created modified, or stored in any form.

## III. GOVERNMENT PROCEDURES FOR WARRANT EXECUTION

The United States government will conduct a search of the information produced by Dropbox and determine which information is within the scope of the information to be seized specified in Section II. That information that is within the scope of Section II may be copied and retained by the United States.

4

Law enforcement personnel will then seal any information from the Provider that does not fall within the scope of Section II and will not further review the information absent an order of the Court.

## IV.   DROPBOX AUTHORIZATION TO TRANSPORT / TRANSMIT CONTENTS OF THE TARGET ACCOUNT.

        i.  Notwithstanding 18 U.S.C. § 2252/2252A or any similar statute or code, Dropbox, Inc. shall disclose responsive data by sending it the content of the target account to the following address,



# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMIBA

IN THE MATTER OF THE SEARCH OF
INFORMATION ASSOCIATED WITH
ONE ACCOUNT STORED AT
PREMISES CONTROLLED BY
DROPBOX, INC. PURSUANT TO
18 U.S.C. 2703 FOR INVESTIGATION OF
VIOLATION OF 18 U.S.C. 2252

Case No. 19-sc-1903

**Filed Under Seal**

*Reference: USAO Ref. #* ▮▮▮▮▮  *Subject Account(s):* ▮▮▮▮▮▮▮▮

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, ▮▮▮▮▮▮ a Detective with the Metropolitan Police Department (MPD), Washington, D.C., being duly sworn, depose and state the following:

### INTRODUCTION AND AGENT BACKGROUND

1.      I make this affidavit in support of an application for a search warrant for information associated with a certain Dropbox Inc. user ID that is stored at the premise owned, maintained, controlled, or operated by Dropbox Inc., a social networking company headquartered in San Francisco, California. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to require Dropbox Inc. to disclose to the government records and other information in its possession, pertaining to the subscriber or customer associated with the user ID.



1



4.      This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

5.      Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of the following statutory provisions have occurred: Title 18, United States Code Sections 2252 (Activities Relating to Material Involving the Sexual Exploitation of Children), and 2252A (Activities Relating to Material Constituting or Containing Child Pornography). There is probable cause to search the information described in Attachment A for evidence, instrumentalities, contraband or fruits of these crimes further described in Attachment B.

## RELEVANT STATUTES

6.      This investigation concerns alleged violations of Title 18, United States Code, Sections 2252 and 2252A relating to material involving the sexual exploitation of minors. Specifically, 18 U.S.C. §§ 2252 and 2252A prohibit a person from knowingly transporting,

shipping, receiving, distributing, reproducing for distribution, or possessing any visual depiction

of minors engaging in sexually explicit conduct when such visual depiction was either mailed or

shipped or transported in interstate or foreign commerce by any means, including by computer, or

when such visual depiction was produced using materials that had traveled in interstate or foreign

commerce.

## BACKGROUND ON DROPBOX

7. Dropbox is a web-based cloud storage service provided by Dropbox, Inc., located

at 333 Brannan Street, San Francisco, CA 94107.

8. Dropbox is an online storage medium on the Internet accessed from a computer or

electronic storage device. As an example, online storage mediums such as Dropbox make it

possible for the user to have access to saved files without the requirement of storing said files on

their own computer or other electronic storage device. Dropbox is an "offsite" storage medium

for data that can be viewed at any time from any device capable of accessing the Internet. Users

can store their files on Dropbox and avoid having the files appear on their computer. Anyone

searching an individual's computer that utilizes Dropbox would not be able to view these files if

the user opted only to store them at an offsite such as Dropbox. These are often viewed as

advantageous for collectors of child pornography in that they can enjoy an added level of

anonymity and security.

9. Dropbox provides a variety of online services, including online storage access, to

the general public. Dropbox allows subscribers to obtain accounts at the domain name

www.dropbox.com. Subscribers obtain a Dropbox account by registering with an e-mail address.

During the registration process, Dropbox asks subscribers to provide basic personal identifying

information. This information can include the subscriber's full name, physical address,

3

telephone numbers and other identifiers, alternative e-mail addresses, and for paying subscribers, means and source of payment (including any credit or bank account number).

