# ATTACHMENT

# A

*Redacted Docket Materials*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF USA FOR 2703(d) ORDER FOR ONE EMAIL ACCOUNT SERVICED BY GOOGLE FOR INVESTIGATION OF VIOLATIONS OF 18 U.S.C. § 871 AND 18 U.S.C. § 875(c) | SC No. 19-sc-2033 <br><br> <u>Filed Under Seal</u> |

*Reference: USAO Ref. #* ███████     *Subject Account:* ████████████████

## APPLICATION OF THE UNITED STATES
## <u>FOR ORDER PURSUANT TO 18 U.S.C. § 2703(d)</u>

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require Google, Inc. ("PROVIDER"), an electronic communication service and/or remote computing service provider located in Mountain View, California, to disclose certain records and other information pertaining to the Google account(s) identified in Part I of Attachment A to the proposed Order. The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order. In support of this application, the United States asserts:

## <u>LEGAL BACKGROUND AND JURISDICTION</u>

1.      PROVIDER is a provider of an electronic communications service, as defined in 18 U.S.C § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under 18 U.S.C. § 2703(d) to require PROVIDER to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B – II.D of Attachment A).

2.      This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711.  *See* 18 U.S.C. § 2703(d).  Specifically, the Court is a "district court of the United States . . . that – has jurisdiction over the offense being investigated."  *See* 18 U.S.C. § 2711(3)(A)(i).

3.      As discussed more fully below, acts or omissions in furtherance of the offenses under investigation occurred within Washington, DC.  *See* 18 U.S.C. § 3237.  The statutes setting forth the offenses under investigation, namely Threats Against the President of the United States, 18 U.S.C. § 871, and Interstate Communications of Threats to Injure the Person of Another, 18 U.S.C. §875(c).

4.      A court order under 18 U.S.C. § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation."  18 U.S.C. § 2703(d).  Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

**THE RELEVANT FACTS**

5.      The United States Secret Service (USSS) is investigating the AOL screenname █████████████████████████████████████ and associated Gmail address of █████████████████████.

6.      The United States Secret Service is investigating the individual or entity with the AOL screenname ██████████████████████████████ and the associated email address of ███████████████████ for making threats against the President of the United States, in violation of Title 18, United States Code, Section 871, and Interstate

Communications of Threats to Injure the Person of Another, in violation of Title 18, United

States Code, Section 875(c).

7.  On September 25, 2019, the United States Secret Service was notified that an

individual identified by the AOL screenname of ██████████████████████████████

██████ was posting threats directed toward the President of the United States in an open AOL

News chat room.  The threats included language such as ████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

8.  The threats under investigation appear to have been posted on ██████████

██████████████████████

9.  After viewing these threats, the USSS sent an Emergency Disclosure Request

(EDR) to AOL.  The request emphasized the exigent nature of the threats and asked for any

subscriber and registration information for ██████████████████████████████████

██████████ along with other relevant account information. AOL responded by supplying the

USSS with the account information that indicated the screenname ████████████████

████████████████████████ was created using a Gmail account

████████████████████████████

10.  Gmail is a Google email product.

3

11. Upon receiving this information, the USSS sent an EDR to Google requesting the following information associated with the ████████████████████ email address:

   a.  Information to help identify the known individual;

   b.  Information to help locate a known individual; and

   c.  Session ID's; cookies; account billing and payment information; geo-location information; records of IP addresses used to access the account; and any known linked accounts.

12. Google was able to provide the USSS with the associated IP address of ████████ and login times and dates.

13. An IP address search of ██████████ revealed that the IP address is associated with ████████████████████

14. The proposed Order seeks records from Google associated with the email address of ██████████████████

**BACKGROUND ON GOOGLE**

15. Google is a company based in Mountain View, California, and the information and records sought are expected to be in their custody and control.

16. Google offers a collection of Internet-based services, including e-mail services, allowing users to send, receive and indefinitely store e-mails; search services; online accounts (*i.e.*, Google Drive) allowing users to store large numbers of files; messaging services; services regarding advertisements; and a host of services related to creating, sharing, and viewing content such as videos (YouTube) and photos (Google Photos). The services are available at no cost to Internet users, though users may elect to purchase certain options such as additional online data storage. Subscribers obtain an account by registering on the Internet with Google and providing

Google with basic information, including name, gender, zip code, and other personal/biographical information. Subscribers may then access Google services using their Google accounts, which typically end in "@gmail.com."

17.    Google maintains electronic records pertaining to the individuals and entities who maintain Google online subscriber accounts. These records often include account access information, e-mail transaction information, account application information, and in some circumstances, billing and payment information.

