# ATTACHMENT A

*Redacted Docket Materials*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF USA FOR 2703(d) ORDER ACCOUNT(S) SERVICED BY FACEBOOK, INC. FOR INVESTIGATION OF VIOLATION OF 18 U.S.C. § 2241 | SC No. 19-2080<br><br>**Filed Under Seal** |

*Reference:*   USAO Ref. # ▓▓▓▓▓▓   *Subject Account(s):* ▓▓▓▓▓▓▓▓▓▓▓▓ *et al.*

**AMENDED APPLICATION OF THE UNITED STATES
FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)**

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require Facebook, Inc. ("PROVIDER"), an electronic communication service and/or remote computing service provider located in Menlo Park, CA, to disclose certain records and other information pertaining to the PROVIDER account(s) associated with the identifiers set forth in Part I of Attachment A to the proposed Order within ten days of receipt of the Order. The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order. In support of this application, the United States asserts:

**LEGAL BACKGROUND AND JURISDICTION**

1.  PROVIDER is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require PROVIDER to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2.  This Court has jurisdiction to issue the requested Order because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(d). Specifically, the

Court is a "district court of the United States . . . that – has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

3.  As discussed more fully below, the criminal offenses under investigation began or were committed out of the jurisdiction of any particular State or district, and the offender's last known residence is within the District of Columbia. *See* 18 U.S.C. § 3238 ("[For] all offenses begun or committed … out of the jurisdiction of any particular State or district . . . , an indictment or information may be filed in the district of the last known residence of the offender . . . ."). Specifically, evidence indicates the criminal offenses under investigation were committed within the United Kingdom on property affiliated with the U.S. Embassy. This Court has jurisdiction pursuant to the Military Extraterritorial Jurisdiction Act because, at the time, the offender was employed by or accompanying the U.S. Armed Forces or was a member of the U.S. Armed Forces subject to the Uniform Code of Military justice. *See* 18 U.S.C. § 3261 *et seq.*

4.  A court order under section 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that . . . the records or other information sought . . . are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

### RELEVANT FACTS

5.  The United States is investigating an aggravated sexual assault, allegedly ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ The investigation concerns possible violations of, *inter alia*, 18

2

U.S.C. § 2241.

6. On or about October 2018, ███████████ contacted U.S. authorities and indicated that ████████████████████████████████████████

███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████ Based on the complaining witness's description of the incident — including the first name of the assailant,

███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████

7. Recently, U.S. law enforcement began the process of speaking with individuals ███████████████████████████████████ during the relevant time period. These individuals, like the suspect, ███████████████ Law enforcement authorities are asking these individuals not to tell their ███████████ about the investigation. Law enforcement is seeking to monitor the email and phone numbers used by ███████████████████████ to determine whether any recent interviewee(s) have attempted to contact the suspect, potentially to alert him to the existence of the investigation. If any such communications are discovered pursuant to the requested order, the existence of those communications would be highly relevant to the investigation, as they would greatly affect the weight given to any statement that might be provided by the suspect if/when he is interviewed by law enforcement. Conversely, the absence of any communication between interviewees and the suspect would also be highly relevant. The

███████████████████████████████████████████████████████
███████████████████████████████████████████████████████ Records

3

showing the absence of communications could demonstrate to a jury that these individuals did not collude in providing information to law enforcement, despite the existence of such potentially powerful bonds of loyalty between them.

8. Law enforcement has confirmed that the identifier(s) listed in the proposed order belong to ▌ In addition, third-party witnesses who are familiar with ▌ have confirmed that the identifier(s) in the proposed order belong to ▌.

9. The government is seeking records starting from August 15, 2019. The government selected that particular date because of the purpose of the proposed order. The proposed order is needed to determine whether any of the target's ▌ have contacted the target recently, potentially alerting him to the existence of this criminal investigation. Law enforcement began questioning the target's ▌—thereby revealing to them the existence of this investigation—starting on or about September 1, 2019. Thus, the government is seeking records from September 1, 2019, going forward to the present. The government is also seeking records that begin approximately two weeks prior to September 1, 2019, so that the government will have a window of two weeks of information prior to the investigation becoming overt. The government intends to compare the records before and after September 1st. If the target and his ▌ have no contact before September 1st and then they suddenly begin communicating after September 1st, this would be material evidence that the ▌ may be contacting the target specifically about the investigation. The government submits that this additional two-week window is short in duration and, thus, minimally invasive, while the evidentiary value of those two weeks of records is significant for comparison purposes.

4

## REQUEST FOR ORDER

10. The facts set forth above show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help the United States to have greater confidence in the integrity of the ongoing investigation. As law enforcement seeks to speak with the suspect and potential witnesses, the value of their statements will be affected by whether they have communicated with each other. Evidence that a witness reached out to the suspect, potentially alerting the suspect to the investigation and potentially coordinating with the suspect, even after being asked by law enforcement not to alert others of the existence of the investigation, is relevant and material. Accordingly, the United States requests that PROVIDER be directed to produce all items described in Part II of Attachment A to the proposed Order within ten days of receipt of the Order.