10.     When the subscriber transfers a file to a Dropbox account, it is initiated at the user's computer, transferred via the Internet to the Dropbox servers, and then can automatically be synchronized and transmitted to other computers or electronic devices that have been registered with that Dropbox account. This includes online storage in Dropbox servers. If the subscriber does not delete the content, the files can remain on Dropbox servers indefinitely. Even if the subscriber deletes their account, it may continue to be available on the Dropbox servers for a certain period of time.

11.     Subscribers to Dropbox may access their accounts on servers maintained and/or operated by Dropbox from any computer connected to the Internet located anywhere in the world. A Dropbox subscriber can store files, including e-mails and image files on servers maintained and/or owned by Dropbox. A Dropbox subscriber can then send links to other individuals via the Internet (e.g., by e-mail, text messaging, etc.) who can then "click" on the link provided by a subscriber which allows an individual to access content stored in the subscribers Dropbox account.

12.     Online storage providers typically retain certain transactional information about the creation and use of each account on their systems. This information can include the date on which the account was created, the length of service, records of log-in (i.e., session) times and durations, and types of service utilized, the status of the account (including whether the account is inactive or closed), the methods used to connect to the account, and other log files that reflect usage of the account. In addition, online storage providers often have records of the Internet protocol address ("IP address") used to register the account and the IP addresses associated with

4

particular logins to the account. Because every device that connect to the Internet must use an IP address, IP address information can help identify which computers or other devices were used to access the account.

13.     Dropbox's privacy policy, found at https://www.dropbox.com/privacy, states. "we collect, and associate with your account, information like your name, email address, phone number, payment info, physical address, and account activity." The privacy policy also states, "we store, process, and transmit Your Stuff—like files, messages, comments, and photos—as well as information related to it. This related information can be things like your profile information that makes it easier to collaborate and share Your Stuff with others." The policy states that Dropbox "collect[s] information related to how you use the Services, including actions you take in your account (like sharing, editing, viewing, and moving files or folders)." The policy further states, "we also collect information from and about the devices you use to access the Services. This includes things like IP addresses, the type of browser and device you use, the web page you visited before coming to our sites, and identifiers associated with your devices. Your devices (depending on their settings) may also transmit location information to the Services."

14.     In some cases, Dropbox account users will communicate directly with Dropbox about issues relating to the account, such as technical problems, billing inquiries, or complaints from other users. Online storage provides typically retain records about such communications, including records of contacts between the user and the provider's support services, as well as records of any action taken by the provider or user as a result of the communication.

5

## PROBABLE CAUSE

15.     The National Center for Missing and Exploited Children ("NCMEC") is a non-profit 501(c)(3) organization that serves as a national clearinghouse and resource center for families, victims, private organizations, law enforcement, and the public on missing and sexually exploited child issues. NCMEC operates a CyberTipline and Child Victim Identification program.  Through the CyberTip Line, Internet Service Providers (ISP), Electronic Service Providers (ESP), and individual persons may notify NCMEC of online child sexual abuse images.  NCMEC makes information submitted to the CyberTipline and Child Victim Identification Program available to law enforcement agencies.

16.     On September 5, 2019, the Metropolitan Police of the District of Columbia's (MPDC) Child Exploitation Task Force (CETF) received a cybertip from NCMEC regarding suspected child pornography ██████████████████ According to the cybertip, the Dropbox Legal Team had reported to NCMEC that six hundred and ninety one files containing suspected child pornography had been uploaded to a Dropbox account which was identified by the username ██████████████████

17.     Your affiant was provided with records from Dropbox in regards to this account and found that the child pornography had been uploaded to the account on August 29, 2018 from an Internet Protocol (IP) address of ████████ This IP is registered to Verizon, and the subscriber information is currently pending a response to an administrative subpoena.

6

18.     An Internet Protocol (IP) address of ███████████ was found to have last been used to access the Dropbox account which contains the child pornography on June 19, 2019. The IP address of ███████████ was identified as a Verizon IP.