18.    Additionally, Google maintains records of attempts to load persistent cookies on a user's browser (*e.g.* Internet Explorer, Chrome, Firefox, etc.), so that Google can identify a particular user across accounts and provide them with a more uniform experience. Google also maintains records about the devices used to access Google services.

19.    In addition to accounts that accessed Google services from the named IP address, the proposed Order requires Google to identify any other accounts linked to the accounts described in Part I of Attachment A, including accounts that are registered with the same telephone number, email address, or other unique identifiers, as well as accounts linked by cookies.

20.    The Secret Service assesses that the records and other information sought will reveal the identities of individuals or entities associated with ████████████████████ including additional fictitious personas; and the complexities of a larger conspiracy.

**REQUEST FOR ORDER**

21.    The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help the United States to identify and locate the individual(s) and/or entities who are responsible for the criminal

activity under investigation, and to determine the nature and scope of that criminal activity. For instance, obtaining subscriber information about the identified PROVIDER accounts (including the accounts' history of subscriber information changes), as well as log files, email header information, linked email accounts, use of particular browser types, use of particular devices or operating systems, and history of PROVIDER financial transactions or purchases, will aid in determining not only who owns or controls the aforementioned PROVIDER accounts, but also their whereabouts in and around the time of the criminal activity under investigation. Further, if the user(s) of the subject accounts have additional PROVIDER accounts and logged into those accounts using the same browser or device as the subject accounts, then obtaining information about these linked accounts will aid the government's efforts to identify the individual(s) responsible for the activities described above.

22. Accordingly, the United States requests that PROVIDER be directed to produce all items described in Part II of Attachment A to the proposed Order within ten days of receipt of the Order.

23. The United States further requests that the Order require PROVIDER not to notify any person, including the subscribers or customers of the accounts and pages listed in Part I of Attachment A, or any linked accounts, of the existence of the application of the United States or the Order for one year following the date of the Court's Order. *See* 18 U.S.C. § 2705(b). This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or

court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *See* 18 U.S.C. § 2705(b).[1]

24.    In this case, the proposed Order seeks information relevant to establishing the illegal activity under investigation and identifying the individual(s) responsible. Accordingly, disclosure may reveal the existence, scope, and direction of the United States' ongoing and confidential investigation. Once alerted to this investigation, potential target(s) could be immediately prompted to destroy or conceal incriminating evidence, alter their operational tactics to avoid future detection, and otherwise take steps to undermine the investigation and avoid future prosecution. In particular, given that they are known to use electronic communication and remote computing services, the potential target(s) could quickly and easily destroy or encrypt digital evidence relating to their criminal activity. Notification could also result in the target(s) avoiding travel to the United States or other countries from which they may be extradited.

25.    Therefore, based on the foregoing, there are reasonable grounds to believe that notification of the existence of this Order would result in flight from prosecution, destruction of or tampering with evidence, intimidation of potential witnesses, or other serious jeopardy to this investigation. *See* 18 U.S.C. § 2705(b)(2)-(5).

26.    Accordingly, this Court should command PROVIDER not to notify any other person (except attorneys for PROVIDER for the purpose of receiving legal advice) of the

---

[1] The government relies on § 2705(b) to seek a preclusion-of-notice order because the government is requesting only non-content information pursuant to § 2703(d), an action which is authorized by § 2703(c). *See* 18 U.S.C. § 2703(c)(1)(B) ("governmental entity may require a provider of electronic communication service or remote computing service to disclose a record or other information pertaining to a subscriber to or customer of such service (not including the contents of communications) only when [it] . . . obtains a court order for such disclosure under subsection (d) of this section"). Under § 2703(c), the government has no obligation to notify the subscriber. *See* 18 U.S.C. § 2703(c)(3) ("governmental entity receiving records or information under this section is not required to provide notice to a subscriber or customer").

existence of the proposed Order for a period of one year (commencing on the date of the proposed Order), unless the period of nondisclosure is later modified by the Court. Should the court-ordered nondisclosure under Section 2705(b) become no longer needed because of the closure of the investigation or arrest of the account holder, the United States will make best efforts to notify the Court promptly and seek appropriate relief.