11. The United States further requests that the Order direct PROVIDER not to notify any person, including the subscriber or customer of each account listed in Part I of Attachment A, of the existence of the application of the United States or the Order for one year from the date of the Court's Order. *See* 18 U.S.C. § 2705(b). This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *See* 18 U.S.C. § 2705(b).[1]

---

[1] The government relies on § 2705(b) to seek a preclusion-of-notice order because the government is requesting only non-content information pursuant to § 2703(d), an action which is authorized by § 2703(c). *See* 18 U.S.C. § 2703(c)(1)(B) ("governmental entity may require a provider of electronic communication service or remote computing service to disclose a record or other information pertaining to a subscriber to or customer of such service (not including the contents of communications) only when [it] . . . obtains a court order for such disclosure under subsection

5

12. In this case, the proposed Order seeks information relevant to establishing the illegal activity under investigation and identifying the individual(s) responsible. Accordingly, disclosure may reveal the existence, scope, and direction of the United States' ongoing and confidential investigation. Once alerted to this investigation, potential target(s) could be immediately prompted to destroy or conceal incriminating evidence, collude with witnesses to provide false information to law enforcement, and otherwise take steps to undermine the investigation and avoid future prosecution. In particular, given that they are known to use electronic communication and remote computing services, the potential target(s) could quickly and easily destroy or encrypt digital evidence relating to their criminal activity.

13. Therefore, based on the foregoing, there are reasonable grounds to believe that notification of the existence of this Order would result in flight from prosecution, destruction of or tampering with evidence, intimidation of potential witnesses, or other serious jeopardy to this investigation. *See* 18 U.S.C. § 2705(b)(2)-(5).

14. Given the nature of the criminal activity under investigation, ██████████ ████████████████████████████████████████████████████ ████████████████████████████████ the United States anticipates that this confidential investigation will continue for the next 180 days or longer.

15. Accordingly, this Court should command PROVIDER not to notify any other person (except attorneys for PROVIDER for the purpose of receiving legal advice) of the existence of the proposed Order for a period of 180 days (commencing on the date of the proposed Order),

---

(d) of this section"). Under § 2703(c), the government has no obligation to notify the subscriber. *See* 18 U.S.C. § 2703(c)(3) ("governmental entity receiving records or information under this section is not required to provide notice to a subscriber or customer").

6

unless the period of nondisclosure is later modified by the Court. Should the court-ordered nondisclosure under Section 2705(b) become no longer needed because of the closure of the investigation or arrest of the account holder, the United States will make best efforts to notify the Court promptly and seek appropriate relief.

16. In this matter, the United States also requests that the instant Application and the Order be filed under seal. The Court has the inherent power to seal court filings when appropriate, including the proposed Order. *United States v. Hubbard*, 650 F.2d 293, 315-16 (D.C. Cir. 1980) (citing *Nixon v. Warner Commn'ns, Inc.*, 435 U.S. 589, 598 (1978)). More particularly, the Court may seal the Application and Order to prevent serious jeopardy to an ongoing criminal investigation when such jeopardy creates a compelling governmental interest in confidentiality. *See Washington Post v. Robinson*, 935 F.2d 282, 287-89 (D.C. Cir. 1991). For the reasons stated above, the United States has a compelling interest in confidentiality to justify sealing the Application and Order. *See id.*

                                                Respectfully submitted,

                                                JESSIE K. LIU
                                                United States Attorney
                                                DC Bar No. 472845

                                                _____/s/_____
                                                THOMAS N. SAUNDERS
                                                Assistant United States Attorneys
                                                National Security Section
                                                New York Bar Number 4876975
                                                United States Attorney's Office
                                                555 4th Street, NW, 11th Floor
                                                Washington, D.C. 20530
                                                Thomas.Saunders@usdoj.gov
                                                (202) 252-7790

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF USA FOR 2703(d) ORDER FOR ACCOUNT(S) SERVICED BY FACEBOOK, INC. FOR INVESTIGATION OF VIOLATION OF 18 U.S.C. § 2241 | SC No. 19-2080<br><br>**Filed Under Seal** |

## ORDER

The United States has submitted an Application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring Facebook, Inc. ("PROVIDER"), an electronic communication and/or remote computing service provider located in Menlo Park, CA, to disclose the records and other information described in Attachment A to this Order. The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation. Furthermore, the Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, and intimidate potential witnesses. *See* 18 U.S.C. § 2705(b)(2)-(5).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that PROVIDER shall, within ten days of receipt of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 2705(b), that PROVIDER shall not disclose the existence of the application of the United States or this Order of the Court to any other person (except attorneys for PROVIDER for the purpose of receiving legal advice) for a period of 180 days (commencing on the date of this Order), unless the period of nondisclosure is later modified by the Court.

IT IS FURTHER ORDERED that the Application and this Order are sealed until otherwise ordered by the Court, except that the United States may disclose the existence and/or contents of the Application and this Order to appropriate law enforcement authorities.