19.     An administrative subpoena was served upon Verizon regarding their IP address, and the account resolved to a subscriber of ████████████████████████

████████████████████████████████████████████████

20.     A search of open source and law enforcement only databases further identified

████████████████████████████████████████████████

21.     Your affiant reviewed the suspect files, which were provided by Dropbox to NCMEC and later submitted to the Metropolitan Police Department. The files contained seventy videos (723 MB) and six hundred and twenty images (47.9 MB). ██████████████████

████████████████████████████████████████████████

22.    The target Dropbox account was preserved by Dropbox at the time the report was made to NCMEC on July 3, 2019.

## DEFINITIONS

23.    Based on my training and experience, and information acquired from other law enforcement officials with technical expertise, I know the terms described below have the following meanings or characteristics:

a.    IP Address:  The Internet Protocol address (or simply "IP address") is a unique numeric address used by computers on the Internet.  An IP address looks like a series of four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178).  Every computer attached to the Internet must be assigned an IP address so that Internet traffic sent from and directed to that computer may be directed properly from its source to its destination.  Most Internet service providers control a range of IP addresses.  Some computers have static—that is, long-term—IP addresses, while other computers have dynamic—that is, frequently changed—IP addresses.

b.    The Internet is a global network of computers and other electronic devices that communicate with each other using numerous specified protocols.  Due to the structure of the

8

Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

c. "Encryption" is the process of encoding messages or information in such a way that eavesdroppers or hackers cannot read it but authorized parties can. In an encryption scheme, the message or information, referred to as plaintext, is encrypted using an encryption algorithm, turning it into an unreadable ciphertext. This is usually done with the use of an encryption key, which specifies how the message is to be encoded. Any adversary that can see the ciphertext should not be able to determine anything about the original message. An authorized party, however, is able to decode the ciphertext using a decryption algorithm that usually requires a secret decryption key, to which adversaries do not have access.

d. "Cache" means the text, image, and graphic files sent to and temporarily stored by a user's computer from a website accessed by the user in order to allow the user speedier access to and interaction with that website.

e. "Child Erotica" means materials or items that are sexually arousing to persons having a sexual interest in minors but that are not, in and of themselves, obscene or that do not necessarily depict minors in sexually explicit poses or positions.

f. "Child Pornography" means the definition in 18 U.S.C. § 2256(8) (any visual depiction of sexually explicit conduct where (a) the production of the visual depiction involved the use of a minor engaged in sexually explicit conduct, (b) the visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaged in sexually explicit conduct, or (c) the visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaged in sexually explicit conduct),

9

as well as any visual depiction, the production of which involves the use of a minor engaged in sexually explicit conduct. *See* 18 U.S.C. §§ 2252 and 2256(2)(8).

g.     "Computer" means "an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device." *See* 18 U.S.C. § 1030(e)(1).

h.     "Computer hardware" means all equipment that can receive, capture, collect, analyze, create, display, convert, store, conceal, or transmit electronic, magnetic, or similar computer impulses or data.  Computer hardware includes any data-processing devices (including, but not limited to, central processing units, internal and peripheral storage devices such as fixed disks, external hard drives, floppy disk drives and diskettes, and other memory storage devices); peripheral input/output devices (including, but not limited to, keyboards, printers, video display monitors, modems, routers, scanners and related communications devices such as cables and connections), as well as any devices, mechanisms, or parts that can be used to restrict access to computer hardware (including, but not limited to, physical keys and locks).

i.     "Computer passwords and data security devices" means information or items designed to restrict access to or hide computer software, documentation, or data.  Data security devices may consist of hardware, software, or other programming code.  A password (a string of alpha-numeric characters) usually operates a sort of digital key to "unlock" particular data security devices.  Data security hardware may include encryption devices, chips, and circuit boards.  Data security software of digital code may include programming code that creates "test" keys or "hot" keys, which perform certain pre-set security functions when touched.  Data

10

security software or code may also encrypt, compress, hide, or "booby-trap" protected data to make it inaccessible or unusable, as well as reverse the progress to restore it.

      j.      "Computer software" means digital information which can be interpreted by a computer and any of its related components to direct the way they work. Computer software is stored in electronic, magnetic, or other digital form. It commonly includes programs to run operating systems, applications, and utilities.

      k.      "Computer-related documentation" means written, recorded, printed, or electronically stored material which explains or illustrates how to configure or use computer hardware, computer software, or other related items.