27. In this matter, the Government also requests that the instant Application and the Order be filed under seal. The Court has the inherent power to seal court filings when appropriate, including the proposed Order. *United States v. Hubbard*, 650 F.2d 293, 315-16 (D.C. Cir. 1980) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)). More particularly, the Court may seal the Application and Order to prevent serious jeopardy to an ongoing criminal investigation when such jeopardy creates a compelling governmental interest in confidentiality. *See Washington Post v. Robinson*, 935 F.2d 282, 287-89 (D.C. Cir. 1991). For the reasons stated above, the Government has a compelling interest in confidentiality to justify sealing the Application and Order. *See id.*

Respectfully submitted,

JESSIE K. LIU
United States Attorney
D.C. Bar Number 472-845

By:_____/s/_____
KENNETH C. KOHL
DC Bar No. 476236
Assistant U.S. Attorney
Deputy Chief, National Security Section
United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530
Ken.Kohl@usdoj.gov
(202) 252-7793

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

IN RE APPLICATION OF USA FOR
2703(d) ORDER FOR ONE EMAIL
ACCOUNT SERVICED BY GOOGLE
FOR INVESTIGATION OF
VIOLATIONS OF 18 U.S.C. § 871 AND 18
U.S.C. § 875(c)

SC No. 19-02033

**Filed Under Seal**

## **ORDER**

The United States has submitted an Application pursuant to 18 U.S.C. § 2703(d),

requesting that the Court issue an Order requiring Google, Inc. ("PROVIDER"), an electronic

communication and/or remote computing service provider located in Mountain View, California,

to disclose the records and other information described in Attachment A to this Order.

The Court finds that the United States has offered specific and articulable facts showing

that there are reasonable grounds to believe that the records or other information sought are

relevant and material to an ongoing criminal investigation.

Furthermore, the Court determines that there is reason to believe that notification of the

existence of this Order will seriously jeopardize the ongoing investigation, including by giving

targets an opportunity to destroy or tamper with evidence and intimidate potential witnesses. *See*

18 U.S.C. § 2705(b)(1)-(5).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that PROVIDER

shall, within ten days of the date of this Order, disclose to the United States the records and other

information described in Attachment A to this Order.

IT IS FURTHER ORDERED under 18 U.S.C. § 2705(b) that PROVIDER shall not

disclose the existence of this Order of the Court to any other person for a period of one year from

the date of this Order, unless the period of nondisclosure is later modified by the Court, except

that PROVIDER may disclose this Order to an attorney for PROVIDER for the purpose of receiving legal advice.

IT IS FURTHER ORDERED that the Application and this Order are sealed until otherwise ordered by the Court, except that the United States may disclose the existence and/or contents of the Application and this Order to appropriate law enforcement authorities.

_____
Date

_____
UNITED STATES MAGISTRATE JUDGE

# ATTACHMENT A

## I.  THE ACCOUNTS

The Order applies to certain records and information associated with Google, Inc. ("PROVIDER") account:

-  (the "Account")

## II.  RECORDS AND OTHER INFORMATION TO BE DISCLOSED

PROVIDER is required to disclose to the United States the following records and other information, if available, for each account or identifier listed in Part I of this Attachment ("Account"), and for any PROVIDER account linked to such account or identifier by recovery email address, telephone number, payment information, cookies, or any other unique device or user identifier ("Linked Accounts").

**A.     The following information about the customers or subscribers of the Account:**

1.  Names (including subscriber names, user names, screen names, aliases, and vanity names);

2.  Addresses (including mailing addresses, residential and business addresses, and e-mail addresses);

3.  Local and long distance telephone connection records;

4.  Records of session times and durations, and the temporarily assigned network addresses such as Internet Protocol (IP) addresses and port information associated with those sessions;

5.  Length of service (including start date) and types of services utilized;

6.  Other subscriber numbers or identities, including any temporarily assigned network addresses and registration IP addresses (including carrier grade natting addresses or ports);

7.  Telephone or instrument numbers (including Electronic Serial Numbers (ESN), Mobile Electronic Identity Numbers (MEIN), Mobile Equipment Identifier (MEID), Mobile Identification Numbers (MIN), Subscriber Identity Modules (SIM), Mobile Subscriber Integrated Services Digital Network Number (MSISDN), International Mobile Subscriber Identifiers (IMSI), or International Mobile Equipment Identities (IMEI)); and,

8. Means and source of payment for such service (including any credit card or bank account number) and billing records.

**B.     The following records and other information (not including the contents of communications) relating to the Account, including:**

1. Records of user activity for each connection (including logins and logouts) made to or from the Account(s), including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; connectivity information to include account change history and password change history; full history of all logins to include cookie logins; raw AMT logs for account access; and source and destination IP addresses;

2. All IP logs (including port data) and other documents showing the IP address, date, and time of each login and logout to the account, including "Active Sessions" information (all stored active sessions, including date, time, device, IP address, port data,  machine cookie and browser information);