Date: _____

_____
UNITED STATES MAGISTRATE JUDGE

2

# ATTACHMENT A

## I. The Account(s)

The Order applies to certain records and other information for any ("PROVIDER") account(s) associated with the following identifier(s):

- ███████████████████████
- ███████████████████████
- ███████████████████████
- ███████████████████████
- ███████████████████████
- ███████████████████████
- ███████████████████████
- ███████████████████████
- ███████████████████████

and any preserved data and/or preservation numbers associated therewith.

## II. Records and other information to be disclosed

### A. Information about the customer or subscriber of the Account(s)

PROVIDER is required to disclose to the United States the following records and other information, if available, for each account or identifier listed in Part I of this Attachment (the "Account(s)") constituting information about the customer or subscriber of the Account(s):

1. Names (including subscriber names, user names, and screen names);

2. Addresses (including mailing addresses, residential addresses, business addresses, and email addresses);

3. Local and long distance telephone connection records;

4. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

5. Length of service (including start date) and types of service utilized;

6. Telephone or instrument numbers (including MAC addresses)

7. Other subscriber numbers or identities (including the registration IP address), including any current or past accounts linked to the Account(s) by telephone number, recovery or alternate e-mail address, IP address, or other unique device or user identifier; and

8. Means and source of payment for such service (including any credit card or bank account number) and billing records.

**B. All records and other information relating to the Account(s) (except the contents of communications)**

PROVIDER is required to disclose to the United States the following records and other information, if available, for the Account(s) for the time period from August 15, 2019 to the present, constituting all records and other information relating to the Account(s) (except the contents of communications), including:

1. Records of user activity for each connection made to or from the Account(s), including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses;

2. Information about each electronic communication sent or received by the Account(s), including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers), and any other associated header or routing information; and

3. Identification of any PROVIDER account(s) that are linked to the Account(s) by cookies, including all PROVIDER user IDs that logged into PROVIDER's services by the same machine as the Account(s).

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF USA FOR 2703(d) ORDER FOR ACCOUNT(S) SERVICED BY FACEBOOK, INC. FOR INVESTIGATION OF VIOLATION OF 18 U.S.C. § 2241 | SC No. 19-2080<br><br>**Filed Under Seal** |

## ORDER

The United States has submitted an Application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring Facebook, Inc. ("PROVIDER"), an electronic communication and/or remote computing service provider located in Menlo Park, CA, to disclose the records and other information described in Attachment A to this Order. The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation. Furthermore, the Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, and intimidate potential witnesses. *See* 18 U.S.C. § 2705(b)(2)-(5).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that PROVIDER shall, within ten days of receipt of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 2705(b), that PROVIDER shall not disclose the existence of the application of the United States or this Order of the Court to any other person (except attorneys for PROVIDER for the purpose of receiving legal advice) for a period of 180 days (commencing on the date of this Order), unless the period of nondisclosure is later modified by the Court.

IT IS FURTHER ORDERED that the Application and this Order are sealed until otherwise ordered by the Court, except that the United States may disclose the existence and/or contents of the Application and this Order to appropriate law enforcement authorities.

Date: _____

Deborah A. Robinson
Digitally signed by Deborah A. Robinson
Date: 2019.11.01 16:21:01 -04'00'

UNITED STATES MAGISTRATE JUDGE

2

# ATTACHMENT A

I. **The Account(s)**

The Order applies to certain records and other information for any ("PROVIDER") account(s) associated with the following identifier(s):



and any preserved data and/or preservation numbers associated therewith.

II. **Records and other information to be disclosed**

   A. **Information about the customer or subscriber of the Account(s)**

PROVIDER is required to disclose to the United States the following records and other information, if available, for each account or identifier listed in Part I of this Attachment (the "Account(s)") constituting information about the customer or subscriber of the Account(s):

1. Names (including subscriber names, user names, and screen names);

2. Addresses (including mailing addresses, residential addresses, business addresses, and email addresses);

3. Local and long distance telephone connection records;

4. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

5. Length of service (including start date) and types of service utilized;

6. Telephone or instrument numbers (including MAC addresses)

7. Other subscriber numbers or identities (including the registration IP address), including any current or past accounts linked to the Account(s) by telephone number, recovery or alternate e-mail address, IP address, or other unique device or user identifier; and

8. Means and source of payment for such service (including any credit card or bank account number) and billing records.

**B. All records and other information relating to the Account(s) (except the contents of communications)**

PROVIDER is required to disclose to the United States the following records and other information, if available, for the Account(s) for the time period from August 15, 2019 to the present, constituting all records and other information relating to the Account(s) (except the contents of communications), including:

1. Records of user activity for each connection made to or from the Account(s), including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses;

2. Information about each electronic communication sent or received by the Account(s), including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers), and any other associated header or routing information; and

3. Identification of any PROVIDER account(s) that are linked to the Account(s) by cookies, including all PROVIDER user IDs that logged into PROVIDER's services by the same machine as the Account(s).