      l.      "Domain Name" means the common, easy-to-remember names associated with an Internet Protocol address. For example, a domain name of "www.usdoj.gov" refers to the Internet Protocol address of 149.101.1.32. Domain names are typically strings of alphanumeric characters, with each level delimited by a period. Each level, read backwards – from right to left – further identifies parts of an organization. Examples of first-level, or top-level domains are typically .com for commercial organizations, .gov for the governmental organizations, .org for organizations, and, .edu for educational organizations. Second-level names will further identify the organization, for example usdoj.gov further identifies the United States governmental agency to be the Department of Justice. Additional levels may exist as needed until each machine is uniquely identifiable. For example, www.usdoj.gov identifies the World Wide Web server located at the United States Department of Justice, which is part of the United States government.

      m.      "Internet Connection" means a connection required for access to the Internet. The connection would be provided by cable, DSL (Digital Subscriber Line) or satellite systems.

n.      "Internet Service Providers" or "ISPs" mean commercial organizations which provide individuals and businesses access to the Internet. ISPs provide a range of functions for their customers, including access to the Internet, web hosting, e-mail, remote storage, and co-location of computers and other communications equipment. ISPs can offer various means by which to access the Internet including telephone based dial-up, broadband based access via a digital subscriber line (DSL) or cable television, dedicated circuits, or satellite based subscription. ISPs typically charge a fee based upon the type of connection and volume of data, called bandwidth that the connection supports. Many ISPs assign each subscriber an account name such as a user name or screen name, an e-mail address, and an e-mail mailbox, and the subscriber typically creates a password for the account. By using a computer equipped with a telephone or cable modem, the subscriber can establish communication with an ISP over a telephone line or through a cable system, and can access the Internet by using his or her account name and password.

o.      "Minor" means any person under the age of eighteen years. *See* 18 U.S.C. § 2256(1).

p.      A "modem" translates signals for physical transmission to and from the Internet Service Provider, which then sends and receives the information to and from other computers connected to the Internet.

q.      A "router" often serves as a wireless access point and directs traffic between computers connected to a network (whether by wire or wirelessly). A router connected to the Internet collects traffic bound for the Internet from its client machines and sends out requests on their behalf. The router also distributes to the relevant client inbound traffic arriving from the Internet. The router is in turn typically connected to a modem.

12

r.  "Sexually explicit conduct" means actual or simulated (a) sexual intercourse, including genital-genital, oral-genital, or oral-anal, whether between persons of the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic area of any persons. *See* 18 U.S.C. § 2256(2).

s.  "Visual depictions" include undeveloped film and videotape, and data stored on computer disk or by electronic means, which is capable of conversion into a visual image. See 18 U.S.C. § 2256(5).

t.  "Website" consists of textual pages of information and associated graphic images. The textual information is stored in a specific format known as Hyper-Text Mark-up Language (HTML) and is transmitted from web servers to various web clients via Hyper-Text Transport Protocol (HTTP).

u.  "Wireless network" as used herein means a system of wireless communications in which signals are sent and received via electromagnetic waves such as radio waves. Each person wanting to connect to a wireless network needs a computer which has a wireless network card that operates on the same frequency. Many wired networks base the security of the network on physical access control, trusting all the users on the local network. But, if wireless access points are connected to the network, anyone in proximity to the network can connect to it. A wireless access point is equipment that connects to the modem and broadcasts a signal. It is possible for an unknown user who has a computer with a wireless access card to access an unencrypted wireless network. Once connected to that network, the user can access any resources available on that network to include other computers or shared Internet connections.

v.  "Secure Hash Algorithm Version 1 hash value" (SHA 1 hash value) is an algorithm that processes digital files, resulting in a 160-bit value that is unique to that file. It is

computationally infeasible for two files with different content to have the same SHA 1 hash value.  By comparing the hash values of files, it can be concluded that two files that share the same hash value are identical with a precision that exceeds 99.9999 percent certainty.  There is no known instance of two different child pornographic images or videos having the same SHA1 hash value.

w.      "Peer to Peer file sharing" (P2P) is a method of communication available to Internet users through the use of special software, which may be downloaded from the Internet. In general, P2P software allows a user to set up files on a computer to be shared with other computer users running compatible P2P software.  A user may obtain files by opening the P2P software on the user's computer and searching for files that are currently being shared on the network.  A P2P file transfer is assisted by reference to the IP addresses of computers on the network:  an IP address identifies the location of each P2P computer and makes it possible for data to be transferred between computers.    One aspect of P2P file sharing is that multiple files may be downloaded at the same time.  Another aspect of P2P file sharing is that, when downloading a file, portions of that file may come from multiple other users on the network. However, a tool used by law enforcement restricts the download so that the file is downloaded, in whole or in part, from a single user on the network.