3. Information about each communication sent or received by the Account(s), including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, port data, and telephone numbers);

4. Address book information or contacts associated with the Account(s);

5. Records and other information about third-party services, such as usernames on those third-party services, associated with the Account(s);

6. Records regarding WiFi networks used by or saved to the Account(s);

7. Records and other information about the creation time, language, country, time zone, and other non-content profile information associated with the Account(s);

8. All advertising data relating to the Account(s), including, but not limited to, information regarding unique advertising IDs associated with the Accounts, application IDs, UDIDs, payment information (including, but not limited to, full credit card numbers and expiration dates, PayPal accounts);

9. Records and other information about the device(s) associated with the Account(s) (such as telephone number, hardware model, operating system version, unique device identifiers, MAC addresses, Android IDs and mobile network information)

10. Records and other information about financial transactions or purchases associated with the Account(s) (*i.e.*, via Google Pay or Google Wallet), including

all payment details (*i.e.*, full credit card numbers and expiration dates, PayPal accounts, etc.);

11. Account notes and logs, including any customer service communications or other correspondence with the subscriber; and investigative files or user complaints concerning the subscriber.

**C. All accounts linked to the Account (including via common subscriber information, machine cookie or other cookie, creation or login IP address, recovery email or phone number, telephone or instrument number (*e.g.*, IMEI or ESN), AOL account ID, Android ID, Google ID, SMS, Apple ID, Facebook username, or otherwise) ("Linked Accounts"); and, for each such Linked Account, all records and information described in subsections II.A and II.B of this Attachment.**

**D. Any and all cookies associated with or used by any computer or web browser associated with the Account or any Linked Accounts, including the IP addresses, port data, dates, and times associated with the recognition of any such cookie.**

## <u>CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS</u>
## <u>PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)</u>

      I, _____, do hereby attest, under penalties of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this declaration is true and correct. I am employed by _____

_____ ("Provider"), and my official title is _____. I am a custodian of records for Provider. I state that each of the records attached hereto is the original record or a true duplicate of the original record in the custody of Provider, and that I am the custodian of the attached records consisting of _____ (pages/CDs/kilobytes). I further state that:

      a.      All records attached to this certificate were made at or near the time of the occurrence of the matter set forth, by, or from information transmitted by, a person with knowledge of those matters;

      b.      Such records were kept in the ordinary course of a regularly conducted business activity of Provider; and

      c.      Such records were made by Provider as a regular practice.

      I further state that this certification is intended to satisfy Rule 902(11) of the Federal Rules of Evidence.


_____   _____
Date                            Signature

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

IN RE APPLICATION OF USA FOR
2703(d) ORDER FOR ONE EMAIL
ACCOUNT SERVICED BY GOOGLE
FOR INVESTIGATION OF
VIOLATIONS OF 18 U.S.C. § 871 AND 18
U.S.C. § 875(c)

SC No. 19-02033

**Filed Under Seal**

## <u>ORDER</u>

The United States has submitted an Application pursuant to 18 U.S.C. § 2703(d),

requesting that the Court issue an Order requiring Google, Inc. ("PROVIDER"), an electronic

communication and/or remote computing service provider located in Mountain View, California,

to disclose the records and other information described in Attachment A to this Order.

The Court finds that the United States has offered specific and articulable facts showing

that there are reasonable grounds to believe that the records or other information sought are

relevant and material to an ongoing criminal investigation.

Furthermore, the Court determines that there is reason to believe that notification of the

existence of this Order will seriously jeopardize the ongoing investigation, including by giving

targets an opportunity to destroy or tamper with evidence and intimidate potential witnesses. *See*

18 U.S.C. § 2705(b)(1)-(5).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that PROVIDER

shall, within ten days of the date of this Order, disclose to the United States the records and other

information described in Attachment A to this Order.

IT IS FURTHER ORDERED under 18 U.S.C. § 2705(b) that PROVIDER shall not

disclose the existence of this Order of the Court to any other person for a period of one year from

the date of this Order, unless the period of nondisclosure is later modified by the Court, except

that PROVIDER may disclose this Order to an attorney for PROVIDER for the purpose of receiving legal advice.

 IT IS FURTHER ORDERED that the Application and this Order are sealed until otherwise ordered by the Court, except that the United States may disclose the existence and/or contents of the Application and this Order to appropriate law enforcement authorities.