1.      When a user wishes to share a file, the user adds the file to his a shared library files (either by downloading a file from another user or by copying any file into the shared directory), and the file's SHA 1 has value is recorded by the P2P software.  The hash value is independent of the file name; that is, any change in the name of the file will not change the hash value.

24.      Third party software is available to identify the IP address of a P2P computer that is sending a file.  Such software monitors and logs Internet and local network traffic.

14

## CHILD PORNOGRAPHY COLLECTOR CHARACTERISTICS

25.     Based on my review of the files of similar MPD and FBI investigations and conversations that I have had with other federal agents and law enforcement officers, I know that child pornography is not readily available in retail establishments. Accordingly, individuals who wish to obtain child pornography usually do so by ordering it from abroad or by discreet contact, including through the use of the Internet, with other individuals who have it available or by accessing web sites containing child pornography.

26.     Collectors of child pornography typically retain their materials and related information for many years. Most collectors of child pornography seek to increase the size of their collections in a manner similar to collectors of coins, stamps, or rare books. Many retain these materials, including information regarding sources, for their entire adult lives. Moreover, individuals who distribute and/or collect child pornography generally prefer not to be without their child pornography for any prolonged time period. This behavior has been documented by law enforcement officers involved in the investigation of child pornography throughout the world. Additionally, collectors of child pornography rarely destroy correspondence from other collectors or distributors unless their activities are detected by law enforcement or other authorities.

27.     Collectors of child pornography often correspond and/or meet with others to share information and materials, rarely destroy correspondence from other child pornography distributors or collectors, conceal such correspondence and sexually explicit material, and often maintain lists of names, addresses, telephone numbers, and screen names of individuals with whom they have been in contact and who share the same interests in child pornography.

28.     Accordingly, information used to support probable cause is less likely to be stale because collectors and traders of child pornography are known to store and retain their collections and correspondence with other collectors and distributors for extended periods of time.  The United States Court of Appeals, Second Circuit has noted that, "[w]hen a defendant is suspected of possessing child pornography, the staleness determination is unique because it is well known that 'images of child pornography are likely to be hoarded by persons interested in those materials in the privacy of their homes.'" *United States v. Irving*, 452 F.3d 110, 125 (2d Cir. 2006) (quoting *United States v. Lamb*, 945 F. Supp. 441, 459-60 (N.D.N.Y. 1996) (collecting cases)).  In *Irving*, the Second Circuit upheld a search based upon information that was approximately 22 months old, noting that, although the affidavit disclosed that the defendant took care to destroy inappropriate photographs, "there was a fair probability that child pornography would be found…" *Id*.  Thus, information used to support probable cause in child pornography cases is often not deemed stale, even if somewhat old, because collectors and traders of child pornography are known to store and retain their collections and correspondence related to their collections for extended periods of time.

29.     Additionally, based on information from other law enforcement officers, I know that persons who collect and distribute child pornography:

a.     Frequently collect sexually explicit materials in a variety of media, such as photographs, magazines, motion pictures, video tapes, books, slides, and/or drawings or other visual media that they use for their own sexual arousal and gratifications.

b.     May receive sexual gratification, stimulation, and satisfaction from actual physical contact with children and/or from fantasies they may have viewing children engaged in sexual

16

activity or in sexually suggestive poses (in person, in photographs, or in other visual media) or from literature describing such activity.

## INFORMATION TO BE SEARCHED AND THINGS TO BE SEIZED

30.    I anticipate executing this warrant under the Electronic Communications Privacy Act, in particular 18 U.S.C. §§ 2703(a), (b)(1)(A) and (c)(1)(A), by using the warrant to require Dropbox to disclose to the government copies of the records and other information (including the content of communications) particularly described in Attachment B.

31.    Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant.

## CONCLUSION

32.    Based on the foregoing, I request that the Court issue the proposed search warrant. Because the warrant will be served on Dropbox Inc., who will then compile the requested records at a time convenient to it, there exists reasonable cause to permit the execution for the requested warrant at any time in the day or night.

Respectfully submitted,



Subscribed and sworn to before me on September 13, 2019.

_____
UNITED STATES MAGISTRATE JUDGE

17