Deborah A. Robinson
Digitally signed by Deborah A. Robinson
Date: 2019.10.04 12:35:47 -04'00'

_____
Date

UNITED STATES MAGISTRATE JUDGE

# ATTACHMENT A

## I.  THE ACCOUNTS

The Order applies to certain records and information associated with Google, Inc. ("PROVIDER") account:

-  (the "Account")

## II.  RECORDS AND OTHER INFORMATION TO BE DISCLOSED

PROVIDER is required to disclose to the United States the following records and other information, if available, for each account or identifier listed in Part I of this Attachment ("Account"), and for any PROVIDER account linked to such account or identifier by recovery email address, telephone number, payment information, cookies, or any other unique device or user identifier ("Linked Accounts").

**A.**     **The following information about the customers or subscribers of the Account:**

1. Names (including subscriber names, user names, screen names, aliases, and vanity names);

2. Addresses (including mailing addresses, residential and business addresses, and e-mail addresses);

3. Local and long distance telephone connection records;

4. Records of session times and durations, and the temporarily assigned network addresses such as Internet Protocol (IP) addresses and port information associated with those sessions;

5. Length of service (including start date) and types of services utilized;

6. Other subscriber numbers or identities, including any temporarily assigned network addresses and registration IP addresses (including carrier grade natting addresses or ports);

7. Telephone or instrument numbers (including Electronic Serial Numbers (ESN), Mobile Electronic Identity Numbers (MEIN), Mobile Equipment Identifier (MEID), Mobile Identification Numbers (MIN), Subscriber Identity Modules (SIM), Mobile Subscriber Integrated Services Digital Network Number (MSISDN), International Mobile Subscriber Identifiers (IMSI), or International Mobile Equipment Identities (IMEI)); and,

8. Means and source of payment for such service (including any credit card or bank account number) and billing records.

**B.   The following records and other information (not including the contents of communications) relating to the Account, including:**

1. Records of user activity for each connection (including logins and logouts) made to or from the Account(s), including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; connectivity information to include account change history and password change history; full history of all logins to include cookie logins; raw AMT logs for account access; and source and destination IP addresses;

2. All IP logs (including port data) and other documents showing the IP address, date, and time of each login and logout to the account, including "Active Sessions" information (all stored active sessions, including date, time, device, IP address, port data, machine cookie and browser information);

3. Information about each communication sent or received by the Account(s), including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, port data, and telephone numbers);

4. Address book information or contacts associated with the Account(s);

5. Records and other information about third-party services, such as usernames on those third-party services, associated with the Account(s);

6. Records regarding WiFi networks used by or saved to the Account(s);

7. Records and other information about the creation time, language, country, time zone, and other non-content profile information associated with the Account(s);

8. All advertising data relating to the Account(s), including, but not limited to, information regarding unique advertising IDs associated with the Accounts, application IDs, UDIDs, payment information (including, but not limited to, full credit card numbers and expiration dates, PayPal accounts);

9. Records and other information about the device(s) associated with the Account(s) (such as telephone number, hardware model, operating system version, unique device identifiers, MAC addresses, Android IDs and mobile network information)

10. Records and other information about financial transactions or purchases associated with the Account(s) (*i.e.*, via Google Pay or Google Wallet), including

all payment details (*i.e.*, full credit card numbers and expiration dates, PayPal accounts, etc.);

11. Account notes and logs, including any customer service communications or other correspondence with the subscriber; and investigative files or user complaints concerning the subscriber.

**C. All accounts linked to the Account (including via common subscriber information, machine cookie or other cookie, creation or login IP address, recovery email or phone number, telephone or instrument number (*e.g.*, IMEI or ESN), AOL account ID, Android ID, Google ID, SMS, Apple ID, Facebook username, or otherwise) ("Linked Accounts"); and, for each such Linked Account, all records and information described in subsections II.A and II.B of this Attachment.**

**D. Any and all cookies associated with or used by any computer or web browser associated with the Account or any Linked Accounts, including the IP addresses, port data, dates, and times associated with the recognition of any such cookie.**

### CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS
### PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)

I, _____, do hereby attest, under penalties of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this declaration is true and correct.  I am employed by _____

_____ ("Provider"), and my official title is _____.  I am a custodian of records for Provider.  I state that each of the records attached hereto is the original record or a true duplicate of the original record in the custody of Provider, and that I am the custodian of the attached records consisting of _____ (pages/CDs/kilobytes). I further state that:

a.      All records attached to this certificate were made at or near the time of the occurrence of the matter set forth, by, or from information transmitted by, a person with knowledge of those matters;

b.      Such records were kept in the ordinary course of a regularly conducted business activity of Provider; and

c.      Such records were made by Provider as a regular practice.

I further state that this certification is intended to satisfy Rule 902(11) of the Federal Rules of Evidence.

_____          _____
Date                                                              Signature